RICHARD HONG (Trial Counsel) (Admitted in New York)
SCOTT W. FRIESTAD
MELISSA A. ROBERTSON
JEFFREY B. FINNELL
THOMAS D. MANGANELLO
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549-4010-A
Telephone: (202) 551-4431
Facsimile: (202) 772-9246
Email: hongr@sec.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MARK LESLIE, KENNETH E. LONCHAR, PAUL A. SALLABERRY, MICHAEL M. CULLY AND DOUGLAS S. NEWTON,<br><br>Defendants. | Case No. 5:07-cv-03444-JF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 5, 2007<br>Time: 10:30 a.m.<br>Dept.: Courtroom 3, 5th Floor<br>Judge: Honorable Jeremy D. Fogel<br><br>Date Complaint Filed: July 2, 2007<br>Date Set For Trial: None |

Pursuant to the Northern District's Standing Order and the Court's order dated July 2, 2007, plaintiff Securities and Exchange Commission (the "Commission") and defendants Mark Leslie, Kenneth E. Lonchar, and Paul A. Sallaberry respectfully submit this Joint Case Management Statement.

1. **Jurisdiction and Service**:

This is a civil enforcement action brought by the Commission alleging fraud, in violation of the federal securities laws. The Court has jurisdiction over this action under Section 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v(a)] and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d) and (e) and 78aa]. The Commission alleges that the non-settling defendants, Mark Leslie, Kenneth E. Lonchar, and Paul A. Sallaberry, have made use, directly or indirectly, of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, in connection with the transactions, acts, practices, and courses of business alleged in the Complaint. Venue is proper in this Court under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa], because certain of the acts or transactions constituting the violations alleged herein occurred in this judicial district.

There are no issues regarding personal jurisdiction or venue, and there are no other parties to be served.

2. **Facts**:

**A. Plaintiffs' Brief Description of the Case:**

In summary, the Commission's complaint alleges as follows:

This is a financial fraud case against former senior managers and finance managers of Veritas Software Corporation ("Veritas"), a California software maker. Defendants Leslie, Lonchar, and Sallaberry knowingly participated in a fraudulent scheme by artificially inflating Veritas' publicly reported revenues and earnings through a round-trip transaction with America Online, Inc. ("AOL") in 2000 and by lying to Veritas' independent auditors. In addition, Lonchar, with the participation and assistance of others, intentionally manipulated and distorted Veritas' reported earnings through "smoothing" its financial results from at least 2000 through 2002. Lonchar also lied to and/or failed to disclose to Veritas' independent auditors their fraudulent conduct. As a result of the defendants' actions, Veritas reported materially false and misleading financial results in periodic reports filed with the Commission and other public statements from at least 2000

through 2003 and in its January 28, 2004 earnings release of fourth quarter and annual results for 2003.

**B. Defendants' General Description of the Case:**

The Defendants categorically deny the charges lodged against them by the SEC. Specifically, Defendants deny that the revenue Veritas reported related to the AOL transactions was artificially inflated. Defendants further deny that they made any material misstatements or omissions to Veritas' auditors regarding the AOL transactions, or that any of their alleged actions resulted in materially false and misleading financial results being filed on Veritas' behalf with the Commission. Finally, Defendants deny that the alleged misstatements and related accounting treatment of the AOL Deals were material to Veritas' financial statements, to the investment decisions of ordinary investors, or to Veritas' stock price.

1. Defendant Mark Leslie's Further Description:

Mr. Leslie further states that he was not aware that the accounting treatment applied to the AOL transactions in question was incorrect, if in fact it was; he did not falsify any corporate records; he did not conceal any information from auditors or the investing public; and the financial statements filed by Veritas Software Corporation did not contain materially false, misleading statements, as the SEC has alleged. Further, Mr. Leslie denies that he possessed the necessary scienter to violate any of the securities laws – including, among other things, the requisite knowledge of the pertinent accounting rules and their resulting impact on Veritas' financial statements. Mr. Leslie denies that he aided and abetted a primary violation of the securities laws by Veritas.

2. Defendant Kenneth Lonchar's Further Description:

Mr. Lonchar states that the annual and quarterly financial statements filed by Veritas between 2000 and 2002 (including the 2002 certification) were not materially false or misleading. Mr. Lonchar further states that the AOL transaction was properly booked and accounted for by Veritas and denies that the AOL transaction was "contingent." Additionally, Mr. Lonchar denies that he participated in any "fraudulent schemes" or "schemes to defraud" the

investing public or that he directed any practices to manage or manipulate Veritas' revenue or earnings either upward or downward or to produce "museum quality" financial results (as alleged by the SEC). Additionally, Mr. Lonchar denies that he possessed the required mental state to commit any of the alleged violations and states that at all times he acted in good faith. Mr. Lonchar denies that any monies he received from Veritas in the form of a bonus or in profits from the sale of stock was on the basis of any materially false statements or omissions. He further denies that he misled or concealed material information from Veritas' outside auditors. Mr. Lonchar denies knowingly (1) falsifying or causing to falsify any of Veritas' books and records or (2) circumventing or failing to implement a system of internal controls. Finally, he denies aiding and abetting Veritas' violations of any statute or SEC rule or regulation.

3. <u>Defendant Paul Sallaberry's Further Statement</u>:

Mr. Sallaberry states that he did not participate in any fraudulent or illegal activity as alleged by the SEC. Mr. Sallaberry was not aware that the accounting treatment applied to the AOL transactions in question was incorrect, if in fact it was. Mr. Sallaberry did not falsify any corporate records, and he did not lie to, or conceal any information from, auditors. Mr. Sallaberry denies that the financial statements filed by Veritas were materially false or misleading, as the SEC has alleged**.** Further, Mr. Sallaberry denies that he possessed the necessary mental state to violate any of the securities laws – including, among other things, the requisite knowledge of the pertinent accounting rules and their resulting impact on Veritas' financial statements. Mr. Sallaberry further denies that he aided and abetted any alleged violations of any statute or SEC rule or regulation by Veritas.

**C. Principal Facts in Dispute**:

The Defendants believe the principal issues of fact in dispute will be: (a) whether Defendants made misstatements about Veritas Software Corporation's transactions with America Online, which were false and misleading when made; (b) whether the accounting for the AOL transaction was proper; (c) whether the statements were material; and (d) whether the Defendants acted with

the required scienter. Defendants further anticipate a dispute regarding whether the accounting treatment of the AOL deals was material to Veritas' financial statements, to the investment decisions of ordinary investors, or to Veritas' stock price.

Mr. Lonchar further believes that principal issues of fact in dispute concerning the SEC's additional allegations against him will be: (a) whether Mr. Lonchar directed or participated in any scheme to artificially increase or decrease Veritas' earnings or revenue; (b) whether Mr. Lonchar made statements concerning Veritas' financial results (including earnings and revenue) between 2000 and 2002 which were false and misleading when made; (c) whether Mr. Lonchar signed a false and misleading certification in 2002; (d) whether the statements were material; and (e) whether Mr. Lonchar possessed the requisite mental state.

3. **Legal Issues**:

The Defendants dispute all allegations of securities law violations in the complaint. Specifically:

a. Whether Defendants directly or indirectly made false or misleading statements or omitted to state facts necessary in order to make the statements not false or misleading;

b. Whether the challenged statements or omissions were material within the meaning of the securities laws;

c. Whether Defendants possessed the requisite mental state to establish liability for fraud;

d. Whether Defendants directly or indirectly knowingly falsified or caused to be falsified books, records, and accounts of Veritas;

e. Whether Defendants circumvented or failed to implement a system of internal controls;

f. Whether Defendants made or caused to be made materially false or misleading statements or omissions to Veritas' outside auditors;

g. Whether Defendants aided and abetted Veritas' alleged securities violations; and

h. Whether the SEC is entitled to the relief it has requested.

4. **Motions**:

There are no motions presently pending. Defendants Leslie, Lonchar, and Sallaberry intend to file motions to dismiss on October 5, 2007. The plaintiff may file motions to strike under Rule 12(f). The parties may move for summary judgment at the conclusion of discovery. Defendant Mark Leslie also will be giving consideration to filing a Motion to Sever his case at the appropriate time.

5. **Amendment of Pleadings**:

The plaintiff does not anticipate adding or dismissing any parties or claims.

6. **Evidence Preservation**:

The plaintiff has preserved all documents and other materials in its investigative file and will continue to do so throughout the pendency of the litigation. Similarly, all Defendants have preserved all documents and other materials in their possession, custody and control relevant to the issues reasonably evident in this action.

7. **Disclosures**:

Plaintiff's Statement:

On September 12 and 17, 2007, pursuant to Rule 26(a), the plaintiff produced to the defense a hardcopy of transcripts of SEC investigative testimony and SEC investigative testimony exhibits from its investigation from which this action arose. The parties will exchange initial disclosures on September 28, 2007. In addition, pending a further agreement on confidentiality and limitation on document use, as previously discussed with the defense, the plaintiff will produce to the defense electronic databases containing additional documents and other materials obtained in its investigation.

To date, despite requests by the Commission, the defense has not produced any documents pursuant to Rule 26(a). In addition, the Commission does not agree with the defense's assertion that "all of the non-privileged documents relevant to this lawsuit in connection with the SEC's investigation" have been produced to the Commission.

Defendants' Statement:

Defendants, through their counsel or counsel for Veritas, have already produced all of the non-privileged documents relevant to this lawsuit in connection with the SEC's investigation. Defendants have not concluded their investigation of the facts in this litigation and, other than as set forth above, additional documents may be found or may become relevant in the future. Defendants reserve the right to make additional disclosures in the future and to utilize any documents subsequently produced.

8. **Discovery**:

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the parties met on September 5 and 24, 2007 by telephone to discuss discovery issues and plans. Because the parties could not agree on various discovery issues and plans, the plaintiff and the defendants have set forth their separate proposals to the Court.

The plaintiff respectfully requests a hearing before this Court on the disputed discovery issues and plans.

| **Discovery/Trial Schedule** | **SEC's Proposal** | **Defendants' Proposal** |
|---|---|---|
| Settlement Conference/ Mediation | October/November, 2007 (To be decided) | March/April 2008 |
| Initial Case Management Conference | October 5, 2007 | October 5, 2007 |
| Date first set of interrogatories/RFAs may be served | No date necessary. Should be served consistent with the federal rules. | January 15, 2008 |
| Hearing on Defendants' Motions to Dismiss | January 18, 2008 | January 18, 2008 |
| Fact Depositions to Begin | As soon as possible, but consistent with the federal rules. | March 17, 2008 |
| Expert Disclosures (Rule 26(a)(2)(a)) | September 12, 2008 | November 30, 2008 |
| Fact Discovery cut-off | November 14, 2008 | February 27, 2009 |
| Initial expert reports (Rule 26(a)(2)(b)) | September 12, 2008 | February 13, 2009 |

| | | |
|---|---|---|
| Opposition expert reports due | October 13, 2008 | March 13, 2009 |
| Expert discovery cut-off | November 14, 2008 | April 10, 2009 |
| Dispositive motions filing deadline | December 5, 2008 | April 30, 2009 |
| Oppositions to dispositive motions filed | To be decided. | June 3, 2009 |
| Hearing on dispositive motions | To be decided by court. | August 14, 2009 |
| Trial (by jury) begins | March 23, 2009 | September 14, 2009 |

A. **Plaintiffs' Discovery Proposal**:

Plaintiff SEC's Proposal on Depositions and Written Discovery:

Depositions:

Number of depositions: Plaintiff agrees to waive the 10-deposition limit under Rule 30. While the plaintiff will endeavor to be as expeditious and efficient as possible in this litigation, the Commission anticipates that it will take more than 30 fact depositions to establish its various claims against the three non-settling defendants, Leslie, Lonchar, and Sallaberry. Limiting the plaintiff to only 30 depositions, as the defense proposes, will substantially prejudice the plaintiff's ability to establish its case in this litigation. Because the SEC's investigative testimony taken during the administrative investigation is not "depositions" within the federal rules, the Commission must undertake full discovery, including taking depositions, in this case to establish its case in litigation. The plaintiff disagrees with the defense's arguments and proposal regarding the plaintiff's discovery plan and proposal, including the number of depositions to be taken, and will be happy to address the issues fully at the appropriate forum such as a hearing regarding discovery.

Timing: The plaintiff believes that many of the depositions will require more than seven hours of examination in total by the plaintiff and the defense. As the plaintiff is continuing to review its case in litigation, the plaintiff would like to leave the number of depositions which will require more than 7 hours of examination open at this time. The plaintiff will work hard to make the depositions proceed expeditiously. The deposition time, however, should be split up equally between the SEC and the defense collectively; in other words, the SEC will be entitled to up to 7

hours and the defense collectively will be entitled to up to 7 hours per deposition. Unlike the three defendants, who are apparently operating under a joint defense arrangement, the Commission, as the sole plaintiff, has the burden of proof to establish all the claims set forth in the Complaint. Allowing the plaintiff to only ¼ of the time in a deposition (a little more than one hour of examination time in a seven-hour deposition) will substantially prejudice the plaintiff's ability to establish its case in this litigation. The plaintiff disagrees with the defense's arguments and proposal regarding this issue and will be happy to address fully the issues at a hearing regarding discovery.

Written Discovery: The plaintiff believes that the plaintiff and the defense collectively should have the same number of interrogatories and requests for admission. As noted above, unlike the three defendants, the Commission, as the sole plaintiff, has the burden of proof to establish all the claims set forth in the Complaint. Limiting the plaintiff to only ¼ of the total number of interrogatories and requests for admission will severely prejudice the plaintiff's ability to establish its case in this litigation. The SEC proposes that a maximum of 90 interrogatories and 90 RFAs for each side (90 for the plaintiff and 90 for the defense collectively). The plaintiff disagrees with the defense's arguments and proposal regarding this issue and will be happy to address fully the issues at a hearing regarding discovery.

B. **Defendants' Discovery Proposal**:

Rather than leaving open the number of depositions that may be taken in the case, Defendants propose to set a limit of thirty depositions per party, ten of which may exceed seven hours without further leave of court. Defendants believe that some depositions may need to exceed fourteen hours, and propose that ten of the thirty depositions per party may exceed that limit without further leave of court. For depositions that exceed seven hours, Defendants disagree that the SEC should be allotted seven hours of questioning no matter who notices the deposition. Instead, for all depositions, including those that are scheduled for more than seven hours, Defendants request that the noticing party be allotted up to half of the deposition time, with the remaining parties equally splitting the remaining time. Any party may transfer any or all of its allotted deposition time to another party. Defendants also disagree with Plaintiffs' proposal that

the SEC be permitted to serve 90 interrogatories and RFAs while each Defendant is permitted to serve only 30 RFAs and Interrogatories each. Finally, Defendants disagree with the SEC's proposed pre-trial and trial schedule.

The SEC has spent more than five years investigating Veritas' alleged dealings with AOL that form the basis for the Complaints against Mr. Leslie, Mr. Lonchar, and Mr. Sallaberry. During that time, the SEC has had not only its own resources to draw upon, but also the full cooperation of the company and its corporate counsel. The SEC has received and reviewed between thirteen and eighteen million pages of documents and has taken testimony from over 100 individuals. Moreover, unlike the typical civil plaintiff, the SEC has had the unique power to compel the production of documents and to subpoena witnesses for deposition – without prior permission of the court and without the imposition of any numerical cap. At no time did any of the defendants seek to place limits on the number of witnesses the SEC could depose.

Having completed its investigation – unfettered by scheduling constraints or numerical limitations – the SEC now seeks to unfairly limit Defendants discovery. None of the thirteen to eighteen million pages of documents in the SEC's possession have yet been produced to Defendants, and the SEC has only recently produced to Defendants transcripts of testimony and corresponding exhibits, in paper form only, for 129 witnesses. Given the scope of relevant information and the technical complexity of the alleged corporate malfeasance at issue, the SEC's proposed discovery limitations and schedule would unfairly constrain Defendants ability to properly and thoroughly investigate the case against them and prepare a vigorous defense to which they are entitled.

Defendants anticipate that the SEC will identify in its initial disclosures between 20 and 50 individuals likely to have discoverable information relevant to its claims. The Defendants collectively anticipate identifying 50 to 100 such individuals. These witnesses will include the range of individuals involved in determining the accounting treatment of the AOL deals, including individuals internal to Veritas Software Corporation as well as outside auditors and other third parties. At this early stage of the discovery process, Defendants best good faith estimate is that they will need approximately 30 depositions and 50 interrogatories and RFAs

each to properly investigate the case against them and prepare a defense. Defendants also recognize that a number of documents important to their defense raise claims of attorney-client privilege that could generate time consuming litigation, as has happened in other similar cases. Such litigation could serve to delay the receipt of necessary documents and the scheduling of necessary depositions. The discovery schedule proposed by the defense allows sufficient time to resolve any disputes and conduct the necessary depositions and related fact discovery in an effective and orderly fashion.

9. **Class Actions**:

Not Applicable.

10. **Related Cases**:

For purposes of Local Rule 3-12, the plaintiff is unaware of any action related to this enforcement action.

11. **Relief**:

The Commission seeks the following relief:

a. Injunctive Relief: The Commission is seeking to:

(i) Permanently restrain and enjoin Leslie, Lonchar and Sallaberry from violating, directly or indirectly, Section 17(a) of the Securities Act, Sections 10(b) of the Exchange Act and Exchange Act Rule 10b-5;

(ii) Permanently restrain and enjoin Leslie, Lonchar and Sallaberry from violating, directly or indirectly, Exchange Act Rules 13b2-1 and 13b2-2;

(iii) Permanently restrain and enjoin Lonchar and Sallaberry from violating, directly or indirectly, Section 13(b)(5) and 13(b)(2)(B) of the Exchange Act;

(iv) Permanently restrain and enjoin Leslie, Lonchar and Sallaberry from aiding and abetting violations of Sections 13(a) and 13(b)(2)(A) of the Exchange Act and Exchange Act Rules 12b-20, 13a-1, 13a-11, and 13a-13;

b. Officer and Director Bar: An order prohibiting Leslie, Lonchar and Sallaberry,

pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], from serving as an officer or director of any entity having a class of securities registered with the Commission pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78*o*(d)];

c. Disgorgement: An order directing Leslie, Lonchar and Sallaberry to disgorge unlawful profits, including pre-judgment and post-judgment interest, resulting from the violations alleged in this Complaint. The amount of disgorgement may require detailed factual analysis and expert opinion.

d. Penalties: An order imposing civil monetary penalties on Leslie, Lonchar and Sallaberry, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

12. **Settlement and ADR**:

The parties have met and conferred regarding an ADR plan and have filed a Notice of Need for ADR Phone Conference. A phone conference has been scheduled for October 1, 2007.

Plaintiff's Statement:

The plaintiff would like to resolve this matter expeditiously, whether via settlement or trial. During the course of the SEC's investigation (prior to filing this action), the plaintiff has discussed and explained, at length, the nature of the proposed charges against all defendants to the same defense counsel. The plaintiff also discussed and explained, at length, the factual and evidentiary bases for the proposed charges against the defendants. Two of the defendants have had significant pre-filing settlement discussions with the plaintiff. The plaintiff thus believes that an early settlement conference with a judicial officer would be fruitful, before the parties and counsel expend tremendous amount of resources, time, and money for more than a year in very active litigation. The plaintiff respectfully requests such a settlement conference at the Court's earliest convenience, before the end of 2007.

Defendants' Statement:

At present, Defendants believe it will be necessary to develop at least the basic facts through discovery before there can be a realistic chance to settle the case. As noted above, Defendants have yet to receive the thirteen to eighteen million pages of documents the SEC anticipates it will produce. Defendants believe it will be fruitless to attempt settlement discussions before they have been given the opportunity to at least begin to evaluate the evidence. Defendants do not object to an early mediation in March or April of 2008, and preferably before a judicial officer but also recommend that the Court refer this case for a settlement conference with a judicial officer at a date after the completion of fact discovery.

13. **Consent to Magistrate Judge For All Purposes**:

The plaintiff respectfully does not consent to proceed before a magistrate judge.

14. **Other References**:

The plaintiff does not believe this case is suitable for binding arbitration. However, as noted above, the plaintiff recommends that a settlement judge be appointed at the Court's earliest convenience, before the end of this year -- 2007.

15. **Narrowing of Issues**:

Plaintiff's Statement:

The Plaintiff has not yet identified any issues that can be narrowed by agreement or motion. The plaintiff will oppose the defendants' motions to dismiss. The plaintiff does not agree that any severance by any defendant is necessary or appropriate.

Defendants' Statement:

Defendants will file on October 5, 2007 Motions to Dismiss the Complaint in its entirety, with prejudice. Should the complaint not be dismissed in its entirety, some narrowing of issues may be appropriate on such Motions. In addition, Mr. Leslie reserves his right to file a Motion to Sever his case at an appropriate later time. A significant number of the allegations in the Complaint do not pertain to Mr. Leslie as they post-date his tenure as CEO.

16. **Expedited Schedule**:

Defendants do not believe this case is suitable for expedited scheduling.

17. **Scheduling**:

A. **The Commission's Proposed Schedule**:

Last day for fact discovery: November 14, 2008

Last day to identify expert witnesses: September 12, 2008

Last day to complete expert discovery: November 14, 2008

Last day to file dispositive motions: December 5, 2008

Pre-trial conference: March 19, 2009

Trial: March 23, 2009.

B. **Defendants' Proposed Schedule**:

Please see chart at ¶ 7.

18. **Trial**:

The case will be tried to a jury. Plaintiffs estimate the trial will take 20 days and the Defendants estimate the trial will take 20-30 days.

19. **Disclosure of Non-party Interested Entities or Persons**:

The Parties are not aware of any non-party interested entitles or persons.

20. **Other Matters**:

In keeping with Federal Rule of Civil Procedure 26, the Commission proposes an order regarding claims of privilege or of protection as work-product or trial-preparation material asserted after production, as follows:

a. To facilitate the expeditious delivery of documents and other information, the parties agree that the inadvertent disclosure of materials that are protected by any valid claim of privilege, or as trial preparation material or work-product, will not by itself constitute a waiver of such privileges or protections.

b. Whenever any receiving party learns, through review of the material, notice from another party, or otherwise, that materials which reasonably appear to be subject to protections by a claim of privilege, or as trial preparation material or work-product, have been inadvertently produced by another person, the party receiving the material will refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall

immediately notify the producing person that the receiving party possesses material that appears to be privileged or subject to such other protections. If upon such notification the producing party asserts a privilege or protection, the receiving party will destroy all copies and notify the producing person whether any copies may have been reproduced to any other persons.

c. Whenever any producing party discovers through review of the material, notice from another party, or otherwise, that the party has inadvertently produced material over which the party claims a privilege, or protections as trial preparation material or work-product, the producing party shall immediately notify all persons to whom the material was produced of the inadvertent disclosure, by: providing a reasonable means for the notified persons to locate the material (by bates number, date, or other description); and describing the nature of the privilege or other protection asserted.

d. In order for any inadvertent disclosure to constitute a waiver, the receiving party must have changed his position by incorporating the material into his trial preparation in reasonable reliance on the non-privileged or non-protected nature of the document.

e. The parties agree not to disclose materials gathered through the discovery process other than for purposes related to this litigation (SEC v. Leslie, et al., Civil Action No. C 07-3444 JF); however, this provision will not prohibit the SEC from disclosing what is otherwise required by law or is otherwise permissible disclosure pursuant to the terms of the SEC's Form 1662;

f. In any written discovery or documents filed with the Court in this litigation (SEC v. Leslie, et al., Civil Action No. C 07-3444 JF ), the parties agree to redact from such Court submissions information which contains defendants' sensitive personal information, such as social security numbers, home addresses and home and personal telephone numbers; confidential financial information, such as bank account and brokerage account numbers; or state and federal income tax information, including tax forms; and

g. The parties agree not to deviate in any manner from the provisions of (a) through (f) of this paragraph without further leave of court.

Respectfully submitted,

Dated: September 28, 2007

_____/s/ Richard Hong___________
Richard Hong
Counsel for Plaintiff Securities and Exchange Commission

Dated: September 28, 2007

_____ __/s/_with permission______ ______
William P. Keane
Counsel for defendant Mark Leslie

Dated: September 28, 2007

_____ __/s/_with permission__________
Susan D. Resley
Counsel for defendant Kenneth E. Lonchar

Dated: September 28, 2007

_______/s/_with permission______ ___
Jahan P. Raissi
Counsel for defendant Paul A. Sallaberry