EDWARD P. DAVIS, JR. (STATE BAR NO. 56847)
    edavis@orrick.com
SUSAN D. RESLEY (STATE BAR NO. 161808)
    sresley@orrick.com
AMANDA PACKEL (STATE BAR NO. 218282)
    apackel@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:   650-614-7400
Facsimile:   650-614-7401

Attorneys for Defendant
Kenneth E. Lonchar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>    v.<br><br>MARK LESLIE, et al,<br><br>            Defendants. | Case No. C 07-3444 JF<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT KENNETH E. LONCHAR'S MOTION TO DISMISS THE SECURITIES AND EXCHANGE COMMISSION'S COMPLAINT**<br><br>Date:   January 18, 2008<br>Time:   9:00 a.m.<br>Judge:   Hon. Jeremy Fogel<br>            Courtroom No. 3 |

Defendant Kenneth E. Lonchar respectfully requests that, in connection with his Motion to Dismiss, the Court take judicial notice of each of the following documents, attached to the Declaration of Susan D. Resley, pursuant to Federal Rule of Evidence 201:

| | |
|---|---|
| Exhibit A. | A true and correct copy of the Form 10-K of Veritas Software Corporation filed on March 29, 2001 with the Securities and Exchange Commission. |
| Exhibit B. | A true and correct copy of the Form 10-K/A of Veritas Software Corporation filed on March 17, 2003 with the Securities and Exchange Commission. |
| Exhibit C. | A true and correct copy of the Form 8-K of Veritas Software Corporation filed on August 14, 2002 with the Securities and Exchange Commission. |
| Exhibit D. | A true and correct copy of the Certification of Chief Executive Officer and Chief Financial Officer for the quarter ended June 30, 2002 filed on August 14, 2002 with the Securities and Exchange Commission. |
| Exhibit E. | A true and correct copy of the Form 10-K of Veritas Software Corporation filed on June 14, 2004 with the Securities and Exchange Commission. |
| Exhibit F. | A true and correct copy of the Form 10-Q of Veritas Software Corporation filed on November 14, 2002 with the Securities and Exchange Commission. |
| Exhibit G. | A true and correct copy of the Complaint filed in the United States District Court for the District of Columbia in *SEC v. Time Warner, Inc.*, C.A. No. 1:05CV00578-GK, on March 21, 2005. |
| Exhibit H. | A true and correct copy of the Complaint filed in the United States District Court for the District of Columbia in *SEC v. Veritas Software Corp*, 1:07CV00364, on February 20, 2007. |
| Exhibit I. | A true and correct copy of the February 2007 Brief for the United States of America as Amicus Curiae Supporting Petitioners, filed with the United States Supreme Court in the matter of *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* |

## I. JUDICIAL NOTICE OF THE REQUESTED DOCUMENTS IS PROPER

The above-referenced documents are proper subjects of judicial notice. To evaluate a motion to dismiss, courts may consider documents that are attached to the complaint, documents incorporated by reference (explicitly and implicitly) into the complaint, and documents that are capable of accurate and ready determination and not reasonably subject to dispute. *See* Fed. R.

-2-

1 Evid. 201; *see also In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal.
2 1997) ("[a] court may take judicial notice of a fact that is not subject to reasonable dispute in that
3 it is either (1) generally known within the jurisdiction of the trial court or (2) capable of accurate
4 and ready determination by resort to sources whose accuracy cannot reasonably be questioned");
5 *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) ("documents
6 crucial to plaintiff's claims but not explicitly incorporated in a complaint can be noticed in order
7 to prevent a plaintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to
8 documents upon which their claims are based"). This includes "SEC filings and documents
9 expressly referenced" in a complaint. *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076
10 (N.D. Cal. 2003); *see also In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 907, 986 (9th Cir.
11 1999) (permitting judicial notice of SEC documents). In addition, under the incorporation by
12 reference doctrine, the Court is expressly authorized to consider documents on a motion to
13 dismiss "whose contents are alleged in the complaint . . . but which are not physically attached to
14 plaintiff's pleading." *Silicon Graphics*, 183 F.3d at 986 (citing *Branch v. Tunnel*, 14 F.3d 449,
15 454 (9th Cir. 1994)).

### A. SEC Filings

Applying these principles, the Court may take judicial notice of Exhibits A through F, the Forms 10-K of Veritas Software Corporation filed with the SEC in March 2001 (Exhibit A) and June 2004 (Exhibit E), the Form 10-K/A of Veritas Software Corporation filed with the SEC in March 2003 (Exhibit B), the Form 8-K of Veritas Software Corporation filed with the SEC in August 2002 (Exhibit C), and the Forms 10-Q of Veritas Software Corporation filed with the SEC in August 2002 (Exhibit D) and November 2002 (Exhibit F). All of these documents were filed with the SEC. In addition, the Complaint expressly references Exhibits A thorough E. ¶ 49 (Exhibit A), ¶ 51 (Exhibit B), ¶¶ 58, 66, 72 (Exhibit E), ¶ 80 (Exhibits C and D). No party questions the authenticity of any of these documents.

### B. Published Reports and Articles

The Court may also take judicial notice of the fact that information was disclosed in published sources, such as reports or articles. *See Heliotrope General, Inc. v. Ford Motor Corp.*,

-3-

189 F.3d 971, 981 (9th Cir. 1999) (taking judicial notice that market was aware of information published in financial articles). Moreover, courts often take judicial notice of judicial opinions, court filings in separate actions, and other information published in the public domain, including legal briefing filed in federal courts, even if such materials are not referenced in the complaint. *See Woods v. Carey*, No. 04-57191, 2007 WL 2859716, at *1 (9th Cir. Oct. 1, 2007) (taking judicial notice of judicial opinions); *Bowoto v. Chevron Corp.*, No. C-99-02506 SI, 2006 WL 2455752, at *2, n.4 (N.D. Cal. Aug. 22, 2006) (taking judicial notice of amicus briefs filed in other cases); *Green v. Univ. of San Francisco*, No. C 06-3321JF(PVT), 2006 WL 3545024, at *1, n.1 (N.D. Cal. Dec. 8, 2006) (taking judicial notice of complaint and other documents filed in separate action); *Hott v. City of San Jose*, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (holding on a motion to dismiss that, "[p]ursuant to Federal Rule of Evidence 201, the Court may take judicial notice of papers filed in other courts").

Based on the foregoing principles, the Court may take judicial notice of Exhibits G, H and I: (1) the Complaint filed in the United States District Court for the District of Columbia in *SEC v. Time Warner, Inc.*, C.A. No. 1:05CV00578-GK, on March 21, 2005 (Exhibit G); (2) the Complaint filed in the United States District Court for the District of Columbia in *SEC v. Veritas Software Corp*, 1:07CV00364, on February 20, 2007 (Exhibit H); and (3) the February 2007 Brief for the United States of America as Amicus Curiae Supporting Petitioners, filed with the United States Supreme Court in the matter of *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* (Exhibit I). The parties do not dispute the authenticity of any of these published documents for purposes of Mr. Lonchar's Motion to Dismiss. Accordingly, the Court may take judicial notice of them without converting Mr. Lonchar's Motion to Dismiss into a summary judgment motion.

II. **CONCLUSION**

For the reasons set forth above, Mr. Lonchar's Request for Judicial Notice should be granted.

Dated: October 5, 2007

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

/S/
_____
EDWARD P. DAVIS, JR.
SUSAN D. RESLEY
AMANDA A. PACKEL
*Attorneys for Defendant, Kenneth E. Lonchar*

-5-

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT KENNETH E. LONCHAR'S
MOTION TO DISMISS THE SECURITIES AND EXCHANGE COMMISSION'S COMPLAINT (07-CV-3444-JF)