Slip Copy
Slip Copy, 2006 WL 3545024 (N.D.Cal.)
**(Cite as: Slip Copy)**

Green v. University of San Francisco
N.D.Cal.,2006.
Only the Westlaw citation is currently available.
United States District Court, N.D. California, San Jose Division.
Holden W. GREEN, Plaintiff,
v.
UNIVERSITY OF SAN FRANCISCO, et al., Defendants.
**No. C 06-3321JF(PVT).**

Dec. 8, 2006.

Holden W. Green, San Jose, CA, pro se.
Michael J. Vartain, Vartain Law Group, San Francisco, CA, for Defendants.
JEREMY FOGEL, District Judge.

**\*1** Defendants move to dismiss Plaintiff's first amended complaint without leave to amend as barred by the doctrine of *res judicata.* The Court has considered the briefing submitted by the parties as well as the oral arguments submitted at the hearing on December 8, 2006. For the reasons discussed below, the motion will be granted without leave to amend.

In this action, Plaintiff Holden W. Green ("Green") alleges that he was a graduate student in the Executive MBA Program for Professionals ("EPMBA program") at the University of San Francisco's Masagung Graduate School of Management. He further alleges that he received a failing grade in a course called Information System One ("IS 1") during his first semester in the EPMBA program. He alleges that the entire grade for the IS1 class rested on a group project; that he participated in the group project; that the group had turned in a version of the project that excluded Green's name and work product; that the professor gave Green an "incomplete" on the project while giving the rest of the group a grade of B 🔑; that Green thereafter was required to submit his individual contribution to the project for grading as a stand-alone submission; and that he was given a grade of F on that stand-alone submission. The F caused his grade point average to drop below that required for the EPMBA program and as a result he was dismissed from the program. He was advised that any attempts to attend further classes would be viewed as criminal trespass. His administrative appeals were denied.

On May 4, 2005, Green filed a state court action in the San Francisco Superior Court against the University and its president, seeking preliminary and permanent injunctive relief.[FN1] That complaint alleged that Green was improperly dismissed from the EPMBA program because of the failing grade in the IS 1 class; that the failing grade was improperly imposed upon him even though he participated in a group assignment that garnered a B 🔑; and that he was denied the opportunity to make up the grade for the IS1 class. He sought a temporary restraining order, preliminary injunctive relief and permanent injunctive relief requiring the University to permit him to make up the failing grade and to complete the EPMBA program at the 2003-2004 tuition rate, and restraining the University from pressing or threatening to press trespass charges against him. The superior court sustained the defendants' demurrer without leave to amend and entered judgment for the defendants on July 14, 2005. It does not appear that Green appealed that judgment.

> FN1. The Court takes judicial notice of the complaint and other documents filed in the state court action, attached as exhibits A through K to Defendants' request for judicial notice.

Green filed the instant action on May 19, 2006, and amended once as of right by filing the operative first amended complaint ("FAC") approximately one month later. This action, based upon the same allegedly unfair failing grade in the IS 1 class, asserts the following claims against the University, its Board of Trustees, the business school, the dean, the associate dean and the professor who gave him the failing grade: (1) violation of the Americans

With Disabilities Act; (2) conspiracy in violation of 42 U.S.C. § 1985(3); (3) violation of the Fourteenth Amendment due process clause; (4) violation of the Fifth Amendment due process clause; (5) violation of the Higher Education Act of 1965; (6) violation of the Unruh Civil Rights Act; (7) unjust enrichment; (8) intentional misrepresentation; (9) intentional interference with prospective economic advantage; (10) breach of contract; (11) negligent hiring and retention; and (12) intentional infliction of emotional distress.

***2** Defendants contend that the instant action is barred under the doctrine of *res judicata.* That doctrine provides that a valid final judgment on the merits of an action bars the parties or their privies from later asserting claims that were or could have been raised in the earlier action. *Riven v. Regions Bank of Louisiana,* 522 U.S. 470, 476 (1998). The phrase "were or could have been raised" refers to "legal theories arising out of the same transactional nucleus of facts, rather than to distinct causes of action."*Hells Canyon Preservation Council v. United States Forest Service,* 403 F.3d 683, 686 n. 2 (2005). The Ninth Circuit has made clear that the doctrine does not go so far as to bar *any* claims that could have been joined in the original action, but only those claims arising out of the same facts that were litigated in the original action. *Id.*

All of the claims in the instant action clearly arise out of the same facts that formed the basis of the state court action. Moreover all of the claims asserted in the instant action could have been asserted in the state court action. Green does not appear to dispute that these elements of the *res judicata* doctrine are met.

The disputed portion of this motion centers on whether the state court judgment constituted a final judgment on the merits sufficient to trigger the doctrine of *res judicata* with respect to the instant claims. Federal courts apply the doctrine of *res judicata* to a state court judgment to the same extent that courts of that state would apply the doctrine. *Eichman v. Fotomat Corp.,* 759 F.2d 1434, 1438 (9th Cir.1985); *Moore v. City of Costa Mesa,* 678 F.Supp. 1448, 1450 (C.D.Cal.1987). Under California law, a superior court judgment on an order sustaining a demurrer without leave to amend is a final judgment on the merits for purposes of *res judicata* analysis. *Crowley v. Modern Faucet Manufacturing,* 44 Cal.2d 321, 323 (1955)."The fact that a plaintiff requests a different type of relief, or even presents a different legal theory, does not negate or lessen the binding effect of the previous state court judgment."*Moore,* 678 F.Supp. at 1450. Accordingly, the Court concludes that the doctrine of *res judicata* bars all of the claims alleged in the instant complaint.

Green argues that the doctrine does not apply, because the superior court's determination that he was not entitled to *preliminary* injunctive relief did not constitute a final adjudication on the merits of his claim based upon the failing grade. The law is clear that the denial of preliminary injunctive relief does not constitute an adjudication on the merits-it merely reflects the court's conclusion that the defendant should not be restrained pending trial on the merits. *See, e.g., Continental Banking Co. v. Katz,* 68 Cal.2d 512, 528 (1968). However, Green's state court complaint sought not only preliminary injunctive relief-which was denied in an order prior to the order sustaining the demurrer without leave to amend-but also *permanent* injunctive relief. Green has cited no authority, and this Court has located none, suggesting that a defense judgment on a complaint seeking *permanent* injunctive relief is not a judgment on the merits for *res judicata* purposes.

***3** The Court notes that the individual defendants in the instant action were not defendants in the state court action. However, employees of a previously successful party may raise the *res judicata* bar against subsequent litigation by the same plaintiff on the same facts. *Bernhard v. America National Trust & Savings Association,* 19 Cal.2d 807, 812 (1942).

Accordingly, Defendants' motion will be granted without leave to amend and the action will be dis-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

missed with prejudice.

(1) Defendants' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND;

(2) The action is DISMISSED WITH PREJUDICE; and

(3) The Clerk of the Court shall close the file.

N.D.Cal.,2006.
Green v. University of San Francisco
Slip Copy, 2006 WL 3545024 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.