1   Douglas R. Young (State Bar No. 073248)
    William P. Keane (State Bar No. 124756)
2   Jessica K. Nall (State Bar No. 215149)
    Amarra A. Lee (State Bar No. 245679)
3   Farella Braun + Martel LLP
    235 Montgomery Street, 17th Floor
4   San Francisco, CA  94104
    Telephone:  (415) 954-4400
5   Facsimile:  (415) 954-4480
    Email:  dyoung@fbm.com
6   Email:  wkeane@fbm.com
    Email:  jnall@fbm.com
7   Email:  alee@fbm.com

8   Attorneys for Defendant
    MARK LESLIE

9

                    UNITED STATES DISTRICT COURT

10
                  NORTHERN DISTRICT OF CALIFORNIA

11
                        SAN JOSE DIVISION

12

13

14   SECURITIES AND EXCHANGE              Case No. 5:07-cv-03444-JF
     COMMISSION,
15                                        **DEFENDANT MARK LESLIE'S NOTICE
                      Plaintiff,          OF MOTION AND MOTION TO DISMISS
16                                        COMPLAINT OR, IN THE
            vs.                           ALTERNATIVE, TO STRIKE
17                                        PRAYER FOR PENALTIES_____**
     MARK LESLIE, KENNETH E.
18   LONCHAR, PAUL A. SALLABERRY,         Date:     January 18, 2008
     MICHAEL M. CULLY AND DOUGLAS         Time:     9:00 a.m.
19   S. NEWTON,                           Dept.:    Courtroom 3, 5th Floor
                                          Judge:    Honorable Jeremy D. Fogel
                      Defendants.
20                                        Date Complaint Filed:  July 2, 2007
                                          Date Set For Trial:  None
21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE
CASE NO. 5:07-CV-03444-JF

17289\1304870.8

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ................................................................................ 1

STATEMENT OF ISSUES ............................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 2

INRODUCTION ............................................................................................................... 2

STATEMENT OF FACTS ................................................................................................. 4

I.      MARK LESLIE'S TENURE AS CEO OF VERITAS ............................................... 4

II.     VERITAS' LENGTHY NEGOTIATIONS WITH AOL ............................................. 4

III.    MARK LESLIE INFORMS THE VERITAS BOARD OF THE CHARACTER OF
        THE AOL DEALS. ................................................................................................. 5

IV.     ALLEGED STATEMENTS TO AUDITORS .......................................................... 6

ARGUMENT .................................................................................................................... 7

I.      LEGAL STANDARD ON MOTION TO DISMISS ................................................. 7

II.     THE SECURITIES FRAUD CAUSES OF ACTION (CLAIMS ONE AND TWO
        AGAINST MR. LESLIE MUST BE DISMISSED BECAUSE THE SEC FAILS
        TO PLEAD WITH THE PARTICULARITY REQUIRED BY RULE 9(B). .................. 8

        A.      The SEC Fails to Plead With Particularity that Veritas' 2000 10-K or
                Fourth Quarter 10Q Were Materially False or Misleading. ...................... 9

        B.      The SEC Cannot, and Does Not, Plead Mr. Leslie's Scienter With
                Particularity as Required Under Rule 9(b). ............................................. 11

        C.      The SEC May Not Rely on Allegations in Which Mr. Leslie is Grouped
                With Mr. Lonchar and/or Mr. Sallaberry. ................................................ 13

III.    THE SEC'S SECTION 13 CLAIMS MUST BE DISMISSED BECAUSE THE
        SEC FAILS TO PLEAD WITH THE PARTICULARITY REQUIRED BY RULE
        9(B). .................................................................................................................... 14

        A.      The SEC's Fifth Claim (the Lying to the Auditors Claim) Should be
                Dismissed with Prejudice Because the SEC Fails to Allege With
                Particularity That Leslie Intentionally Made False or Misleading
                Statements to the Auditors. .................................................................... 15

                1.      The Commission Has Not Alleged Facts Sufficient to Establish that
                        Any Statements by Mr. Leslie were False, Misleading, or Material ........ 15

                2.      The Commission Has Not Alleged Facts Sufficient to Establish that
                        Mr. Leslie Acted With Intent to Mislead the Auditors ........................... 16

        B.      The SEC's Sixth Claim (the Aiding and Abetting Claim) Against
                Mr. Leslie Should be Dismissed Because the SEC Does Not Adequately
                Allege Either a Primary Violation or that Mr. Leslie Knowingly Provided
                Substantial Assistance in a Primary Violation. ...................................... 18

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                                    - i -
CASE NO. 5:07-CV-03444-JF

17289\1304870.8

1.   The Commission Has Not Alleged Facts Sufficient to Establish a
     Primary Violation of the Securities Laws by Veritas................................. 18

2.   The Commission Has Not Alleged Facts Sufficient to Establish that
     Mr. Leslie Possessed Actual Knowledge of His Role in Furthering
     Any Violations of the Securities Laws........................................................ 19

3.   The Commission Has Not Established that Mr. Leslie
     "Substantially Assisted" a Violation of the Securities Laws .................... 20

C.   The SEC's Third Claim (the Record Keeping Claim) Must Be Dismissed
     with Prejudice Due to a Fatal Lack of Specificity. ................................. 21

IV.   THE SEC HAS FAILED TO ADEQUATELY ALLEGE THAT THE ALLEGED
      FALSE STATEMENTS WERE MATERIAL. ................................................ 21

V.    THE SEC'S PRAYER FOR CIVIL PENALTIES AND A DIRECTOR AND
      OFFICER BAR AGAINST MR. LESLIE IS UNTIMELY AND MUST BE
      STRICKEN. ........................................................................................ 24

CONCLUSION ........................................................................................ 25

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE
CASE NO. 5:07-CV-03444-JF

- ii -

17289\1304870.8

1

<u>TABLE OF AUTHORITIES</u>

2

**FEDERAL CASES**

3

*In re AOL Time Warner, Inc. v. Sec. & ERISA Litigation,*
4
    2006 U.S. Dist. LEXIS 17588, *9 (S.D.N.Y. 2006) ........................................ 22

*Aaron v. SEC,*
5
    446 U.S. 680 (1980) .................................................................................. 9, 11

6
*Abbott v. Equity Group, Inc.,*
    2 F.3d 613 (5th Cir. 1993) .............................................................................. 20
7

8
*In re Atmel Corp. Derivative Litigation,*
    2007 U.S. Dist. LEXIS 54058, *20 (N.D. 2007) ......................................... 24

9
*Badger v. Grubb & Ellis Co.,*
    1992 U.S. Dist. LEXIS 3648, *5 (N.D. Cal. 1992) ...................................... 11
10

11
*Basic Inc. v. Levinson,*
    485 U.S. 224 (1988) ........................................................................................ 22

12
*Bell Atlantic Corp. v. Twombly,*
    127 S.Ct. 1955 (2007) ...................................................................................... 8
13

14
*Blake v. Dierdorff,*
    856 F.2d 1365 (9th Cir. 1988) ......................................................................... 8

15
*Branch v. Tunnell,*
    14 F.3d 449 (9th Cir. 1994) .............................................................................. 5
16

17
*Bureerong v. Uvawas,*
    922 F. Supp. 1450 (C.D. Cal. 1996) ............................................................... 25

18
*City of Philadelphia v. Fleming Cos.,*
    264 F.3d 1245 (10th Cir. 2001) ..................................................................... 17
19

20
*Clegg v. Cult Awareness Network,*
    18 F.3d 752 (9th Cir. 1994) .............................................................................. 8

21
*In re Convergent Technologies Second Half 1984 Sec. Litigation,*
    1990 WL 606271 *10 (N.D. Cal. 1990) ........................................................ 22
22

23
*In re CornerStone Propane Partners, L.P. Sec. Litigation,*
    355 F. Supp. 2d 1069 (N.D. Cal. 2005) ........................................................ 13

24
*In re Duke Energy Corp. Sec. Litigation,*
    282 F. Supp. 2d 158 (S.D.N.Y. 2003) ........................................................... 22
25

26
*Durning v. Citibank, International,*
    990 F.2d 1133 (9th Cir. 1993) ....................................................................... 24

27
*Fecht v. Price Co.,*
    70 F.3d 1078 (9th Cir. 1995) ............................................................................ 9
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                                    - iii -                    17289\1304870.8
CASE NO. 5:07-CV-03444-JF

*Florida State Board of Admin. v. Green Tree Finance Corp.*,
    270 F.3d 645 (8th Cir. 2001) ................................................................................................ 10

*Glassman v. Computervision Corp.*,
    90 F.3d 617 (1st Cir. 1996) .................................................................................................. 22

*In re GlenFed, Inc. Sec. Litigation*,
    42 F.3d 1541 (9th Cir. 1994) ........................................................................................ 9, 10,15

*Gompper v. VISX, Inc.*,
    298 F.3d 893 (9th Cir. 2002) ................................................................................................. 8

*In re Green Tree Finance Corp. Stock Litigation*,
    61 F. Supp. 2d 860 (D. Minn. 1999) .................................................................................... 10

*In re Gupta Corp. Sec. Litigation*,
    900 F. Supp. 1217 (N.D. Cal. 1994) ...................................................................................... 9

*Hollinger v. Titan Capital Corp.*,
    914 F.2d 1564 (9th Cir. 1990) .............................................................................................. 18

*Howard v. SEC*,
    376 F.3d 1136 (D.C. Cir. 2004) ........................................................................................... 19

*Johnson v. SEC*,
    87 F.3d 484 (D.C. Cir. 1996) ............................................................................................... 24

*K & S Partnership v. Continental Bank*,
    952 F.2d 971 (8th Cir. 1991) ............................................................................................... 19

*Lubin v. Sybedon Corp.*,
    688 F. Supp. 1425 (S.D. Cal.1988) ...................................................................................... 14

*Mathews v. Centex Telemanagement, Inc.*,
    1994 U.S. Dist. LEXIS 7895, *13 (N.D. Cal.1994) ............................................................ 10

*Mawod & Co. v. SEC*,
    591 F.2d 588 (10th Cir. 1979) ............................................................................................. 19

*Mendelsohn v. Capital Underwriters, Inc.*,
    490 F. Supp. 1069 (N.D. Cal. 1979) .................................................................................... 19

*In re Metawave Commun. Corp. Sec. Litigation*,
    298 F. Supp. 2d 1056 (W.D. Wash. 2003) .......................................................................... 10

*Monetta Finance Serv., Inc. v. SEC*,
    390 F.3d 952 (7th Cir. 2004) ............................................................................................... 20

*Monsen v. Consolidated Dressed Beef Co.*,
    579 F.2d 793 (3d Cir. 1978) ................................................................................................ 20

*Morgan v. Prudential Group, Inc.*,
    81 F.R.D. 418 (S.D.N.Y. 1978) .......................................................................................... 10

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                              - iv -
CASE NO. 5:07-CV-03444-JF

17289\1304870.8

*Natl. Western Life Ins. Co. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*,
    175 F. Supp. 2d 489, 492 (S.D.N.Y. 2000) ...................................................................... 12

*Orloff v. Allman*,
    819 F.2d 904 (9th Cir. 1987).................................................................................................. 18

*Parnes v. Gateway 2000, Inc.*,
    122 F.3d 539 (8th Cir. 1997).................................................................................................. 22

*Ponce v. SEC*,
    345 F.3d 722 (9th Cir. 2003)....................................................................................... 18, 19, 21

*PYR Energy Corp. v. Samson Resources Co.*,
    2007 WL 858804, *2 (E.D.Tex. 2007) ............................................................................... 12

*Rich v. Touche*,
    68 F.R.D. 243 (S.D.N.Y. 1875) ...................................................................................... 10, 16

*Robertson v. Dean Witter Reynolds, Inc.*,
    749 F.2d 530 (9th Cir. 1984).................................................................................................... 8

*SEC v. Autocorp Equities, Inc.*,
    292 F. Supp. 2d 1310 (D. Utah 2003) ................................................................................. 17

*SEC v. Digital Lightwave, Inc.*,
    196 F.R.D. 698 (M.D. Fla. 2000)........................................................................................... 9

*S.E. C. v. Fehn*,
    97 F.3d 1283 (9th Cir. 1996)........................................................................................... 18, 19

*SEC v. GSC Enterprises, Inc.*,
    469 F. Supp. 907 (N.D. Ill. 1979) .............................................................................. 9, 10, 11

*SEC v. Lucent Techs. Inc.*,
    363 F. Supp. 2d 708 (D.N.J. 2005) .................................................................................. 9, 21

*SEC v. Morris*,
    2005 WL. 2000665 *8 (S.D. Tex. 2005) ...................................................................... 19, 20

*SEC v. Parnes*,
    2001 WL. 1658275 *5 (S.D.N.Y. 2001) ...................................................................... 13, 14

*SEC v. Price Waterhouse*,
    797 F. Supp. 1217 (S.D.N.Y. 1992)................................................................................. 8, 13

*SEC v. Rana Research, Inc.*,
    8 F.3d 1358 (9th Cir. 1993).................................................................................................... 8

*SEC v. Rep. National Life Insurance Co.*,
    378 F. Supp. 430 (S.D.N.Y 1974)........................................................................................ 13

*SEC v. Rogers*,
    790 F.2d 1450 (9th Cir. 1986)............................................................................................... 20

*SEC v. Rubera*,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                    - V -
CASE NO. 5:07-CV-03444-JF

17289\1304870.8

350 F.3d 1084 (9th Cir. 2003) ........................................................................ 11

*SEC v. Steadman,*
   967 F.2d 636 (D.C. Cir. 1992) .................................................................. 11

*SEC v. Treadway,*
   430 F. Supp. 2d 293 (S.D .N.Y. 2006) ...................................................... 18

*SEC v. U.S. Environmental, Inc.,*
   897 F. Supp.117 (S.D.N.Y. 1995) ............................................................. 14

*SEC v. Williams,*
   884 F. Supp. 28 (D. Mass. 1995) ............................................................... 24

*SEC v. Yuen,*
   221 F.R.D. 631 (C.D. Cal. 2004) .............................................................. 13

*In re Silicon Graphics Inc. Sec. Litigation,*
   970 F. Supp. 746 (N.D. Cal. 1997) .............................................................. 8

*In re Silicon Storage Technology, Inc.,*
   2006 WL 648683 *6 (N.D. Cal. 2006) ................................................... 9, 16

*In re Stac Electrics Sec. Litigation,*
   89 F.3d 1399 (9th Cir. 1996) ..................................................................... 14

*Sunstrand Corp. v. Sun Chemical Corp.,*
   553 F.2d 1033 (7th Cir. 1977) ................................................................... 11

*In re: Syncor Intern Corp. Sec.  Litigation,*
   327 F. Supp. 2d 1149 (C.D. Cal. 2004) ................................................... 11

*TSC Industrial, Inc. v. Northway, Inc.,*
   426 U.S. 438 (1976) .................................................................................. 22

*Tapley v. Lockwood Green Engineers, Inc.,*
   502 F.2d 559 (8th Cir. 1974) ..................................................................... 25

*Teachers' Retirement System v. Hunter,*
   477 F.3d 162 (4th Cir. 2007) ..................................................................... 22

*In re VeriFone Sec. Litigation,*
   11 F.3d 865 (9th Cir. 1993) ......................................................................... 8

*Wenger v. Lumisys,*
   2 F. Supp. 2d 1231 (N.D. Cal. 1998) ....................................................... 10

*Western Mining Council v. Watt,*
   643 F.2d 618 (9th Cir. 1981) ....................................................................... 8

*Wilkerson v. Butler,*
   229 F.R.D. 166 (E.D. Cal. 2005) .............................................................. 25

*Woodward v. Metropolitan Bank of Dallas,*
   522 F.2d 84 (5th Cir. 1975)....................................................................... 20

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE
CASE NO. 5:07-CV-03444-JF

- vi -

17289\1304870.8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*In re Worlds of Wonder Sec. Litigation*,
    35 F.3d 1407 (9th Cir. 1994)............................................................................................. 13

*Yourish v. California Amplifier*,
    191 F.3d 983 (9th Cir. 1999)............................................................................................. 14

## FEDERAL STATUTES

Fed. R. Civ. P. 9(b) ......................................................................................................... passim

Fed. R. Civ. P. 12(b)(6)......................................................................................................... 1, 6

Fed. R. Civ. P. 12(f) ................................................................................................................. 1

15 U.S.C. § 78m(b)(2) ............................................................................................................ 21

15 U.S.C. § 78t(e) ................................................................................................................... 18

17 C.F.R. § 240.13b2-2 .......................................................................................................... 15

28 U.S.C. § 2462 ..................................................................................................................... 24

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                                    - vii -                            17289\1304870.8
CASE NO. 5:07-CV-03444-JF

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that on January 18, 2008 at 9:00 a.m., or as soon thereafter as

4

the matter may be heard in the above captioned court, located at 280 South 1st Street, San Jose,

5

California, 95113, Defendant Mark Leslie will move, and hereby does move, for an order

6

pursuant to Rules 12(b)(6), 9(b), and 12(f) of the Federal Rules of Civil Procedure dismissing all

7

claims alleged against him by Plaintiff the Securities & Exchange Commission ("SEC" or the

8

"Commission") with prejudice, or in the alternative, striking Plaintiff's prayer for civil penalties

9

and an officer director bar as untimely.

10

This Motion is based on this Notice of Motion; the following Memorandum of Points and

11

Authorities in Support of the Motion; the Request for Judicial Notice in Support of Motion and

12

the accompanying Declaration of Jessica K. Nall with Exhibits, the other Defendants' Motions to

13

Dismiss and related filings; and such other matters and arguments as may come before the Court,

14

including in connection with reply briefing and oral argument on the Defendants' Motions to

15

Dismiss.

16

**STATEMENT OF ISSUES**

17

**(CIVIL LOCAL RULE 7-4(A)(3))**

18

1.    Whether the SEC's Complaint alleges with the level of particularity required by

19

Rule 9(b) of the Federal Rules of Civil Procedure that Mr. Leslie violated Section 17(a) of the

20

Securities Act or 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, in that he:

21

a.    made material misstatements about Veritas Software Corporation's ("Veritas"

22

or the "Company") transactions with America Online ("AOL deals");

23

b.    which were false and misleading when made;

24

c.    and with the required scienter.

25

2.    Whether the SEC has plead with the required particularity under Rule 9(b) that

26

Mr. Leslie committed a primary violation of Section 13(b)(5) of the Exchange Act and Rule13b2-

27

1 promulgated thereunder or a primary violation of Exchange Act Rule 13b2-2, or that Mr. Leslie

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE
CASE NO. 5:07-CV-03444-JF
- 1 -
17289\1304870.8

1  aided and abetted violations of Section 13(b)(2)(A) and Section 13(a) of the Exchange Act and

2  Rules 12b-20, 13a-1, 13a-11, 13b2-1, and 13a-13 promulgated thereunder.

3       3.     Whether the SEC's prayer for penalties and a director and officer bar against

4  Mr. Leslie are time-barred by the applicable five-year statute of limitations.

5  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

6  <u>**INTRODUCTION**</u>

7       This case represents the culmination of a government investigation that lasted more than

8  five years, during which between thirteen and eighteen million pages of documents were

9  collected and testimony was taken from 129 witnesses.[1] Tellingly, and notwithstanding the

10  detailed facts available to it, the SEC's case against former Veritas CEO Mark Leslie is devoid of

11  the detail required by Fed. R. Civ. P. 9(b), including as to the generalized allegations that Mr.

12  Leslie made material, misleading misstatements and that he had the requisite scienter.

13       At its core, the Complaint as it pertains to Mr. Leslie attempts to attribute responsibility to

14  him for the accounting treatment of two transactions executed seven years ago on September 29,

15  2000:[2]  Veritas' sale of a $50 million software license to AOL, and AOL's sale of $20 million in

16  internet advertising to Veritas.  In fact, however, the Complaint fails adequately to plead:

17  - that Veritas' accounting for the AOL deals was incorrect in the first instance or that
18     Veritas' financial statements regarding the transactions were materially misleading;

19  - that Mr. Leslie acted with the requisite scienter to support either a securities fraud or
20     an aiding or abetting violation, including allegations regarding his accounting
   knowledge or lack thereof;

21  - how the "misrepresentations" Mr. Leslie is alleged to have made to the Company's
   outside auditors were intentionally false or material;

22  - that Mr. Leslie, absent professional advice or direction on the issue, had any reason to
23     believe that the negotiation history of the AOL deals was material to the auditors, thus
   giving rise to a duty to disclose that information to the auditors.

24

25  [1]    Declaration of Jessica Nall ("Nall Decl.") in Support of Motion to Dismiss ¶ 2.

26  [2]    Mr. Leslie is not a defendant with regard to many of the Complaint's allegations, which

27  relate to events in which Mr. Leslie was not involved as he retired from his position as CEO as of
December 31, 2000 and was not thereafter involved in the day-to-day management of the

28  Company.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                              - 2 -
CASE NO. 5:07-CV-03444-JF                                                    17289\1304870.8

1    The SEC's allegations regarding Mr. Leslie are not only lacking in detail, but are also

2    inherently inconsistent.  On one hand, the Complaint accuses Mr. Leslie of "knowingly fail[ing]

3    to inform the auditors of the true, contingent nature of the AOL contracts," while on the other

4    hand admitting that Mr. Leslie "revealed [in writing] the true nature of the transaction" in an e-

5    mail to Veritas' Board of Directors and Audit Committee, including that the advertising deal had

6    been finalized simultaneously on the same day.  As the Complaint attests, an Audit Committee

7    member responded to Mr. Leslie's e-mail, leading to Mr. Leslie's reasonable understanding that

8    there would be close Audit Committee oversight and knowledge regarding the accounting

9    treatment of the AOL deals during the external audit.  It defies logic that Mr. Leslie would have

10   to mislead the auditors on particular points, all the while knowing that the Audit Committee had

11   the very same information and would be having direct communications with the auditors.

12   Moreover, the SEC does not allege that Mr. Leslie directed, or even suggested, that

13   Veritas' personnel be other than honest and forthcoming with Veritas' outside auditors or that

14   Mr. Leslie took any action to hide the details of the transactions.  To the contrary, the Complaint

15   shows that Mr. Leslie broadcast the details of the deals to Veritas' Board and Audit Committee.

16   Without alleging that Mr. Leslie had any particular duties, responsibilities or knowledge

17   with regard to the accounting treatment for the transactions, the SEC alleges that Mr. Leslie made

18   a vague string of "false" representations and omissions to the auditors regarding, among other

19   things, the timing of the negotiation of the two deals.  At the same time, the Complaint admits

20   that the auditors *had* been informed that "the license and advertising contract were executed on

21   the same day."  The SEC further alleges that Mr. Leslie "failed to inform the independent auditors

22   of the contingent nature . . . and last minute negotiations" at a meeting of the Audit Committee

23   attended by the very Audit Committee members who had been fully informed by e-mail regarding

24   the particulars of the deals and at least one of whom knew far more than Mr. Leslie about their

25   proper accounting treatment.

26   In order to salvage its claims against Mr. Leslie, the SEC repeatedly groups Mr. Leslie

27   with the other defendants – former CFO Kenneth Lonchar, who had primary responsibility for

28   Veritas' financial reporting, and former head of sales Paul Sallaberry, who was involved in

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE
CASE NO. 5:07-CV-03444-JF

- 3 -

17289\1304870.8

1   negotiating the two deals.  The SEC cannot adequately plead Mr. Leslie's individual actions and

2   scienter simply by swiping a broad brush of general allegations that include other defendants,

3   particularly as the Complaint goes on for thirty paragraphs regarding completely unrelated

4   allegations against Mr. Lonchar which occurred after Mr. Leslie retired from his position as CEO.

5           The SEC cannot rely on any relaxed pleading standards since it conducted an extensive,

6   five-year investigation prior to filing the Complaint.  As a result of that extensive investigation,

7   the Complaint represents the SEC's best case against Mr. Leslie.  Nevertheless, the SEC has

8   failed to plead facts sufficient to sustain a cause of action against Mr. Leslie, and the allegations

9   against Mr. Leslie should be dismissed with prejudice.  On second, independent grounds, certain

10  of the SEC's requested remedies must be stricken as time-barred.

11                              **STATEMENT OF FACTS**

12  **I.      MARK LESLIE'S TENURE AS CEO OF VERITAS.**

13          Veritas, now a subsidiary of Symantec Corporation, was in the year 2000 a thriving,

14  publicly traded software company with over $1.2 billion in revenue per year.  (¶ 14);[3] (Nall Decl.,

15  Exh. C, (Veritas year 2000 Form 10-K Annual Report) at p. 41; Exh. D, (Veritas year 2001 Form

16  10K/A Amended Report) at p. 33).  Veritas specializes in network storage and database software

17  used in businesses.  (Exh. C, Nall Decl. at p. 1).  Mark Leslie served as the Chief Executive

18  Officer ("CEO") of Veritas from 1990 through December 2000, serving on its Board of Directors

19  until May 31, 2004.  (¶ 9).  During Mr. Leslie's tenure as CEO, the Company experienced a high

20  degree of financial success, establishing a "longstanding practice" of exceeding Wall Street

21  earnings estimates quarter after quarter.  (¶ 50).

22  **II.     VERITAS' LENGTHY NEGOTIATIONS WITH AOL.**

23          Throughout August and September of 2000, Veritas sales personnel, led by Paul

24  Sallaberry, engaged in negotiations with AOL, now known as AOL Time Warner, Inc., to sell

25  AOL a broad software license as well as service, consulting and training.  (¶ 16.)  For several

26  months, Veritas and AOL negotiated, among other things, a discount pursuant to which AOL

27  ───────────────

28  [3]        All cites to paragraph numbers herein are to the Complaint unless otherwise noted.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE            - 4 -
CASE NO. 5:07-CV-03444-JF

17289\1304870.8

1  would purchase Veritas' software for less than the listed retail price.  (¶ 20.)  Throughout these

2  negotiations, Veritas and AOL also discussed the possibility of Veritas purchasing online

3  advertising from AOL to advertise its software products.  (¶ 17.)  On September 29, 2000, an

4  AOL representative contacted Mr. Leslie directly to discuss the software license transaction and

5  to renew discussions regarding Veritas' purchase of advertising from AOL.  (¶ 20.)  The AOL

6  representative suggested that AOL would be willing to take a shallower discount on the software

7  license.  (*Id.*)  AOL also requested that Veritas consider purchasing $20 million in internet

8  advertising from AOL.  (*Id.*)  Mr. Leslie directed Mr. Sallaberry to complete the negotiations.

9  (¶ 22.)  Veritas ultimately agreed to purchase $20 million in advertising from AOL, and AOL

10  agreed to purchase a $50 million software license from Veritas (collectively, the "AOL deals").

11  (¶ 25.)  Veritas' CFO Mr. Lonchar worked with Mr. Sallaberry to document and execute the deals

12  that had been struck on the 29th.  (¶ 25.)

13  **III.    MARK LESLIE INFORMS THE VERITAS BOARD OF THE CHARACTER OF**

14  **       THE AOL DEALS.**

15        Within days of the September 29 negotiation, on October 2, 2000, Mr. Leslie e-mailed

16  Veritas' entire Board of Directors and Audit Committee, openly discussing and providing details

17  of the negotiations and character of the AOL deals:

18        We closed a $30 million deal with AOL (which will be taken to
         revenue in Q4.  However, at the eleventh hour we got a request to
19        gross up the deal by $20 million and take back an equal amount of
         dollars in paid advertising to AOL. . . .  So, the bottom line is a $50
20        million deal."  (¶ 27) (Nall Decl., Exh. A).[4]

21        In response — and making it readily apparent that Veritas' Audit Committee understood

22  the deals and their potential accounting implications — Steven Brooks, a member of Veritas'

23  _____

24  [4]      The Complaint refers to and quotes from an e-mail by Mr. Leslie regarding the details of
    the transaction with AOL, but omits the fact that the recipients of the email included Veritas'
25  entire Board of Directors, including the Audit Committee.  The email thus establishes that Mr.
    Leslie informed the Board of all the negotiation details that the Complaint alleges he took great
26  pains to "conceal" from the auditors.  It is appropriate for the Court to consider this document and
    other such documents incorporated by reference into the Complaint on this Motion to Dismiss.
27  *See, e.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *see also* the Request for Judicial
    Notification ("RJN") filed herewith.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                                    - 5 -
CASE NO. 5:07-CV-03444-JF                                              17289\1304870.8

1    Audit Committee, suggested to the entire Veritas Board via email:  "[O]n the aol deal, can we

2    make doubly sure that EY are on board with our revenue recognition in the barter context?  a fair

3    amount of current SEC controversy surrounds the topic and I would appreciate the reassurance

4    when we book the transaction in Q4."  (¶28) (Nall Decl., Exh. B).  (*Id.*)  Subsequently,

5    Mr. Lonchar determined the accounting treatment for the AOL deals on Veritas' books.  (¶ 30.)

6    **IV.    ALLEGED STATEMENTS TO AUDITORS.**

7         Following year end, Veritas' outside auditors, Ernst & Young, worked with Veritas' Audit

8    Committee, as well as Mr. Lonchar and Mr. Sallaberry, among others, to audit Veritas' fourth

9    quarter and year 2000 financial statements.  (¶ 31.)  The auditors were informed that the AOL

10   deals had occurred concurrently, and they examined the deals closely.  (¶ 32.)  Among other

11   things, the auditors spoke directly with Mr. Lonchar and Mr. Sallaberry.  (*Id.*)  Although the

12   Complaint vaguely alleges that the auditors also spoke with Mr. Leslie, it tellingly provides no

13   details regarding the circumstances of such communications.  (*Id.*)  Notably, the auditors also met

14   with the Audit Committee, a member of which had previously stated in the above-referenced

15   email that " *we* [need to] make doubly sure that EY are on board with our revenue recognition."

16   (¶ 28) (emphasis added).  Nonetheless, the SEC alleges without describing when and how the

17   alleged statements were made or how they are either false or material, that Mr. Leslie "falsely"

18   represented to the auditors that, among other things:  there were separate and valid business

19   reasons for each of the software and advertising transactions; the deals were not part of an overall

20   arrangement; AOL's agreement to purchase the software license was not contingent on Veritas'

21   agreement to purchase advertising; Veritas needed online advertising as part of its campaign for

22   brand recognition, and the deals were fairly priced.  (¶ 38.)  Additionally, Mr. Leslie is alleged to

23   have omitted from his conversation with the auditors the exact timing of the AOL negotiations.

24   (*Id.*)  However, the Complaint contains no allegations that Mr. Leslie had any particular reason to

25   provide that information given the utter lack of any knowledge on his part that such information

26   was even arguably material.  The SEC's pleading void as to this is especially noteworthy because

27   the entire Veritas Board and Audit Committee, whose principal responsibility it was to guide

28   Veritas through the year-end audit, had been fully informed and was thoughtfully engaged

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE
CASE NO. 5:07-CV-03444-JF                    - 6 -                    17289\1304870.8

1   regarding the accounting treatment of the AOL deals. (¶27.)  Furthermore, the Complaint does

2   not allege *why* the timing of the negotiations (which the auditors allegedly did not know) rather

3   than the timing of the execution of the two deals (which the auditors did know) is a material fact

4   that Mr. Leslie should have disclosed.

5       The Complaint further alleges, again without explaining why it was false, that "Leslie and

6   Lonchar" gave the auditors in connection with the audit a misleading representation letter which

7   failed to disclose the allegedly contingent nature of the AOL deals and represented that the AOL

8   contracts had been recorded at fair value.  (¶ 47.)  The Complaint again fails to allege how and

9   why these representations are false or that Mr. Leslie had any reason to know he should disclose

10  the allegedly omitted facts.

11      In 2001, Veritas released its year 2000 form 10-K annual report, announcing revenues of

12  around $1,207,328,000.00 for the year.  (*See* Nall Decl., Exh. C).[5]  The SEC alleges in conclusory

13  fashion that "Lonchar and Leslie" approved and signed these "false and misleading financial

14  results" that inflated revenue by an alleged $19.2 million, which was –contrary to the SEC's

15  calculation –around 1% of the Company's annual revenue.  (¶¶ 49-50) (Nall Decl. at Exh. C.)

16  Other than the 10-K for 2000, the Complaint alleges no specific instances of allegedly false

17  financial reports issued by Veritas other than a non-specific reference to "false and misleading

18  press releases" and "earnings release teleconferences."  (¶ 49.)

19      The SEC's allegations against Mr. Leslie are facially deficient and devoid of the

20  particularity required under Rule 9(b).  The Complaint should be dismissed with prejudice as to

21  Mr. Leslie.

22                              **ARGUMENT**

23  **I.    LEGAL STANDARD ON MOTION TO DISMISS.**

24      Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss a complaint "as

25  a matter of law for one of two reasons:  (1) lack of a cognizable legal theory or (2) insufficient

26

---

27  [5]    Veritas' Form 10-K for 2000 is incorporated by reference into the Complaint at ¶ 49 (*see also* RJN).

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                          - 7 -
CASE NO. 5:07-CV-03444-JF                              17289\1304870.8

1   facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530,

2   533-34 (9th Cir. 1984).  Factual allegations must be enough to raise a right to relief above the

3   speculative level on the assumption that all the allegations in the complaint are true.  *Bell Atlantic*

4   *Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  While the Court must

5   accept all well-pleaded factual allegations as true, it should not consider unsupported, conclusory

6   allegations.  *See Blake v. Dierdorff*, 856 F.2d 1365, 1368 (9th Cir. 1988).  Nor should it accept

7   legal or factual allegations based on unreasonable inferences.  *See Clegg v. Cult Awareness*

8   *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  "Legal conclusions need not be taken as true

9   merely because they are cast in the form of factual allegations . . . ."  *In re Silicon Graphics Inc.*

10  *Sec. Litig.*, 970 F. Supp. 746, 751 (N.D. Cal. 1997) (citing *Western Mining Council v. Watt*, 643

11  F.2d 618, 624 (9th Cir. 1981)); *see also In re VeriFone Sec Litig.*, 11 F.3d 865, 868 (9th Cir.

12  1993) ("Conclusory allegations of law and unwarranted inferences are insufficient to defeat a

13  motion to dismiss for failure to state a claim").  Further, when considering a motion to dismiss a

14  securities fraud claim, "the court must consider all reasonable inferences to be drawn from the

15  allegations, including inferences unfavorable to the plaintiffs." *Gompper v. VISX, Inc.*, 298 F.3d

16  893, 897 (9th Cir. 2002).

17  **II.    THE SECURITIES FRAUD CAUSES OF ACTION (CLAIMS ONE AND TWO**
        **AGAINST MR. LESLIE MUST BE DISMISSED BECAUSE THE SEC FAILS TO**
18      **PLEAD WITH THE PARTICULARITY REQUIRED BY RULE 9(B).**

19          The SEC's inconsistent allegations against Mr. Leslie do not plead a valid securities fraud

20  claim with particularity.  To survive a Motion to Dismiss its Section 17(a) (Claim One) and

21  Section 10(b) and Rule 10(b)-5 (Claim Two) claims, the SEC must plead with particularity that

22  Mr. Leslie made:  (1) a material misrepresentation, (2) in connection with a purchase or sale of a

23  security, (3) with scienter.  *See SEC v. Rana Research, Inc.*, 8 F.3d 1358, 1364 (9th Cir. 1993);

24  *SEC v. Price Waterhouse*, 797 F. Supp. 1217, 1240 (S.D.N.Y. 1992) ("The elements of liability

25  for violations of Section 17(a)(1) of the Securities Act, Section 10(b) of the Exchange Act and

26  Rule 10b-5 . . . are the following: (1) a misrepresentation or omission (where a duty to speak

27  exists); (2) of a material fact; (3) made with scienter; and (4) made in connection with the

28  purchase or sale of securities").  With the exclusion of the scienter requirement, the same

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                                    - 8 -
CASE NO. 5:07-CV-03444-JF                                                        17289\1304870.8

1   elements are required to prove violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act.[6]

2   *Aaron v. SEC*, 446 U.S. 680, 701-02 (1980).

3       Rule 9(b) applies to claims under Section 17(a), Section 10(b) and Rule 10b-5.  *See In re*

4   *GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (*en banc*) (citations omitted).  Rule

5   9(b) will be satisfied only if the complaint "state[s] precisely the time, place, and nature of the

6   misleading statements, misrepresentations, and specific acts of fraud."  *In re Gupta Corp. Sec.*

7   *Litig.*, 900 F. Supp. 1217, 1228 (N.D. Cal. 1994) (citation omitted); *see also Fecht v. Price Co.*,

8   70 F.3d 1078, 1082 (9th Cir. 1995).  Additionally, when a fraudulent statement is alleged, a

9   plaintiff must set forth *what* is false or misleading about the statement and *why* it was false when

10  made.  *Gupta*, 900 F. Supp. at 1228 (emphasis added).  Thus, the SEC must plead the who, what,

11  when, where, why and how of the alleged fraudulent conduct.  *See SEC v. Lucent Techs. Inc.*, 363

12  F. Supp. 2d 708, 715 (D.N.J. 2005); *see also SEC v. Digital Lightwave, Inc.*, 196 F.R.D. 698, 700

13  (M.D. Fla. 2000); *see also SEC v. GSC Enterprises, Inc.,* 469 F. Supp. 911 n.2 (N.D. Ill. 1979).

14   **A.    The SEC Fails to Plead With Particularity that Veritas' 2000 10-K or  Fourth**

15   **Quarter 10Q Were Materially False or Misleading.**

16      The Complaint contains only the barest of allegations regarding the alleged falsity of

17  Veritas' Form 10-K for fiscal year 2000, allegations that cannot support any claimed securities

18  violation by Mr. Leslie. (¶¶ 49-50).  The SEC vaguely alleges that these financial statements

19  contained "artificially inflated" and "false and misleading" financial results and also refers

20  broadly to unspecified "false and misleading press releases." (*Id*.).  Nowhere does the SEC allege

21  with requisite particularity *why* or *how* the financial statements in the 2000 10-K or other filings

22  were false, or even which specific statements in which financial reports were allegedly false.

23  This is insufficient.  *See, e.g.*, *In re Silicon Storage Technology, Inc.*, 2006 WL 648683, *6 (N.D.

24  _____

25  [6]     In yet another example of the Complaint's unacceptable lack of specificity, the SEC's
    First Claim is not specific as to which subsection of Section 17(a) Mr. Leslie is alleged to have

26  violated. (¶¶ 86-88).  Nor are *any* of the SEC's Claims for Relief specific as to which of the
    factual allegations in the preceding paragraphs of the Complaint form the basis for each Claim for

27  Relief.  (¶¶ 86-102).  The SEC's allegations against Mr. Leslie should be dismissed for this
    reason alone.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                                       - 9 -
CASE NO. 5:07-CV-03444-JF                                                    17289\1304870.8

1     Cal. March 10, 2006) (dismissing complaint under Rule 9(b): "While plaintiffs have identified

2     each statement alleged to be false or misleading, they have not stated with particularity why each

3     statement was false at the time it was made").  A complaint must provide "specific references" to

4     "specific facts" as the basis for an allegation that a statement is false or misleading.  *Wenger v.*

5     *Lumisys*, 2 F. Supp. 2d 1231, 1251 (N.D. Cal. 1998); *GlenFed.*, 42 F.3d at 1548 ("Mere

6     conclusory allegations of fraud are insufficient" to satisfy Rule 9(b)); *SEC v. GSC Enterprises,*

7     469 F. Supp at n.2 (citing *Rich v. Touche,* 68 F.R.D 243 (S.D.N.Y. 1875) ("further identification

8     of what statements were made in what respects they were false, misleading or inaccurate or what

9     omissions were made and why the statements made are believed to be misleading. . .").

10        That Veritas restated its financial statements (¶ 51) does not automatically constitute

11     fraud, much less demonstrate that Mr. Leslie committed fraud.  *See, e.g.*, *In re Green Tree Fin.*

12     *Corp. Stock Litig.*, 61 F. Supp. 2d 860, 877 n.21 (D. Minn. 1999) ("Under GAAP, the purpose of

13     a restatement is to correct mistakes or oversights.  The restatement is not an admission that

14     defendants *knowingly* made accounting mistakes or overlooked material information") (emphasis

15     in original), *rev'd on other grounds*, *Florida State Bd. of Admin. v. Green Tree Fin. Corp.*, 270

16     F.3d 645 (8th Cir. 2001); *accord In re Metawave Commun. Corp. SEC. Litig.*, 298 F. Supp. 2d

17     1056, 1079 (W.D. Wash. 2003).  Restatements can occur for many reasons, including differences

18     of opinion among various outside audit firms.  Differences of opinion as to accounting practices

19     do not amount to misstatements or material omissions.  *Mathews v. Centex Telemanagement, Inc.*,

20     1994 U.S. Dist. LEXIS 7895, at *13 (N.D. Cal. June 8, 1994) ("This court need not reconcile

21     those differences of opinion [as to accounting practices], because they are just that; that is,

22     differences of opinion.  They are not evidence of misstatements or material omissions.")

23        Furthermore, the Complaint's bare allegations that Mr. Leslie and Mr. Lonchar "read and

24     approved" Veritas' year 2000 financial statements (¶ 49) is wholly insufficient to meet the

25     requirements of Rule 9(b).  *See Morgan v. Prudential Group, Inc.*, 81 F.R.D. 418, 425 (S.D.N.Y.

26     1978) (allegations that defendant "participated in the drafting, preparation and, in particular,

27     provided accounting and technical advice in connection with their preparation" failed to satisfy

28     Rule 9(b)).  Instead, the SEC must identify each specific statement alleged to be false and

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE       - 10 -
CASE NO. 5:07-CV-03444-JF                      17289\1304870.8

1   misleading in each SEC filing, and specify, with particularity, why each statement was materially

2   false and misleading.[7]  *In re: Syncor Intern Corp. Securities Litigation*, 327 F. Supp. 2d 1149,

3   1169 (C.D. Cal. 2004).  The SEC does not do so.  Rather, it simply alleges that Veritas had to

4   restate its financials for 2000.  (¶ 49.)  *SEC v. GSC Enters., Inc.*, 469 F. Supp. 907, 911 (N.D. Ill.

5   1979) (the SEC must specify which statements were false or misleading and in what respects they

6   were false or misleading).  The SEC fails to plead falsity with particularity as required by Rule

7   9(b).

8        **B.    The SEC Cannot, and Does Not, Plead Mr. Leslie's Scienter With
              Particularity as Required under Rule 9(b).**

9
10       The Complaint here also fails to allege with particularity that Mr. Leslie acted either

11  intentionally or recklessly with regard to Veritas' financial reporting of the AOL Deals.  Scienter

12  is defined as "[a] mental state embracing intent to deceive, manipulate or defraud."  *Aaron*, 446

13  U.S. at 686 n.5.  "[E]xtreme recklessness may also satisfy this intent requirement."  *SEC v.

14  Rubera*, 350 F.3d 1084, 1094 (9th Cir. 2003).  "The kind of recklessness required, however, is not

15  merely a heightened form of ordinary negligence; it is an 'extreme departure from the standards

16  of ordinary care, . . .which presents a danger of misleading buyers or sellers that is either known

17  to the defendant or is so obvious that the actor must have been aware of it.'"  *SEC v. Steadman*,

18  967 F.2d 636, 641-2 (D.C. Cir. 1992) (quoting *Sunstrand Corp. v. Sun Chem. Corp.*, 553 F.2d

19  1033, 1045 (7th Cir. 1977)).

20       The SEC's allegations here are insufficient to plead either intentional conduct or

21  recklessness on Mr. Leslie's part.  Mr. Leslie is not alleged to have been knowledgeable

22  regarding the proper accounting treatment for so-called "barter transactions" of the type alleged,

23  and therefore cannot have been reckless regarding his failure to provide details to the auditors that

24  were not specifically requested by them.  *See SEC v. Rubera*, 350 F.3d 1084, 1095-96 (9th Cir.

25  2003) (president who participated in regular meetings with management and reviewed misleading

26  ───────────────
    [7]     To the extent that these allegations attempt to plead omissions, the analysis is the same as
27  if the pleading was for false and misleading statements.  Omissions are not properly pled merely
    by "emphasizing facts that misrepresentations did not state." *Badger v. Grubb & Ellis Co.,* 1992
28  U.S. Dist. LEXIS 3648, at *5 (N.D. Cal. Mar. 13, 1992).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                                      - 11 -
CASE NO. 5:07-CV-03444-JF                                                     17289\1304870.8

1   statements did not act with recklessness as he "simply did not comprehend [the] company's poor

2   financial condition").[8]

3       The Complaint contains nothing more than general allegations regarding Mr. Leslie's

4   alleged intent, and actually pleads facts inconsistent with intentional misconduct on Mr. Leslie's

5   part.[9]  *See, e.g.*, *Natl. Western Life Ins. Co. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 175

6   F. Supp. 2d 489, 492 (S.D.N.Y. 2000) (party may not assert conflicting factual assertions in

7   support of claim for relief).  The SEC's vague and general allegations that Mr. Leslie "*knowingly*

8   failed to inform the auditors*" of the nature of the AOL deals (¶ 33) is inconsistent with other

9   allegations in the Complaint showing that Mr. Leslie widely broadcast details regarding the

10  nature of and negotiation leading up to the transactions to the entire Veritas Board and Audit

11  Committee. (¶ 27).  *See Natl. Western*, 175 F. Supp. 2d at 493 ("On a motion to dismiss, the

12  Court must accept plaintiff's factual pleadings as true.  But … how is a court, within a statement

13  of the same claim, to adopt as true a given fact that is either clearly at odds with another fact set

14  forth in the [c]omplaint as part of the statement of that claim, or otherwise refuted beyond doubt

15  by matters on the record before the Court?")  The Complaint here pleads no facts suggesting that

16  Mr. Leslie intended to deceive anyone regarding the AOL deals, nor any motive Mr. Leslie may

17  have had for doing so.

18      Moreover, courts have consistently held that allegations of departures from established

19  accounting rules like GAAP are insufficient to establish scienter even under a deliberate

20  ───────────────
    [8]     *See also e.g.*, *PYR Energy Corp. v. Samson Resources Co.*, 2007 WL 858804, *2
21  (E.D.Tex. 2007).  In *PYR Energy*, the Court found that liability for omissions arises only where:
    "(1) a party fails to disclose a material fact within the knowledge of that party; (2) *the party*
22  *knows that the other party is ignorant of the fact and does not have an equal opportunity to*
    *discover the truth*; (3) the party intends to induce the other party to take some action by failing to
23  disclose that fact; and (4) the other party suffers injury as result of acting without knowledge of
    the undisclosed fact." (*Id.* at *2) (emphasis added).  The Complaint does not allege that Mr.
24  Leslie knew, or had any basis for knowing, that the exact timing of the negotiations for the AOL
    deals was either material or unknown to Veritas' auditors, who were working closely with the
25  Audit Committee in connection with the audit.  (¶ 46.)

26  [9]     Indeed, what is plead actually establishes a lack of scienter because Mr. Leslie is shown to
27  have disclosed all material aspects of the negotiations of which he was aware to the Board and the
    Audit Committee.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                          - 12 -
CASE NO. 5:07-CV-03444-JF                                          17289\1304870.8

1    recklessness standard.  *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1426 (9th Cir. 1994)

2    ("Scienter requires more than a misapplication of accounting principles") (internal quotations

3    omitted); *In re CornerStone Propane Partners, L.P. Sec. Litig.*, 355 F. Supp. 2d 1069, 1091 (N.D.

4    Cal. 2005) ("The majority of circuits have clearly held that standing alone, allegations of

5    violations of GAAP or SEC regulations do not establish scienter"); *SEC v. Price Waterhouse*, 797

6    F. Supp. at 1240 ("That [scienter] standard requires more than a misapplication of accounting

7    principles.  The SEC must prove that . . . the accounting judgments which were made were such

8    that no reasonable accountant would have made the same decisions if confronted with the same

9    facts.")  Because the Complaint fails to adequately allege Mr. Leslie's scienter, the securities

10   fraud claims against Mr. Leslie must be dismissed.

11         **C.**      **The SEC May Not Rely on Allegations in Which Mr. Leslie is Grouped With Mr. Lonchar and/or Mr. Sallaberry.**

12         Rather than detail specific actions and omissions attributed to Mr. Leslie, the Complaint's

13   allegations are continually directed against Mr. Leslie *and* Mr. Lonchar, and sometimes

14   Mr. Sallaberry, as an undistinguished group.  (¶¶ 33, 46, 47, 48, 49); *SEC v. Rep. Nat. Life Ins.*

15   *Co.,* 378 F. Supp. 430, 439 (S.D.N.Y  1974) ("Fair disclosure of the charges pertinent to the

16   particular defendant when fraud is asserted is a salutary standard for public agencies to adhere

17   to").  These group-pleading allegations are inherently suspect and should be rejected, especially

18   in light of the fact that a majority of the complaint covers separate allegations of financial fraud

19   unrelated to Mr. Leslie.  (¶¶  52-85.)

20         When the SEC has performed an extensive pre-filing investigation as it has here, it may

21   not rely on group pleading, but must instead plead the elements of its claims, including Mr.

22   Leslie's scienter, with particularity.  *SEC v. Yuen,* 221 F.R.D. 631, 637 (C.D. Cal. 2004).  In

23   *Yuen*, the Court refused to permit the SEC to rely on such group allegations because of the SEC's

24   pre-filing investigation lasting several months. *Yuen* 221 F.R.D. at 637; *see also SEC v. Parnes*,

25   2001 WL 1658275, *5 (S.D.N.Y. Dec. 26, 2001) (SEC's reliance on pleading against defendants

26   as a group impermissible where "the SEC has had three years' discovery and access to records

27   and documents").  Here, the SEC has had more than five years to investigate the alleged actions

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE
CASE NO. 5:07-CV-03444-JF

- 13 -

17289\1304870.8

1   of Messrs. Leslie, Lonchar, and Sallaberry, including taking extensive testimony from them and

2   many others.  (*See* Nall Decl. ¶ 2).  The SEC may not now rely on group allegations, which are

3   necessarily lacking in the detail required under Rule 9(b).

4       "In large and complicated securities fraud actions such as this, courts must be especially

5   attentive to a plaintiff's 'dragnet' tactic of indiscriminately grouping all of the individual

6   defendants into one wrongdoing monolith.  Such a tactic often fails to take account of the law's

7   separate treatment of primary and secondary wrongdoers." *Lubin v. Sybedon Corp.*, 688 F. Supp.

8   1425, 1443 (S.D. Cal. 1988).  "Fraud allegations may not rely on blanket references to conduct of

9   defendants and each of them, but must instead inform each defendant of conduct which

10  constitutes an alleged violation." *Id.*  Because it lacks the "details" necessary to comply with Rule

11  9(b), the SEC's Complaint here must be dismissed.  *Yourish v. California Amplifier*, 191 F.3d

12  983, 984 (9th Cir. 1999); *see also Parnes*, 2001 WL 1658275 ("complaint may not rely upon

13  blanket references to acts or omissions by all of the defendants for each defendant named in the

14  complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with

15  which it individually stands charged"); *SEC v. U.S. Environmental, Inc.,* 897 F. Supp. 117, 122

16  (S.D.N.Y. 1995) (court dismissed SEC's claim based on allegations that "lump" defendants

17  together providing no details as to each individual defendant's participation in the alleged fraud).

18  Because the SEC's allegations do not provide sufficient detail as to which Defendant allegedly

19  made which misstatements, the Complaint should be dismissed pursuant to Rule 9(b).

20  **III.    THE SEC'S SECTION 13 CLAIMS MUST BE DISMISSED BECAUSE THE SEC**
21  **FAILS TO PLEAD WITH THE PARTICULARITY REQUIRED BY RULE 9(B).**

22      Like the securities fraud causes of action, the SEC's Section 13 claims suffer from a fatal

23  lack of specificity.  The SEC's Section 13-related claims against Mr. Leslie (Claims Three, Five

24  and Six) also must meet the pleading requirements of Rule 9(b) for two independent reasons:  (i)

25  each of these claims require the SEC prove fraud as an element of each claim; and (ii) the

26  allegations supporting the SEC's Section 13 claims all "sound" in fraud.  *In re Stac Elecs. Sec.*

27  *Litig.*, 89 F.3d 1399, 1403-05 (9th Cir. 1996).  Section 13(b)(2) (Claim Five) requires allegations

28  of false and misleading statements or omissions to an outside auditor.  Section 13(a) and

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                                    - 14 -
CASE NO. 5:07-CV-03444-JF                                                              17289\1304870.8

1   13(b)(2)(a) (Claim Six) require allegations that Mr. Leslie knowingly aided and abetted a primary

2   violation of the securities laws.  Section 13(b)(5) and Rule 13b2-1 (Claim Three) require

3   allegations regarding the falsification of books and records.  Each of the SEC's Section 13 claims

4   fails to meet the requirements of Rule 9(b).

      **A.**      **The SEC's Fifth Claim (the Lying to the Auditors Claim) Should be Dismissed with Prejudice Because the SEC Fails to Allege With Particularity That Mr. Leslie Intentionally Made False or Misleading Statements to the Auditors.**

      The SEC's "lying to the auditors" claim under Rule 13b2-2 (Claim Five) should be

dismissed with prejudice.  First and foremost, no facts are alleged — only conclusions and

inferences — demonstrating that any of Mr. Leslie's alleged statements were false when made, or

that Mr. Leslie intentionally or with deliberate recklessness misled the auditors.  The SEC relies

only on speculation, unwarranted inferences, and hindsight conclusions based on later

announcements by Veritas.  (¶ 51.)  That alone is fatal to fraud-based allegations such as the ones

at issue here.  *See GlenFed*, 42 F.3d at 1548.

      Rule 13b2-2 requires the SEC to allege that Mr. Leslie made, or caused to be made,

materially false or misleading statements or omissions to an accountant in connection with a

required audit or review of financial statements or the preparation of an SEC filing, or that

Mr. Leslie coerced, manipulated, mislead, or fraudulently influenced an accountant performing an

audit or review of statements required to be filed with the SEC, if he knew or should have known

that such action would render the financial statements materially misleading. 17 C.F.R. §

240.13b2-2.  The SEC here fails to adequately allege such a violation.

      **1.**      **The Commission Has Not Alleged Facts Sufficient to Establish that any Statements by Mr. Leslie Were False, Misleading, or Material**.

      Here, the SEC's "lying to the auditors" allegations are based on statements Mr. Leslie

allegedly made which are not in fact alleged to have been false, misleading, or material.  (¶ 38.)

Instead, the allegations concerning Mr. Leslie's communications with Ernst & Young in

connection with the AOL deals are, at best, ambiguous.  The Complaint alleges Mr. Leslie told

the auditors that: (1) the two AOL contracts were entered into for separate and valid business

reasons; (2) the AOL software sale and advertising purchase were separate and not part of any

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                                     - 15 -
CASE NO. 5:07-CV-03444-JF

17289\1304870.8

1    overall arrangement between the two companies; (3) AOL's commitment to pay the fee for the

2    license was, from its initiation, never contingent upon Veritas entering into the advertising

3    purchase; (4) Veritas needed this online advertising as part of its campaign for stronger brand

4    recognition; and (5) the contracts were fairly priced at $50 million and $20 million respectively.

5    (¶ 38.)  The SEC does not explain *how* or *why* any of these alleged statements are false, but

6    simply implies that they must be.  (*Id.*)  Nor does the SEC allege at what point in time and under

7    what circumstances such alleged misrepresentations or omissions were made.  (*Id.*)[10]  This is

8    insufficient.  *See Rich v. Touche Ross & Co.,* 68 F.R.D 243, 246 (S.D.N.Y. 1975) ("[s]imply

9    denominating unspecified financial statements 'false,' 'misleading', or 'inaccurate' is not

10   sufficient"); s*ee, also, In re Silicon Storage Technology, Inc*., 2006 WL 648683, *6.

11         Mr. Leslie (again along with Mr. Lonchar) is also accused of giving the auditors an

12   allegedly false management representation letter for 2001, and much is made of Mr. Leslie's

13   alleged failure to disclose "the contingent nature of the AOL deal."  (¶¶ 38, 46, 47.)  The

14   Complaint alleges that in January 2001, "Leslie and Lonchar" gave a management representation

15   letter to Ernst & Young stating that (1) all sales terms of all software transactions had been

16   disclosed, (2) the sales agreements represented the entire arrangements, and (3) the AOL

17   contracts had been recorded at fair value and within reasonable limits.  (¶ 47.)  The Complaint

18   does not even allege that any statements in the letters were false, nor does it explain how

19   Mr. Leslie would have known of their falsity if so.  (*Id.*)  These sparse allegations fail to support

20   any claims that Mr. Leslie violated the securities laws.

21              **2.    The Commission Has Not Alleged Facts Sufficient to Establish that
                        Mr. Leslie Intended to Mislead the Auditors**.
22

23

---

24   [10]    It is unclear from the face of the Complaint whether the SEC alleges that Mr. Leslie made
     false representations or omissions to the auditors on more than one occasion.  Although
25   paragraphs 46 and 47 mention a month and year in which the Audit Committee meeting is alleged
     to have taken place, paragraphs 37 and 38 are so vague as to time and circumstances that it is
26   unclear whether those paragraphs also pertain to the same Audit Committee meeting or to some
     other meeting with the auditors.  The SEC's vague and generalized allegations fail under Rule
27   9(b).

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                                     - 16 -                        17289\1304870.8
CASE NO. 5:07-CV-03444-JF

1    Claim Five also fails as a result of the abject lack of detailed allegations supporting

2    Mr. Leslie's alleged intent.  A viable cause of action for violation of Rule 13b2-2 must do more

3    than present "bare allegation[s]" that Mr. Leslie "did not disclose all material information to the

4    auditor."  *See SEC v. Autocorp Equities, Inc.*, 292 F. Supp. 2d 1310, 1332 (D. Utah 2003).

5    Instead, in order to state a claim under Section 13b2-2, the Commission must plead facts showing

6    that Mr. Leslie intentionally or with deliberate recklessness misled Veritas' auditors.  *See*

7    *Autocorp Equities*, 292 F. Supp. 2d at 1332 ("the anti-fraud policies behind federal securities law

8    suggest that this enforcement of [13b2-2] requires intent to mislead or recklessness").  The SEC

9    has to plead what specific information was disclosed, who disclosed it, when it was disclosed, and

10    how Mr. Leslie knew that any such disclosure or non-disclosure rendered Veritas' financial

11    statements fraudulent.  In *City of Philadelphia v. Fleming Cos.*, 264 F.3d 1245 (10th Cir. 2001),

12    the Tenth Circuit held that "the important issue in this case is *not* whether Defendants knew the

13    underlying facts, but whether Defendants knew that not disclosing the [litigation] posed

14    substantial likelihood of misleading a reasonable investor. 'It is the danger of misleading buyers

15    that must be actually known or so obvious that any reasonable man would be legally bound as

16    knowing.'"  *Id*. at 1264 (emphasis in original) (citations omitted).

17    The SEC vaguely alleges that Mr. Leslie and the other Defendants misled Ernst & Young

18    by omitting to tell them about the "contingent nature" of the AOL deals.  (¶¶ 38, 46, 47.)

19    However, these allegations are inconsistent with the facts regarding Mr. Leslie's full disclosure of

20    the character of the AOL deals to the Veritas Board and Audit Committee.  (¶ 27.)  The

21    Complaint's lack of detailed allegations regarding Mr. Leslie's state of mind when he allegedly

22    "knowingly failed to inform" the auditors regarding the "last minute negotiations" (¶ 33) (which

23    had actually been ongoing for several months (¶¶ 16-18)) is unsurprising – there are no facts that

24    would support an inference that Mr. Leslie intended to defraud anyone.  Furthermore, the SEC

25    does not allege that Mr. Leslie had any reason to know he should disclose the information

26    allegedly omitted given his lack of accounting knowledge.  Nor does the SEC allege that he was

27    asked directly for such information.  It makes no sense to imply, as the SEC attempts to do in its

28    Complaint, that Mr. Leslie should have disclosed information that he had no way of knowing was

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE        - 17 -
CASE NO. 5:07-CV-03444-JF

17289\1304870.8

1  in any way material to the auditors' analysis (even assuming, *arguendo*, that it was).  Claim Five

2  against Mr. Leslie for allegedly lying to the auditors should be dismissed with prejudice.

3  **B.    The SEC's Sixth Claim (for Aiding and Abetting) Against Mr. Leslie Should be Dismissed Because the SEC Does Not Adequately Allege Either a Primary Violation or that Mr. Leslie Knowingly Provided Substantial Assistance in a Primary Violation.**

4

5

6      The SEC's aiding and abetting claims are similarly devoid of sufficient detail to establish

7  required elements of the cause of action.  In order to establish that Mr. Leslie aided and abetted a

8  violation of the securities laws, the SEC must show (1) the existence of a primary violation by

9  Veritas, (2) that Mr. Leslie had knowledge of the primary violation and his own role in furthering

10  it, and (3) that Mr. Leslie provided substantial assistance in the primary violation.  *See Ponce*, 345

11  F.3d at 737 (citing *Fehn*, 97 F.3d at 1288); 15 U.S.C. § 78t(e) (attributing liability only to one

12  who ". . . knowingly provides substantial assistance to another person in violation of a provision

13  of this chapter").  Mere constructive knowledge is insufficient; the SEC must prove actual

14  knowledge of the primary wrong.  *Orloff v. Allman*, 819 F.2d 904, 907-08 (9th Cir. 1987),

15  *overruled on other grounds by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1575 (9th Cir.

16  1990).  Even where a defendant is alleged to have known of a primary violation, "mere awareness

17  and approval of the primary violation is insufficient to make out a claim for substantial

18  assistance" and inaction is insufficient "unless it was designed intentionally to aid the primary

19  violator or it was in conscious or reckless violation of a duty to act."  *SEC v. Treadway*, 430 F.

20  Supp. 2d 293, 339 (S.D.N.Y. 2006).

21      **1.    The Commission Has Not Alleged Facts Sufficient to Establish a Primary Violation of the Securities Laws by Veritas**.

22

23      Here, the SEC fails to adequately allege a primary violation of the securities laws by

24  Veritas with regard to the AOL Deals, much less that Mr. Leslie was aware of and knowingly

25  aided in such a violation.  Nowhere does the SEC explain how and why the accounting treatment

26  of the AOL Deals constitutes a violation of the securities laws, thus mandating dismissal of the

27  aiding and abetting claims against Mr. Leslie.  Nor does the Complaint allege how Mr. Leslie's

28  alleged nondisclosure of the details surrounding the negotiations leading up the AOL Deals

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                                    - 18 -
CASE NO. 5:07-CV-03444-JF                                                          17289\1304870.8

1    constitutes knowing assistance to Veritas in violating the securities laws.  The SEC must, but does

2    not, allege "a substantial causal connection between the culpable conduct of the alleged aider and

3    abettor and the harm . . ." *Mendelsohn v. Capital Underwriters, Inc*., 490 F. Supp. 1069, 1084

4    (N.D. Cal. 1979).  The SEC's aiding and abetting claim should be dismissed.

5            **2.    The Commission Has Not Alleged Facts Sufficient to Establish That**
                **Mr. Leslie Possessed Actual Knowledge of His Role in Furthering any**

6                    **Violations of the Securities Laws.**

7          To survive a Motion to Dismiss, the SEC must plead *facts* sufficient to demonstrate that

8    Mr. Leslie *actually knew* "of the illegality" of the conduct.  *Fehn*, 97 F.3d at 1283-84; *Ponce*, 345

9    F.3d at 737 (requiring an aider and abettor's "knowledge" for Section 13 violations); *Edward J.*

10   *Mawod & Co. v. SEC*, 591 F.2d 588, 595-96 (10th Cir. 1979) ("Knowledge of the illegality of the

11   scheme is, of course, essential to aiding and abetting.").  However, facts, not conclusions, must be

12   pled.  *K & S P'ship v. Continental Bank*, 952 F.2d 971, 977 (8th Cir. 1991) ("the proof must

13   demonstrate actual awareness . . . [and] may not rest on a bare inference that the defendant must

14   have had knowledge of the facts.") (internal quotation omitted).

15         Here, the Complaint merely alleges that "Leslie and Lonchar" failed to inform the auditors

16   "of the contingent nature of the software sale and advertising purchase and the last minute

17   negotiations that resulted in the $20 million inflation of the License price and $20 million

18   advertising deal as well as Leslie's role in the negotiations."  (¶ 46).  Thereafter, the Complaint

19   goes on, "Leslie and Lonchar approved the public disclosure of these false and misleading

20   financial results." (¶ 49).  Nowhere does the Complaint allege that Mr. Leslie knew what the

21   proper accounting treatment for the AOL Deals should be, nor that he actively and intentionally

22   aided Veritas in claiming revenue to which he knew it was not entitled.  The SEC's allegations

23   are insufficient to establish an aiding and abetting violation.  *Howard v. SEC*, 376 F.3d 1136,

24   1142-43 (D.C. Cir. 2004) ("aiding and abetting liability cannot rest on the proposition that the

25   person 'should have known' he was assisting violations of the securities laws").

26         Allegations, such as the ones at issue here, that Mr. Leslie reviewed, edited and signed the

27   alleged false financial statements (¶ 49) have been held insufficient to infer knowledge.  *See SEC*

28   *v. Morris*, 2005 WL 2000665, (2005) (dismissing Section 13(a) and Rule 12b-20, 13a-1 and 13a-

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE
CASE NO. 5:07-CV-03444-JF

- 19 -

17289\1304870.8

1   13 claims against former CFO which were based on grounds that he allegedly "reviewed, edited

2   and signed" the statements).  In the *Morris* case, the Court considered allegations that a former

3   CFO aided and abetted the Company's violations of the same SEC rules alleged to have been

4   violated here.  *Id.* at *8.  The corroborating facts supporting the SEC's aiding and abetting theory

5   were that:  (1) Morris was the CFO and responsible for reviewing and signing off on all public

6   filings; (2) Morris knew of the company's accounting discrepancies; (3) Morris violated GAAP

7   by failing to inform the public of these accounting issues; and (4) when Morris finally did make a

8   public disclosure, it was misleading.  *Id.* at *9.  The Court dismissed aiding and abetting

9   allegations and reasoned that "[n]one of these allegations concern or establish Morris's

10  knowledge of wrongdoing." *Id.* at *9.  *See also Monetta Fin. Serv., Inc. v. SEC*, 390 F.3d 952,

11  956-57 (7th Cir. 2004) (the SEC must present facts suggesting the alleged aider and abettor "was,

12  in fact, aware that disclosure . . . was required" to satisfy the knowledge requirement).

###        3.        The Commission Has Not Established That Mr. Leslie "Substantially Assisted" a Violation of the Securities Laws.

15      The SEC also fails to adequately allege facts that Mr. Leslie knowingly rendered

16  *substantial assistance* in furthering a primary violation.  *See Abbott v. Equity Group, Inc.*, 2 F.3d

17  613, 621 (5th Cir. 1993) (requiring "conscious intent" of assistance); *SEC v. Rogers*, 790 F.2d

18  1450, 1460 (9th Cir. 1986) ("To establish an aiding and abetting violation of the securities laws,

19  the [government] must show that [the defendant] knowingly provided substantial assistance to

20  another person's violation . . ."); *Woodward v. Metro Bank of Dallas*, 522 F.2d 84, 94 (5th Cir.

21  1975) (finding liability "only if . . . the accused aider-abettor knowingly and substantially assisted

22  the violation").  Whether the defendant gave substantial assistance can be determined by:  (1) the

23  amount of assistance given by the defendant; (2) his presence or absence at the time of the bad

24  act; (3) his relation to the primary wrongdoer; and (4) his state of mind.  *Monsen v. Consol.*

25  *Dressed Beef Co.*, 579 F.2d 793, 800 (3d Cir. 1978).

26      Allegations of review and approval of the financial statements by Leslie are again

27  insufficient to establish substantial assistance.  *See SEC v. Morris*, 2005 WL 2000665 at *9.

28  Notably, the SEC does not plead one fact showing that Mr. Leslie knowingly and substantially

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                              - 20 -
CASE NO. 5:07-CV-03444-JF                                                    17289\1304870.8

1    assisted in the filing of false financial statements, or that any particular statement was materially

2    false when made or contained a material omission.  Nor is Mr. Leslie alleged to have actually

3    drafted or substantially edited the specific portion of the financial statements alleged to have been

4    false or misleading.  *Compare Ponce v. SEC*, 345 F.3d 722, 737-38 (9th Cir. 2003) (denying

5    motion to dismiss for aiding and abetting liability of accountant who had a "major role" in

6    preparing and certifying the allegedly false financial statements).  The SEC's aiding and abetting

7    claim fails.

        **C.**     **The SEC's Third Claim (the Record Keeping Claim) Must Be Dismissed with Prejudice Due to a Fatal Lack of Specificity.**

10   The SEC's "falsifying books and records" claim must also fail due to lack of specificity.

11   Section 13(b)(2)(A) requires issuers to "make and keep books, records, and accounts, which, in

12   reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the

13   issuer." 15 U.S.C. § 78m(b)(2)(A).  The Complaint fails to include any particular facts as to what,

14   if anything, Mr. Leslie knew regarding Veritas' books and records.  *SEC* v. *Lucent*, 363 F. Supp.

15   2d at 727-28 (dismissing Section 13(b)(2)(A) claim for failure to plead knowledge with the

16   required particularity under Rule 9(b)).  Instead, the SEC quite typically attempts to lump

17   Mr. Leslie in with other defendants in making the blanket claim that Mr. Leslie "knowingly

18   falsified or caused to be falsified books, records and accounts of Veritas." (¶ 93).  The SEC's

19   allegations in support of Claim Three are insufficient, and this claim should be dismissed with

20   prejudice in its entirety.

**IV.**    **THE SEC HAS FAILED TO ADEQUATELY ALLEGE THAT THE ALLEGED FALSE STATEMENTS WERE MATERIAL.**

23   In addition to their lack of specificity under Rule 9(b), the SEC's claims must be

24   dismissed for the additional reason that a required element of all of the claims, materiality, cannot

25   as a matter of law be established on the facts alleged.  Even assuming the SEC had plead and

26   could demonstrate that Veritas' original accounting for the AOL transactions was improper (and

27   thus, misstated in Veritas' financial statements), the SEC must also show that the alleged

28   misstatement was "material" in order to satisfy the second element of the alleged securities fraud

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE
CASE NO. 5:07-CV-03444-JF                    - 21 -                    17289\1304870.8

1   violations.  The test for materiality is whether there is "a substantial likelihood that the disclosure

2   of the omitted fact would have been viewed by the reasonable investor as having significantly

3   altered the 'total mix' of information made available."  *Basic Inc. v. Levinson*, 485 U.S. 224, 231-

4   32 (1988); *see also TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976) (holding that

5   materiality requires showing of a substantial likelihood that the omitted fact would have assumed

6   actual significance in the deliberations of a reasonable shareholder).

7       Courts have demonstrated a willingness to determine that transactions are not material as a

8   matter of law – even if the dollar amounts in absolute terms are significant.  *See, e.g.*,  *Parnes v.*

9   *Gateway 2000, Inc.*, 122 F.3d 539, 546-47 (8th Cir. 1997) (alleged overstatement of assets by 2%

10  was immaterial as a matter of law); *Glassman v. Computervision Corp.*, 90 F.3d 617, 633 & n.26

11  (1st Cir. 1996) (dismissal appropriate where omitted information was only 3% to 9% of actual

12  revenues and thus immaterial as a matter of law); *In re Convergent Technologies Second Half*

13  *1984 Sec. Litig.*, 1990 WL 606271, at *10 (N.D. Cal. Jan. 10, 1990) (transactions amounting to

14  $1.2 million, which was 1.5% of revenue, were immaterial as a matter of law); *In re Duke Energy*

15  *Corp. Sec. Litig.*, 282 F. Supp. 2d 158, 160-61 (S.D.N.Y. 2003) (revenue inflation resulting from

16  round-trip energy trades of $217 million, which inflated revenues by 0.3%, was immaterial as a

17  matter of law); *In re AOL Time Warner, Inc. v. Sec. & ERISA Litig.,* 2006 U.S Dist. Lexis 17588,

18  at *9 (S.D.N.Y., Apr. 6, 2006) ("while capital flowed to each of the parties and appeared to

19  increase [defendant]'s advertising revenue, the parties received no real benefits apart from their

20  inflated earnings statement."); *Teachers' Ret. Sys. v. Hunter,* 477 F. 3d 162, 179 (4th Cir. 2007)

21  ("if either transaction has economic substance, the transactions cannot be a wash, and there would

22  be no artificial inflation of revenue").  Indeed, as noted, at least one court found that information

23  affecting between 3% and 9% of actual revenue was immaterial as a matter of law.  *Glassman*, 90

24  F.3d at 633 & n.26.

25      Even after restating the AOL transactions, Veritas' annual revenue for the year 2000

26  decreased a mere 1.6%.  (C*ompare* Nall Decl. Exh. C, (Veritas year 2000 Form 10-K Annual

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE
CASE NO. 5:07-CV-03444-JF                    - 22 -                    17289\1304870.8

1    Report) at p. 41 to Exh. D, (Veritas year 2001 Form 10K/A Amended Report) at p. 33).[11]  The

2    restatement had its largest impact on Q4 2000, reducing Veritas' revenue in that quarter by 4.4%.

3    (*Id.*)  For the subsequent quarters, however, the impact to Veritas' revenue never exceeded 0.1%.

4    (*Id.*)  Thus, any accounting error here was immaterial as a matter of law.  This is particularly true

5    given the robust strength of Veritas' business at the time:  In Q3 2000, Veritas "achieved third

6    quarter revenue of $317.2 million, an increase of 73% over last year's third quarter revenue."

7    Likewise, in Q4 2000, Veritas "achieved fourth quarter revenue of $370.1 million, an increase of

8    64% over last year's fourth quarter revenue."  (*See* Nall Decl., Exh. E, (Veritas Press Release

9    dated October 12, 2000, announcing Veritas' financial results for Q3 2000) and Exh. F, (Veritas

10   Press Release dated January 24, 2001, announcing Veritas' financial results for Q4 2000.))

11       An analysis pursuant to the Financial Accounting Standards Board's ("FASB") Statement

12   of Financial Accounting Concepts No. 2, Qualitative Characteristics of Accounting Information

13   governing "materiality," indicates that the effects of the restatement of Veritas' 2000 and 2001

14   financial statements are not material.  (*See* Tab J to Appendix of Authorities in Support of Motion

15   to Dismiss.)  This conclusion is supported by the following factors:

16       a.    The restatements reduced reported net revenue by only 1.6%
17             in 2000 and .03% in 2001;

18       b.    The restatements did not alter the trend in reported revenues
             during the five year period ending in 2001;

19       c.    The restatements increased reported net loss by only 1.4%
20             in 2000 and reduced reported net loss by only 1.4% in 2001;
             and

21       d.    The restatements did not alter the trend in reported net
22             income (loss) during the five year period ending in 2001.[12]

---

[11]     Each of the percentages cited herein are based on mathematical calculations derived from
23   comparison of the financial results initially reported in the 2000 Form 100-K and restated in the
24   2001 Form 10-K/A.  *See* Nall Decl. Exhs. C and D; RJN.

[12]     Notably, Veritas' 2003 restatement included restated financial results based on two
25   transactions that were unrelated to the AOL deals that form the basis for the SEC's Complaint
26   against Mr. Leslie.  These two transactions "reflect an additional reduction in revenues and
27   expenses of $977,000."  (*See* Nall Decl., Exh. D at p. 2.)  When these unrelated transactions are
28   removed from the calculation, Veritas' restatement related to the AOL deals is even more
     immaterial.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                                        - 23 -                           17289\1304870.8
CASE NO. 5:07-CV-03444-JF

1    (*Compare* Nall Decl. Exh. C, (Veritas year 2000 Form 10-K Annual Report) at p. 41 to

2    Exh. D, (Veritas year 2001 Form 10K/A Amended Report) at p. 33)).  The SEC's inability to

3    demonstrate "materiality" thus prevents a finding of liability under Section 17(a) of the Securities

4    Act, Section 10(b) of the Securities Exchange Act, and Rule 13b2-2 of the Securities Exchange

5    Act, and further precludes a finding that Mr. Leslie aided and abetted any primary violation of the

6    securities laws.  The SEC's First, Second, Third, Fifth and Sixth Claims against Mr. Leslie must

7    therefore be dismissed with prejudice.

8    **V.    THE SEC'S PRAYER FOR CIVIL PENALTIES AND A DIRECTOR AND
      OFFICER BAR AGAINST MR. LESLIE ARE UNTIMELY AND MUST BE
9    STRICKEN.**

10    The SEC has spent over five years investigating Veritas' dealings with AOL in the year

11    2000, and has only now elected to sue Mr. Leslie.  Understandably for such a stale case, the SEC

12    has overlooked or ignored the fact that several of its requests for relief, such as for civil penalties

13    (Request for Relief at ¶ (vi)) and a prohibition on Mr. Leslie acting as officer or director of a

14    publicly traded company (*Id.* at ¶ (vii)), are time barred.  Mr. Leslie moves to strike all such

15    prayers for relief.

16    A five-year statute of limitations applies to all SEC enforcement actions for monetary and

17    non-monetary penalties.  28 U.S.C. § 2462; *Johnson v. SEC*, 87 F.3d 484, 492 (D.C. Cir. 1996)

18    (censure and six-month suspension subject to five year statute of limitations); *SEC v. Williams*,

19    884 F. Supp. 28, 30 (D. Mass. 1995).  Subsequent financial statements reporting the original

20    violation do not toll the five-year time limitation.  *In re Atmel Corp. Derivative Litig.*, 2007 U.S.

21    Dist. LEXIS 54058, at *20-22 (N.D. Cal. July 16, 2007) (citing *Durning v. Citibank, Int'l*, 990

22    F.2d 1133, 1136 (9th Cir. 1993)).  It is the date of the original transaction that determines whether

23    the statute of limitations has run.  *Durning,* 990 F.2d at 1136.  In *Durning,* appellants argued that

24    the fraud consisted of both the misrepresentation in the Official Statement in 1981 and the

25    subsequent redemption of the bonds which occurred in 1985.  *Id.*  In light of the statute's focus on

26    the "violation," the Court held the statute of limitations ran from the date of the Official

27    Statement.  To the extent that the claim is based upon the transaction itself, the subsequent reports

28    of the transaction do not affect the statute of limitations.  *Id.*

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                                    - 24 -                                    17289\1304870.8
CASE NO. 5:07-CV-03444-JF

1    Here Mr. Leslie's last contact with AOL in connection with the transactions at issue

2  occurred on September 29, 2000 — more than five years before the complaint was filed.  (¶ 20.)

3  The AOL transaction was booked as "license and revenue beginning in the fourth quarter of

4  2000," again more than five years ago.  (¶ 30.)  According to the complaint, Mr. Leslie's last

5  representation to the auditors about the transactions at issue occurred in "2001, [where] Leslie and

6  Lonchar approved the public disclosure of these false and misleading financial results, including

7  approving and signing the 2000 10-K, which contained the artificially inflated results filed with

8  the Commission."  (¶ 49.)  Given that, as alleged in the Complaint, the transaction, the initial

9  reporting, and Mr. Leslie's involvement all occurred more than five years ago, the Commission is

10  time-barred from bringing a claim seeking penalties or a director and officer bar against

11  Mr. Leslie.

12    A motion to strike may be used to strike the prayer for relief where the damages sought

13  are not recoverable as a matter of law.  *Tapley v. Lockwood Green Engineers, Inc.* 502 F.2d 559,

14  560 (8th Cir. 1974) (prayer for damages in wrongful death action exceeded maximum permitted

15  by statute); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, fn. 34 (C.D. Cal. 1996); *Wilkerson v.

16  Butler*, 229 F.R.D 166, 172 (E.D. Cal. 2005).  The SEC's prayer for relief including a request for

17  penalties and a director and officer bar against Mr. Leslie should be stricken from the Complaint

18  as untimely.

19  **CONCLUSION**

20    For the reasons set forth in detail above, Mark Leslie respectfully requests that Plaintiff's

21  Complaint be dismissed with prejudice as to him.  Additionally, or alternatively, Mr. Leslie

22  requests that Plaintiff's prayer for civil penalties and a director and officer bar be stricken.

23  Dated: October 5, 2007            FARELLA BRAUN + MARTEL LLP

24

25                      By:/s/ Douglas R. Young
                         Douglas R. Young
26                       William P. Keane

27                       Attorneys for Defendant
                         MARK LESLIE

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S MOTION TO DISMISS
AND MOTION TO STRIKE                                    - 25 -                        17289\1304870.8
CASE NO. 5:07-CV-03444-JF