1  SHARTSIS FRIESE LLP
   JAHAN P. RAISSI (Bar #168599)
2  GREGG S. FARANO (Bar #221505)
   LISA A. JACOBS (Bar #230364)
3  One Maritime Plaza, Eighteenth Floor
   San Francisco, CA 94111
4  Telephone: (415) 421-6500
   Facsimile: (415) 421-2922
5  Email: jraissi@sflaw.com
          gfarano@sflaw.com
6          ljacobs@sflaw.com

7  Attorneys for Defendant
   Paul A. Sallaberry

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN JOSE DIVISION
11

12
   SECURITIES AND EXCHANGE                Case No.  C 07-3444 JF
13 COMMISSION,
                                          **NOTICE OF MOTION AND MOTION OF**
14              Plaintiff,                **DEFENDANT PAUL A. SALLABERRY TO**
                                          **DISMISS COMPLAINT AND TO STRIKE**
15 v.                                     **CERTAIN REQUESTS FOR RELIEF;**
                                          **MEMORANDUM OF POINTS AND**
16 MARK LESLIE, KENNETH E.                **AUTHORITIES IN SUPPORT THEREOF**
   LONCHAR, PAUL A. SALLABERRY,
17 MICHAEL M. CULLY, and DOUGLAS          **[Pursuant to Fed. R. Civ. P. 9(b), 12(b)(6)**
   S. NEWTON,                             **and 12(f)]**
18
                Defendants.               Date:      January 18, 2008
19                                        Time:      9:00 AM
                                          Place:     Courtroom 3, 5th Floor
20                                        Judge:     The Honorable Jeremy D. Fogel

21                                        Complaint Filed:   July 2, 2007

22

23

24

25

26

27

28

Case No.          DEFENDANT SALLABERRY'S NOTICE OF MOTION AND MOTION TO
C 07-3444 JF      DISMISS AND TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ...................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................2

INTRODUCTION .........................................................................................................2

FACTUAL BACKGROUND .........................................................................................3

ARGUMENT .................................................................................................................5

I.     Plaintiff's Claims Against MR. Sallaberry Should Be Dismissed With
       Prejudice For Failure To Plead With Particularity. ............................................5

       A.     The Stringent Pleading Standard of Rule 9(b) Applies to the SEC's
              Fraud Claims ..........................................................................................5

       B.     Plaintiff Fails to Allege Section 17(a) and Section 10(b)/Rule 10b-5
              Claims Against Mr. Sallaberry ...............................................................7

              1.     Plaintiff Fails to Allege How Any Statements Or Omissions
                     Attributed to Mr. Sallaberry Were False or Misleading ................7

                     a.     Plaintiff's Allegations With Respect To
                            Mr. Sallaberry's Alleged Misleading Statements Are
                            Woefully Inadequate .........................................................8

                     b.     Plaintiff's Allegations With Respect To
                            Mr. Sallaberry's Alleged Omissions Are Also
                            Inadequate......................................................................10

              2.     Plaintiff Fails to Allege How Any Actions Attributed to
                     Mr. Sallaberry Were Fraudulent ...............................................11

       C.     Plaintiff Fails to Allege Section 13 Claims Against Mr. Sallaberry
              With Particularity .................................................................................12

              1.     The Record Keeping Violation Claim Against Mr.
                     Sallaberry is Inadequately Plead..............................................13

              2.     The Rule 13b2-2 Claim Against Mr. Sallaberry is Plead
                     Inadequately ............................................................................13

              3.     Plaintiff's Aiding and Abetting Claim Against Mr.
                     Sallaberry Also Fails................................................................14

II.    The majority Of Plaintiff's Remedies Are Not Available As A Matter Of
       Law And Should Be Stricken .........................................................................15

CONCLUSION............................................................................................................17

SHARTSIS  FRIESE  LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111

Case No.
C 07-3444 JF
DEFENDANT SALLABERRY'S NOTICE OF MOTION AND MOTION TO
DISMISS AND TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

1

# TABLE OF AUTHORITIES

2

Page(s)

3

## Cases

4

*3M Co. v. Browner,*
   17 F.3d 1453 (D.C. Cir. 1994) ...................................................................................15

5

*Aaron v. SEC,*
6   446 U.S. 680 (1980)........................................................................................................7

7

*Blake v. Diederoff,*
   856 F.2d 1365 (9th Cir. 1988) ....................................................................................5, 7

8

*Bly-Magee v. California,*
9   236 F.3d 1014 (9th Cir. 2001) .......................................................................................12

10

*Branch v. Tunnell,*
   14 F3d 449 (9th Cir. 1994) ..............................................................................................9

11

*Bryant v. Avado Brands, Inc.,*
12   187 F.3d 1271 (11th Cir. 1999) ......................................................................................9

13

*Bureerong v. Uvawas,*
   922 F. Supp. 1450 (C.D. Cal. 1996).............................................................................15

14

*Christidis v. First Pennsylvania Mortgage Trust,*
15   717 F.2d 96 (3d Cir. 1983) ..............................................................................................7

16

*Clegg v. Cult Awareness Network,*
   18 F.3d 752 (9th Cir. 1994) ............................................................................................5

17

*Ernst & Ernst v. Hochfelder,*
18   425 U.S. 185 (1976)......................................................................................................12

19

*Fantasy, Inc. v. Fogerty,*
   984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) .........15

20

*Fecht v. Price Co.,*
21   70 F.3d 1078 (9th Cir. 1995) ..........................................................................................6

22

*Fed. Election Comm'n v. Williams,*
   104 F.3d 237 (9th Cir. 1996) ...................................................................................15, 16

23

*Galbraith v. County of Santa Clara,*
24   307 F3d 1119 (9th Cir. 2002) .........................................................................................9

25

*Howard v. SEC,*
   376 F.3d 1136 (D.C. Cir. 2004) ....................................................................................14

26

*In re AOL Time Warner Sec. and "ERISA" Litig.,*
27   381 F. Supp. 2d 192 (S.D.N.Y. 2004)................................................................6, 12, 13

28

DEFENDANT SALLABERRY'S NOTICE OF MOTION AND MOTION TO
DISMISS AND TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

# TABLE OF AUTHORITIES
## (cont'd)

**Page(s)**

*In re GlenFed, Inc. Sec. Litig.*,
  42 F.3d 1541 (9th Cir. 1994) (en banc) ..................................................... passim

*In re Green Tree Financial Corp. Stock Litig.*,
  61 F. Supp. 2d 860 (D. Minn. 1999), *rev'd on other grounds*,
  *Florida State Bd. of Admin. v. GreenTree Fin. Corp.*, 270 F.3d 645 (8th Cir. 2001) ................8

*In re Gupta Corp. Sec. Litig.*,
  900 F. Supp. 1217 (N.D. Cal. 1994) ...............................................................5

*In re Syntex Corp. Securities Litig.*,
  855 F. Supp. 1086 (N.D. Cal. 1994) ...............................................................8

*In re VeriFone Sec Litig.*,
  11 F.3d 865 (9th Cir. 1993) ...........................................................................5

*Johnson v. SEC*,
  87 F.3d 484 (D.C. Cir. 1996).................................................................16, 17

*Mendelsohn v. Capital Underwriters, Inc.*,
  490 F. Supp. 1069 (N.D. Cal. 1979) .............................................................15

*Ponce v. SEC*,
  345 F.3d 722 (9th Cir. 2003) .........................................................................14

*SEC v. DiBella*,
  409 F. Supp. 2d 122 (D. Conn. 2006) ...........................................................16

*SEC v. Fehn*,
  97 F.3d 1276 (9th Cir. 1996) .........................................................................14

*SEC v. GSC Enterprises, Inc.*,
  469 F. Supp. 907 (N.D. Ill. 1979) ...................................................................6

*SEC v. Jones*,
  476 F. Supp. 2d 374 (S.D.N.Y. 2007) ......................................................16, 17

*SEC v. Levin*,
  232 F.R.D. 619 (C.D. Cal. 2005) .................................................................7, 8

*SEC v. Lornin*,
  869 F. Supp. 1117 (S.D.N.Y. 1994) ..............................................................16

*SEC v. Lucen Techs., Inc.*,
  363 F. Supp. 2d 708 .......................................................................................13

*SEC v. Rana Research, Inc.*,
  8 F.3d 1358 (9th Cir. 1993) .............................................................................7

*SEC v. Republic National Life Insurance Co.*,
  378 F. Supp. 430 (S.D.N.Y. 1974)...................................................................6

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- iii -

**TABLE OF AUTHORITIES**
(cont'd)

**Page(s)**

*SEC v. Tambone,*
    417 F. Supp. 2d 127 (D. Mass. 2006) ........................................................ 6, 10

*SEC v. Yuen,*
    221 F.R.D. 631 (C.D. Cal. 2004) ........................................................................ 6

*Semegen v. Weidner,*
    780 F.2d 727 (9th Cir. 1985) ............................................................................ 12

*Stack v. Lobo,*
    903 F. Supp. 1361 (N.D. Cal. 1995) ................................................................ 10

*Tapley v. Lockwood Green Engineers, Inc.,*
    502 F.2d 559 (8th Cir. 1974) ............................................................................ 15

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ..................................................................... 5, 12

*Wells v. Bd. of Trs. of the Cal. State Univ.,*
    393 F. Supp. 2d 990 (N.D. Cal. 2005) ............................................................. 15

*Wenger v. Lumisys,*
    2 F. Supp. 2d 1231 (N.D. Cal. 1998) ................................................................. 9

**Statutes**

15 United States Code
    § 77q(a).............................................................................................................. 1, 5, 7
    § 78j(b) .............................................................................................................. 1, 5, 7
    § 78m(b)(5)......................................................................................................... 1, 12
    § 78m(a).............................................................................................................. 1, 14
    § 78m(b)(2)(A).............................................................................................. 1, 13, 14

28 United States Code
    § 2462 .......................................................................................................... 15, 16, 17

17 Code of Federal Regulations
    § 240.10b-5........................................................................................................ 1, 5, 7
    § 240.13b2-1...................................................................................................... 1, 12
    § 240.13b2-2...................................................................................................... 1, 13
    § 240.12b-20...................................................................................................... 1, 14
    § 240.13a-1........................................................................................................ 1, 14
    § 240.13a-11...................................................................................................... 1, 14
    § 240.13a-13...................................................................................................... 1, 14
    § 240.13b2-1...................................................................................................... 1, 14

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.
C 07-3444 JF

DEFENDANT SALLABERRY'S NOTICE OF MOTION AND
MOTION TO STRIKE CERTAIN REMEDIES

1

**TABLE OF AUTHORITIES**
**(cont'd)**

2

3

**Rules**                                                                    **Page(s)**

4

Federal Rules of Civil Procedure
     Rule 9(b)...........................................................................................................................passim
     Rule 12(b)(6)..............................................................................................................1, 2, 5
     Rule 12(f).................................................................................................................1, 2, 15

5

6

**Other Authorities**

7

5 Miller & Wright, *Federal Practice and Procedure*
     § 1382, at 706-707 ...............................................................................................15

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARTSIS  FRIESE  LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  9  4111

Case No.
C 07-3444 JF                DEFENDANT SALLABERRY'S NOTICE OF MOTION AND
                             MOTION TO STRIKE CERTAIN REMEDIES

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 9 4111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on January 18, 2008 at 9:00 a.m., or as soon thereafter as may be heard by the Honorable Jeremy D. Fogel of the above-referenced Court, located at 280 S. First Street, San Jose, Defendant Paul A. Sallaberry will and hereby does move pursuant to Rules 9(b), 12(b)6 and 12(f) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint and, to the extent any causes of action remain, to strike Plaintiff's prayers for relief for civil penalties, permanent injunction, and officer and director bars.

This motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Request for Judicial Notice in Support of Motion, the Declaration of Lisa A. Jacobs with Exhibits submitted herewith, the other Defendants' Motions to Dismiss and related filings, the pleadings and records on file in this action, all other matters of which the Court is permitted to take judicial notice, and such argument and evidence as may be presented at the hearing on this motion.

**ISSUES TO BE DECIDED [LOCAL RULE 7-4(A)(3)]**

1.      Whether the Securities and Exchange Commission's ("SEC" or the "Commission") Complaint has alleged with the particularity required by Federal Rule of Civil Procedure 9(b) that Defendant Paul A. Sallaberry violated Section 17(a) of the Securities Act or 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

2.      Whether the SEC's Complaint has alleged with the particularity required by Rule 9(b) that Mr. Sallaberry committed a primary violation of Exchange Act Rule 13b2-2, or that Mr. Sallaberry aided and abetted violations of Section 13(b)(2)(A) and Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, 13b2-1, and 13a-13 promulgated thereunder.

3.      Whether the SEC's prayer for civil penalties, permanent injunctive relief, and officer and director bars against Mr. Sallaberry are time-barred by the applicable five year statute of limitations.

Case No.
C 07-3444 JF

DEFENDANT SALLABERRY'S NOTICE OF MOTION AND MOTION TO
DISMISS AND TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

Shartsis  Friese  LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  9    4111

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6) and 12(f), defendant Paul A. Sallaberry requests that the Court dismiss with prejudice Plaintiff's Complaint for failure to plead with particularity and, to the extent any causes of action remain, to strike Plaintiff's requests for relief in the form of civil penalties, permanent injunction, and officer and director bars because those remedies are unavailable as a matter of law.

## INTRODUCTION

Plaintiff's case against Mr. Sallaberry is both very old and very weak.   As to Mr. Sallaberry, this case involves two transactions with America Online ("AOL") that occurred in September of 2000 - over seven years ago.  At that time Mr. Sallaberry was a sales executive and had nothing to do with how Veritas Software Corporation ("Veritas" or the "Company") recorded these transactions on its books.  The SEC began its investigation into the transactions in 2002, meaning there was almost five years of investigation before this case was brought.  Indeed, this case is so old that Veritas does not even exist anymore, having been bought by Symantec over two years ago.[1]   As such, almost all of the remedies the SEC is seeking are barred by the applicable statute of limitations and should be stricken.

The allegations against Mr. Sallaberry are also remarkably hazy.  Most of the allegations concerning Mr. Sallaberry are conclusory and fall far short of the specificity required by Rule 9(b) to allege fraud.  The remaining allegations fail to state why the statements are false, how Mr. Sallaberry knew them to be false or why they even matter.  Indeed, the Complaint does not even allege that Mr. Sallaberry had any idea that the transactions had been accounted for improperly by the company's finance department.  Also, noticeably absent from the Complaint is any statement of motive for the supposed conduct - which is not surprising since there was none. In September of 2000 Veritas was in the midst of a record sales boom and Mr. Sallaberry (or anyone else for that matter) had absolutely no reason to do anything improper to increase revenue.[2]   Veritas's sale of software to AOL was not needed to "make the numbers" or for

---

[1]    Likewise, Mr. Sallaberry has essentially been retired since 2003.

[2]    The thought that Mr. Sallaberry would knowingly do anything wrong also makes no sense

anything else, and Plaintiff offers no reason for Mr. Sallaberry to have done anything wrong. Likewise, the materiality of the transactions is at best questionable as evidenced by the fact that the stock market's reaction to Veritas changing the accounting for the transactions was essentially nothing.  This case appears uniquely weak among cases the SEC has brought in that (1) the company had no need for the revenue that is alleged to have been improperly inflated, and (2) there is essentially no investor harm that can be identified.  The Complaint against Mr. Sallaberry should be dismissed since the SEC has not met its pleading requirements and almost all of its remedies are barred by the statute of limitations.

## FACTUAL BACKGROUND

On July 2, 2007, the SEC filed this Complaint against Mr. Sallaberry and co-defendants Mark Leslie, Kenneth E. Lonchar, Michael M. Cully, and Douglass Newton, alleging violations of federal securities laws arising out of a purported "round-trip transaction" between Veritas and AOL entered into on September 29, 2000 (the "AOL Transactions").  (Complaint ¶ 1, hereinafter "Compl. ¶X".)[3]  The Complaint alleges that in 2000, Veritas artificially inflated its reported revenues by approximately $20 million in connection with the AOL Transactions.  (Compl. ¶ 2.) The Complaint further alleges that Mr. Lonchar, the Company's Chief Financial Officer, improperly booked the AOL Transactions, applying an accounting treatment that did not comply with generally accepted accounting principals, and as a result, the Company reported materially false and misleading financial results in certain public filings.  (Compl. ¶¶ 2, 4.)

In 2000, Veritas negotiated a deal with AOL to sell an unlimited license for all of Veritas' software products as well as maintenance, consulting and training services (the "License").  (Compl. ¶ 16.)  The negotiations for the transaction were handled by the Veritas sales team.  (*Id.*)

in light of Mr. Sallaberry's outstanding reputation in the community and business circles for honesty and integrity.  Before retiring in 2003, Mr. Sallaberry led an exemplary career in sales for over 25 years and has never before had his honesty called into question.  To the contrary, Mr. Sallaberry was known for his integrity both within Veritas and the Silicon Valley business community.

[3]    The Complaint also alleges that Defendants Lonchar, Cully, the Company's controller and Newton, the Company's assistant controller, applied  non-GAAP accounting practices that resulted in additional materially false and misleading financial results being reported in public filings and earnings releases.  (Compl. ¶¶ 3, 52-76.)  These allegations have nothing to do with Mr. Sallaberry and are therefore not addressed in this motion.

SHARTSIS  FRIESE  LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111

During the negotiations there were discussions regarding Veritas' purchasing online advertising from AOL.  (Compl. ¶ 17.) Mr. Sallaberry's only involvement with the transaction was when he was asked by Mr. Leslie, the Company's CEO, to step in and help out for a few hours on the afternoon of September 29, 2000.  (*See* Compl. ¶¶ 22-25).  On September 29, 2000, Mr. Leslie requested that Mr. Sallaberry contact a sales executive at AOL to work out the details of an agreement Mr. Leslie had reached with AOL.  (Compl. ¶ 22.)  Mr. Sallaberry called the sales executive at AOL as he had been instructed to do.  (Compl. ¶ 23.)  During the conversation, the AOL sales executive repeated to Mr. Sallaberry the proposal made to Mr. Leslie that Veritas purchase online advertising from AOL.  (*Id.*)  Plaintiff alleges that the AOL sales executive proposed that AOL would pay Veritas $50 million for the License if Veritas would buy $20 million of advertising from AOL.  (*Id.*)  Since Mr. Sallaberry was not aware of any proposal to advertise with AOL, he consulted with Mr. Leslie and Mr. Lonchar to confirm the AOL proposal. (*Id.*)  With the approval of Mr. Leslie and Mr. Lonchar, Mr. Sallaberry executed the two separate agreements with AOL - the License for $50 million, and an advertising agreement for $20 million. (Compl. ¶¶ 23-25.)  Mr. Lonchar booked the entire $50 million received from AOL under the License agreement beginning in the fourth quarter of 2000.  (Compl. ¶ 30.)  There is no allegation that Mr. Sallaberry had anything to do with how Veritas recorded the transactions in its financial records.

As part of their regular review of significant revenue transactions for the fourth quarter, the Company's auditors reviewed the License.  (Compl. ¶ 31.)  The auditors recognized the concurrent nature of the two contracts with AOL during their audit and closely reviewed the revenue recognition of the $50 million from the License.  (Compl. ¶ 32.)  As part of this review, the auditors had a brief discussion with Mr. Sallaberry regarding the transactions.  (*Id.*)  After completing their review of all revenue transactions, the auditors issued an unqualified audit report on the 2000 financial statements.  (Compl. ¶ 48.)  In January 2003, Veritas announced that it would restate its financial statements in order to adjust the accounting associated with the AOL Transactions. (Compl. ¶ 51.)

The SEC began its investigation of the AOL Transactions in 2002.  During its 5 year

Sᴴᴀᴿᵀˢᴵˢ  Fᴿᴵᴇˢᴇ, ʟʟᴘ
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  9    4111

1  investigation it took testimony from over 100 witnesses and collected approximately 18 million

2  pages of documents.  Declaration of Lisa A. Jacobs ("Jacobs Decl."), ¶ 2.

3

4                                                **ARGUMENT**

5  **I.    PLAINTIFF'S  CLAIMS  AGAINST  MR.  SALLABERRY  SHOULD  BE
      DISMISSED  WITH  PREJUDICE  FOR  FAILURE  TO  PLEAD  WITH
6      PARTICULARITY.**

7        **A.    The Stringent Pleading Standard of Rule 9(b) Applies to the SEC's Fraud
                Claims.**

8        While the court must accept all well-pleaded factual allegations as true, it should not

9  consider unsupported conclusory allegations, *See Blake v. Diederoff*, 856 F.2d 1365 (9th Cir.

10  1988), nor should it accept legal or factual allegations based on unreasonable inferences.  *See*

11  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("Legal conclusions need

12  not be taken as true merely because they are cast in the form of factual allegations . . . ."); *see also*

13  *In re VeriFone Sec Litig.*, 11 F.3d 865, 868 (9th Cir. 1993) ("Conclusory allegations of law and

14  unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim").

15        The SEC's First Claim and Second Claim allege violations of the federal securities laws

16  under Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Exchange

17  Act Rule 10(b)-5 respectively.  It is without question that Federal Rule of Civil Procedure 9(b)

18  applies to fraud actions brought under the federal securities laws.  *See In re GlenFed, Inc. Sec.*

19  *Litig.*, 42 F.3d 1541, 1545 (9th Cir. 1994) (en banc).  Rule 9(b) requires that "[i]n all averments of

20  fraud or mistake, the circumstances constituting fraud or mistake shall be stated with

21  particularity."[4]  Fed. R. Civ. Proc. 9(b).  Rule 9(b) is satisfied only if the complaint "state[s]

22  precisely the time, place, and nature of the misleading statements, misrepresentations, and

23  specific acts of fraud."  *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1228 (N.D. Cal. 1994)

---

[4]        "A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure
to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6)
for failure to state a claim.  If insufficiently pled averments of fraud are disregarded, as they must
be, in a complaint or claim grounded in fraud, there is effectively nothing left of the complaint.  In
that event, a motion to dismiss under Rule 12(b)(6) would obviously be granted.  Because a
dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the
same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated
in the same manner."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003)

DEFENDANT SALLABERRY'S NOTICE OF MOTION AND MOTION TO
                  DISMISS AND TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

1  (citation omitted); *see also Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995).  Additionally,

2  when a fraudulent statement is alleged, "the plaintiff must set forth an explanation as to why the

3  statement or omission complained of was false or misleading." *In re GlenFed, Inc. Sec. Litig.*, 42

4  F.3d at 1548.

5          Rule 9(b) is applied strictly and rigorously to the SEC.  *See SEC v. Tambone*, 417 F. Supp.

6  2d 127, 131 (D. Mass. 2006).   This is especially true where, as here, the SEC has already

7  conducted extensive discovery.  *Id.* (noting that the SEC took the testimony of at least 23 witness

8  and conducted extensive document discovery); *see also SEC v. Republic National Life Insurance

9  Co.*, 378 F. Supp. 430, 439-40 (S.D.N.Y. 1974) (requiring that the SEC replead fraud claims and

10  noting that "[t]here is no suggestion that the [SEC] staff labors under any disadvantage of

11  ignorance of the facts.").   Where the SEC has engaged in extensive discovery before asserting

12  claims against defendants, it cannot make "general and conclusory allegations against the

13  Defendants and assert that the Defendants' acts are a part of some ill-defined 'scheme.'" *See SEC

14  v. Yuen*, 221 F.R.D. 631, 636 (C.D. Cal. 2004) (finding SEC's reliance on the group published

15  information doctrine objectionable where it had engaged in several months of discovery before

16  asserting its claims).   Instead, the SEC must plead specifics as to each individual defendant's

17  alleged participation in the scheme, "such as who devised the scheme, when it was devised and

18  when each Defendant joined in it." *Id* .at 636-37.   A complaint that does not do so must be

19  dismissed under Rule 9(b).

20          Moreover, Rule 9(b) should also be applied strictly to governmental actions because the

21  "adverse effects on an individual's standing in the community caused by allegations of fraud are,

22  if anything, greater when the charges are made by a governmental agency than when they are

23  brought by a private individual or concern." *SEC v. GSC Enterprises, Inc.*, 469 F. Supp. 907, 911

24  n.2 (N.D. Ill. 1979).  As noted above, the SEC began its investigation into this matter in 2002,

25  *some five years ago,* and since that time 18 million pages of documents have been produced to the

26  SEC and the Commission has taken the testimony of over 100 witnesses.  *See* Jacobs Decl. ¶ 2.

27  As such, the heightened pleading standards of Rule 9(b) are most certainly applicable here.

28

Sᴴᴀʀᴛsɪs  Fʀɪᴇsᴇ  ʟʟᴘ
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  9    4111

Case No.                    DEFENDANT SALLABERRY'S NOTICE OF MOTION AND MOTION TO
C 07-3444 JF                DISMISS AND TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

**B.    Plaintiff Fails to Allege Section 17(a) and Section 10(b)/Rule 10b-5 Claims Against Mr. Sallaberry.**

To survive a motion to dismiss on its First and Second Claims, the SEC must plead facts showing: (1) a material misrepresentation (2) in connection with a purchase or sale of securities, (3) with scienter.  *See SEC v. Rana Research, Inc.*, 8 F.3d 1358, 1364 (9th Cir. 1993).[5]

**1.    Plaintiff Fails to Allege How Any Statements Or Omissions Attributed to Mr. Sallaberry Were False or Misleading.**

To the extent the SEC's causes of action against Mr. Sallaberry are based on alleged false and misleading statements or omissions, the SEC must plead with particularity not only that Mr. Sallaberry made false and misleading statements, but also why the statements or omissions complained of were false or misleading.  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1548.  It is not enough to identify statements and allege their falseness; the reasons for their falsity must also be set forth.  *Id.* at 1552; *Blake*, 856 F.2d at 1369 (plaintiffs required to set forth "specific descriptions of the representations made, [and] *the reasons for their falsity.*")(emphasis added). For example, when allegations of fraud are based on inconsistent statements, "[i]n order to allege the circumstances constituting fraud, plaintiff must set forth facts explaining why the difference between the earlier statement and the later statements is not merely the difference between two permissible judgments, but rather the result of falsehood." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1549 and n.10.  Further, the statement or omission must be alleged to have been false or misleading *when made.  SEC v. Levin*, 232 F.R.D. 619, 623-24 (C.D. Cal. 2005) (emphasis added); *see also Christidis v. First Pennsylvania Mortgage Trust*, 717 F.2d 96, 100 (3d Cir. 1983) (explaining that estimates of loan reserves "could be fraudulent only if, when established, the responsible parties knew or should have known that they were derived in a manner inconsistent with reasonable practices" and noting that "[w]hat those practices were and how they were

---

[5]    The elements required to prove a violation of Section 17(a) of the Securities Act are basically the same as those necessary to establish a violation of Section 10(b) and Rule 10b-5 of the Exchange Act.  With the exception of the scienter requirement, the same elements are also required to prove violations of 17(a)(2) and 17(a)(3) of the Securities Act.  *See Aaron v. SEC*, 446 U.S. 680, 701-702 (1980).

DEFENDANT SALLABERRY'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

SHARTSIS  FRIESE  LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  9   4111

1 departed from is nowhere set forth.").

2

3         **a.**      **Plaintiff's Allegations With Respect To Mr. Sallaberry's Alleged Misleading Statements Are Woefully Inadequate.**

4       Plaintiff makes conclusory allegations that Mr. Sallaberry "played a critical role in

5 deceiving the independent auditors about the two contracts he signed with AOL" and that he "lied

6 to and misled the independent auditors in discussions with the audit team." (Compl. ¶ 39.) The

7 only affirmative statements attributed to Mr. Sallaberry, however, are alleged to have occurred

8 during his brief conversation with the Company's auditors in January 2001. (Compl. ¶¶ 40-42.)

9 Moreover, there are only two statements that were supposedly false - that Mr. Sallaberry "falsely

10 represented" that the licensing and advertising agreements were two independent transactions

11 (Compl. ¶ 41.), and "falsely" claimed that the marketing department, and not Mr. Sallaberry,

12 negotiated the advertising agreement (Compl. ¶ 42.). Both of these conclusory assertions fall far

13 short of the Rule 9(b) pleading standard. Among other deficiencies, nowhere in the Complaint

14 does Plaintiff explain why Mr. Sallaberry's alleged statements are false. Instead, Plaintiff simply

15 sets forth neutral facts and then proclaims them to be false and misleading. "Vague, canned or

16 form allegations are no substitute for the particularity required by" Rule 9(b). *In re Syntex Corp.*

17 *Securities Litig.,* 855 F. Supp. 1086, 1097 (N.D. Cal. 1994).

18       As to the first of these statements, the Complaint alleges that when asked whether the

19 software sales transaction was contingent upon or connected to the advertising agreement,

20 "Sallaberry falsely represented that they were not." (Compl. ¶ 41.) In order to plead with

21 particularity Plaintiff must plead facts demonstrating that Mr. Sallaberry knew his statements to

22 be false or misleading when made. *SEC v. Levin*, 232 F.R.D. at 623-24. Plaintiff fails to do so.

23 Nowhere in the Complaint does Plaintiff set forth that Mr. Sallaberry had any reason to believe,

24 when he spoke to the independent auditors, that the transactions were not separate and distinct;

25 nor has it alleged that Mr. Sallaberry, a sales executive, had any knowledge of how the

26 transactions should have been treated for accounting purposes.[6] Nor is it alleged why this

27 ---
  [6]    The mere fact that the financials were later restated to reflect the contingent nature of the

28 transaction does not, on its own, demonstrate falseness. *In re Green Tree Financial Corp. Stock Litig.*, 61 F. Supp. 2d 860, 877 n.21 (D. Minn. 1999) (a "restatement is not an admission that

SHARTSIS  FRIESE  LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  9    4111

1  representation is false or even matters - since the Complaint specifically states that the auditors

2  knew that the transactions were concurrent.  (Compl. ¶ 32.)  Rule 9(b) requires more than stating

3  neutral facts and then labeling them as false and misleading.  A complaint must provide "specific

4  references" to "specific facts" as the basis for an allegation that a statement is false or misleading.

5  *Wenger v. Lumisys,* 2 F. Supp. 2d 1231, 1251 (N.D. Cal. 1998).

6         As to the second statement, Plaintiff alleges that Mr. Sallaberry "concealed the contingent

7  nature of the advertising deal by falsely claiming that the marketing department, and not

8  Sallaberry, negotiated the advertising deal."  (Compl. ¶ 42.)  Again, however, the Commission

9  does not allege how this is false or why who negotiated the advertising agreement matters.  The

10  SEC's allegations are also internally contradictory.  Mr. Sallaberry's only involvement in the

11  AOL transactions was on the day the agreements were executed.  (Compl. ¶¶22-24)  He did not

12  negotiate anything with respect to the advertising agreement.  In fact, the Complaint admits as

13  much.  In paragraph 24, Plaintiff alleges that Mr. Sallaberry "reviewed and executed the AOL

14  advertising purchase" and that he "did not try to negotiate any terms."  (Compl. ¶ 24.)  The

15  specific placement of banner ads and text links was negotiated by Veritas's marketing department

16  after the agreement was signed.  On its face the advertising agreement specifically contemplated

17  that there would be further negotiations over the details of the ad placement.  The "Total

18  Impressions" column of the agreement - which referred to the number and location of the specific

19  ads - was labeled "TBD" [To Be Determined].  *See* Jacobs Decl., Exhibit A, at VAOL 0001186-

20  87.[7]  There is no indication in the Complaint that Mr. Sallaberry believed he had negotiated the

21  advertising agreement (in fact, the Complaint alleges he did not negotiate it) and therefore,

22  Plaintiff has not stated how Mr. Sallaberry's alleged statement to the auditors that he did not

23  _____

24  defendants knowingly made accounting mistakes or overlooked material information"); *rev'd on
   other grounds, Florida State Bd. of Admin. v. GreenTree Fin. Corp.,* 270 F.3d 645 (8th Cir.

25  2001); *see also In re GlenFed, Inc. Sec. Litig.,* 42 F.3d at 1553 ("corrective actions taken by
   defendants do not, without more, explain how statements . . . made before those actions were
   taken, were false when made.").

26  [7]      Defendants may attach documents referenced in the complaint in order to show that they

27  do not support plaintiff's claims. *See Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994)
   (overruled on other grounds in *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1127 (9th Cir.

28  2002)); *Bryant v. Avado Brands, Inc.,*187 F.3d 1271, 1281, fn. 16 (11th Cir. 1999).

Shartsis Friese LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 9    4111

negotiate the advertising placement was false or concealing.  These allegations cannot withstand Rule 9(b)'s particularity requirement.  *See Stack v. Lobo*, 903 F. Supp. 1361, 1370 (N.D. Cal. 1995) (finding allegations insufficient under Rule 9(b) where plaintiffs did not allege facts showing that defendants knew, or suspected, that the statements they had made were false, or that those statements were literally false).

The point here is not that simply more detail of exactly what was said and why it is false would be nice, but rather that Plaintiff cannot maintain its claims if required to plead with the specificity required by Rule 9(b).  Take, for example, the statement discussed above that Mr. Sallaberry supposedly said the transactions were not connected.  As Plaintiff knows full well, the auditors assumed that these transactions were linked when they performed their audit in 2001. How then can the allegation that Mr. Sallaberry said he thought they were separate constitute fraud or even matter?  It cannot since regardless of what Mr. Sallaberry said the auditors treated the transactions as linked.  Plaintiff cannot sustain its allegations if required to plead how and why the supposed statements are fraudulent with the specificity required by Rule 9(b) - which is precisely one of the purposes of the Rule.

### b.    Plaintiff's Allegations With Respect To Mr. Sallaberry's Alleged Omissions Are Also Inadequate.

Plaintiff's allegations regarding Mr. Sallaberry's alleged omissions are equally inadequate.  Plaintiff alleges that Mr. Sallaberry, when talking to the independent auditors concealed "the existence of the contingent nature of the advertising deal," (Compl. ¶¶ 31, 33) by not disclosing "the last minute negotiations that resulted in the $20 million inflation of the License price," (Compl. ¶ 43), or the fact "that he and his AOL counterpart agreed to make payment under the contracts by simultaneous wire transfers" (Compl. ¶ 44).  These are simply neutral facts.  There is no explanation of how or why these omissions are false or misleading. Plaintiff has also not alleged that Mr. Sallaberry, who was in sales and had nothing to do with how revenue transactions were accounted for by the Company, had any duty to disclose either of these details or why he should have known these were things that the auditors would want to know.  "Silence absent a duty to disclose, is not misleading under *Rule 10b-5.*'"   *SEC v.*

SHARTSIS  FRIESE  LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111

- 10 -

*Tambone*, 417 F. Supp. at 134 (citation omitted) (noting that "an individual owes a duty to clarify a misleading statement only if that statement is attributable to the individual"). Tellingly, Plaintiff does not even allege that the independent auditors asked Mr. Sallaberry questions that would have (or should have) elicited these responses. Rule 9(b)'s particularity requirement simply cannot be satisfied by pointing to neutral facts that Mr. Sallaberry did not mention without also alleging that he had a duty to disclose those facts (or without alleging that the auditors even asked him these questions) and without explaining how not disclosing those facts is fraudulent.

### 2. Plaintiff Fails to Allege How Any Actions Attributed to Mr. Sallaberry Were Fraudulent.

Plaintiff alleges that Mr. Sallaberry "participated in, or at least was aware that others were, altering or withholding documents created contemporaneously with the transaction." (Compl. ¶ 45.) Plaintiff further alleges that Mr. Sallaberry "participated in the preparation of and submission to Veritas' independent auditors documents that justified the $50 million license price and concealed the true nature of the AOL transaction" and that he "directed his sales team to collect documents to falsely support the value of the license at $50 million." (Compl. ¶ 45.) However, Plaintiff has not made any effort to describe these documents or how they were altered or withheld. Plaintiff also has not alleged how these documents were false or concealing in nature, or even asserted that Mr. Sallaberry knew these documents to be false or concealing. Moreover, Plaintiff makes no attempt to explain <u>how</u> Mr. Sallaberry participated in, or was aware of, any altering or withholding of any such documents. Did Mr. Sallaberry participate or was he aware of others actions? Who did he direct to do what? What documents is the SEC referring to? Were they altered or withheld? These allegations fall far short of the particularity required by Rule 9(b).

The Commission has spent almost five years investigating these matters, spoken to over a hundred witnesses and collected millions of documents. If it has facts to support these conclusory allegations, it should be required to plead them. After years of investigation, millions of pages of documents, and over 100 witness interviews, the Commission cannot simply baldly allege the unspecified altering or withholding of some unidentified documents and expect that to withstand

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 9  4111

the strict and rigorous applications of Rule 9(b). Rule 9(b) requires significantly more than this -- it requires identification of the documents and an explanation of how and why they were false and fraudulent. *See In re Glen Fed. Inc. Sec. Litig.*, 42 F.3d at 1548.

Plaintiff further alleges that Mr. Sallaberry "interceded with AOL to have his AOL counterpart sign an audit conformation for Veritas' independent auditors." (Compl. ¶ 39.) Again, however, Plaintiff does not even attempt to allege how the routine act of obtaining an audit confirmation from a customer was fraudulent or that Mr. Sallaberry knew that doing so was in any way fraudulent. Nor does the SEC claim that there was anything incorrect or false about the confirmation itself. Finally, Plaintiff also alleges that Mr. Sallaberry insisted on the same payment terms for both contracts without explaining how this was in anyway fraudulent or improper, rather than nothing more than good business practice. (Compl. ¶ 44.) In order to give Mr. Sallaberry notice of the specific fraudulent conduct against which he must defend, the principle on which Rule 9(b) is based (*see Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)), Plaintiff is required to plead these allegations with particularity. *See Semegen v. Weidner*, 780 F.2d 727, 734-35 (9th Cir. 1985).

### C.    Plaintiff Fails to Allege Section 13 Claims Against Mr. Sallaberry With Particularity.

The particularity requirements of Rule 9(b) apply to Plaintiff's Section 13 Claims as well because the underlying allegations pled by the SEC all sound in fraud. If claims are predicated on fraud, "then the plaintiff is obligated to satisfy the heightened pleading standard" of Rule 9(b). *In re AOL Time Warner Sec. and "ERISA" Litig.*, 381 F. Supp. 2d 192, 213 (S.D.N.Y. 2004); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003). Here, each of the SEC's causes of action under Section 13 are grounded in fraud and therefore must meet the heightened pleading requirements of Rule 9(b). The Third Claim for record-keeping violations alleges that defendants "*knowingly falsified* or caused to be falsified books, records and accounts." (Compl. ¶ 93 (emphasis added).) The Fifth Claim, "lying to auditors," states that defendants "made or caused to be *made materially false or misleading statements*." (Compl. ¶ 99. (emphasis added).) Moreover, since the underlying claims are all premised in fraud, the Sixth Claim, for aiding and

Shartsis Friese llp
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 9   4111

abetting, must be pled with particularity as well.  The pertinent paragraphs of the Complaint "contain almost all of the same fraud-based buzzwords… sufficient to trigger the heightened pleading requirements of *Rule 9(b)*."  *In re AOL Time Warner*, 381 F. Supp. 2d at 214.

### 1.    The Record Keeping Violation Claim Against Mr. Sallaberry is Inadequately Pled.

Like all of its claims, the SEC's claims for falsifying books and records and records fails for a lack of specificity.  Section 13(b)(2)(A) requires public companies to "make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer." 15 U.S.C. § 78m(b)(2)(A).  The Complaint is devoid of specific facts as to what, if anything, Mr. Sallaberry knew regarding Veritas's books and records.  *SEC v. Lucen Techs., Inc.*, 363 F. Supp. 2d 708, 727-28 (dismissing Section 13(b)(2)(A) claim for failure to plead knowledge with the required particularity under Rule 9(b)).  The SEC instead makes the blanket claim that Mr. Sallaberry, along with defendants Leslie, Lonchar, Cully and Newton "knowingly falsified or caused to be falsified books, records and accounts of Veritas."  (¶ 93).  As set out above, Plaintiff's allegations regarding Mr. Sallaberry's possible participation in the preparation of, or awareness of, documents that "concealed the true nature of the AOL transaction" fail to identify any particular documents or how they may have concealed anything.  Accordingly, the Third Claim against Mr. Sallaberry must be dismissed.

### 2.    The Rule 13b2-2 Claim Against Mr. Sallaberry is Pled Inadequately.

The SEC's "lying to the auditors" claim also fails because it has not been plead with particularity.  Rule 13b2-2 requires the SEC to allege that Mr. Sallaberry made, or caused to be made, materially false or misleading statements or omissions to an accountant in connection with a required audit or review of financial statements or the preparation of an SEC filing, or that Mr. Sallaberry coerced, manipulated, mislead, or fraudulently influenced an accountant performing an audit or review of statements required to be filed with the SEC, if he knew or should have known that such action would render the financial statements materially misleading. 17 C.F.R. § 240.13b2-2.  Although the SEC's claim bundles all defendants, as explained in detail

SHARTSIS  FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 13 -

1  above, the Complaint attributes only two affirmative statements to the auditors to Mr. Sallaberry.

2  And nowhere does it allege why such statements were false.  Similarly, the Complaint fails to

3  allege any facts that support an inference that Mr. Sallaberry alleged "omissions" were in any

4  way misleading.  *See* Discussion at Section I.B., above.

5

6  ### 3.    Plaintiff's Aiding and Abetting Claim Against Mr. Sallaberry Also Fails.

7      The SEC's "aiding and abetting" claim also fails because it has not been pled with

8  particularity.  In order to allege an aiding and abetting claim, the SEC must plead particular facts

9  under Rule 9(b) that demonstrate (1) the existence of a primary violation of the securities laws,

10  (2) that the defendant provided substantial assistance in the alleged violation[8]; and (3) that he had

11  knowledge of both the primary violation and his role in furthering it.  *See Ponce v. SEC*, 345 F.3d

12  722, 737 (9th Cir. 2003); *SEC v. Fehn*, 97 F.3d 1276, 1288-95 (9th Cir. 1996).  A showing of

13  constructive knowledge or recklessness is inadequate – the SEC must allege facts giving rise to

14  the inference that the defendant *actually knew* of the primary violation.  *Fehn*, 97 F.3d at 1288;

15  Additionally, a defendant must be shown to have actual knowledge of his role in furthering the

16  alleged primary violation.  *See Howard v. SEC*, 376 F.3d 1136, 1142-43 (D.C. Cir. 2004) ("aiding

17  and abetting liability cannot rest on the proposition that the person 'should have known' he was

18  assisting violations of the securities laws").

19      The SEC has failed even to allege a primary violation of the securities laws by Veritas

20  with regard to the AOL Transactions, let alone that Mr. Sallaberry was aware of and knowingly

21  assisted such a violation.  Nowhere in the Complaint does the SEC allege how and why the AOL

22  Transactions constitute a violation of the Securities laws by Veritas.  This alone is reason to

23  dismiss the claim against Mr. Sallaberry.  The Complaint is also silent as to how Mr. Sallaberry's

24  alleged actions constitute knowing assistance to Veritas in violating the Securities laws.  The SEC

25  must allege "a substantial causal connection between the culpable conduct of the alleged aider

26

27  [8]    Since Mr. Sallaberry's role in the aiding and abetting claim is premised on the same supposed misrepresentations discussed above, this claim is not pled with particularity for the same reasons discussed above.  *See* Section I.B., above.

28

SHARTSIS  FRIESE  LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 9    4111

1   and abettor and the harm . . ." *Mendelsohn v. Capital Underwriters, Inc.*, 490 F. Supp. 1069, 1084

2   (N.D. Cal. 1979).  No such connection between Mr. Sallaberry and the alleged violation can be

3   found.  Therefore, the Sixth Claim should also be dismissed.

4

5   **II.    THE MAJORITY OF PLAINTIFF'S REMEDIES ARE NOT AVAILABLE AS A MATTER OF LAW AND SHOULD BE STRICKEN.**

6          Under Rule 12(f) of the Federal Rules of Civil Procedure, "the court may order stricken

7   from any pleading any insufficient defense or any redundant, immaterial, impertinent, or

8   scandalous matter."  The purpose of a motion to strike is to avoid the expenditure of time and

9   money that will arise from litigating "spurious issues" by eliminating those issues prior to trial.

10  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S.

11  517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).  "'Immaterial' matter is that which has no

12  essential or important relationship to the claim for relief or the defenses being pleaded."  5 Miller

13  & Wright, *Federal Practice and Procedure* § 1382, at 706-707.  "A Rule 12(f) motion may be

14  used to strike a prayer for relief when the damages sought are not recoverable as a matter of law."

15  *Wells v. Bd. of Trs. of the Cal. State Univ.*, 393 F. Supp. 2d 990, 994-95 (N.D. Cal. 2005) (citing

16  *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974); *see also*

17  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996).

18         Federal statute 28 U.S.C. § 2462 "is a general statute of limitations, applicable . . . to the

19  entire federal government in civil penalty cases, unless Congress specifically provides otherwise."

20  *3M Co. v. Browner*, 17 F.3d 1453, 1461 (D.C. Cir. 1994).  Under § 2462, "an action, suit or

21  proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise,

22  shall not be entertained unless commenced within five years from the date when the claim first

23  accrued."  A claim accrues on the date the defendant allegedly violated the statute and not when

24  the plaintiff knew or should have known of the alleged violation.  *Fed. Election Comm'n v.*

25  *Williams*, 104 F.3d 237, 240 (9th Cir. 1996) (citing *3M Co.*, 17 F.3d at 1462-63, in which the

26  Court rejected the discovery of violation rule "as unworkable; outside the language of the statute;

27  inconsistent with judicial interpretations of § 2462; unsupported by the discovery of injury rule

28  adopted in non-enforcement, remedial cases; and incompatible with the functions served by the

SHARTSIS  FRIESE  LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111

- 15 -

statute of limitations in penalty cases"). Here, the SEC has alleged that Mr. Sallaberry committed financial fraud by participating in a "round-trip" transaction in late 2000 (Compl. ¶¶ 16-26) and by lying to independent auditors about the transaction in January 2001 (Compl. ¶¶ 31-33, 39). Accordingly, the SEC's claims had "accrued," under 28 U.S.C. § 2462, by January 2001 at the latest.[9]  The SEC did not bring this action until June 29, 2007-- more than a year too late. Because the alleged violations took place in late 2000 and early 2001, the remedies sought by the SEC in the form of civil fine, penalty, and forfeiture must be stricken.

The SEC prays for relief in the form disgorgement, civil penalties, permanent injunctions, and officer and director bars.  (Compl. ¶¶ (i)-(viii)).  Of these remedies, only disgorgement is not barred by § 2462.  *SEC v. Lornin*, 869 F. Supp. 1117, 1122 (S.D.N.Y. 1994) (Section 2462 does not preclude disgorgement actions brought by the SEC where the claim seeks to deprive one of wrongfully obtained proceeds.).  Section 2462 does, however, apply to SEC actions seeking civil penalties, as well as to equitable relief that seeks to punish.  *SEC v. Jones,* 476 F. Supp. 2d 374, 380-81 (S.D.N.Y. 2007) (citing *Johnson v. SEC*, 87 F.3d 484, 486-92 (D.C. Cir. 1996)).  A claim for civil monetary penalties "is unquestionably a penalty, and as such, is subject to the five-year limitations period of § 2462."  *Jones*, 476 F. Supp. 2d at 381.  Permanent injunctions and officer and director bars, imposed as a form of punishment that go "beyond remedying the damage caused to the harmed parties by defendant's actions," are also penalties and subject to the limitation of § 2462.  *Johnson*, 87 F.3d at 488; *see also SEC v. DiBella*, 409 F. Supp. 2d 122, 127-28 & n.3 (D. Conn. 2006) (noting that section 2462 applies to SEC claims for civil penalties, a permanent injunction, and an officer and director bar, but not to its claim for disgorgement); *Fed. Election Comm'n v. Williams*, 104 F.3d at 240 (rejecting the FEC's contention that § 2462 does not apply to actions for injunctive relief).

"[T]he test for whether a sanction is sufficiently punitive to constitute a 'penalty' within

---

[9]    While not pled in the Complaint, Mr. Sallaberry did enter into a tolling agreement with the SEC.  However, this agreement only operated to toll the statute of limitations from December 1, 2005 to June 30, 2006 -- 7 months.  *See* Jacobs Decl., ¶ 4. The agreement was entered into when there was approximately 2 months left before the running of the statute of limitations. Accordingly, once the tolling agreement ended, Plaintiff had to bring suit within 2 months. Instead, it waited nearly a year.

SHARTSIS  FRIESE  LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111

Case No.                    DEFENDANT SALLABERRY'S NOTICE OF MOTION AND MOTION TO
C 07-3444 JF             DISMISS AND TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

1  the meaning of § 2462 is an objective one, . . . the degree and extent of the consequences to the

2  subject of the sanction must be considered as a relevant factor in determining whether the

3  sanction is a penalty." *Johnson*, 87 F.3d at 488.  In *SEC v. Jones,* 476 F. Supp. 2d 374 (S.D.N.Y.

4  2007), the Court determined that  where "the Commission has not offered facts that suggest the

5  requested injunction is aimed at protecting the public from future harm" and where "the potential

6  collateral consequences of a permanent injunction are quite serious," the Commission's requested

7  relief can only be characterized as a penalty.  *Id.* at 385.  Here, the SEC has alleged only a single

8  incident of wrongdoing in Mr. Sallaberry's otherwise unblemished career in sales of more than 25

9  years.  It has made no allegations as to Mr. Sallaberry's present fitness or conduct and has not

10  even asserted that he is likely to pose a continuing risk to the public.  This, in combination with

11  the serious collateral consequences of a permanent injunction or an officer and director bar,

12  demonstrate that the requested remedies can only be characterized as a penalty.

13      Because, as a matter of law, the SEC is not entitled to relief in the form of civil fines,

14  penalties, or forfeiture, the SEC's prayers for civil penalties, a permanent injunction, and an

15  officer and director bar against Mr. Sallaberry should be stricken.

16                                              **CONCLUSION**

17      For the foregoing reasons, the Complaint should be dismissed against Mr. Sallaberry in its

18  entirety with prejudice.  To the extent any causes of action remain, Plaintiff's prayers for relief

19  for civil penalties, permanent injunction, and an officer and director bar should be stricken.

20  DATED:  October 5, 2007                    SHARTSIS FRIESE LLP

21

22                                             By: _____/s/ Jahan P. Raissi_____

23                                                  JAHAN P. RAISSI
                                                    GREGG S. FARANO

24                                             Attorneys for Defendant
                                               PAUL A. SALLABERRY

25

26  6363\001\GFARANO\1463560.1

27

28

DEFENDANT SALLABERRY'S NOTICE OF MOTION AND MOTION TO
DISMISS AND TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 9  4111