1  conduct by lying during an internal review of the AOL transaction in August 2002 and by falsely

2  certifying the Company's covered reports in August 2002, falsely certifying, among other things,

3  Veritas' 2001 Form 10-K. Compl. ¶ 80.

4      These steps, as explained by cases relied upon by the defendants, would toll the statute of

5  limitations. *See e.g., FEC v. Williams*, 104 F.3d 237, 240-41 (9th Cir. 1996) (explaining that

6  equitable tolling is appropriate where fraudulent conduct by the defendant results in concealment of

7  the operative facts such that a diligent plaintiff fails to discover the operative facts during the

8  limitations period); *SEC v. Jones*, 2006 WL 1084276, *6 (S.D. N.Y. 2006) (equitable tolling is

9

10  recognized in securities fraud actions as a way to toll the statute of limitations where a defendant

11  takes affirmative steps to prevent the discovery of the fraud or where the fraud is self-concealing).

12  Any factual dispute with regard to the defendants' concealment of their fraudulent conduct presents

13  additional factual and legal issues not appropriately disposed of at this stage of the litigation.

14

15      **C.**    **There Appear to be Legal and Factual Issues Associated With the Defendants' Statute of Limitations Arguments.**

16

17      **1.**    **The Ninth Circuit Has Held that No Statute of Limitations Applies to SEC**

18  **Enforcement Actions**: In *SEC v. Rind*, 991 F.2d 1486, 1492 (1993), the Ninth Circuit held that no

19  statute of limitations should apply to SEC enforcement actions. Remarkably, none of the defendants

20  cites or discusses *Rind*.[17] Nonetheless, in reaching its holding, the Ninth Circuit discussed the

21  complex and time consuming nature of investigations of violations of securities laws, concluding

22  that "[p]lacing strict time limits on Commission enforcement actions therefore would quite plainly

23

24  _____

25  [17] The conspicuous absence of even a single mention of *Rind* in the defendants' motions and arguments is even more remarkable considering that Sallaberry's Br. (at 16) cites *SEC v. Lorin*, 869

26  F.Supp. 1117, 1120 (S.D. N.Y. 1994), a Southern District of New York case that discusses the Ninth Circuit's *Rind* holding extensively and ultimately holds that "the SEC enforcement action at issue ...

27  [is] free from a limitation period."

28

'frustrate or interfere with the implementation of national policies.'" 991 F.2d at 1492. The Ninth

Circuit further explained that "[i]mposing *any* statute of limitations on Commission enforcement

actions would also conflict with the underlying policies of the securities laws; [and] this conclusion

strongly negates any inference that Congress intended a limitations period to apply." 991 F.2d at

1492 (emphasis supplied). *See also SEC v. Calvo*, 378 F.3d 1211, 1218 (11th Cir. 2004) (imposing

no statute of limitations to the SEC).

Ignoring *Rind*, the defendants collectively argue that the five-year catch-all statute of

limitations in 28 U.S.C. § 2462 applies to every remedy the Commission seeks except disgorgement.

Sallaberry Br. at 16; Leslie Br. at 24-25; Lonchar Br. at 25. It is well-established, however, that an

action on behalf of the United States in its sovereign governmental capacity is subject to no time

limitation in the absence of a congressional enactment clearly imposing it. *E.I. Dupont De Nemours

& Co. v. Davis*, 264 U.S. 456, 462 (1924); *see also Capozzi v. United States*, 980 F.2d 872, 875 (2d

Cir. 1992) ("...no statute of limitations will block federal government actions unless Congress

clearly and specifically says so."). There is no statute of limitations that expressly applies to

enforcement actions brought by the Securities and Exchange Commission, or that apply to statutes

under which the Commission has asserted claims against the defendants.

The cases cited by Leslie, Lonchar, and Sallaberry for the proposition that Section 2462

applies to this action conflict with *Rind* and are otherwise not controlling or persuasive.[18]  In fact, in

---

[18]  *See Johnson v. SEC*, 87 F.3d 484, 490-92 (D.C.Cir. 1996) (determining a six month license
suspension imposed in an administrative proceeding after a hearing at which witnesses and exhibits
were presented to be a penalty subject to Section 2462 statute of limitations); *3M Co. v. Browner*, 17
F.3d 1453, 1461 (D.C. Cir. 1994) (discussed below in text); *SEC v. Jones*, 476 F.Supp.2d, 374, 380-82
(S.D. N.Y. 2007) (denying motion to dismiss SEC complaint because, "at this stage in the litigation,"
defendants' non-disclosure of the alleged fraud was inherently self-concealing and therefore "the
statute of limitations was tolled while the fraud remained concealed"); *SEC v. DiBella*, 409 F.Supp.2d
122, 127-28 (D. Conn. 2006) (while stating Section 2462 applies to certain non-disgorgement
remedies sought by the SEC, denied  motion for summary judgment or to strike the SEC's claims
because tolling agreement tolled the statute of limitations).

PLAINTIFF SEC'S COMBINED OPPOSITION TO          58
DEFENDANTS' MOTIONS TO DISMISS AND/OR
MOTIONS TO STRIKE
Civil Action No. C 07-3444 -JF

*SEC v. Williams*, 884 F.Supp. 28, 31 (D. Mass. 1995), cited by Leslie, the district court held explicitly that: "[T]he statute of limitations contained in § 2462 does not apply to injunctive relief." The court further explained that the Commission is "free from the constraints of a statute of limitations," even if it must persuade the court that relief it seeks is in the public interest.    884 F.Supp. at 31 (denying defendant's motion to dismiss SEC complaint for injunctive relief and disgorgement because such relief is remedial).

The Commission recognizes that in a limited holding outside the securities laws context, the Ninth Circuit in *FEC v. Williams* has considered *3M Co. v. Browner*, 17 F.3d 1453, 1461 (D.C. Cir. 1994), and narrowly applied Section 2462 to an action brought by the Federal Election Commission for the assessment and imposition of civil penalties under the Federal Election Campaign Act (FECA).[19]  In so holding, however, the Ninth Circuit in *FEC v. Williams* did not engage in the comprehensive analysis of statute of limitations issues with respect to SEC enforcement actions, as the Court did previously in *Rind*. Indeed, *FEC v. Williams* did not even discuss or address *Rind*, let alone distinguish or overrule its holding in *Rind*. As such, the Commission respectfully submits that *Rind*, not *FEC v. Williams*, controls the analysis with regard to SEC enforcement actions and requires a rejection of the defendants' statute of limitations arguments.

**2.**    **Even If 28 U.S.C. § 2462 Were Determined to be Applicable to SEC Enforcement Actions in the Ninth Circuit, It Only Applies to One Remedy -- Civil Penalties**: Even if 28 U.S.C. § 2462 were deemed to apply to the Commission's enforcement actions in the Ninth Circuit, it would affect only one remedy the Commission seeks -- civil penalties – and would

---

[19]  While Lonchar and Sallaberry cite *FEC v. Williams*, they do so for the proposition that the SEC is not entitled to the benefit of the "discovery rule" in terms of determining when the statute of limitations starts to run. Lonchar Br. at 24; Sallaberry Br. at 15. As discussed below in text, the Ninth

1  not serve to dispose of this case entirely or limit any liability or other remedies issue subject to

2  discovery or proof at trial.[20]

3      First, the Commission's claims for equitable relief do not fall under 28 U.S.C. § 2462 in the

4  Ninth Circuit. *Rind*, 991 F.2d at 1493 (disgorgement is injunctive relief and is not subject to a

5  statute of limitations). *See also SEC v. McCaskey*, 56 F.Supp.2d 323, 325, 326 (S.D. N.Y. 1999)

6  (request for permanent injunction, disgorgement of profits, and order enjoining defendants from

7  serving as officers and directors of any public company held to be equitable and not subject to any

8  statute of limitations); *SEC v. Williams*, 884 F.Supp. at 30 (D. Mass. 1995)("In the context of §

9

10  2462, courts have consistently held that the government's claims for equitable relief "be subject to

11  no time bar" )(citing cases). Second, courts have held that injunctive relief and officer and director

12  bars constitute equitable relief, and thus are not subject to statutes of limitations. *See, e.g., SEC v.*

13  *Schiffer*, 1998 WL 226101, *2 (S.D. N.Y. 1998) (statute of limitations does not apply to officer and

14  director bar). Third, as the Ninth Circuit explained "[t]he primary purpose of injunctive relief

15  against violators of the federal securities laws is to deter future violations, not to punish the violators,

16

17  *SEC v. Koracorp Industries, Inc.*, 575 F.2d 692, 697 (9th Cir. 1978), and as a result, courts within

18  the Ninth Circuit have held that injunctive relief is not subject to a statute of limitations. *See, e.g.,*

19  *SEC v. Glick*, 1980 WL 1414, at * 2 (D. Nev. 1980) (28 U.S.C. § 2462 is not applicable to injunctive

20  relief). *See also SEC v. Williams*, 884 F.Supp. at 31( "[T]he statute of limitations contained in §

21

22  2462 does not apply to injunctive relief.")"

23

24  _____

25  Circuit has not considered, let alone decided, the applicability of the discovery rule in the securities
   laws context.

26  [20]  In addition, in the event of any striking or dismissal of the challenged prayers for relief, the
   Commission should be allowed to re-plead them. *Lucas v. Department of Corrections*, 66 F.3d 245 at
27  248.

28

**3.     The Commission's Complaint Has Alleged Defendants' Violations Occurred**

**Within Five Years of the Filing of the Complaint**:  Even under defendants' accrual theory of the

statute of limitations under 28 U.S.C. § 2462, the Commission's remedies are not time- barred.

The Commission's July 2, 2007 Complaint has sufficiently pled that, as a result of the actions

of Leslie, Lonchar, and Sallaberry with regard to the AOL round-trip transaction, Veritas reported

materially false and misleading financial results in periodic reports filed with the Commission and

other public statements "through 2003."[21]  Compl. ¶ 4.

Leslie

Leslie approved, negotiated, lied about and concealed the AOL round-trip transaction which

fraudulently inflated Veritas' revenue and earnings, distorted its financial results, and misled

investors who relied upon Veritas' materially misleading financial statements until at least January

17, 2003.  Compl. ¶¶ 4, 20-23, 27-28, 37-38, 46-51, 78.  Leslie also signed public filings which

contained these false and misleading financial results, including signing Veritas' 2001 Form 10-K on

March 28, 2002 and, by written agreement with the SEC, tolled the statute of limitations for seven

months (from December 15, 2005 through July 14, 2006), which places his misconduct well within

---

[21]  On January 17, 2003, Veritas announced that it would restate its financial statements in order to reverse the $20 million of improperly recognized revenue from the AOL round-trip transaction and correct the related over-stated expenses. Compl. ¶ 51. On March 17, 2003, in an amendment to its Form 10-K for the year ended December 31, 2001, Veritas restated its financial statements for 2000 and 2001 to correct for the fraudulent AOL round-trip transaction. As the defendants requested in connection with their motions to dismiss, this Court may take judicial notice of the 2000 and 2001 Form 10-Ks and 2001 Form 10-K/A themselves. *Glenbrook Capital Limited Partnership v. Kuo*, 2007 WL 2601260, *6 (N.D. Cal. 2007) (court can take judicial notice of publicly-available forms filed with the SEC such as 10-Ks and 8-Ks); *In re Ditech Communications Corp. Sec. Litig.*, 2007 WL 2990532, *6 (N.D. Cal. 2007) (court can take judicial notice of company's press releases, SEC filings and transcripts of conference calls).

PLAINTIFF SEC'S COMBINED OPPOSITION TO            61
DEFENDANTS' MOTIONS TO DISMISS AND/OR
MOTIONS TO STRIKE
Civil Action No. C 07-3444 -JF

1  even the five-year statute of limitations cited by his counsel. Compl. ¶¶ 49, 77; Veritas' 2001 Form

2  10-K.

3      Sallaberry

4      Sallaberry negotiated, documented, executed, lied about and concealed the AOL round-trip

5  transaction which fraudulently inflated Veritas' revenue and earnings, distorted its financial results,

6  and misled investors who relied upon Veritas' misleading financial statements until at least January

7  17, 2003. Compl. ¶¶ 4, 16, 23-25, 39-45, 48, 50-51, 78. These fraudulent financial results were

8

9  disclosed to investors in Veritas' public filings, including its 2000 and 2001 Form 10-Ks filed with

10 the Commission. The 2001 10-K was filed on March 28, 2002. Sallaberry also tolled the statute of

11 limitations for seven months (December 1, 2005 through June 30, 2006) by way of written

12 agreement with the SEC, which places his misconduct well within even the five-year statute of

13 limitations cited by his counsel.

14

15      Lonchar

16      Lonchar structured, accounted for, lied about and concealed the AOL round-trip transaction

17 which fraudulently inflated Veritas' revenue and earnings, distorted its financial results, and misled

18 investors who relied upon Veritas' misleading financial statements until at least January 17, 2003.

19 Compl. ¶¶ 4, 23-25, 30-36, , 48-51, 73-76, 77-80. Lonchar further intentionally manipulated and

20 distorted Veritas' reported earnings through "smoothing" its financial results from at least 2000

21 through 2002. Compl. ¶1. Lonchar directed three non-GAAP practices which continued to

22 materially manipulate Veritas' financial results through 2003. Compl. ¶¶ 52-72, 4. As alleged in the

23

24 Complaint, Lonchar, on August 13, 2002, falsely certified the accuracy of Veritas' 2001 annual

25 financial statements and its interim financial statements for the quarter ended March 31, 2002, and

26 on August 14, 2002, Lonchar falsely certified the accuracy of Veritas' interim financial statements

27 for the quarter ended June 30, 2002, when he knew or was reckless in not knowing that the

28

PLAINTIFF SEC'S COMBINED OPPOSITION TO            62
DEFENDANTS' MOTIONS TO DISMISS AND/OR
MOTIONS TO STRIKE
Civil Action No. C 07-3444 -JF

1   Company's financial statements were not prepared in compliance with GAAP. Compl. ¶ 80. In

2   connection with his false certification, Lonchar lied to and withheld material information from the

3   outside auditors as well as persons conducting an internal review of the AOL transaction. Compl. ¶¶

4   77-80. As such, and as conceded by his counsel in footnote 17 of his brief, Lonchar's misconduct

5   places him well within even the five-year statute of limitations.

6
        Thus, each of the three defendants committed securities laws violations within five years of the
7
    filing of the Complaint. As such, and even under defendants' theory of the statute of limitations, the
8
9   Commission is entitled to develop its record in discovery and present evidence demonstrating the

10  appropriateness of each of the remedies it has set forth in its Complaint.[22]

11
    _____

12  [22]   Further, if this Court deems 28 U.S.C. § 2462's statute of limitations applicable to even the
    civil penalty remedies sought by the Commission, the Commission respectfully submits that the date
13  of discovery governs accrual of the statute of limitations. The Supreme Court has held repeatedly that
    the "discovery rule" governs the accrual of any statute of limitations involving fraud or concealment.
14  *TRW Inc. v. Andrews*, 534 U.S. 19, 27 (2001) ("*Holmberg* thus stands for the proposition that equity
15  tolls the statute of limitations in cases of fraud or concealment; it does not establish a general
    presumption applicable across all contexts."); *Holmberg v. Arbrecht*, 327 U.S. 392, 396-97 (1946);
16  *Exploration v. United States*, 247 U.S. 435, 447 (1918); *Bailey v. Glover*, 88 U.S. 342-347-48 (1874).

17
        While the Ninth Circuit adopted the "date of violation" standard for accrual of the statute of
18  limitations in *FEC v. Williams*, 104 F.3d at 240, following the D.C. Circuit's decision in *3M Co. v.
    Browner*, 17 F.3d 1453 (1994) (environmental action brought under the Toxic Substances Control Act
19  ("TSCA")), the Ninth Circuit has never considered the accrual of 28 U.S.C. § 2462 in the securities
20  fraud context. The Commission respectfully suggests that both the TSCA violation at issue in 3M and
    the illegal expense advances under the Campaign Finance Law of FEC v. Williams are distinguishable
21  from securities fraud in that they are more readily identifiable at the time of the violation than complex
    securities fraud. *See SEC v. Alexander*, 2007 WL 2816195, *15 (E.D. N.Y. 2007) ("There is a serious
22  question as to whether the *3M* court's reasoning applies in the fraud context."). The inherent
    complexity of securities fraud, as well as its often self-concealing nature, make the proper accrual for a
23  securities action the date that a fraud is discovered or – with reasonable diligence – should be
24  discovered. *See SEC v. Buntrock*, 2004 WL 1179423, *11-12 (N.D. Ill. 2004) ("the date of accrual for
    the five-year statute of limitations of 28 U.S.C. § 2462 for securities fraud cases is governed by the
25  'discovery of violation' rule," in part because "…it is often difficult for a plaintiff to know that he or
    she has been the victim of a fraud until many years after the fraud has been committed.")(citing *Law v.
26  Medco Research, Inc.*, 113 F.3d 781, 785 (7th Cir. 1997)); *SEC v. Miller*, 2006 WL 2189697, *10
27  (N.D. Ga. 2006); *SEC v. Alexander*, 2007 WL 2816195, *15 (E.D. N.Y. 2007) ("there are significant
    reasons for finding that a discovery rule governs the accrual of the limitation period contained in
28  Section 2462," although it did not reach the question given the pleading posture of the case before it).

1    Further, the cases cited by the defendants are inapposite. *See* Leslie Brief at 24, citing *Atmel*

2    *Corp. Derivative Litig.*, 2007 WL 2070299 (N.D. Cal. July 16, 2007)(citing *Durning v. Citibank Int'l*,

3    990 F.2d 1133 (9th Cir. 1993)). First, both *Atmel* and *Durning* involve private plaintiffs, and as the

4    Ninth Circuit explained in *Rind*:

5

6    Unlike a private litigant, the Commission does not sue under section 10(b). Rather, the
       Commission has express authority to enforce section 10(b) and the other provisions of
       the 1934 Act pursuant to section 21 of that Act. There is no reason to assume that an

7    opinion discussing private claims under section 10(b) covers public enforcement suits
       brought under an entirely different section of the 1934 Act.

8

9    *Rind*, 991 F.2d at 1490 (rejecting defendant's effort to apply *Lampf, Pleva, Lipkin, Prupis & Petigrow*

10   *v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773 (1991) and treat the SEC as a private litigant subject to

11   statutes of limitation).

12

13   Second, the publication of materially false and misleading financial results clearly constitutes

14   federal securities law violations. Defendants' liability for their misconduct is not limited to their

15   initial misconduct or merely the first instance in which the fraudulent financial results are published.

16   The cases cited by Leslie do not stand for such a proposition. In *Durning*, cited by this Court in *Atmel*

17   and Leslie in this case, the Ninth Circuit affirmed dismissal of private plaintiffs' claim as time-barred

18   under *Lampf*. There, plaintiffs, who purchased bonds pursuant to false and misleading disclosure

19   document, argued that the statute started to run from the date they redeemed the bonds, not the date of

20   defendants' last misrepresentation. *Durning*, 990 F.2d at 1137. In holding that plaintiffs' securities

21   fraud claim arose in 1981, when the disclosure document allegedly misrepresented the bonds and the

22   bonds were purchased, the Ninth Circuit relied upon *Continental Bank Nat'l Ass'n v. Village of*

23   *Ludlow*, 777 F. Supp. 92, 102 (D. Mass. 1991), which held "*Lampf*'s three year period of repose

24   'begins when the last alleged misrepresentation was made' by the defendants.'" *Durning*, 990 F.2d at

25

26

27

28

1    at 1136. In *Durning*, as in *Continental*, the Court calculated the period of repose from the date of the

2    last misrepresentation, not the first.

3        In *Atmel Corp. Derivative Litig.*, 2007 WL 2070299 (N.D. Cal. July 16, 2007), this Court, in a

4    decision not designated for publication or permitted for citation, considered the statute of limitations

5    applicable to private litigants under 28 U.S.C. § 1658(b). This Court held that to the extent that

6    plaintiffs' claim is based upon the options backdating itself, the period of repose started on the date the

7

8    option grant was made. *Atmel*, 2007 WL 2070299 at *7. While dismissing the option back-dating

9    claim, with leave to replead, this Court noted that plaintiffs may be able to state a claim under Section

10   10(b) and Rule 10b-5 for dissemination of fraudulent financial statements if those statements fall

11   within the five-year period of repose. *Atmel*, 2007 WL 2070299 at *7.

12

13       As alleged in the Complaint and detailed above, as a result of the defendants' actions Veritas

14   filed materially false and misleading financial results in periodic reports filed with the Commission

15   and other public statements from at least 2000 through 2003 and in its January 28, 2004 earnings

16   release of fourth quarter and annual results for 2003. Compl. ¶ 4. In fact, it was not until January 17,

17   2003 that Veritas announced that it would restate its financial statements in order to reverse the $20

18   million of improperly recognized revenue from the AOL round-trip transaction and correct the related

19

20   over-stated expenses. Compl. ¶ 51.

21       In sum, even under defendants' theory of the statute of limitations, each of the three

22   defendants committed securities laws violations within five years of the filing of the Commission's

23   Complaint. Defendants' motions should be rejected.

24

25

26

27

28

PLAINTIFF SEC'S COMBINED OPPOSITION TO              65
DEFENDANTS' MOTIONS TO DISMISS AND/OR
MOTIONS TO STRIKE
Civil Action No. C 07-3444 -JF

## CONCLUSION

1

2      For the foregoing reasons, the motions to dismiss of Leslie, Lonchar and Sallaberry and

3

motions to strike of Leslie and Sallaberry should be denied in their entirety.

4

5   Dated:  December 3, 2007                    Respectfully submitted,

6

7                                                  ___/s/  Richard Hong___
                                                   Richard Hong
8                                                  Jeffrey B. Finnell
                                                   Thomas D. Manganello
9
                                                   United States Securities and Exchange Commission
10                                                 100 F Street, N.E.
                                                   Washington, D.C. 20549-4010-A
11                                                 Tel. (202) 551-4431
                                                   Fax (202) 772-9365
12                                                 Email: hongr@sec.gov

13                                                 Attorneys for Plaintiff United States
                                                   Securities and Exchange Commission
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I hereby certify that on this day, December 3, 2007, I electronically filed the foregoing Plaintiff SEC's Combined Opposition to Defendants' Motions to Dismiss and/or Motions to Strike with the Clerk of the Court by using the ECF system and relied upon that system's automatic service of the foregoing document upon counsel, which will send notification of such filing to the ECF participants.

In addition, on this day, December 3, 2007, the undersigned caused a copy of the foregoing document to be served by regular first class mail to the following:

Counsel for Mark Leslie
William P. Keane, Esq.
Farella Braun & Martel LLP
Russ Building / 235 Montgomery Street
San Francisco, CA  94104

Counsel for Kenneth E. Lonchar
Susan Resley, Esq.
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

Counsel for Paul Sallaberry
 and Douglas Newton
Jahan Raissi, Esq.
Shartsis, Friese & Ginsburg, LLP
18th Floor, One Maritime Plaza
San Francisco, CA 94111

                    /s/  Richard Hong
                    Counsel for Plaintiff SEC