# EXHIBIT 5

Westlaw.






Pesek v. Gates
C.A.9 (Mont.),2007.
Only the Westlaw citation is currently available.This case was not selected for publication in the Federal Reporter.Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Ninth Circuit Rule 36-3. (Find CTA9 Rule 36-3)

United States Court of Appeals,Ninth Circuit.
Toby J. PESEK, Plaintiff-Appellant,
v.
Robert M. GATES,[FN*] Secretary, Department of Defense, Defense Commissary Agency, Defendant-Appellee.

FN* Robert M. Gates, Secretary of Defense, is substituted for his predecessor, Donald Rumsfeld. Fed. R.App. P. 43(c)(2).

**No. 05-36094.**

Submitted Aug. 10, 2007 [FN**].

FN** This panel unanimously finds this case suitable for decision without oral argument. *See*Fed. R.App. P. 34(a)(2).

Filed Aug. 17, 2007.

David B. Gallik, Law Offices, Helena, MT, for Plaintiff-Appellant.
George F. Darragh, Jr., Esq., Office of the U.S. Attorney, Great Falls, MT, for Defendant-Appellee.

Appeal from the United States District Court for the District of Montana Charles C. Lovell, District Judge, Presiding. D.C. No. CV-04-00023-H-CCL.

Before HALL, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM [FN***]

FN*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

***1** Plaintiff-Appellant Toby Pesek brought suit against the Defense Commissary Agency ("DCA") under the Rehabilitation Act (29 U.S.C. §§ 701 et seq.) arguing that he was fired because of a medical disability. The district court granted summary judgment for Appellee ("the government") because Pesek had failed to comply with the requirements of the Federal Labor-Management Relations Act (5 U.S.C. §§ 7101 et seq.) prior to bringing suit. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Pesek, who has cerebral palsy, worked for the DCA as a monitor and was fired for inattention to duty in 2001.[FN1]According to Pesek, whose version of events we accept for purposes of summary judgment, he was sleeping during unpaid lunch breaks. At the time of his termination he told his supervisors that his "physical condition" made him tired, although he did not explicitly claim that his cerebral palsy was the cause.

FN1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

Pesek unsuccessfully challenged his termination using an internal grievance process provided for by his union's collective bargaining agreement.[FN2] Eight months later Pesek decided that his termination may have been connected to his cerebral palsy and alleged a violation of the Rehabilitation Act. Pesek lodged a complaint with the Equal Employment Opportunity Commission (" EEOC"). The EEOC dismissed the complaint on procedural grounds. It ruled that Pesek had waived

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the opportunity to bring a complaint by electing to pursue the internal review process, and also by failing to contact an EEO counselor within forty-five days of the contested firing. *See*5 U.S.C. § 7121(d); 29 C.F.R. § 1614.105. Pesek sought review in federal district court and the district court granted summary judgment for the government on both of the procedural grounds relied on by the EEOC.

> FN2. Pesek argues that the process violated the collective bargaining agreement, but as this argument does not relate to his Rehabilitation Act claim it is not properly before us on appeal.

We review the district court's grant of summary judgment de novo. *Leorna v. U.S. Dep't of State,* 105 F.3d 548, 550 (9th Cir.1997). We uphold summary judgment when, viewing the evidence in the light most favorable to the nonprevailing party, there are no genuine issues of material fact and when the district court correctly applied the relevant substantive law. *Id.*

The applicable federal regulations require an aggrieved person to contact a counselor within forty-five days of the alleged discrimination. *See*29 C.F.R. § 1614.105. Compliance with this regulation is "a *statutory precondition* to suit." *Vinieratos v. U.S., Dep't of Air Force Through Aldridge,* 939 F.2d 762, 768 n. 5 (9th Cir.1991) (emphasis original). Pesek does not contest that compliance with the regulation is precondition to suit. Instead, Pesek raises two arguments as to why he should qualify for equitable tolling of this 45-day period, and a third argument that he is eligible for equitable estoppel because the government tricked him into missing the deadline.

The 45-day period begins to run "when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights." *Boyd v. U.S. Postal Serv.,* 752 F.2d 410, 414 (9th Cir .1985) (citing *Bickham v. Miller,* 584 F.2d 736, 738 (5th Cir.1978)). Pesek's declaration in opposition to summary judgment made it clear that he did not need to gather any more information, he simply took months to think about his claim.[FN3] *See Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1178 (9th Cir.2000) ("If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs."). As there was no genuine issue of material fact as to when a person in Pesek's circumstances would have known of a possible claim, summary judgment was proper as to this issue.

> FN3. This declaration stated:
> As I was thinking about the retirement that was taken from me, I began considering the fact that if the Defense Commissary Agency was going to continue to forward the "inattention to duty" reason for my termination, [i]t was because they were aware of the fact that I tired more easily due to the aging process on my cerebral palsy disability.

***2** Second, Pesek's argument that he is entitled to equitable tolling because he was not aware of the 45-day requirement fails because he retained counsel within days of his termination. "[O]nce a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements."*Leorna,* 105 F.3d at 551 (internal citation and quotation marks omitted).

Third, Pesek fails to allege misconduct by the government going beyond the basic claim of discrimination. "Equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is 'active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.' " *Guerrero v. Gates,* 442 F.3d 697, 706 (9th Cir.2006) (quoting *Santa Maria,* 202 F.3d at 1176-77). All Pesek points to is the DCA's denial that he was fired on account of his disability. But the allegation that the reasons for termination were pretextual is part of the basic

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 4 of 4



discrimination claim. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798 (1973). Thus, even if it is assumed that Pesek's former superiors at DCA lied about why Pesek was fired, these statements do not go above and beyond the wrongdoing alleged by Pesek's substantive claims, and so they cannot be a basis for equitable estoppel.

Because Pesek failed to contact an EEO counselor within forty-five days, and because he is not eligible for equitable tolling or equitable estoppel, he is precluded from bring suit.[FN4] The judgment of the district court is AFFIRMED.

FN4. Because we affirm the district court's grant of summary judgment on this basis we need not address the district court's alternative basis for summary judgment.

C.A.9 (Mont.),2007.
Pesek v. Gates
Slip Copy, 2007 WL 2384238 (C.A.9 (Mont.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.