# EXHIBIT 12



**Westlaw.**

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1980 WL 1414 (D.Nev.), Fed. Sec. L. Rep. P 97,535
**(Cite as: Not Reported in F.Supp.)**

C
SEC v. Glick
D.Nev. 1980.

United States District Court; D. Nevada.
**Securities and Exchange Commission**
v.
**Glick, et al.**
No. Civ.-LV-78-11

June 12, 1980

CLAIBORNE, District Judge.
*1 This action is now before the Court on a Motion to Amend and Supplement Complaint, filed on behalf of the Plaintiff, Securities and Exchange Commission ("SEC").

The original complaint filed in this action alleged that the Defendants, Allen R. Glick and Argent Corporation, were engaged in activities which constituted violations of Section 10(b) of the Securities and Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 CFR 240.10b-5]. In the complaint, the SEC sought injunctive relief against Glick and Argent. Since the filing of the original complaint, the SEC has discovered additional instances of conduct by Glick which are alleged to constitute violations of the securities laws. Also, the SEC contends that there have been significant changes in the circumstances of the case, such that the complaint now on file should be supplemented so as to accurately reflect the facts of the case.

To the extent that the SEC only wishes to supplement its complaint, so as to reflect the changed circumstances of the case, Glick does not oppose the motion. However, with respect to the SEC's desire to amend its complaint by including additional allegations of securities law violations, Glick opposes the motion on the following grounds: (1) The proposed amendments are trivial and legally deficient; (2) The amendments are untimely and barred by the statute of limitations; (3) The SEC has unreasonably delayed requesting leave to amend and as a result, Glick would be irreparably prejudiced by amendments this late in the proceedings; and (4) The true purpose of the proposed amendments is only to harass and burden Glick.

*Legal Sufficiency of the Amendments*

In the Ninth Circuit, the legal sufficiency of proposed amendments may properly be considered by a trial court in ruling on a motion to amend. *Gilbertson v. Fairbanks*, 262 F. 2d 734, 740 (9th Cir. 1959). The test used to determine the legal sufficiency is the same used where the sufficiency of a pleading is challenged under F.R.C.P. Rule 12(b)(6): If there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave to amend should be denied. *Baker v. Pacific Far Lines, Inc.*, 451 F.Supp. 84, 89 (N.D. Cal. 1978); 3 *Moore's Federal Practice*, P 15.08[4], 1978. Applying that test to the SEC's proposed amendments, it becomes apparent that the allegations contained in the proposed amendments, if proven, would state violations of the securities laws.

*Statute of Limitations*

Glick's argument that the statute of limitations is a bar to the proposed amendments is not well founded. This action by the SEC for injunctive relief is not intended to punish or penalize Glick. *SEC v. Koracorp Industries, Inc.*, 575 F. 2d 692, 697 (9th Cir. 1978). Therefore, the general five-year statute of limitations for criminal actions, 18 U.S.C. § 3282, is not applicable. Nor is 28 U.S.C. § 2462, the general statute of limitations for the enforcement of civil fines and penalties applicable. This action is for injunctive relief only; the SEC is not seeking to enforce any fines or penalties against Glick. Glick's reliance on the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.    Page 2

Not Reported in F.Supp., 1980 WL 1414 (D.Nev.), Fed. Sec. L. Rep. P 97,535
**(Cite as: Not Reported in F.Supp.)**

case of *Federal Trade Commission v. Lukens Steel Co.*, 454 F. Supp. 1182 (D.D.C. 1978), is misplaced. In *Lukens*, the court held only that the FTC's recovery of fines would be limited by 28 U.S.C. § 2642. The court did not hold that the FTC's ability to obtain injunctive relief would be limited by the five year statute of limitations contained in § 2462. Likewise, the various periods of limitation contained in the Nevada Revised Statutes, cited by Glick, are not applicable to this case. The SEC has brought this action on behalf of the public interest and not to vindicate some private right of the Government. *Securities and Exchange Commission v. Penn. Cent. Co.*, 425 F. Supp. 593, 599 (E.D. Penn. 1976).

*2 The fact that the SEC, when seeking purely injunctive relief, is not bound by any specifically delineated statute of limitations does not mean that it possesses unlimited or perpetual power to obtain injunctive relief for past conduct. Before the SEC can obtain injunctive relief, there must first be a showing that there is a reasonable likelihood or expectation that the defendants will commit further violations of the securities laws. *Securities and Exchange Commission v. Geotek*, 426 F. Supp. 715, 727 (N.D. Cal. 1976), *affirmed*, 590 F. 2d 785 (1976). Where the SEC attempts to use past conduct in order to establish the requisite showing of a likelihood of future violations, a court must of necessity consider how remote in time the past acts are. If the remoteness in time is substantial and there have been no intervening violations, it is highly improbable that a court, in the exercise of its discretion, would grant injunctive relief. The past violations would not be sufficient to support an injunction against future conduct. However, it is important to note that the mere discontinuance of violations of the securities laws does not deprive a court of the power to grant injunctive relief against future violations. *Securities and Exchange Commission v. Everest Management Corp.*, 466 F. Supp. 167, 176 (D.C.N.Y. 1979). In the present case, the additional allegations of securities laws violations that the SEC wishes to add by amendment are not remote in time from those violations already alleged in the original complaint. Rather, these additional violations are closely interwoven with the violations already alleged by the SEC, and as such would be highly relevant to the determination of whether there is a reasonable likelihood of future violations. The Court cannot say that these additional allegations of securities laws violations are so remote that they should not be considered in determining whether or not to grant injunctive relief to the SEC.

*Unreasonable Delay by the SEC*

Mere delay, standing alone, is not sufficient to justify a denial of a motion to amend. *Hageman v. Signal L.P. Gas, Inc.*, 486 F. 2d 479, 484 (6th Cir. 1973); *Goodman v. Poland*, 395 F. Supp. 660, 685 (D.C. Md. 1975). Rather, the courts have looked to see if there is any undue prejudice to the opposing party. *Cornell & Co., Inc. v. Occup. S. & H. Review Com'n*, 573 F. 820, 823 (3rd Cir. 1978); *Howey v. United States*, 481 F. 2d 1187, 1190 (9th Cir. 1973). Where the opposing party will not be unduly prejudiced, the court should allow amendment of the pleadings.

The Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F.R.Civ.P., by freely granting leave to amend when justice so requires. (Citations Omitted) The purpose of pleadings is to "facilitate a proper decision on the merits,"*Conley v. Gibson*, 355 U.S. 41, 48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957), and not to erect formal and burdensome impediments in the litigation process. Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint. (Citations Omitted).

*3 *Howey, supra*, at 1190. The undue prejudice which a court must guard against is that prejudice which would cause a party undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party. *Deakyne v. Commissioner of Lewes*, 416 F. 2d 290, 300 (3rd Cir. 1969). In the instant case, the mere allegations by Glick that memories may have faded, documents been lost, or witnesses departed, are not sufficient to demonstrate the type of prejudice that would support a denial of the motion to amend. Some further showing that the complained of prejudice has occurred or is likely to occur is required. Also, the fact that Glick may have to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1980 WL 1414 (D.Nev.), Fed. Sec. L. Rep. P 97,535
**(Cite as: Not Reported in F.Supp.)**

engage in additional discovery which will be time consuming or expensive does not constitute the type of prejudice that would justify a denial of the motion to amend. *Middle Atlantic Utilities Co. v. S.M.W. Development Corp.*, 392 F. 2nd 380, 386 (2nd Cir. 1968).

*Harassment and Delay*

Having already determined that the amendments are legally sufficient, relevant to the issues and not unduly prejudicial, the contention that they have been offered for the purpose of harassment or delay can be dismissed as patently frivolous.

WHEREFORE, IT IS HEREBY ORDERED:

1) That the Motion to Amend and Supplement Complaint, filed on behalf of the Plaintiff, Securities and Exchange Commission, on April 25, 1980, is granted;

2) That the Plaintiff, Securities and Exchange Commission, shall file its First Amended Complaint within ten (10) days of the receipt of this Memorandum Decision and Order; and

3) That the Defendant, Allen R. Glick, shall file an answer to the Plaintiff's First Amended Complaint within fifteen (15) days after being served with the Plaintiff's First Amended Complaint.

D.Nev. 1980.
S.E.C. v. Glick
Not Reported in F.Supp., 1980 WL 1414 (D.Nev.), Fed. Sec. L. Rep. P 97,535

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.