Douglas R. Young (State Bar No. 073248)
William P. Keane (State Bar No. 124756)
Jessica K. Nall (State Bar No. 215149)
Amarra A. Lee (State Bar No. 245679)
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480
Email:  jnall@fbm.com

Attorneys for Defendant
MARK LESLIE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MARK LESLIE, KENNETH E. LONCHAR, PAUL A. SALLABERRY, MICHAEL M. CULLY AND DOUGLAS S. NEWTON,<br><br>                    Defendants. | Case No. 5:07-cv-03444-JF<br><br>**DEFENDANT MARK LESLIE'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STRIKE**<br><br>Date:          January 18, 2008<br>Time:          9:00 a.m.<br>Dept.:         Courtroom 3, 5th Floor<br>Judge:         Honorable Jeremy D. Fogel<br><br>Date Complaint Filed:  July 2, 2007<br>Date Set For Trial:        None |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE
Case No. 5:07-CV-03444-JF

17289\1407290.1

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

I.    RULES 9(B) AND 12(B)(6) REQUIRE THE SEC TO PLEAD DETAILED
      FACTS ....................................................................................................................... 2

II.   THE SEC FAILS TO PLEAD ITS CLAIMS AGAINST MR. LESLIE WITH THE
      SPECIFICITY REQUIRED UNDER RULE 9(B). ................................................... 4

      A.    The First, Second, and Fifth Claims Must be Dismissed for Failure to Plead
            the Requisite Details of Mr. Leslie's Alleged False Statements. ...................... 4

      B.    The First, Second, and Fifth Claims Must Be Dismissed Because the SEC
            Has Not Sufficiently Alleged Facts as to Why Any Alleged Statements are
            False. .................................................................................................................. 5

            1.    The SEC Does Not Allege a Valid Omissions Claim Under 13b2-2 .......... 7

      C.    The SEC's Group Allegations Do Not Adequately Allege Mr. Leslie's Role
            in Violating any of the Securities Laws (All Claims). ...................................... 8

      D.    The SEC Has Not Adequately Alleged Scienter ............................................... 11

III.  MATERIALITY CANNOT BE ESTABLISHED AS A MATTER OF LAW ............... 13

IV.   THE SEC'S UNTIMELY PRAYER FOR PENALTIES SHOULD BE
      STRICKEN ............................................................................................................... 13

CONCLUSION .................................................................................................................... 15

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE                    - i -
Case No. 5:07-CV-03444-JF

17289\1407290.1

1

## <u>TABLE OF AUTHORITIES</u>

2
<u>Page</u>

3

## FEDERAL CASES

4

*3M Co. v. Browner,*
        17 F.3d 1453 (D.C. Cir. 1994) ........................................................................ 15

5

*In re Apple Computer Inc., Deriv. Litig.,*
        2007 WL 4170566 (N.D. Cal. 2007) ................................................................ 15

6

7

*In re Atmel Corp. Deriv. Litig.,*
        2007 U.S. Dist. LEXIS 54058 (N.D. Cal. 2007) .............................................. 15

8

*Augustus v. Bd. of Public Instr.,*
        306 F.2d 862 (5th Cir. 1962) ........................................................................... 14

9

10

*Balistreri v. Pacifica Police Dept.,*
        901 F.2d 696 (9th Cir. 1988) ............................................................................. 2

11

*Bell Atlantic Corp. v. Twombly,*
        127 S. Ct. 1955 (2007) .................................................................................. 2, 3

12

13

*Beshears v. Provident Life and Acc. Ins. Co.,*
        2007 WL 1438738 (D. Ariz. 2007) .................................................................... 5

14

*Boblos's Inc. v. Burlington Ins. Co.,*
        2007 WL 3165535 (E.D. Cal. 2007) .................................................................. 5

15

16

*Edwards v. Marin Park, Inc.,*
        356 F.3d 1058 (9th Cir. 2004) ........................................................................... 5

17

*Fecht v. Price,*
        70 F.3d 1078 (9th Cir. 1995) .................................................................. 3, 5, 13

18

19

*Federal Election Com'n v. Williams,*
        104 F.3d 237 (9th Cir. 1996) ........................................................................... 14

20

*Glassman v. Computervision Corp.,*
        90 F.3d 617 (1st Cir. 1996) ............................................................................. 13

21

22

*In re GlenFed, Inc. Sec. Litig.,*
        11 F.3d 843 (9th Cir. 1993) ............................................................................. 11

23

*In re GlenFed, Inc. Sec. Litig.,*
        42 F.3d 1541 (9th Cir. 1994) ......................................................... 2, 6, 11, 13

24

25

*Gompper v. VISX, Inc.,*
        298 F.3d 893 (9th Cir. 2002) ............................................................................. 2

26

*Howard v. SEC,*
        376 F.3d 1136 (D.C. Cir. 2004) ...................................................................... 10

27

28

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE          - ii -
Case No. 5:07-CV-03444-JF

17289\1407290.1

*Johnson v. SEC*,
    87 F.3d 484 (D.C. Cir. 1996) ........................................................................................ 14

*Kaplan v. Rose*,
    49 F.3d 1363 (9th Cir. 1994) .......................................................................................... 4

*Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*,
    2007 WL 3047093 (S.D. Cal. 2007) .............................................................................. 11

*Moore v. Brewster*,
    96 F.3d 1240 (9th Cir. 1996) .......................................................................................... 4

*National Western Life Ins. Co. v. Merrill Lynch*,
    175 F. Supp. 2d 489 (S.D.N.Y. 2000) .......................................................................... 12

*Orlando v. Carolina Cas. Ins. Co.*,
    2007 WL 781598 (E.D. Cal. 2007) ................................................................................. 5

*Parnes v. Gateway 2000, Inc.*,
    122 F.3d 539 (8th Cir. 1997) ........................................................................................ 13

*PYR Energy Corp. v. Samson Res. Co.*,
    2007 WL 858804 (E.D. Tex. 2007) ................................................................................ 7

*In re Ross System Sec. Litig.*,
    1994 WL 583114 (N.D. Cal. 1994) ............................................................................ 9, 11

*SEC v. Autocorp Equities, Inc.*,
    292 F. Supp. 2d, 1310 (D. Utah 2003) ........................................................................ 11

*SEC v. Baxter*,
    2007 WL 2013958 (N.D. Cal. 2007) .......................................................................... 3, 11

*SEC v. Brady*,
    2006 WL 1310320 (N. D. Tex. 2006) ............................................................................ 9

*SEC v. Buntrock*,
    2004 WL 1179423 (N.D. Ill. 2004) .......................................................................... 12, 14

*SEC v. DiBella*,
    409 F. Supp. 2d 122 (D. Conn. 2006) ......................................................................... 14

*SEC v. Harden*,
    2006 WL 89864 (W.D. Mich. 2006) ............................................................................ 14

*SEC v. Hoover*,
    903 F. Supp. 1135 (S.D. Tex. 1995) ............................................................................ 13

*SEC v. ICN Pharm., Inc.*,
    84 F. Supp. 2d 1097 (C.D. Cal. 2000) ........................................................................... 6

*SEC v. Jones*,
    476 F. Supp. 2d 374 (S.D.N.Y. 2007) ..................................................................... 14, 15

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE          - iii -
Case No. 5:07-CV-03444-JF

17289\1407290.1

*SEC v. Levin*,
    232 F.R.D. 619 (C.D. Cal. 2005) ........................................................................... 6

*SEC v. Parnes*,
    2001 WL 1658275 (S.D.N.Y. 2001) .................................................................. 9, 12

*SEC v. Republic Nat'l Life Ins. Co.*,
    378 F. Supp. 430 (S.D.N.Y. 1974) ...................................................................... 12

*SEC v. Rind*,
    991 F.2d 1486 (9th Cir. 1993) ......................................................................... 13, 14

*SEC v. Roanoke Tech. Corp.*,
    2006 WL 2470329 (M.D. Fla. 2006) .................................................................. 12

*SEC v. Sandifur*,
    2006 WL 538210 (W.D. Wash. 2006) ........................................................... 7, 10, 11

*SEC v. Shapiro*,
    2007 WL 788335 (E.D. Tex. 2007) ..................................................................... 12

*SEC v. Tandem Mgmt. Inc.*,
    2001 WL 1488218 (S.D.N.Y. 2001) ................................................................... 14

*SEC v. Tambone*,
    417 F. Supp. 2d 127 (D. Mass. 2006) ................................................................ 12

*SEC v. Todd*,
    2006 U.S. Dist. LEXIS 41182 (S.D. Cal. 2006) ............................................... 12

*SEC v. U.S. Envt'l, Inc.*,
    897 F. Supp. 117 (S.D.N.Y. 1995) ...................................................................... 9

*SEC v. Yuen*,
    221 F.R.D. 631 (C.D. Cal. 2004) ........................................................................ 9

*Shuster v. Symmetricon, Inc.*,
    1997 WL 269490 (N.D. Cal. 1997) ................................................................... 13

*In re Silicon Storage Tech., Inc.*,
    2006 WL 648683 (N.D. Cal. 2006) ...................................................................... 6

*In re Stac Electrics Sec. Litig.*,
    89 F.3d 1399 (9th Cir. 1996) ............................................................................... 3

*Stack v. Lobo*,
    903 F. Supp. 1361 (N.D. Cal. 1995) .................................................................... 7

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) .............................................................................. 9

*Syncor Intern. Corp. Sec. Litig.*,
    327 F. Supp. 2d 1149 (C.D. Cal. 2004) .............................................................. 6

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE          - iv -
Case No. 5:07-CV-03444-JF

17289\1407290.1

*Tapley v. Lockwood Green Eng'rs, Inc.*,
    502 F.2d 559 (8th Cir. 1974)..................................................................................... 14

*In re Tibco*,
    2006 U.S. Dist. LEXIS 36666 (N.D. Cal. 2006)..................................................... 10

*In re U.S. Aggregates, Inc. Sec. Litig.*,
    235 F. Supp. 2d 1063 (N.D. Cal. 2002) ................................................................... 6

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)................................................................................... 3

*Wenger v. Lumisys, Inc.*,
    2 F. Supp. 2d 1231 (N.D. Cal. 1998) ....................................................................... 6

*Yourish v. California Amplifier*,
    191 F.3d 983 (9th Cir. 1999)................................................................................. 6, 7

**FEDERAL STATUTES**

15 U.S.C. § 78u-4(b)(1) ................................................................................................... 6

17 C.F.R. § 240.13b2-2 ................................................................................................... 7

28 U.S.C. § 2462 ........................................................................................................... 13

Federal Rule of Civil Procedure 9(b) ................................................................... passim

Federal Rule of Civil Procedure 12(B)(6)................................................................. 2, 3

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE          - v -
Case No. 5:07-CV-03444-JF

17289\1407290.1

1

## INTRODUCTION

2   The SEC has wide-ranging investigatory powers and is permitted to bring enforcement

3   actions that other plaintiffs cannot.  But despite its self-described "arsenal of weapons" and the

4   benefit of a broad investigation spanning some five years, the SEC's Complaint against Mark

5   Leslie is demonstrably deficient.  The SEC's Opposition to Motion to Dismiss ("Opp." or

6   "Opposition") highlights this reality by attempting to downplay both the stringent requirements of

7   Federal Rule of Civil Procedure 9(b) and the import of the applicable statute of limitations.  Even

8   a cursory review of the law and the thin allegations against Mr. Leslie reveal why it is important

9   that the SEC – in fulfilling its important regulatory and enforcement roles – be compelled to

10  comply with its pleading responsibilities in this case.

11      Each of the SEC's claims against Mr. Leslie sounds in fraud, and therefore each claim is

12  subject to, but indeed does not satisfy, the particularity requirements of Rule 9(b).  For example,

13  while the Complaint generally alleges that Mr. Leslie made false representations and omissions to

14  the public and to Veritas' auditors, the Complaint never identifies the "time, place and nature of

15  the alleged fraudulent activities" as 9(b) requires.  Similarly, with respect to its securities fraud

16  claims, the SEC points vaguely to undisclosed fraudulent statements in unspecified "false and

17  misleading press releases" and "earnings release teleconferences" without alleging what

18  statements were made, when, and by whom.  Nor does the SEC allege with specificity *why* any

19  alleged misrepresentations were false when made, and what Mr. Leslie's individual role was in

20  any part of the alleged fraudulent scheme.

21      Rather than address these Rule 9(b) flaws, the SEC attempts to erect a "straw man" by

22  misconstruing Mr. Leslie's challenges to the Complaint as an attempt to misapply to the SEC the

23  pleading standards of the Private Securities Law Reform Act ("PSLRA") (including the

24  requirement that private plaintiffs plead a "strong inference of scienter").  In fact, the so-called

25  PSLRA decisions that the SEC notes Mr. Leslie cited in his Motion (Opp. 30:11-31:2) stand for

26  the proposition, well established under Ninth Circuit precedent, that Rule 9(b) (not the PSLRA)

27  requires the Commission to plead with particularity *why* alleged fraudulent statements are false.

28  In fact, as the Ninth Circuit made clear in *In Re GlenFed*, pleading falsity as well as specific

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE          - 1 -
Case No. 5:07-CV-03444-JF

17289\1407290.1

1   details regarding the alleged fraud is a necessary step in adequately pleading scienter under

2   Rule 9(b). *In Re GlenFed Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994). The SEC's insistence that it

3   should get a free pass on pleading both falsity and scienter because it is not bound by the PSLRA

4   is especially misleading in light of the many cases within the Ninth Circuit, following *GlenFed*,

5   and throughout the Second, Seventh, Fifth and Eleventh Circuits as well, that have required the

6   Commission to plead detailed facts in support of its scienter allegations.

7        It is understandable, but not excusable, that the SEC would attempt to avoid its

8   responsibility to plead specific facts here, where its five-year long investigation has not yielded

9   sufficient grounds for claims against Mr. Leslie, where the SEC cannot establish that any of

10   Mr. Leslie's alleged misstatements or omissions had a material impact, and where the SEC's

11   attempt to avoid application of *any* statute of limitations regarding events that are alleged to have

12   occurred in 2000 and 2001 is doomed as a matter of law. The Complaint should be dismissed.

13                **ARGUMENT**

14   **I.**    **RULES 9(B) AND 12(B)(6) REQUIRE THE SEC TO PLEAD DETAILED FACTS**

15        The SEC tries to set the pleading bar as low as possible to make it more likely that its

16   Complaint will pass muster. In describing the standard of review under Rule 12(b)(6), for

17   example, the Commission selectively cites to district-court cases requiring that "all doubts" be

18   resolved in its favor (Opp. 22:8-9), ignoring Ninth Circuit authority holding that "the court must

19   consider *all* reasonable inferences to be drawn from the allegations, including inferences

20   *unfavorable* to the plaintiffs." *Gompper v. VISX, Inc.*, 298 F.3d 893, 897 (9th Cir. 2002)

21   (emphasis added). The SEC also disregards established authority that, to survive a Rule 12(b)(6)

22   Motion to Dismiss, it must allege sufficient *facts* entitling it to relief on each element of its

23   claims. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) ("Factual allegations

24   must be enough to raise a right to relief above the speculative level . . . on the assumption that all

25   the allegations in the complaint are true"); *see also Balistreri v. Pacifica Police Dept.*, 901 F.2d

26   696, 699 (9th Cir. 1988) ("the absence of sufficient facts alleged under a cognizable legal theory"

27   is grounds for dismissal under Rule 12(b)(6)). Where a complaint is attacked by a Rule 12(b)(6)

28   motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE   - 2 -
Case No. 5:07-CV-03444-JF

17289\1407290.1

1  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

2  action will not do." *Twombly*, 127 S. Ct. at 1964.

3      The SEC also seeks to narrowly define the requirements and applicability of Rule 9(b) in

4  hopes of lowering the bar that will be applied to its claims. Here, where the SEC has alleged a

5  "fraudulent scheme" (Opp. 4:12-13), Rule 9(b) applies to each of its claims arising from alleged

6  fraudulent conduct. *See, e.g., Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir.

7  2003). Even if the Commission had not alleged such a scheme, Rule 9(b) would apply because

8  each of the claims against Mr. Leslie sounds in fraud. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399,

9  1403-05 (9th Cir. 1996). The SEC's claim (Opp., fn. 4) that Rule 9(b) does not apply to Section

10  17(a)(2) and (3) violations where scienter is not required is thus wrong on multiple counts. *See*

11  *SEC* v. *Baxter*, 2007 WL 2013958, *8 (N.D. Cal. 2007) (Rule 9(b) applies to claims grounded in

12  fraud regardless of whether scienter is a required element). The SEC's stated "position" (in the

13  face of precedent within the Ninth Circuit to the contrary) that its Section 13 claims do not require

14  a showing of scienter and need not comply with Rule 9(b) is also wrong. (Opp. 43:20-23, fn. 14

15  (citing case from the E.D. of Missouri for the proposition that scienter is not required under

16  Rule 13b2-2)); *compare Baxter*, 2007 WL 2013958, *8-9 (N.D. Cal. 2007).

17      The SEC characterizes Mr. Leslie's Rule 9(b) challenges as requesting "a pleading of

18  detailed evidence concerning each and every fraudulent act committed by the defendants"

19  through the presentation of "detailed evidentiary matter." (Opp. 29:9-15). In fact, however,

20  Mr. Leslie seeks only to require the SEC to specifically plead each element of its fraud case as

21  required by Rule 9(b). Under Rule 9(b), "[a]verments of fraud must be accompanied by the who,

22  what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1106 (internal

23  quotations omitted). In addition, "a plaintiff must set forth more than the neutral facts necessary

24  to identify the transaction. The plaintiff must set forth what is false or misleading about a

25  statement, and why it is false." *Id*. Even the SEC admits it must allege the "time, place and nature

26  of the alleged fraudulent activities" to satisfy Rule 9(b). (Opp. 23:8-11 (*citing Fecht v. Price,* 70

27  F.3d 1078, 1082 (9th Cir. 1995)). The Complaint's failure to do so mandates dismissal.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE
Case No. 5:07-CV-03444-JF

- 3 -

17289\1407290.1

1

2

## II.    THE SEC FAILS TO PLEAD ITS CLAIMS AGAINST MR. LESLIE WITH THE SPECIFICITY REQUIRED UNDER RULE 9(B).

3

4

5

6

7

The SEC's Opposition neither addresses nor ameliorates the Complaint's lack of specificity.  For example, the SEC summarily cites up to 19 paragraphs of the Complaint at a time in support of its contention that Rule 9(b) is satisfied.  (*See, e.g.*, Opp. 26:4).  Surely, if the SEC had specific allegations to which it could refer, it would have done so rather than requiring the Court to comb through its multiple-paragraph cites in search of missing particularity.

8

9

10

11

Each of the SEC's claims against Mr. Leslie is deficient as a result of the SEC's failure adequately to allege:  (1) the *time*, *place*, and *nature* of alleged false statements or omissions; (2) *why* any alleged statements or omissions were false; (3) Mr. Leslie's individual *role* in making any such statements; and/or (4) that Mr. Leslie acted with the requisite *scienter*.

12

13

### A.    The First, Second, and Fifth Claims Must be Dismissed for Failure to Plead the Requisite Details of Mr. Leslie's Alleged False Statements.

14

15

16

17

18

19

The securities fraud claims (First and Second Claims) should be dismissed because the Complaint does not sufficiently identify *what* specific statements by Mr. Leslie are alleged to be false and *when* they were made.  *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) ("The pleadings must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud."); *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996) (dismissing under Rule 9(b) where plaintiff "failed to identify any specific statements").

20

21

22

23

24

25

26

The allegations regarding the publication of allegedly misleading financial results – the heart of the SEC's securities fraud claims under §17(a) and 10(b) – are conspicuously lacking in detail.  Notably, the SEC spends only *one* paragraph in the Complaint, comprised of five lines of text, on all of the unspecified public misrepresentations which "Leslie and Lonchar"[1] are accused of participating in or approving.  (¶49.)  That paragraph vaguely refers to "the 2000 10-K" as well as "misleading press releases" and "earnings release teleconferences" in which unidentified material misstatements were allegedly made.  (*Id.*)  This is patently insufficient under Rule 9(b).

27

28

[1] The insufficiency of the SEC's group pleading allegations is addressed below at §I.C.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE
Case No. 5:07-CV-03444-JF

- 4 -

17289\1407290.1

1    *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (dismissing with prejudice

2    where plaintiff failed to plead content of alleged false statements); *accord Beshears v. Provident*

3    *Life and Acc. Ins. Co.*, 2007 WL 1438738, *2 (D. Ariz. 2007); *Boblos's Inc. v. Burlington Ins.*

4    *Co.*, 2007 WL 3165535, *6 (E.D. Cal. 2007). The SEC's reference to its preceding allegations

5    about the AOL deals (Opp. 36:5-7) does not substitute for the required detail as to *what* specific

6    statements in what specific public disclosures are alleged to have been misleading.

7         The Complaint is also not sufficiently specific as to *when* these statements were allegedly

8    made. The SEC cannot, as it attempts to do, simply point to the entirety of the annual report,

9    press releases, and other disclosures – over a period of at least a year – and assert that

10   (unidentified) statements in those documents are false when aggregated in some (unspecified)

11   manner. *Orlando v. Carolina Cas. Ins. Co.*, 2007 WL 781598, *8 (E.D. Cal. 2007) (dismissing

12   under Rule 9(b) where plaintiff "does not allege when the misrepresentations occurred"). The

13   SEC's claim that these non-specific allegations are sufficient because it is "clear and reasonable"

14   to assume that these alleged disclosures "occurred in 2001" (Opp. 26:2-4) makes this point.

15        The SEC's failure to detail the "time, place and nature of the alleged fraudulent

16   activities," *Fecht*, 70 F.3d at 1082, is nowhere more apparent than with regard to Mr. Leslie's

17   alleged "misrepresentations to the auditors" (Fifth Claim). (*See* ¶¶ 32, 37-38, 46-47). The SEC

18   alleges that Mr. Leslie participated in "multiple meetings" with the auditors about the AOL

19   transactions over a two-month period. (Opp. 26:2-7.) However, the Complaint does not

20   sufficiently particularize (nor does the Opposition adequately explain): (1) how many times

21   Mr. Leslie is alleged to have spoken with the auditors; (2) the nature of any communications

22   (whether by telephone, in person, or otherwise); (3) on what specific date any communications

23   took place, or (4) which Ernst & Young employee(s) Mr. Leslie is alleged to have interacted with.

24   The SEC's failure to allege with particularity the substance, timing, and other circumstances of

25   any misstatements violates Rule 9(b), mandating dismissal of the First, Second, and Fifth Claims.

26        **B.    The First, Second, and Fifth Claims Must Be Dismissed Because the SEC Has
27              Not Sufficiently Alleged Facts as to *Why* Any Alleged Statements are False.**

28        The SEC cannot summarily allege – as it does now – that statements are false. It must

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE          - 5 -
Case No. 5:07-CV-03444-JF

17289\1407290.1

1    instead "set forth an explanation as to *why* the statement or omission" was false or misleading.

2    *GlenFed*, 42 F.3d at 1548.  Ninth Circuit "cases have consistently required that circumstances

3    indicating falseness be set forth" in the complaint.  *Id.*; *see also Yourish v. California Amplifier*,

4    191 F.3d 983, 995 (9th Cir. 1999) ("unsupported general claims" as to falsity insufficient under

5    Rule 9(b)).

6           Rather than address the Complaint's utter lack of allegations as to "why" alleged

7    misstatements are false, the SEC argues that it is not bound by the PSLRA, which requires private

8    plaintiffs to allege with particularity both "a strong inference of scienter" as well as "the reason or

9    reasons why the statement is misleading."  (Opp. 29:19-11.); 15 U.S.C.§78u-4(b)(1).  This is a

10   red herring.  Rule 9(b)'s requirement that the SEC plead facts showing *why* an alleged

11   misstatement is false applies regardless of the applicability of the PSLRA.[2]  *See, e.g.*, *GlenFed*,

12   42 F.3d at 1548; *In re U.S. Aggregates, Inc. Sec. Litig.*, 235 F.Supp. 2d 1063, 1069 (N.D. Cal.

13   2002) (PSLRA did not alter falsity requirements of Rule 9(b)).[3]

14          With respect to both its securities fraud claim and its claim under Rule 13b2-2, the SEC

15   does not sufficiently allege *why* Mr. Leslie's alleged "misstatements" to the Company's auditors

16   were false when made.  (¶38.)  Paragraph 38 of the Complaint describes four statements

17   Mr. Leslie allegedly made to the auditors, none of which appears false on its face or in

18   conjunction with any other allegations in the Complaint.  (*Id.*)  Nothing in the Complaint

19   suggests, for example, that the contracts were not "fairly priced" at $50 million and $20 million,

20   respectively, or that AOL's commitment to pay the fee for the license was "contingent" on

21

22   _____

23   [2] The SEC devotes several pages to an attempt to distinguish cases Mr. Leslie cited in his Motion
     on the grounds that they "apply PSLRA standards" (Opp. 30, fn. 7).  However, these cases,
24   including *In re Syncor Intern. Corp. Sec. Litig.*, 327 F.Supp.2d 1149 (C.D. Cal. 2004), *Wenger v.
     Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1251 (N.D. Cal. 1998), and *In re Silicon Storage Tech., Inc.*,
25   2006 WL 648683, *6 (N.D. Cal. 2006), were cited for the law on falsity requirements of
     Rule 9(b), which apply equally to the SEC as to private plaintiffs.  (Motion at 9-10.)  That the
26   SEC makes no attempt to substantively distinguish these cases is significant.

     [3] *SEC v. Levin*, 232 F.R.D. 619, 623 (C.D. Cal. 2005) and *SEC v. ICN Pharm., Inc*., 84 F. Supp.
27   2d 1097, 1099 (C.D. Cal. 2000) are not to the contrary.  There, the Central District held that the
     SEC need not show the "strong inference of scienter" required of private plaintiffs under the
28   PSLRA, but did not address Rule 9(b)'s requirement that falsity be plead with particularity.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE          - 6 -
Case No. 5:07-CV-03444-JF

17289\1407290.1

1    Veritas entering into the advertising purchase. (*Id.*)[4]  The SEC cannot under Rule 9(b) allege a

2    string of factual statements and imply that they are somehow false without providing the factual

3    basis for the claimed falsity.  *See, e.g.*, *Stack v. Lobo*, 903 F.Supp. 1361, 1370 (N.D. Cal. 1995)

4    (dismissing under 9(b) where "plaintiffs have not even alleged that Defendants' statements were

5    literally false").  The Complaint does not explain how any of these alleged statements were in

6    conflict with other contemporaneous statements by or available to Mr. Leslie.  *See Yourish*, 191

7    F.3d at 994.  The SEC's conclusory allegation that Mr. Leslie made statements while having

8    "knowledge of the true nature" of the transaction (Opp. 6:17-18) is precisely the type of

9    conclusory pleading found insufficient to plead falsity in *Yourish.  Id.*

10              **1.    The SEC Does Not Allege a Valid Omissions Claim Under 13b2-2.**

11           Given the weakness of the allegations of "misstatements" to the auditors in paragraph 38,

12   it appears that the heart of the SEC's 13b2-2 claim is actually an alleged omission – that

13   Mr. Leslie allegedly did not tell the auditors about the exact timing of the negotiations leading to

14   the AOL advertising and software deals.  Even as an omission case, however, the SEC's claim

15   fails.  *See* 17 CFR § 240.13b2-2 (*material* omission violates rule only where omitted fact is

16   "necessary in order to make statements made, in light of the circumstances . . . not misleading.")

17           *First*, the SEC does not, as it must, allege that the omitted negotiation history was material

18   to the auditors' issuance of an unqualified audit opinion for Veritas.  *Id.*; *compare SEC v.*

19   *Sandifur*, 2006 WL 538210, *8 (W.D. Wash. 2006).  In *Sandifur*, the court found a Rule 13b2-2

20   claim properly plead where the complaint alleged with particularity that defendant had

21   "knowingly concealed information he *knew* was critical to Ernst & Young's approval of the deal."

22   (*Id.*) (emphasis added).  In contrast here, Mr. Leslie is not alleged to have known that the

23   negotiation history of the deals was "critical" to Ernst & Young's approval of Veritas' financials.[5]

24   _____

25   [4] The SEC's claims regarding an allegedly "misleading representation letter" (¶47) also fail
     Rule 9(b).  The SEC alleges no fact that would indicate *why*, for example, the statement "the
26   AOL contracts had been recorded at fair value within reasonable limits" is false on Mr. Leslie's
     part. Indeed, the SEC alleges that it was Messrs. Lonchar and Sallaberry, not Mr. Leslie, who
     were responsible for documenting and accounting for the deals.  (¶25, 30); (*see infra* at § I.C.)

27   [5] The SEC misconstrues Mr. Leslie's citation to *PYR Energy Corp. v. Samson Res. Co.*, 2007 WL
     858804, *2 (E.D. Tex. 2007).  (Opp. 32:13-33:6.)  Mr. Leslie's opening brief cited *PYR Energy*
28   for its analysis of whether an intentional omission case can *logically* exist where the person

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE         - 7 -
Case No. 5:07-CV-03444-JF                                                    17289\1407290.1

1   *Second*, the SEC does not allege that the information allegedly withheld was "necessary in

2   order to make any other statements" not misleading under the circumstances.  Significantly, the

3   Opposition does nothing to clarify how the negotiations history, which the auditors allegedly *did*

4   *not* know, could possibly be material in light of what the auditors *did* know: that the two deals

5   closed concurrently.  (¶32); (Opp. 8:7-9.))[6]  If there could possibly be more detail about the

6   negotiation history that was crucial to the determination of "whether Veritas could recognize

7   revenue on the license in the amount of $50 million," (*id*.) why is there no allegation that the

8   auditors asked Mr. Leslie about those details?[7]  The SEC tries to gloss over this point and allege

9   omissions by Mr. Leslie "regardless of what the auditors may have known at the time." (Opp.

10  42:1).  This is not allowed under Rule 132b-2 or Rule 9(b).  The Fifth Claim should be dismissed.

11  **C.    The SEC's Group Allegations Do Not Adequately Allege Mr. Leslie's Role in
12         Violating any of the Securities Laws (All Claims).**

13  Unable or unwilling to identify actionable individual conduct by Mr. Leslie, the SEC

14  relies on group allegations as if the actions of others can be imputed to Mr. Leslie by association.[8]

15  Although the SEC claims that the *gravamen* of its Complaint is "a fraudulent scheme" and

16  frequently groups one or more defendants together in its allegations (¶¶1-2, 5, 32, 46-49, 78), "the

17  SEC has not plead any specifics as to the individual Defendants' alleged participation in the

18  scheme, such as who devised the scheme, when it was devised, and when each Defendant joined

19  allegedly omitting facts had no reason to know that the facts omitted were important.  (Motion at
20  12, fn. 8.)  Similarly, scienter cannot logically be plead sufficiently where the SEC claims
    Mr. Leslie "intentionally" omitted facts regarding the negotiation history of the AOL deals that he
21  had no reason to know were important.

22  [6] Notably, there is nothing in the Complaint to suggest that Mr. Leslie acted in concert with any
    other person in an attempt to keep the auditors from finding out about the negotiations history
23  from any source, including the Audit Committee (which the SEC concedes had been fully
    informed about the negotiations and met with the auditors during the audit). (Opp. 33:14-15).

24  [7] The SEC's vague allegations that the auditors "informed Mr. Leslie of the accounting literature
    on point" and "explained to him the accounting issues implicated" (Opp. 32:1-9) is notably
25  lacking detail, including any specific allegation that the auditors informed Mr. Leslie that the
    timing of the negotiations was somehow critical to the audit opinion.

26  [8] For example, the SEC Opposition asserts (with *no* support in the Complaint) that "at Leslie's
    request, Sallaberry joined the AOL round-trip transaction scheme." (*See, e.g.*, Opp. 40:22-23.)
27  In fact, the Complaint does not properly allege any such scheme, nor any "request" by Mr. Leslie
    that anyone "join" the scheme.  This unsupported statement, like the remainder of the SEC's
28  overbroad group allegations, should be disregarded.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE          - 8 -
Case No. 5:07-CV-03444-JF

17289\1407290.1

1    it." *See SEC v. Yuen*, 221 F.R.D. 631, 636 (C.D. Cal. 2004) ("[e]ven though the PSLRA's

2    heightened pleading requirements do not apply to actions brought by the SEC, this Court will not

3    allow the SEC to abuse the group pleading doctrine by asserting non-specific claims"); *see also*

4    *SEC v. U.S. Envtl., Inc.*, 897 F. Supp. 117, 122 (S.D.N.Y. 1995) (dismissing SEC's claims where

5    allegations impermissibly lumped defendants together); *SEC v. Parnes*, 2001 WL 1658275, *4-5

6    (S.D.N.Y. 2001); *SEC v. Brady*, 2006 WL 1310320, *4, fn. 4 (N. D. Tex. 2006) (disregarding

7    allegations in which SEC relied on improper group pleading).[9]

8         None of the other Defendants' alleged actions have been or can be attributed to

9    Mr. Leslie.  Nowhere does the SEC specifically allege that Mr. Leslie directed Mr. Lonchar or

10   Mr. Sallaberry to commit fraud, nor that he even knew of their allegedly fraudulent actions

11   outlined in the Complaint.  The SEC alleges that it was "Lonchar [who] improperly booked" the

12   revenue from the AOL deal (Opp. 25:17-18), but nowhere does it claim that Mr. Leslie instructed

13   Mr. Lonchar to do so or was otherwise involved in any way in documenting or accounting for the

14   transactions.  The Complaint alleges that Mr. Sallaberry arranged an undocumented payment

15   arrangement with AOL (Opp. 7:5-8), but does not allege that Mr. Leslie was aware of this

16   arrangement nor responsible in any way for its existence.  (*Id.*, 7:22-23).  Notably, the SEC

17   spends a dozen paragraphs of the Complaint attempting to allege misrepresentations to the

18   auditors by Messrs. Lonchar and Sallaberry (¶¶34-36, 39-45), but Mr. Leslie is not alleged to have

19   influenced either defendant in any way with respect to those communications.[10]

20        The Complaint is equally devoid of details as to what role, if any, Mr. Leslie played in

21   preparing or issuing an allegedly defective representation letter (¶47) or misleading financial

---

22   [9] The SEC cites *Baxter* for the *per se* proposition that "grouping" defendants together does not
violate Rule 9(b).  (Opp. 33, fn. 9.)  However, more recent Ninth Circuit authority has clarified

23   that such group pleading is not permitted.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 756-6 (9th
Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together

24   but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant").
Moreover here, after a five year investigation, there is no reason – and the SEC offers none – why

25   if it has viable claims, it cannot adequately plead individual culpability.  *See In re Ross Sys. Sec.
Litig.*, 1994 WL 583114, *6 (N.D. Cal. 1994) (rationale for group pleading is to remove barriers

26   to private suit where information is wholly within control of corporate insiders).

27   [10] In fact, the SEC's allegation that Mr. Leslie "did not ask whether Lonchar had discussed or
cleared the accounting with the auditors" (Opp. 8:26) only favors the inference that Mr. Leslie did

28   nothing to influence the auditors' gathering of information from other sources.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE
Case No. 5:07-CV-03444-JF

- 9 -

17289\1407290.1

1    results, including the 2000 10-K and unspecified press releases and earnings release

2    teleconferences (¶49).[11]  The Complaint's bare allegations that "Leslie and Lonchar" "gave" and

3    "approved" these alleged misstatements are patently insufficient under Rule 9(b).  (*Id.*); *see In re*

4    *Tibco*, 2006 U.S. Dist. LEXIS 36666, *82-83 (N.D. Cal. 2006) (plaintiffs' "conclusory

5    allegations that defendants were involved in drafting, producing, reviewing and/or disseminating

6    the false and misleading statements" were insufficient under 9(b).)

7         Neither does the Complaint, as the SEC suggests, "detail[] how each of the [defendants]

8    falsified or caused to falsify [sic.] Veritas' books, records, or accounts by creating false

9    documentation regarding the true nature of the AOL transaction and Veritas' financial

10   statements . . . ." (Opp. 44:3-5).  The SEC levels allegations on this point as to Messrs. Lonchar

11   and Sallaberry (Opp. 9:20-22, 11:7-8), but *none* as to Mr. Leslie, mandating dismissal of the

12   Third Claim as to him.[12]  Finally, the Complaint does not adequately allege an aiding and abetting

13   violation (Sixth Claim) because it does not allege:  (1) how and why Veritas' accounting

14   treatment of the AOL deals constitutes a violation of the securities laws; (2) that Mr. Leslie

15   substantially assisted in any such violation; or (3) that Mr. Leslie *actually knew* "of the illegality"

16   of his conduct in furthering such a violation.  *See, e.g.*, *Howard v. SEC*, 376 F.3d 1136, 1142-43

17   (D.C. Cir. 2004); *Sandifur*, 2006 WL 538210, *12 (dismissing aiding and abetting claim where

18   SEC's complaint did not allege defendant's actual knowledge that transaction would be

19   improperly reported).  Mr. Leslie's involvement in negotiating the AOL deals does not constitute

20   aiding and abetting a securities law violation.  *Id.*  Each of the SEC's claims against Mr. Leslie

21   fails to set forth factual details required under Rule 9(b), thus mandating dismissal.

22

23   [11] The SEC's irrelevant group allegation at ¶78 of the Complaint that Mr. Leslie, among others,
     was "consulted in connection with the Company's efforts to avoid a story about its transactions
24   with AOL" is off the mark.  Veritas' handling of media inquiries in 2003, two years after
     Mr. Leslie retired as CEO (Opp. 3:20), has nothing whatsoever to do with the SEC's securities
25   law claims against Mr. Leslie.  The SEC's attempt to embellish upon this vague allegation to
     argue that Mr. Leslie "was aware of, or participated in, a Company effort to mislead a newspaper
26   reporter" (Opp. 55:9-12) is thus disingenuous at best.

27   [12] The SEC's claim that "Leslie, Lonchar and Sallaberry . . . documented the deal" (Opp. 54:24-
     26) is patently unsupported.  There are no allegations in the Complaint that Mr. Leslie was
28   involved in documenting or accounting for the deal.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE          - 10 -
Case No. 5:07-CV-03444-JF

17289\1407290.1

1

### D.    The SEC Has Not Adequately Alleged Scienter.

2       The SEC's Second and Fifth claims against Mr. Leslie should be dismissed for the

3   additional reason that scienter is not sufficiently plead.  Scienter is an essential element of the

4   §l0(b) securities fraud claim (Second Claim) and the misrepresentations to auditors claim (Fifth

5   Claim) against Mr. Leslie.  *See, e.g., Baxter*, 2007 WL 2013958, *7; *see also Sandifur*, 2006 WL

6   538210, *3 ("In addition to alleging the falsity and materiality of a statement, the SEC must

7   adequately allege scienter.") (citations omitted); *see also SEC v. Autocorp Equities*, Inc., 292 F.

8   Supp. 2d. 1310, 1332 (D. Utah 2003) (Rule 13b2-2 "requires intent to deceive or recklessness.")

9       Rather than addressing Mr. Leslie's substantive challenges to its scienter allegations, the

10  SEC poses another "straw man" argument by claiming that Mr. Leslie is invoking the "strong

11  inference of scienter" requirement under the PSLRA and Second Circuit law.  (Opp. 29:28-

12  31:11).  In fact, however, Mr. Leslie has identified the ample authority in the Ninth Circuit

13  establishing that under Rule 9(b) the SEC must plead facts supporting scienter with particularity –

14  there is no free pass for the SEC on scienter in this Circuit.  The SEC's reliance on *In Re*

15  *GlenFed*, 42 F.3d 1541, for the proposition that it may plead scienter simply by "saying that

16  scienter existed" (Opp. 22:20-21) is thus misplaced.  In *GlenFed,* the Ninth Circuit made it clear

17  that to comply with Rule 9(b), plaintiffs are required to "allege[] with particularity the

18  circumstances constituting fraud," including falsity, from which an inference of scienter can be

19  drawn.  *Id*. at 1546.  Cases in this Circuit following *GlenFed* have interpreted its holding to

20  require allegations of particularized facts underlying scienter claims.  *See In re Ross Sys. Sec.*

21  *Litig.*, 1994 WL 583114, *3 (N.D. Cal. 1994) ("[a]lthough Rule 9(b) allows scienter to be pleaded

22  generally, courts have required that the facts pleaded provide a basis for a strong inference of

23  fraudulent intent"), *citing In re GlenFed, Inc. Sec. Litig.*, 11 F.3d 843, 848 (9th Cir. 1993); *Mat-*

24  *Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, 2007 WL 3047093, *4 (S.D. Cal. 2007) (factual

25  basis for scienter must be pleaded even in cases where scienter may be averred generally).

26      Moreover, since *GlenFed*, multiple courts within the Ninth, Second, Fifth, Seventh, and

27  Eleventh Circuits have applied the particularity requirement for scienter to the SEC.  *See, e.g*.,

28  *Baxter*, 2007 WL 2013958, *8, fn. 8 ("under Rule 9(b) scienter may be averred generally *only*

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE
Case No. 5:07-CV-03444-JF

- 11 -

17289\1407290.1

1   where the matter does not involve fraud or mistake") (emphasis added); *SEC v. Todd*, 2006 U.S.

2   Dist. LEXIS 41182, *29-30 (S.D. Cal. 2006) (requiring SEC to plead facts showing defendant

3   "knew or was reckless in not knowing that the statements in the management representation

4   letters were false"); *SEC v. Buntrock*, 2004 WL 1179423, *5 (N.D. Ill. 2004) (reviewing factual

5   allegations to determine whether SEC had adequately plead scienter with particularity required by

6   9(b)); *SEC v. Shapiro*, 2007 WL 788335, *7 (E.D. Tex. 2007) ("In securities fraud actions,

7   Rule 9(b) requires a plaintiff to set forth specific facts that support an inference of fraud.");

8   *accord SEC v. Roanoke Tech. Corp.*, 2006 WL 2470329, *5 (M.D. Fla. 2006).

9          The SEC seeks to avoid the heightened standards for pleading scienter for good reason:

10  its allegations with regard to Mr. Leslie's intent do not hold up to scrutiny.[13]   After repeatedly

11  describing, in notably vague terms, Mr. Leslie's e-mail disclosing the details – including the

12  negotiation history – of the AOL Deals, the SEC *finally* on page 33 of its Opposition admits that

13  the e-mail was, in fact, "sent to Veritas' board of directors."  (Opp. 33:14-15).  That Mr. Leslie

14  fully disclosed the circumstances of the AOL deal to the entire Board, including the Audit

15  Committee, is directly *inconsistent* with the SEC's claims that Mr. Leslie later intentionally

16  omitted "material" facts (*the exact same facts disclosed in the e-mail*) at a meeting of that very

17  Audit Committee.[14]   (¶46.)  These are not, as the SEC claims, "separate events involving different

18  sets of people divided by intervening time."  (Opp. 33:17-18).  This is the *same event* (the AOL

19  deals), being discussed with the *exact same people* (the Audit Committee), involving the *exact*

20  *same information* the SEC is now claiming was omitted or misrepresented.  The SEC's

21  allegations are indeed entirely inconsistent with any scienter on Mr. Leslie's part.  Nor are the

22  SEC's scienter allegations saved by the Commission's blanket assertion that "Mr. Leslie . . .

23

24  [13] That the SEC admittedly investigated this case "for a number of years" (Opp. 35, fn. 10) makes
    its attempt to downplay applicable pleading standards even more problematic.  *See, e.g.*, *Parnes*,
25  2001 WL 1658275, *5 (emphasizing particularity requirements where SEC investigated for 3
    years); *accord SEC v. Tambone*, 417 F. Supp. 2d 127, 132 (D. Mass. 2006); *SEC v. Republic*
26  *Nat'l Life Ins. Co.*, 378 F. Supp. 430, 449 (S.D.N.Y. 1974).

    [14] The SEC's Opposition does not adequately address Mr. Leslie's legal argument that to the
27  extent the SEC alleges any facts as to scienter at all, the allegations are in direct conflict with one
    another and are thus subject to dismissal for failure to state a claim. (*See* Motion, 12:8-13:4, *citing*
28  *Natl. Western Life Ins. Co. v. Merrill Lynch*, 175 F. Supp. 2d 489, 492 (S.D.N.Y. 2000).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE          - 12 -
Case No. 5:07-CV-03444-JF                                                                    17289\1407290.1

1    knowingly participated in a fraudulent scheme by agreeing to a round-trip transaction with

2    AOL . . . ." (Opp. 25: 8-12).  As the SEC admits, a "round-trip" transaction (as the SEC

3    pejoratively puts it) *can be* improper *if* the revenue is booked incorrectly.  (Opp. 25, fn. 5).[15]

4    Mr. Leslie's participation in negotiations, and his immediate and full disclosure of the transaction

5    to the Veritas Board and Audit Committee cannot support a colorable allegation of scienter.  The

6    Second and Fifth Claims should be dismissed with prejudice.

7    **III.    MATERIALITY CANNOT BE ESTABLISHED AS A MATTER OF LAW.**

8        The Commission would like the Court to defer or ignore another fundamental weakness in

9    the Complaint:  the SEC's failure to plead materiality as a matter of law where the allegedly

10   misstated revenue represented only 1.6% of Veritas' annual revenue.  (Motion 21:23-24:7.)  The

11   Ninth Circuit has held that materiality is appropriately determined as a matter of law if it is "so

12   obvious that reasonable minds could not differ." *Fecht*, 70 F.3d at 1081.  Contrary to the SEC's

13   blanket assertion (Opp. 49, fn. 16), an insufficient showing of materiality like the one here is an

14   appropriate ground for dismissal at the pleading stage.  *See Parnes v. Gateway 2000, Inc.*, 122

15   F.3d 539, 546-47 (8th Cir. 1997); *Shuster v. Symmetricon, Inc.*, 1997 WL 269490, at *8 (N.D.

16   Cal. 1997) (2% of quarterly revenue not material as a matter of law); *SEC v. Hoover*, 903 F.

17   Supp. 1135, 1148 (S.D. Tex. 1995); *Glassman v. Computervision Corp.*, 90 F.3d 617, 633 (1st

18   Cir. 1996).  The Complaint can and should be dismissed for failure to allege materiality.

19   **IV.    THE SEC'S UNTIMELY PRAYER FOR PENALTIES SHOULD BE STRICKEN.**

20       The SEC attempts to hide behind a cloak of governmental power in claiming that no

21   statute of limitations applies to *any* of its claims for relief.  (Opp. 57-59).  However, the five-year

22   "catch-all" statute of limitations under 28 U.S.C. § 2462 ("§ 2462") *does* apply to the SEC's prayer

23   for penalties and a director/officer bar against Mr. Leslie.  The SEC mis-cites *SEC v. Rind*, 991

24   F.2d. 1486, 1491-93 (9th Cir. 1993), for the proposition that it faces no limitations period at all.

25   ─────────────────────
26   [15] The SEC's vague and generalized allegation that GAAP was somehow violated and that
     Veritas restated its financials does not, as it claims, aid it in pleading with particularity either
27   falsity or scienter.  (Opp. 38:3-17).  *GlenFed*, 42 F.3d at 1553 (plaintiff must plead what
     accounting principles were violated).  In addition, GAAP violations and the Company's
28   restatement do not support falsity or scienter as to Mr. Leslie as he was not alleged to have been
     involved with or influenced Mr. Lonchar's accounting for the deal.  (*See supra* at § I.C).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE        - 13 -
Case No. 5:07-CV-03444-JF

17289\1407290.1

1    However, the Ninth Circuit in *Rind* held only that no statute of limitations applies to SEC

2    enforcement actions for *injunctive relief. Id.* at 1492; *see also SEC v. Tandem Mgmt. Inc.*, 2001

3    WL 1488218, *2, fn. 6 (S.D.N.Y. 2001) (recognizing limited nature of *Rind's* holding); *accord*

4    *SEC v. Harden*, 2006 WL 89864, *1 (W.D. Mich. 2006). There are no cases in this Circuit

5    barring application of § 2462 to an SEC action for penalties. In fact, the Ninth Circuit has

6    explicitly held § 2462 applicable in an analogous penalty action by the Federal Elections

7    Commission. *See Federal Election Com'n v. Williams,* 104 F. 3d 237, 241 (9th Cir. 1996).

8        Although the Ninth Circuit has not yet ruled directly on the matter, other courts across the

9    nation, including the Court of Appeals for the District of Columbia, *have* held that the five-year

10   bar under § 2462 applies to SEC actions seeking monetary penalties and suspension. *See, e.g.*,

11   *Johnson v. SEC*, 87 F.3d 484, (D.C. Cir. 1996) (applying § 2462 to SEC action seeking censure

12   and suspension); *SEC v. Jones*, 476 F.Supp.2d 374, 381 (S.D.N.Y. 2007); *SEC v. Buntrock*, 2004

13   WL 1179423, *5 (N.D. Ill. 2004); *SEC v. DiBella*, 409 F.Supp.2d 122, 127-28 & fn. 3 (D. Conn.

14   2006). The SEC's argument that is not bound by any limitations period is not supported by the

15   precedents it cites.

16       The limitations period under § 2462 began to run as to Mr. Leslie – at the latest – on

17   October 29, 2001, which is seven months[16] from the March 29, 2001 filing date of Veritas' 2001

18   10-K. The SEC did not bring suit against Mr. Leslie until June 29, 2007, almost six full years

19   after the alleged basis for its claims arose as to him. The SEC's prayer for penalties and an

20   officer and director bar are thus time barred and should be stricken.[17]

21       Equitable tolling does not apply to extend the limitations period here. *See Jones*, 476

22   F.Supp.2d at 381 (SEC's "claim accrued when the factual and legal prerequisites for filing suit

23   were in place, not when the Commission discovered those prerequisites"); *accord Harden*, 2006

24   WL 89864, *1 (recognizing that § 2462 is a statute of repose not subject to equitable extensions);

---

25   [16] The statute of limitations was tolled by agreement between December 2005 and July 2006.

26   [17] Contrary to the SEC's argument, a pre-answer motion to strike a prayer of relief is appropriate,
     without a showing of prejudice, where the remedies sought are not recoverable as a matter of law.
27   *Tapley v. Lockwood Green Eng'rs, Inc.,* 502 F.2d. 559, 560 (8th Cir. 1974); *Augustus v. Bd. of
     Public Instr.,* 306 F.2d 862, 868 (5th Cir. 1962) (showing of prejudice only necessary on motion
28   to strike pleading, not prayer for relief).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE        - 14 -
Case No. 5:07-CV-03444-JF

17289\1407290.1

1    *3M Co. v. Browner*, 17 F.3d 1453, 1461 (D.C. Cir. 1994). Even if equitable tolling applied,

2    which it does not, the SEC has not plead facts supporting any claim that Mr. Leslie "took

3    affirmative steps to conceal discovery" of any alleged misstatements (Opp. 54:23-24), as

4    explained in greater detail above. (*See supra*§I.C); *Jones*, 476 F. Supp. 2d at 381-83 (equitable

5    tolling not applicable to SEC given multi-year investigation period.) Nor may the SEC rely upon

6    subsequent financial statements – which in any event are not alleged in the Complaint as to

7    Mr. Leslie – as a ground for extending the limitations period. (Opp. 61:10-17.) *See In re Atmel

8    Corp. Deriv. Litig.,* 2007 U.S. Dist LEXIS 54058, *20-22 (N.D. Cal. 2007); *In re Apple

9    Computer Inc., Deriv. Litig.*, 2007 WL 4170566, *5 (N.D. Cal. 2007).

10   **V.    <u>CONCLUSION</u>**

11        Even giving the SEC the benefit of every reasonable doubt, the complaint against

12   Mr. Leslie is readily shown to be deficient. Following the SEC's five-year investigation of the

13   facts, it is not asking too much to require that it follow the applicable pleading rules (and fairly

14   treat the facts and inferences) when making allegations against individuals for whom even just a

15   complaint, with all its attendant publicity and resulting damage to business and reputation, will

16   have enormous personal impact. On the facts alleged here, the SEC case as to Mr. Leslie should

17   be dismissed with prejudice.

18

19   Dated:  December 17, 2007                    FARELLA BRAUN + MARTEL LLP

20

21                                               By:/s/ Douglas R. Young

22                                               Attorneys for Defendant
                                                 MARK LESLIE
23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT MARK LESLIE'S REPLY IN SUPPORT
OF MOTION TO DISMISS AND MOTION TO STRIKE        - 15 -
Case No. 5:07-CV-03444-JF                                                    17289\1407290.1