SHARTSIS FRIESE LLP
JAHAN P. RAISSI (Bar #168599)
GREGG S. FARANO (Bar #221505)
LISA A. JACOBS (Bar #230364)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: jraissi@sflaw.com

Attorneys for Defendant
Paul A. Sallaberry

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MARK LESLIE, KENNETH E. LONCHAR, PAUL A. SALLABERRY, MICHAEL M. CULLY, and DOUGLAS S. NEWTON,<br><br>Defendants. | Case No. C 07-3444 JF<br><br>**REPLY IN SUPPORT OF MOTION OF DEFENDANT PAUL A. SALLABERRY TO DISMISS COMPLAINT AND TO STRIKE CERTAIN REQUESTS FOR RELIEF**<br><br>[Pursuant to Fed. R. Civ. P. 9(b), 12(b)(6) and 12(f)]<br><br>Date: January 18, 2008<br>Time: 9:00 AM<br>Place: Courtroom 3, 5th Floor<br>Judge: The Honorable Jeremy D. Fogel<br><br>Complaint Filed: July 2, 2007 |

# TABLE OF CONTENTS

Page

I. EACH OF THE SEC'S CLAIMS AGAINST MR. SALLABERRY SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THEY FAIL TO PLEAD FRAUD WITH PARTICULARITY ................................................................................................1

    A. Rule 9(b) Requires The SEC To Allege Why A Statement Or Omission Was False Or Misleading ..........................................................................................1

    B. Each And Every Cause Of Action Alleged Against Mr. Sallaberry Sounds In Fraud And Must Be Plead With Particularity .....................................................2

    C. The SEC Does Not Allege How Anything Mr. Sallaberry Said Or Did, Or Failed To Say Or Do Was False Or Fraudulent.......................................................3

    D. The SEC Cannot Survive A Motion to Dismiss By Re-Characterizing Allegations Of Its Complaint In Its Opposition Brief..............................................6

    E. Rule 9(b) Should Be Strictly And Rigorously Applied Given The Extensive Amount Of Time The SEC Had To Investigate .......................................................7

II. TO THE EXTENT ANY CAUSES OF ACTION REMAIN, ALL REMEDIES EXCEPT DISGORGEMENT MUST BE STRICKEN BECAUSE THEY ARE TIMED-BARRED .....................................................................................................................8

    A. A Rule 12(f) Motion Is Proper When The Relief Requested Is Not Available As A Matter Of Law .................................................................................8

    B. 28 U.S.C. § 2462 Applies To SEC Actions Seeking Civil Penalties........................9

    C. The SEC'S Non-Disgorgement Remedies Are Time-Barred By § 2462...............11

        1. The Statute of Limitations Begins to Run on the Date of the Last Alleged Violation ..................................................................................12

        2. The SEC Has Not Alleged That Mr. Sallaberry Violated Any Securities Laws Within Five Years Of The Filing Of The Complaint..........................................................................................................12

        3. The Statute of Limitations Should Not Be Equitably Tolled....................13

        4. The Court Should Strike The SEC's Non-Disgorgement Remedies Now Before Mr. Sallaberry Is Prejudiced Further .................................14

III. CONCLUSION ............................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*3M Co. v. Browner*,
    17 F.3d 1453 (D.C. Cir. 1994) .................................................................................... 12

*Conerly v. Westinghouse Electric Corp.*,
    623 F.2d 117 (9th Cir. 1980) ...................................................................................... 14

*Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*,
    42 F.3d 1541 (9th Cir. 1994) (*en banc*) ................................................................... 1, 2

*Fantasy, Inc. v. Fogarty*,
    984 F.2d 1524 (9th Cir. 1993) ...................................................................................... 9

*FEC v. Williams*,
    104 F.3d 237 (9th Cir. 1996) ......................................................................... 10, 12, 14

*Fogarty v. Fantasy, Inc.*,
    510 U.S. 517 (1994), *aff'd*, 94 F.3d 553 (9th Cir. 1996) ............................................. 9

*Guerrero v. Gates*,
    357 F.3d 911 (9th Cir. 2004) ...................................................................................... 14

*In re Atlas Air Worldwide Holdings, Inc., Sec. Litig.*,
    324 F. Supp. 2d 474 (S.D.N.Y. 2004) .......................................................................... 5

*In re Atmel Corp. Deriv. Litig.*,
    2007 U.S. Dist. LEXIS 54058, *20-23 (N.D. Cal. 2007) ........................................... 13

*In re Cylink Secs. Litig.*,
    178 F. Supp. 2d 1077 (N.D. Cal. 2001) ............................................................. 4, 5, 6, 7

*Johnson v. SEC*,
    87 F.3d 484 (D.C. Cir. 1996) ..................................................................................... 11

*Santa Maria v. Pacific Bell*,
    202 F.3d 1170 (9th Cir. 2000) .................................................................................... 14

*SEC v. Jones*,
    476 F. Supp. 2d 374 (S.D.N.Y. 2007) ........................................................................ 11

*SEC v. Jones*,
    2006 U.S. Dist. LEXIS 22800 (S.D.N.Y. 2006) ................................................... 12, 13

*SEC v. Levin*,
    232 F.R.D. 619 (C.D. Cal. 2005) .................................................................................. 8

*SEC v. Lorin*,
    869 F. Supp. 1117 (S.D.N.Y. 1994),
    *aff'd in part and vacated in part*, 76 F.3d 458 (2d Cir. 1996) .......................... 9, 10, 11

# TABLE OF AUTHORITIES
## (cont'd)

Page(s)

*SEC v. Power*,
   2007 U.S. Dist. LEXIS 87632 (S.D.N.Y 2007) .................................................................. 2

*SEC v. Richie*,
   2006 U.S. Dist. LEXIS 45853 (C.D. Cal. 2006) ........................................................... 4, 10

*SEC v. Rind*,
   991 F.2d 1486 (9th Cir. 1993) ......................................................................................... 9, 10

*SEC v. Scrushy*,
   2005 U.S. Dist. LEXIS 30553 (N.D. Ala. 2005) ............................................................... 12

*SEC v. Tambone*,
   417 F. Supp. 2d 127 (D. Mass. 2006) ................................................................................. 7

*SEC v. Yuen*,
   221 F.R.D. 631 (C.D. Cal. 2004) ........................................................................................ 8

*Vess v. Ciba-Geigy Corp.*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................................................ 2

*Wegner v. Lumisys*,
   2 F. Supp. 2d 1231 (N.D. Cal. 1998) .................................................................................. 2

## STATUTES

28 United States Code
   § 2462 ......................................................................................................................... passim
   § 2415 ................................................................................................................................ 10

Federal Rules of Civil Procedure
   § 9(b) .......................................................................................................................... passim
   § 12(f) .................................................................................................................................. 8

Private Securities Litigation Reform Act ("PLSRA") of 1995 ............................................ 2, 3, 5

Securities Act of 1933 .................................................................................................................. 9

Securities Exchange Act of 1934 ................................................................................................. 9
   § 13(a) .................................................................................................................................. 2
   Rule 12b-20 ......................................................................................................................... 2
   Rule 13a-1 ........................................................................................................................... 2
   Rule 13a-3 ........................................................................................................................... 2

Defendant Paul A. Sallaberry respectfully submits this Reply Memorandum in support of his Motion to Dismiss Complaint and to Strike Certain Requests for Relief.

## INTRODUCTION

Mr. Sallaberry has moved to dismiss the SEC's claims because they fail to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). The SEC devotes less than three pages of its 66 page opposition brief to Mr. Sallaberry's arguments, and does nothing to address its failure to allege how or why any of the statements, actions or omissions attributed to Mr. Sallaberry in the Complaint are false or misleading.

Additionally, Mr. Sallaberry contends that regardless of whether such claims can be cured by amendment, most of the remedies sought by the SEC are barred by the applicable statute of limitations. For the reasons set out more fully below, Mr. Sallaberry respectfully requests that this Court reject the SEC's arguments and dismiss all claims against him.

## ARGUMENT

### I. EACH OF THE SEC'S CLAIMS AGAINST MR. SALLABERRY SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THEY FAIL TO PLEAD FRAUD WITH PARTICULARITY.

#### A. Rule 9(b) Requires The SEC To Allege Why A Statement Or Omission Was False Or Misleading.

Both Mr. Sallaberry and the SEC agree that under Rule 9(b), when pleading fraud, the plaintiff "must set forth an explanation as to why the statement or omission complained of was false or misleading." *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc). (Plaintiff's Opposition to Motion to Dismiss ("Opp'n"), p. 23.) While the SEC tries to bury this truth within pages of argument and citations to cases setting forth the standard for pleading *scienter*, the fact of the matter is, *scienter* and falsity are two separate requirements with different pleading standards. While *scienter* need only be "generally averred," falsity must be plead with particularity under Rule 9(b). *In re GlenFed*, 42 F.3d at 1547-48. No amount of obfuscation in its opposition can change the fact that the SEC has not alleged why any of the acts, statements or omissions it attributes to Mr. Sallaberry were false or misleading. The SEC has merely set forth neutral acts, statements and omissions and claimed that Mr. Sallaberry

knew that they were untrue or misleading. While this may satisfy the SEC's minimal *scienter* burden, it does not meet the heightened pleading requirement of Rule 9(b). Rule 9(b) requires specific references to specific facts "demonstrating wrongdoing." *Id.* at 1546.[1] The SEC fails to plead such facts. For this reason, the SEC's fraud claims against Mr. Sallaberry should be dismissed.

### B. Each And Every Cause Of Action Alleged Against Mr. Sallaberry Sounds In Fraud And Must Be Plead With Particularity.

The SEC appears to argue that because *scienter* is not an element of certain causes of action alleged in its Complaint, Rule 9(b)'s pleading standards do not apply to those causes of action. This is not the case. As stated above, *scienter* and falsity are separate requirements. If a claim sounds in fraud, whether or not *scienter* is an element of the claim, that claim must still be pled with particularity. *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-1104 (9th Cir. 2003) (Where fraud is not a necessary element of the claim, but plaintiff relies entirely on a unified course of fraudulent conduct as the basis for its claim, the claim is said to be "grounded in fraud" and "the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."). As explained in detail in Mr. Sallaberry's opening brief, the SEC's "non-*scienter* based" securities violations claims, including its aiding and abetting claim, are each grounded in fraud. *See United States SEC v. Power*, 2007 U.S. Dist. LEXIS 87632, at *20-21 (S.D.N.Y 2007) (finding Rule 9(b) applicable to aiding and abetting claims brought under Exchange Act Section 13(a) and Rules 12b-20, 13a-1 and 13a-3). Accordingly, each must be pled with particularity. For the reasons set forth in greater detail below, and in Mr. Sallaberry's opening brief, the SEC has failed to plead fraud with particularity because it has not set forth <u>why</u> the

---

[1] The SEC takes issue with Mr. Sallaberry's citation in his opening brief to *Wegner v. Lumisys*, 2 F. Supp. 2d 1231, 1250 (N.D. Cal. 1998), for the proposition that the SEC must allege specific references to specific facts as a basis for an allegation that a statement is false or misleading. It claims that Mr. Sallaberry took phrases out of context to support this proposition and argues that *Wegner* is inapplicable because it addressed fraud based on forecasts which the Court explained had special pleading requirements even prior to the enactment of the PLSRA. However, the special pleading requirements the Court referred to are only with respect to *scienter* and not falsity. Moreover, *In re GlenFed*, which the SEC acknowledges is the proper standard, also holds that pleading falsity under Rule 9(b) requires allegations of "specific facts." *In re GlenFed*, 42 F.3d at 1546.

- 2 -

| Case No. | REPLY MEMORANDUM IN SUPPORT OF DEFENDANT PAUL |
| C 07-3444 JF | A. SALLABERRY'S MOTION TO DISMISS |

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 9   4111

statements, omissions and actions attributed to Mr. Sallaberry are false or misleading.[2]

### C. The SEC Does Not Allege How Anything Mr. Sallaberry Said Or Did, Or Failed To Say Or Do Was False Or Fraudulent.

The SEC devotes less than three pages of its 66 page brief to addressing Mr. Sallaberry's argument that the Complaint fails to plead fraud with particularity because it does not allege how or why the statements, omissions or actions attributed to Mr. Sallaberry were false or misleading. The SEC's only response is to claim, incorrectly, that Mr. Sallaberry has "selectively pick[ed] a few allegations" to rebut, and that the Complaint taken as a whole properly alleges falsity. (Opp'n, p. 40). Tellingly, however, in support of its contention that it adequately pled falsity, the SEC "picks" virtually the same allegations that Mr. Sallaberry specifically addressed in his motion to dismiss.[3] As explained in Mr. Sallaberry's opening brief, these conclusory allegations, taken separately or as a whole, fall far short of Rule 9(b)'s particularity requirement.

The SEC has simply cobbled together all of the neutral facts alleged in its Complaint (and addressed by Mr. Sallaberry in his opening brief) and labeled them "incriminating" and evidence that Mr. Sallaberry "knew the real deal." (Opp'n, p. 40.) Rhetoric aside, however, they remain neutral facts: that Mr. Sallaberry discussed the transaction with Mr. Leslie; that he telephoned the AOL executive who repeated the advertising proposal to him; that he consulted with Mr. Lonchar and Mr. Leslie before affirming the AOL proposal; and that he reviewed and executed the AOL advertising agreement. (Opp'n, p. 40 (citing to Complaint ("Compl.") ¶¶ 22-24).) None of these things is "incriminating" of anything. Mr. Sallaberry was simply doing his job.[4]

---

[2] The SEC devotes a substantial portion of its opposition brief to criticizing Defendants' citations to PSLRA cases. However, the PSLRA only heightens the pleading requirements for *scienter*, and not for falsity. To the extent these cases are cited to for points of law unaffected by the PSLRA's heightened *scienter* requirement, such as falsity, they remain applicable.

[3] The only allegations noted in the SEC's argument not specifically addressed by Mr. Sallaberry in his Motion are paragraphs 20, 25, and 26 of the Complaint. Paragraph 20 contains allegations as to Mr. Leslie only and not Mr. Sallaberry. Paragraphs 25 and 26 are addressed above. The substance of these allegations were addressed in Mr. Sallaberry's Motion. They too fail to demonstrate falsity and, taken separately or as a whole with the rest of the Complaint, simply do not explain how the statements, omissions or actions of Mr. Sallaberry were false or misleading.

[4] In fact, in a case cited to by the SEC for the proposition that a restatement of financials alone is sufficient to establish falsity at the pleading stage, the Court actually dismissed the securities laws violation claims brought against a defendant who was the Vice President of Sales and Marketing because "all of the allegations relating to [the defendant] simply show that he engaged in doing

- 3 -

Nor is it "incriminating" that on Mr. Lonchar's instruction, Mr. Sallaberry documented the transactions separately. (Opp'n, p. 40; Compl. ¶ 25.) On its face there is nothing false about documenting contracts for separate services separately. It only makes sense that there would be both a licensing agreement for the license and accompanying support services and an advertising agreement for the advertising services. The same is true for the alleged oral side deal with AOL for simultaneous wire payments of the amounts due under the respective agreements. (Opp'n p. 40; Compl. ¶ 26.) The SEC pleads no facts explaining why agreeing to simultaneous payments is in any way fraudulent rather than merely good business practice.

Similarly, the allegation that Mr. Sallaberry did not tell the independent auditors of the "contingent nature of the AOL contracts" is not "incriminating;" nor is it evidence that Mr. Sallaberry "knew the real deal" and concealed it from the auditors. The allegations regarding representations to the independent auditors are contained in paragraphs 33 and 41-44 of the Complaint. The SEC alleges that Mr. Sallaberry failed to inform the independent auditors regarding the "contingent nature" of the transactions (Compl. ¶ 33); that when asked, he told the auditors the transactions were not contingent (Compl. ¶ 41)[5]; that he claimed the marketing department, and not he, negotiated the advertising deal (Compl. ¶ 42)[6]; and that he did not disclose to the auditors his agreement with AOL for simultaneous payments (Compl. ¶ 44).

---

his job—making sales for the company." *In re Cylink Secs. Litig.,* 178 F. Supp. 2d 1077, 1084 (N.D. Cal. 2001).

[5] The SEC also takes issue with Mr. Sallaberry's assertion that regardless of what he represented to the auditors, the auditors treated the transactions as linked. (Sallaberry Motion at p. 10.) The SEC completely misconstrues this argument by labeling "representations" as "misrepresentations." Mr. Sallaberry does not contend that he was free to lie to or mislead the auditors. On the contrary, he simply asserts that even if what he represented to the auditors, and believed to be true, was incorrect, it did not matter because the auditors did not rely on his representations.

[6] The SEC accuses Mr. Sallaberry of "inappropriately inject[ing] an outside document"—the advertising agreement—"in order to establish 'facts' about what 'really' occurred," and claims that he is inappropriately asking the Court to resolve factual allegations. This is not the case. On a motion to dismiss, "a document is not 'outside' the complaint if the complaint specifically refers to the document and its authenticity is not questioned." *SEC v. Richie*, 2006 U.S. Dist. LEXIS 45853, *10 (C.D. Cal. 2006). The SEC relies heavily on this agreement in its Complaint. Mr. Sallaberry is not asking the Court to resolve the question of whether Mr. Sallaberry lied to the auditors, just to take judicial notice of the agreement which the SEC relies on but did not attach to its Complaint.

- 4 -

Again, not one of these is an allegation of falsity. To the extent these allegations are regarding omissions, the SEC fails to allege that Mr. Sallaberry knew that the information regarding the negotiations of the transactions was relevant, let alone material, to the auditors or that the auditors even asked him about the negotiations. To the extent the allegations are based on statements, the SEC fails to explain how or why Mr. Sallaberry knew what he was saying was false or misleading.

With respect to the SEC's allegations regarding Mr. Sallaberry's connection to the documents that justified the $50 million price for the license, other than the bald characterization that they are false and concealing, the SEC does not explain how or why these documents were improper. The SEC does not allege that Mr. Sallaberry believed the $50 million price for the license to be unjustified. *See* Compl., ¶ 45. Moreover, the SEC does not even identify or describe the documents in question. After approximately five years of investigatory discovery, including testimony from over 100 witnesses and the receipt of millions of pages of documents, presumably the SEC can offer more. Vague references to certain unspecified documents fail to meet the particularity requirement of Rule 9(b).

To the extent the SEC is claiming that the mere fact that Veritas restated its financials is a sufficient allegation of falsity at the pleading stage, that argument fails. The SEC cites to *In re Atlas Air Worldwide Holdings, Inc., Sec. Litig.*, 324 F. Supp. 2d 474 (S.D.N.Y. 2004) and *In re Cylink Secs. Litig.,* 178 F. Supp. 2d 1077 (N.D. Cal. 2001) in support of this proposition. These cases are inapposite. In *Atlas Air*, the court states that "the mere fact that financial results were restated is sufficient basis for pleading that *those statements* were false when made." *In re Atlas Air*, 324 F. Supp. 2d at 486 (emphasis added). *Atlas Air* does not support the SEC's contention that because financials were restated, falsity has been pled with respect to each Defendant. Here, the SEC has made no allegations that Mr. Sallaberry had anything to do with the financial statements. In fact, in the other case cited to by the SEC, *In re Cylink*, the court made this very distinction. The court found that with respect to one of the defendants, the former CFO and VP of Finance, the existence of restated financials was sufficient to allege facts demonstrating how the plaintiffs' belief that the statements at issue were false was formed (a pleading requirement

- 5 -

under the PLSRA). However, with respect to another defendant, the VP of Sales and Marketing, the court dismissed the action against him entirely because he had not signed the financial statements at issue and it was not alleged that he "substantially participated or was intricately involved in preparing the statements." *In re Cylink,* 178 F. Supp. 2d at 1084-85. Accordingly, the fact that Veritas restated its financials does not constitute pleading falsity with particularity with respect to Mr. Sallaberry.

Not once in the SEC's 102 paragraph Complaint does the SEC allege that Mr. Sallaberry had any idea of how the transactions were or should have been booked. Not once does it allege that Mr. Sallaberry understood the accounting implications, if any, of whether the transactions were contingent in nature. And not once does it allege any explanation as to how or why the statements, omissions or actions attributed to Mr. Sallaberry were false or misleading. In short, the SEC has not alleged any wrongdoing on the part of Mr. Sallaberry, much less done so with the requisite particularity.

**D. The SEC Cannot Survive A Motion to Dismiss By Re-Characterizing Allegations Of Its Complaint In Its Opposition Brief.**

In an effort to make it appear as if the Complaint alleges far more than it actually does, the SEC, in its opposition brief, attempts to put a gloss of falsity on its otherwise neutral allegations. For example, citing to paragraph 31 of its Complaint, the SEC claims that it alleged falsity "because Sallaberry knew of the true nature of the AOL transaction, but decided that either he wanted to tell a lie or to mislead the auditors of what really happened." (Opp'n, p. 40.) It also claims that "[a]t Leslie's request, Sallaberry joined *the AOL round-trip transaction scheme,*" citing to paragraphs 20, 22-23 of its Complaint. (Opp'n, p. 40 (emphasis added)). No specifics regarding any lying, misleading or scheming, however, are actually alleged in the Complaint, and pleading by inference (assuming that lying, misleading and scheming can even be inferred from these allegations) certainly does not meet the heightened standard of Rule 9(b).

Notably, Paragraph 31 simply alleges that Mr. Sallaberry did not disclose "the contingent nature of the advertising deal" in December 2000 when Veritas' auditors were reviewing the License as part of their regular review of significant revenue transactions for the fourth quarter of

- 6 -

2000. There is no allegation that Mr. Sallaberry, a senior sales executive, had any contact or would have any reason to have had any contact with the auditors in December 2000. The only contact Mr. Sallaberry is alleged to have had with Veritas' auditors was in January 2001. (Compl. ¶ 39.) Moreover, Paragraph 31 does not allege that Mr. Sallaberry was asked about the nature of the transactions; nor does it allege that he knew how the transactions were booked, or how they should have been booked by Veritas' finance department in December 2000. Finally, the paragraph fails to allege that he knew whether the transactions being contingent mattered one way or the other.

Similarly, paragraphs 20, 22-23 do not describe Mr. Sallaberry's knowingly joining a fraudulent "*round trip transaction scheme*." Rather, they allege that Mr. Sallaberry was asked to close a license agreement and an advertising agreement with AOL that were approved by both the CEO and CFO of the Company, and he did so. (Compl. ¶¶ 22-23.) There are no allegations that Mr. Sallaberry knew that there was anything improper about these transactions. In fact, it is not the transactions themselves (contingent or otherwise) that are allegedly fraudulent, but rather it is the manner in which they were reflected in the company's financial statements that gives rise to this Complaint. Mr. Sallaberry had no hand in accounting for these transactions and the Complaint does not allege otherwise.[7] Re-characterizing allegations of neutral facts in its opposition brief cannot cure the deficiencies of the SEC's Complaint. The SEC must plead fraud with the requisite particularity under Rule 9(b) in its Complaint, and it has failed to do so.

### E. Rule 9(b) Should Be Strictly And Rigorously Applied Given The Extensive Amount Of Time The SEC Had To Investigate.

Where, as here, the SEC has had extensive time to investigate its claims, its complaint must be strictly scrutinized under Rule 9(b). *See SEC v. Tambone*, 417 F. Supp. 2d 127, 131 (D.

---

[7] In *In re Cylink Secs. Litig.*, 178 F. Supp. 2d 1077, 1084 (N.D. Cal. 2001), a case cited to by the SEC in its opposition, the court dismissed a complaint for failure to state a claim for securities laws violations against a defendant on nearly these same facts. In that case, the plaintiffs (and the SEC) had alleged only that the defendant, who was the Vice President of Sales and Marketing, instructed the sales force to solicit one of the transactions for which revenue was later recognized prematurely and did not allege that the defendant had been involved in the process of revenue recognition or the issuance of the company's financial statements. The court found these allegations insufficient to state a claim for which relief could be granted. *Id.*

Mass. 2006). Although the SEC claims this is not the law in the Ninth Circuit, that simply is not accurate. In *SEC v. Yuen* (a case cited to by Mr. Sallaberry in his motion to dismiss but ignored by the SEC in its opposition), the Central District of California noted that where the SEC has engaged in extensive discovery before asserting claims against defendants, it cannot make "general and conclusory allegations against the Defendants and asserts that the Defendants' acts are a part of some ill-defined 'scheme.'" *SEC v. Yuen*, 221 F.R.D. 631, 636 (C.D. Cal. 2004). In *Yuen,* the SEC had only engaged in several months of discovery. The SEC's failure to plead with particularity is even more egregious here, where it investigated for nearly five years, took the testimony of more than 100 witness, and collected millions of pages of documents prior to filing suit. Despite all of that investigation, the SEC still did not allege why the statements, omissions or actions it attributes to Mr. Sallaberry are false or fraudulent. Mr. Sallaberry is not claiming some additional, heightened pleading requirement applies to the SEC. Rather, he contends that where the SEC has conducted years of discovery, Rule 9(b) must be applied strictly. Accordingly, the Complaint should be dismissed, with prejudice, for failure to plead fraud with particularity under Rule 9(b).

**II.   TO THE EXTENT ANY CAUSES OF ACTION REMAIN, ALL REMEDIES EXCEPT DISGORGEMENT MUST BE STRICKEN BECAUSE THEY ARE TIMED-BARRED.**

   **A.   A Rule 12(f) Motion Is Proper When The Relief Requested Is Not Available As A Matter Of Law.**

Under Rule 12(f), a motion may be brought to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The SEC essentially argues that none of these descriptions aplies to the remedies it seeks. Because, however, several of the remedies the SEC seeks are time-barred, and therefore unavailable as a matter of law, they are clearly <u>immaterial</u>, as they have no bearing on the controversy. *See SEC v. Levin*, 232 F.R.D. 619, 624 (C.D. Cal. 2005).

The SEC also claims that Rule 12(f) motions are disfavored because they are often used as delaying tactics and because of the limited importance of the pleadings in federal practice. Neither of these reasons justifies denying Mr. Sallaberry's motion to strike. In light of the SEC's

substantial delay in bringing this action—such that certain of its remedies are now time-barred—this motion to strike can hardly be called a "delaying tactic." Moreover, Mr. Sallaberry is not seeking to strike impertinent or scandalous language from the Complaint that has no actual bearing on the case, but rather he is requesting that remedies that are unavailable to the SEC because of its own delay in bringing this suit be stricken.

The SEC also argues that Mr. Sallaberry's motion should be denied because courts often require a showing of prejudice. In the Ninth Circuit granting a motion to strike is entirely within the trial court's discretion and is proper if it will make the trial less complicated or otherwise streamline ultimate resolution of the action. *See Fantasy, Inc. v. Fogarty*, 984 F. 2d 1524, 1528 (9th Cir. 1993) (*rev'd on other grounds*, *Fogarty v. Fantasy, Inc.*, 510 U.S. 517, 534-35 (1994), *aff'd*, 94 F.3d 553 (9th Cir. 1996)). Nevertheless, that Mr. Sallaberry would be prejudiced by the denial of his motion goes without saying. In *SEC v. Lorin*, 869 F. Supp. 1117, 1120 (S.D.N.Y. 1994), *aff'd in part and vacated in part*, 76 F.3d 458 (2d Cir. 1996), the court, in deciding whether to grant the SEC's motion to strike an affirmative defense relying on § 2462, noted that if the limitation period does not apply as a matter of law, the "affirmative defense should be stricken, because there would remain no question of fact that would allow the defense to succeed and the SEC would otherwise be prejudiced by the additional time it would spend and expense it would incur in arguing the issue at trial." This applies equally to Mr. Sallaberry's contention that the SEC's remedies are time-barred under § 2462. Mr. Sallaberry clearly would be prejudiced if he were forced to continue to contest the availability of remedies that are unavailable as a matter of law. For these reasons, his motion to strike is proper.

### B.    28 U.S.C. § 2462 Applies To SEC Actions Seeking Civil Penalties.

In its opposition brief, the SEC highlighted the fact that none of the Defendants cited to *SEC v. Rind,* 991 F.2d 1486, 1488 (9th Cir. 1993). What the SEC does not mention, however, is that the *Rind* case involves a defendant trying to apply the one-year statute of limitations applicable to private plaintiffs under the 1933 and 1934 Acts to the SEC in order to dismiss the SEC's securities law violations claims in their entirety. *Rind* has nothing to do with 28 U.S.C. § 2462 and does not mention it once. Unlike the defendant in *Rind*, Mr. Sallaberry does not

- 9 -

| Case No.<br>C 07-3444 JF | REPLY MEMORANDUM IN SUPPORT OF DEFENDANT PAUL<br>A. SALLABERRY'S MOTION TO DISMISS |

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

contend that the SEC's action is subject to a statute of limitations. Instead, Mr. Sallaberry only challenges certain remedies that *are* subject to a statute of limitations—28 U.S.C. § 2462. Because the SEC sought disgorgement in *Rind*, § 2462 would have been inapplicable regardless, and the *Rind* court had no occasion to even consider it.[8]

In fact, the court in *Rind* found another statute of limitations raised by the defendant, 28 U.S.C. § 2415, requiring that tort actions by the United States seeking money damages be brought within three years, inapplicable for exactly this reason. The *Rind* Court rejected the applicability of § 2415 on the ground that the SEC sought disgorgement and not money damages (not because the Commission is not subject to any statute of limitations regardless of the remedies it seeks as the SEC would have this Court believe). The *Rind* court also noted that "[a]lthough no fixed period of limitations governs Commission actions, a court may exercise its discretion to limit the Commission's power to seek relief," thus highlighting the distinction between statutes of limitation applied to the securities law enforcement claims as a whole versus those applied to the remedies available to the SEC when it seeks to enforce the securities laws.

Although the *Rind* court's language is broad, and can easily be taken out of context, when read carefully it is apparent that the applicability of § 2462 to SEC enforcement actions was not even considered, much less prohibited. Moreover, as discussed in detail in *SEC v. Lorin*, the *Rind* decision has been criticized extensively by legal commentators. *Lorin*, 869 F. Supp. at 1120-1121, 1124 (citing numerous legal commentators that asserted the applicability of § 2462 in the wake of *Rind*). In fact, since *Rind*, the SEC has not even disputed the applicability of § 2462 to an SEC action for civil penalties brought within the Ninth Circuit. *See SEC v. Richie*, 2006 U.S. Dist. LEXIS 45853, at *33 n.9 (C.D. Cal. 2006) (neither party disputed that § 2462 is the applicable statute of limitations for civil penalties for securities laws violations). Furthermore, the Ninth Circuit has addressed the applicability of § 2462 in an action brought by a federal government agency in *FEC v. Williams*, 104 F.3d 237 (9th Cir. 1996), finding that that the statute applied to the FEC. The *Williams* case should control here.

---

[8] All Defendants have conceded that § 2462 is inapplicable to disgorgement actions.

Finally, although § 2462 is not applicable to disgorgement, it is applicable to the remainder of the SEC's requested remedies. The SEC argues that when applicable at all, § 2462 only applies to non-injunctive relief such as fines. However, the distinction is not drawn between injunctive and non-injunctive, or equitable and legal, but instead is drawn between remedial and punitive. *Lorin*, 869 F. Supp at 1122. Where the requested relief seeks to punish, § 2462 applies, even if the relief is equitable in nature. *Johnson v. SEC*, 87 F.3d 484, 486-92 (D.C. Cir. 1996); *see also SEC v. Jones*, 476 F. Supp. 2d 374, 383 (S.D.N.Y. 2007) (whether the Commission's action for a permanent injunction is subject to the five-year limitations period in § 2462 depends on whether the injunction is a penalty or a remedial measure). As explained in Mr. Sallaberry's opening brief, in determining the punitive nature of the requested relief, whether the SEC has offered facts suggesting the relief is aimed at protecting the public from future harm, and the degree and extent of the consequences of the relief to the defendant, are both relevant factors. *See Johnson*, 87 F.3d at 488; *see also Jones*, 476 F. Supp. 2d at 385. Here, aside from one conclusory statement with no support (Compl. ¶ 5), the SEC has not alleged any future risk to the public. Moreover, outside of this single allegation of wrongdoing, Mr. Sallaberry has had an unblemished career of more than 25 years. Under such circumstances, a permanent injunction and an officer and director bar against Mr. Sallaberry are clearly punitive. For these reasons, § 2462 applies and the SEC's requests for civil penalties, injunctive relief, and an officer and director bar should be stricken.

**C.    The SEC'S Non-Disgorgement Remedies Are Time-Barred By § 2462.**

In an effort to revive its clearly time-barred remedies, the SEC makes several unfounded arguments. First, in the face of Ninth Circuit law to the contrary, it claims that the discovery rule and not the date of the alleged violation starts the statute of limitations clock running. (Opp'n, p. 63 n.22.) Second, it argues that even if the date of the last alleged violation starts the clock, Mr. Sallaberry committed securities violations within five years of its bringing this action. (Opp'n, p. 62.) Third, the SEC appears to contend that even if the statute of limitations had run before it filed its Complaint, the limitations period should be equitably tolled. (Opp'n, p. 55-56.) Fourth, the SEC contends that, in any case, because of difficult factual and legal questions

- 11 -

| Case No. | REPLY MEMORANDUM IN SUPPORT OF DEFENDANT PAUL |
| C 07-3444 JF | A. SALLABERRY'S MOTION TO DISMISS |

involved with respect to the statute of limitations, the Court should not decide the issue at the pleading stage. (Opp'n, p. 57-65.) As explained below, each of these arguments fails.

### 1. The Statute of Limitations Begins to Run on the Date of the Last Alleged Violation.

In *Williams*, the Ninth Circuit rejected the FEC's contention that the discovery rule applies to § 2462. *Williams*, 104 F.3d at 240. Accordingly, a claim accrues on the date the defendant allegedly violated the statute, and not on the date plaintiff discovered, or should have discovered, the alleged violation. *See 3M Co. v. Browner*, 17 F.3d 1453, 1461 (D.C. Cir. 1994). The SEC contends that because the Ninth Circuit was not considering the accrual date under § 2462 in the securities fraud context, *Williams* is not controlling. It then string cites several unpublished district court cases from outside the Ninth Circuit in support of its proposition that the discovery rule governs in SEC securities fraud cases. (Opp'n, p. 63 n.22.) Notwithstanding the SEC's protestations, *Williams* controls in the Ninth Circuit, and a claim accrues on the date of the violation. In so deciding, the Ninth Circuit cited to *3M Co. v. Browner*, where the discovery rule was rejected as "unworkable; outside the language of the statute; inconsistent with judicial interpretations of § 2462; . . . and incompatible with the functions served by the statute of limitations in penalty cases." This language could not be more clear—the discovery rule does not apply in § 2462 cases, regardless of the type of violation alleged. Moreover, several SEC cases, relying on *3M*, have come to the same conclusions. *See, e.g., SEC v. Jones*, 2006 U.S. Dist. LEXIS 22800, at *15 (S.D.N.Y. 2006) (finding *3M* instructive); *SEC v. Scrushy*, 2005 U.S. Dist. LEXIS 30553, at *8-9 (N.D. Ala. 2005).

### 2. The SEC Has Not Alleged That Mr. Sallaberry Violated Any Securities Laws Within Five Years Of The Filing Of The Complaint.

The SEC argues that it pled securities law violations through 2003 because Veritas continued to publish false and misleading financial results through 2003, and it was not until 2003 that it announced that it was restating its 2000 and 2001 financial statements. (Opp'n, p. 61.) This argument appears to rely on the continuing violation doctrine, the applicability of which has been questioned in the context of § 2462. *See Jones*, 2006 U.S. Dist. LEXIS 22800, at *12.

However, even if this doctrine is applicable, a continuing violation cannot be predicated on the continuing-ill effects of the original violation; it requires continued unlawful acts. *Id.* Here, the alleged violations occurred in 2000 and 2001 when Veritas initially improperly booked the AOL transactions and when it first published financials reflecting the improperly booked transactions. Later financials reflecting the improperly booked transactions, are simply a continuing ill-effect of the initial alleged violation and do not constitute separate violations. *In re Atmel Corp. Deriv. Litig.*, 2007 U.S. Dist. LEXIS 54058, *20-23 (N.D. Cal. 2007).

Most importantly, however, while Mr. Sallaberry was minimally involved in the underlying transactions giving rise to this Complaint, he played no role in how those transactions were treated for accounting purposes, nor did he play any role in preparing or publishing Veritas' financial statements. And the SEC has not alleged otherwise.

The SEC also claims that Mr. Sallaberry "negotiated, documented, executed, lied about and concealed the AOL round-trip transaction . . . until at least January 17, 2003" and cites to Complaint paragraphs 4, 16, 23-25, 39-45, 48, 50-51, 78. However, with the exception of the restatement which occurred on January 17, 2003 and a vague allegation that Mr. Sallaberry was "consulted" in 2002 in connection with a reporter's inquiry to Veritas, not one of the allegations in these paragraphs occurred within five years of the filing of the Complaint against Mr. Sallaberry. This is the case even counting the seven months during which Mr. Sallaberry and the SEC tolled the statute of limitations by agreement. As stated above, the restatement is not the alleged violation, and the fact that financial statements published within five years of the Complaint reflected the improperly booked transactions does not amount to a violation within the limitations period, but rather the continued ill-effects of an earlier violation. As for the "consultation," not only is the allegation impermissibly vague, but it does not actually allege any wrongdoing. All the SEC alleges is that Mr. Sallaberry was consulted. It does not say who consulted him, what specifically he was consulted about, or what, if anything, he said in connection with such consultation. None of this amounts to a securities law violation.

### 3.     The Statute of Limitations Should Not Be Equitably Tolled.

The SEC's argument that the statute of limitations was tolled based on fraudulent

- 13 -

| Case No. | REPLY MEMORANDUM IN SUPPORT OF DEFENDANT PAUL |
| C 07-3444 JF | A. SALLABERRY'S MOTION TO DISMISS |

concealment should be rejected because the SEC did not plead facts supporting fraudulent concealment.

In order to toll the statute of limitations for fraudulent concealment, a plaintiff must demonstrate: (1) fraudulent conduct by the defendant resulting in concealment of the operative facts; (2) failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period; and (3) due diligence by the plaintiff until discovery of those facts. *Williams*, 104 F.3d at 240-41 "Fraudulent concealment necessarily requires active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff suing in time." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1177 (9th Cir. 2000). Moreover, plaintiff must plead fraudulent concealment with particularity. *Guerrero v. Gates*, 357 F.3d 911, 920 (9th Cir. 2004). This includes stating facts showing plaintiff's due diligence in trying to uncover the alleged wrongdoing. *Conerly v. Westinghouse Electric Corp.*, 623 F.2d 117, 120 (9th Cir. 1980).

Here, the underlying events giving rise to the claims against Mr. Sallaberry took place in late 2000 and January 2001. However, the SEC did not file its Complaint until June of 2007. Nowhere in the Complaint does the SEC address this six and a half year delay. It does not allege when it first began investigating the transactions at issue. It does not allege when it discovered the events giving rise to this action. And, it does not allege anything with respect to what it was doing to investigate the transactions or how it was otherwise acting diligently. Moreover, the SEC pleads no facts demonstrating that Mr. Sallaberry knowingly tried to conceal the existence of the cause of action. Not only has the SEC not plead fraudulent concealment with particularity, it has not plead it at all.

### 4. The Court Should Strike The SEC's Non-Disgorgement Remedies Now Before Mr. Sallaberry Is Prejudiced Further.

Lastly, the SEC argues that the Court should not strike (or dismiss) its time-barred remedies at this stage of the proceedings because there are disputed issues of facts and difficult questions of law. Mr. Sallaberry respectfully disagrees and requests that the Court decide these issues now, based on the pleadings, before Mr. Sallaberry is prejudiced further.

- 14 -

| Case No. | REPLY MEMORANDUM IN SUPPORT OF DEFENDANT PAUL |
| C 07-3444 JF | A. SALLABERRY'S MOTION TO DISMISS |

1    First and foremost, there are no issues of fact. For purposes of a motion to strike (or a motion to dismiss) the allegations of the pleadings are taken as true, which Mr. Sallaberry has done. Based on the facts the SEC alleged in its Complaint, the non-disgorgement remedies are time-barred and therefore not available as a matter of law. The five-year limitations period has run, and the SEC did not plead facts that would support equitable tolling. Essentially, the SEC is arguing that there are facts that it did not allege that would dispute these conclusions. However, that does not change the fact that as pled, the SEC's non-disgorgement remedies are time-barred. The SEC cannot survive a motion to strike based on what it could have pled. While Mr. Sallaberry does not believe these defects are curable and therefore requests that the remedies be stricken with prejudice, if the Court disagrees, then Mr. Sallaberry's motion should still be granted and the SEC required to re-plead its allegations. If the SEC cannot allege any facts that would save its time-barred remedies, Mr. Sallaberry should not have to incur the costs of continuing to defend against them.

## III.  CONCLUSION

For the foregoing reasons, the Complaint and each of its causes of action should be dismissed in their entirety with prejudice.

DATED: December 17, 2007                SHARTSIS FRIESE LLP


                                         By:     /s/ Jahan P. Raissi
                                                 JAHAN P. RAISSI

                                         Attorneys for Defendant
                                         PAUL A. SALLABERRY

6363\001\LJACOBS\1477581.3

- 15 -
Case No. C 07-3444 JF     REPLY MEMORANDUM IN SUPPORT OF DEFENDANT PAUL A. SALLABERRY'S MOTION TO DISMISS