LEXSEE 2006 U.S. DIST. LEXIS 32846



Analysis
As of: Dec 17, 2007

**SECURITIES AND EXCHANGE COMMISSION, Plaintiff, - against - CEDRIC KUSHNER PROMOTIONS, INC., CEDRIC KUSHNER, JAMES DILORENZO AND STEVEN ANGEL, Defendants.**

04 CV 2324 (TPG)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2006 U.S. Dist. LEXIS 32846

May 22, 2006, Decided
May 23, 2006, Filed

**PRIOR HISTORY:** *SEC v. Cedric Kushner Promotions, Inc., 417 F. Supp. 2d 326, 2006 U.S. Dist. LEXIS 6466 (S.D.N.Y., 2006)*

**COUNSEL:** [*1] For Securities and Exchange Commission, Plaintiff: Gregory Nelson Miller, U.S. Securities & Exchange Commission, Washington, DC.

For Steven Angel, Defendant: Bruce Allen Schoenberg, Schrader & Schoenberg, LLP, New York, NY.

For Cedric Kushner Promotions, Inc., All Defendants: Stephen George Rinehart, Troutman Sanders LLP, New York, NY.

**JUDGES:** Thomas P. Griesa, U.S.D.J.

**OPINION BY:** Thomas P. Griesa

**OPINION**

Plaintiff Securities and Exchange Commission brought this civil enforcement action alleging that defendants violated various provisions of the Securities Exchange Act of 1934, *15 U.S.C. § 78a*, in connection with the filing of defendant Cedric Kushner Promotions's ("CKP") 2002 Form 10-KSB on May 20, 2003.

In an opinion dated February 17, 2006, the court granted defendant Angel's motion for summary judgment, and dismissed all claims against him. See *SEC v. Cedric Kushner Promotions, Inc., 04-CV-2324, 417 F. Supp. 2d 326, 2006 U.S. Dist. LEXIS 6466 (S.D.N.Y. Feb. 17, 2006)*. A final judgment was entered in favor of Angel on March 28, 2006.

Angel has now moved for the award of attorneys' fees and costs in the amount of $ 53,834.84 pursuant to the Equal Access to Justice [*2] Act, *28 U.S.C. § 2412*.

The motion is granted.

The Issues Under the Applicable Law

The Equal Access to Justice Act ("EAJA"), *28 U.S.C. § 2412(d)(1)(A)* provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the

Page 2
2006 U.S. Dist. LEXIS 32846, *2

position of the United States was substantially justified or that special circumstances make an award unjust.

The EAJA defines the term "party" to include an individual whose net worth did not exceed $ 2,000,000 at the time the civil action was filed. *28 U.S.C. § 2412(d)(2)(B)(i)*. Angel has submitted an affidavit stating that his net worth was significantly less than $ 2,000,000 at the time the SEC commenced this action. He is therefore a party as that term is defined by the EAJA. Furthermore, Angel is a "prevailing party" within the meaning of the EAJA since the court dismissed all claims against him.

Once a party [*3] has demonstrated that he is a prevailing party under the EAJA the burden shifts to the Government to demonstrate that its litigation position was "substantially justified." *CFTC v. Dunn, 169 F.3d 785, 786 (2d Cir. 1999)*. The Supreme Court has defined the "substantially justified" standard to mean "having a reasonable basis in both law and fact." *Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)*; *Federal Election Comm'n v. Political Contributions Data, 995 F.2d 383, 386 (2d Cir. 1993)*.

The award of fees and expenses under the EAJA is not a matter of discretion. Rather, the EAJA provides that the court "shall award" fees and expenses incurred by the prevailing party unless the court finds that the United States was substantially justified in bringing its claims, or that some special circumstance exists. *28 U.S.C. § 2412(d)(1)(A)*.

The SEC argues against an award of attorneys' fees and costs to Angel for two reasons. First, the SEC contends that Angel did not "incur" any fees or costs under the EAJA since CKP is obligated, under Delaware Corporation Law, to indemnify him for all legal expenses in connection with this [*4] litigation. Second, the SEC argues that even if Angel is deemed to have incurred legal expenses, the SEC was substantially justified in bringing this action.

Were Fees and Expenses Incurred?

On December 6, 2004, James DiLorenzo, on behalf of CKP, and Angel, entered into a written retainer agreement with Schrader & Schoenberg, LLP, governing the terms under which that firm would represent Angel in the current action. Under the terms of the retainer, CKP is responsible "in the first instance" for all fees and disbursements incurred in representing Angel in this action. However, the retainer provides that if CKP fails to pay any such fees or disbursements "Angel will remain personally and individually liable for any unpaid balance."

During the course of their representation of Angel, Schrader & Schoenberg have sent their bills directly to CKP. As of April 20, 2006, these bills total $ 98,232.52, representing $ 97,969.00 in attorneys' fees and $ 263.52 in disbursements. On or about February 13, 2006, CKP paid $ 30,000 to Schrader & Schoenberg. However, despite being billed for the remaining $ 68,232.52, CKP has not made any further payment.

An affidavit submitted by Jan E. Chason, [*5] the Chief Financial Officer of Ckrush, Inc., CKP's successor, states that although Ckrush has thus far paid $ 30,000 toward Angel's legal fees, "Ckrush does not presently have sufficient funds to pay the more than $ 60,000 outstanding balance" of Angel's attorneys' fees, which remain due and owing. Chason has stated that, as of April 19, 2006, Ckrush has less than $ 57,533 in unrestricted cash.

The unpaid balance for attorneys' fees and costs currently due Schrader & Schoenberg is $ 68,232.52. Under the EAJA, an award of attorneys' fees and expenses may include the full amount of the costs incurred in the litigation. However, under the EAJA, the maximum compensable attorneys' fee is $ 125 per hour plus an adjustment based upon the "cost of living." See *28 U.S.C. § 2412(d)(2)(A)(ii)*; *Lagana v. Secretary of HHS, 90-CV-2638, 1992 U.S. Dist. LEXIS 10424 (E.D.N.Y. July 13, 1992)*. Angel's attorneys have incurred $ 263.52 in disbursements. In addition, Angel has submitted invoices from his attorneys evidencing that they have performed 337.18 hours of work on this matter, as well as documentation from the Bureau of Labor Statistics indicating the [*6] proper cost of living adjustment to the $ 125 per hourly rate. Based upon these numbers, and subtracting the $ 30,000 that CKP has already paid toward Angel's attorneys' fees and costs, Angel requests an EAJA award of $ 53,834.84. Angel has provided invoices and other documentation to support this figure and the SEC has not objected to this calculation

EAJA allows a "prevailing party" in an action by the

United States to seek an award of fees and expenses "incurred by that party." *28 U.S.C. 2412(d)(1)(A)*. The SEC contends that Angel has not incurred any fees or expenses under the EAJA because under the law of Delaware, the state in which CKP is incorporated, CKP is legally obligated to indemnify Angel for legal fees he incurred in his successful defense of this litigation. See *Del. Code Ann. tit. 8, § 145(a), (c)* (2005); *Waltuch v. Conticommodity Servs., Inc., 88 F.3d 87, 94-96 (2nd Cir. 1996)*.

The Second Circuit has not yet ruled on the question whether a prevailing party is deemed to have "incurred" attorneys' fees and expenses under the EAJA where the party's employer or insurer is legally obligated to indemnify [*7] him for these litigation expenses. Some circuits have refused to award fees and expenses under such circumstances. See *United States v. Paisley, 957 F.2d 1161, 1164 (4th Cir. 1992)*; *SEC v. Comserv Corp., 908 F.2d 1407, 1413 (8th Cir. 1990)*. One circuit has awarded litigation expenses despite the existence of a statutory or contractual indemnification requirement. See *Ed A. Wilson, Inc. v. GSA, 126 F.3d 1406, 1409 (Fed. Cir. 1997)*.

The cases that have disallowed awards under the EAJA where the prevailing party had the right to indemnification from a third party have all contemplated a *solvent* third party, financially capable of honoring its indemnification obligation. Thus, the existence of a contractual or legal obligation to indemnify alone is not sufficient; where an indemnitor is insolvent or financially incapable of making good on its obligation, the party has, in reality, "incurred" litigation expenses and an award of attorneys' fees and costs under the EAJA is appropriate. In Paisley, the court specifically relied upon the indemnitor's solvency in disallowing an award under the EAJA:

> A claimant with a legally [*8] enforceable right to full indemnification of attorney fees from a *solvent* third party cannot be deemed to have incurred that expense for purposes of the EAJA, and hence is not eligible for an award of fees under that Act (emphasis added).

*Paisley, 957 F.2d at 1164*. See also *Comserv, 908 F.2d at 1414-1415*.

In the present case, only part of Angel's legal bill has been paid and it is clear that the default on the balance is due to the inability of CKP to make the remaining payment. CKP was deeply in debt at the time this action was filed and, according to its Chief Financial Officer, does not currently have the funds to pay the balance of Angel's attorneys' fees. Under the terms of his retainer agreement, Angel will therefore remain liable for this outstanding balance. The court therefore holds that Angel has incurred his attorneys' fees and expenses within the meaning of the EAJA.

Was the SEC's Action Against Angel "Substantially Justified?"

The SEC contends that an EAJA award would be improper because it was substantially justified in bringing its claims against Angel. The phrase "substantially justified" means "justified to a degree [*9] that could satisfy a reasonable person." *Pierce, 487 U.S. at 565*. The Government thus bears the burden of showing that its position had "a reasonable basis in both law and fact." *Sotelo-Aquije v. Slattery, 62 F.3d 54, 57 (2d Cir. 1995)*; *Federal Election Commission v. Political Contributions Data, Inc., 995 F.2d 383, 386 (2d Cir. 1993)*. The court finds that SEC has failed to carry its burden.

The SEC's complaint asserted three counts against Angel. Count I alleged a primary violation of *Section 10(b)* of the Exchange Act and *Rule 10b-5* thereunder. Count II alleged, in the alternative, an aiding and abetting violation of *Section 10(b)* and *Rule 10b-5*. Count V alleged aiding and abetting violations of *Sections 13(a)*, *13(b)(2)(A)*, and *13(b)(2)(B)* of the Exchange Act. In its opinion granting Angel's motion for summary judgment the court found that there was no reasonably competent evidence to support these claims.

The court found that Angel's involvement in the preparation of CKP's 2002 Form 10-KSB was extremely limited:

> Angel played a "very background role" in the preparation of the Form 10-KSB. Angel was not involved in the preparation [*10] of the financial or accounting statements that were contained in the Form 10-KSB, which are the portions of that form alleged to contain the false and misleading statements. Rather, Angel's role was strictly limited to providing

> Yeend & Castaneda and Marcum & Kliegman with "paper work backup" documentation necessary to cross items off the list of "open items," and answering questions about subsequent events and pending litigation against CKP.

*Kushner, 2006 U.S. Dist. LEXIS 6466 at *6*.

At oral argument the SEC conceded these facts, which are derived from a thorough on-the-record examination of Angel conducted by the SEC prior to the filing of this action.

The court proceeded to find these facts grossly insufficient to support the SEC's claims. The court first rejected the SEC's claim for primary liability, holding that Second Circuit precedent did not "provide any basis" for the imposition of primary liability under *Rule 10b-5* without the actual making of a false or misleading statement. See *Wright v. Ernst & Young LLP, 152 F.3d 169 (2d Cir. 1998)*; *Shapiro v. Cantor, 123 F.3d 717 (2d Cir. 1997)*. As the SEC conceded, Angel [*11] did not sign the Form 10-KSB, approve its filing, or in any other way make a false statement. The SEC's position on primary liability was therefore unreasonable.

The SEC contends that *In re Scholastic Corp., 252 F.3d 63 (2d Cir. 2001)*, cited in its opposition to Angel's summary judgment motion, reasonably supported its position that primary liability may be imposed even in the absence of a false or misleading statement. However, the court has already held that "there is nothing in Scholastic which can possibly provide grounds for holding Angel primarily liable in the present case."

In Scholastic, the complaint alleged that Marchuk, Scholastic's vice president for finance and investor relations disseminated, in various forms, false financial information. *Id. at 69*. The district court dismissed the claim for primary liability under *Rule 10b-5*. On appeal, the Second Circuit reinstated the claim, characterizing Marchuk's role in Scholastic as follows:

> Marchuk was primarily responsible for Scholastic's communications with investors and industry analysts. He was involved in the drafting, producing, reviewing and/or disseminating of the [*12] false and misleading statements issued by Scholastic during the class period. Marchuk had access to internal corporate documents and reports relating to trade sales and return data, conversed with other officers and employees and attended management and committee meetings. He helped prepare the Director's Books analyzing data and commenting on sales trends.

*Id. at 76*.

As the court previously stated, Angel's very limited role in our case "bears no resemblance to Marchuk's responsibilities and activities in the Scholastic case." *Kushner, 2006 U.S. Dist. LEXIS 6466 at *18*. *Scholastic* therefore provides no support to the SEC's claim for primary liability.

Finally, it is patently insufficient to state, as the SEC does, that Angel's status as a director alone justifies the imposition of primary liability. Although a director has certain fiduciary obligations, there is no evidence that Angel knew of the false statements or was otherwise in a position to remedy them.

The SEC was also not substantially justified in pursuing its aiding and abetting claims against Angel. Aiding and abetting liability must be based upon a showing of three elements: [*13] "(1) the existence of a securities law violation by the primary wrongdoer; (2) knowledge of the violation by the aider and abettor; and (3) proof that the aider and abettor substantially assisted in the primary violation." *Armstrong v. McAlpin, 699 F.2d 79, 91 (2d Cir. 1983)*.

The SEC failed to set forth any reasonably competent evidence to support the latter two elements. As to the scienter requirement, the court noted that the law was unclear about whether knowledge or recklessness was the proper standard for aiding and abetting liability, and held that knowing misconduct was required. The court further held that not only had the SEC failed to show that Angel knew of a primary violation, they had not even made a reasonable showing of recklessness:

> There is no evidence to suggest that Angel ignored a danger or risk so obvious that the defendant must have been aware of it. The SEC has not made the slightest showing that Angel was involved with any of the subjects -- cash flow, etc. -- which

turned out to be falsely presented. Since he was not involved in any way with the preparation or review of the figures, it follows necessarily that he had no consciousness [*14] of any danger or risk that these figures might end up being falsified.

*Kushner, 2006 U.S. Dist. LEXIS 6466 at *24-25.*

Finally, the SEC did not make a reasonable showing as to the final element of aiding and abetting liability, -i.e., substantial participation in the primary violation. As discussed above, the facts found by the court and conceded by the SEC showed that Angel's role in the preparation of the Form 10-KSB at issue was so limited as to make the SEC's claim for aiding and abetting an unreasonable one.

The court therefore finds that the SEC has failed to meet its burden of showing that its position in this litigation was substantially justified. Pursuant to the EAJA, Angel is therefore entitled to the award of attorneys' fees and costs.

CONCLUSION

Angel's motion for attorney's fees and costs in the amount of $ 53,834.84 is granted.

SO ORDERED

Dated: New York, New York

May 22, 2006

Thomas P. Griesa

U.S.D.J.