EDWARD P. DAVIS, JR. (STATE BAR NO. 56847)
    edavis@orrick.com
SUSAN D. RESLEY (STATE BAR NO. 161808)
    sresley@orrick.com
ROBIN A. LINSENMAYER (STATE BAR NO. 244656)
    rlinsenmayer@orrick.com
JAN L. WESTFALL (STATE BAR NO. 241106)
    jwestfall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Defendant
Kenneth E. Lonchar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>        v.<br><br>MARK LESLIE, et al,<br><br>                    Defendants. | Case No.  C 07-3444 JF<br><br>**REPLY BRIEF OF DEFENDANT KENNETH E. LONCHAR IN SUPPORT OF MOTION TO DISMISS SEC'S COMPLAINT**<br><br>Date:      January 18, 2008<br>Time:     9:00 a.m.<br>Judge:    Hon. Jeremy Fogel<br>           Courtroom No. 3 |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................ 1

II.     RULE 9(b) APPLIES TO EACH OF THE SEC'S CLAIMS.............................. 2

III.    THE SEC HAS FAILED TO STATE CLAIMS FOR VIOLATIONS OF
        SECTIONS 10(b) AND 17(a) OF THE 1934 ACT AND RULE 10b-5............ 4

        A.    The SEC Has Failed to Adequately Plead Falsity.................................. 4

              1.    The Complaint Fails to Properly Allege What Statements Were
                    False and When They Were Made ............................................. 4

              2.    The Complaint Does Not Adequately Allege Why Any Statements
                    By Mr. Lonchar Were False When Made .................................. 7

        B.    The SEC Cannot Demand A Lesser Pleading Standard for Its Fraud
              Allegations by Conflating Scienter with Mr. Lonchar's Alleged Knowledge
              of the AOL Transactions ................................................................ 9

IV.     THE COMMISSION'S ALLEGATIONS OF PRIMARY VIOLATIONS OF
        SECTIONS 13 and 17(a)(2) AND (3) FAIL........................................... 11

        A.    The Commission's Section 13 and 17(a)(2) and (3) Claims Require a
              Mental State Which Requires 9(b) Particularity ................................ 11

V.      THE COMMISSION HAS NOT ADEQUATELY ALLEGED AIDING AND
        ABETTING VIOLATIONS ........................................................................ 13

VI.     MOST OF THE COMMISSION'S REQUESTS FOR RELIEF ARE TIME
        BARRED ................................................................................................. 14

VII.    CONCLUSION ......................................................................................... 15

# TABLE OF AUTHORITIES

## CASES

PAGE

*Alfaro v. E.F. Hutton & Co.,*
  606 F. Supp. 1100 (E.D. Pa. 1985) ..................................................................6

*Baxter v. A.R. Baron & Co.*
  No. 94 Civ 3913 (JGK), 1995 WL 600720 (S.D.N.Y. Oct. 12, 1995) ......................6

*Bell Atlantic Corp. v. Twombly,*
  127 S. Ct. 1955 (2007) ..................................................................................2

*Cooper v. Pickett,*
  137 F.3d 616 (9th Cir. 1998).........................................................................4, 8

*In re Cylink Sec. Litig.,*
  178 F. Supp. 2d 1077 (N.D. Cal. 2001) .............................................................8

*Edward J. Mawod & Co. v. SEC,*
  591 F.2d 588 (10th Cir. 1979)........................................................................13

*FEC v. Williams,*
  104 F.3d 237 (9th Cir. 1996)..........................................................................14

*In re Daou System,*
  411 F.3d 1006 (9th Cir. 2005).........................................................................9

*In re AOL Time Warner, Inc. Sec. Litig.,*
  381 F. Supp. 2d 192 (S.D.N.Y. 2004)...............................................................5

*In re Exodus Commun. Sec. Litig.,*
  No. C01-2661, MMC, 160, 163, 2005 WL. 1869289 (N.D. Cal. Aug. 5, 2005).......................5

*In re GlenFed, Inc. Sec. Litig.,*
  42 F.3d 1541 (9th Cir. 1994)...............................................................2, 4, 7, 12

*In re Gupta Corp. Sec. Litig.,*
  900 F. Supp. 1217 (N. D. Cal. 1994) ................................................................6

*In re Read Rite Corp.,*
  335 F.3d 843 (9th Cir. 2003)..........................................................................10

*In re Ross System Sec. Litig.,*
  No. C-94-0017-DLJ, 1994 WL. 583114 (N.D. Cal. July 21, 1994) ...........................9

*In re Silicon Storage Tech. Inc. Sec. Litig.,*
  No. C 05-0295 PJH, 2006 U.S. Dist. LEXIS 14790 (N.D. Cal. Mar. 10, 2006) ................7

*In re Syntax Corp. Sec. Litig.,*
  855 F. Supp. 1086 (N.D. Cal. 1994) ................................................................8

*In re Tibco Software Sec. Litig.,*
  No. C05 2146 SBA, 2006 U.S. Dist. LEXIS 36666 (N.D. Cal. May 24, 2006)...................4

- ii -

*In re Zoran Corp. Deriv. Litig.,*
    511 F. Supp. 2d 986 (N.D. Cal. 2007) ..............................................................15

*Johnson v. SEC*
    87 F. 3d 484 (D.C. Cir. 1996) ........................................................................14

*Loveman v. Lauder,*
    484 F. Supp. 2d 259 (S.D.N.Y. 2007) ............................................................14

*Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC,*
    No. 07-CV-912-IEG (BLM), 2007 WL 3047093 (S.D. Cal. Oct. 16, 2007) ............9

*McKinnon v. Cairns,*
    698 F. Supp. 852 (W.D. Okla. 1988) ................................................................6

*Neubronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993) ..............................................................................8

*Ponce v. SEC,*
    345 F.3d 722 (9th Cir. 2003) ..........................................................................11

*Rubke v. Capital Bancorp Ltd.,*
    460 F. Supp. 2d 1124 (N.D. Cal. 2005) ............................................................5

*SEC v. Autocorp Equities, Inc.,*
    292 F. Supp. 2d, 1310 (D. Utah 2003) ............................................................12

*SEC v. Baxter,*
    No. C-05-03484, *RMW*, 2007 WL 2013958 (N.D. Cal. July 11, 2007)...............3, 4, 9, 12, 13

*SEC v. Cedric Kushner Promotions, Inc.,*
    No. 04 CV 2324 (TPG), 2006 U.S. Dist. LEXIS 32846 (S.D.N.Y. May 22, 2006) ................14

*SEC v. Fehn,*
    97 F.3d 1276 (9th Cir. 1996) ..........................................................................13

*SEC v. Harden,*
    Case No. 1:05-CV-354, 2006 U.S. Dist. LEXIS 2681 (D. Mich. Jan. 12, 2006) ....................15

*SEC v. Kahn,*
    No. 99 *Civ 3913 (JGK)*, 1995 WL 600720 (S.D.N.Y. Oct. 12, 1995)..............................11

*SEC v. Lucent Techs., Inc.,*
    363 F. Supp. 2d 708 (D.N.J. 2005) ................................................................13

*SEC v. Lucent Techs. Inc.,*
    *No. Civ. 04-2315(WHW)*, 2005 WL 1206841 (D.N.J. May 20, 2005) ..........................9

*SEC v. McNulty,*
    137 F.3d 732 (2d Cir. 1998) ..........................................................................11

*SEC v. Morris,*
    *No. Civ. A. H-04-3096,*2005 WL. 2000665 (S.D. Tex. Aug. 18, 2005) ..........................13

*SEC v. Republic National Life Ins. Co.,*

- iii -

378 F. Supp. 430 (S.D.N.Y. 1974)..........................................................................3

*SEC v. Richie,*
   *Case No. EDCV 06-63-VAP (SGLx),*2006 U.S. Dist. LEXIS 45853 (C.D. Cal. May 9,
   2006) ........................................................................................................................15

*SEC v. Rind,*
   991 F.2d 1486 (9th Cir. 1993)..................................................................................14

*SEC v. Savoy Inds.,*
   587 F.2d 1149 (D.C. Cir. 1978) ...............................................................................11

*SEC v. Tambone,*
   417 F. Supp. 2d 127 (D. Mass. 2006) .......................................................................3

*SEC v. Todd,*
   No. 03 CV 2230 BEN(WMC), 2006 WL. 1564892 (S.D. Cal. May 30, 2006)........................12

*SEC v. Todd,*
   No. 03 CV 2230 BEN (WMC), 2007 U.S. Dist. LEXIS 38985 (S.D. Cal. May 30,
   2007) ........................................................................................................................12

*SEC v. Yuen,*
   221 F.R.D. 631 (C.D. Cal. 2004) ...........................................................................3, 6

*Simpson v. AOL Time Warner  Inc.,*
   452 F.3d 1040 (9th Cir. 2006)....................................................................................4

*Steckman v. Hart Brewing, Inc.,*
   143 F.3d 1293 (9th Cir. 1998)..................................................................................15

*Teachers' Ret. Sys. v. Hunter,*
   477 F.3d 162 (4th Cir. 2007).......................................................................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
   127 S. Ct. 2499 (2007) .............................................................................................10

*Yourish v. California Amplifier,*
   191 F.3d 983 (9th Cir. 1999)...................................................................................4, 7

**FEDERAL STATUTES AND RULES**

28 U.S.C. § 2462 ................................................................................................................14

Fed. R. Civ. P. 9(b) ..................................................................................................... *passin*

Fed. R. Evid. 201 (b) .........................................................................................................14

Section 10(b) of Securities Exchange Act of 1934 ...............................................4, 9, 12

Section 13 of the Securities Exchange Act of 1934 ......................................................11, 12

Section 17(a) of the of the Securities Act of 1933 ........................................................4, 11

SEC Rule 10b-5 ...................................................................................................................4

SEC Rule 13b2-2 ...........................................................................................................11, 12

**MISCELLANEOUS**

Merrian Webster's Collegiate Dictionary  671, 695 (10th ed. 1995) ............................................ 12

## I.  INTRODUCTION

Following an extensive five year investigation, the SEC has leveled extremely serious accusations against Kenneth Lonchar, former CFO of Veritas Software Corporation ("Veritas"): it claims that he knowingly participated in a fraudulent scheme, lied to Veritas' auditors, and intentionally manipulated and distorted Veritas' earnings, thereby violating, knowingly participating in and substantially assisting Veritas' alleged violations of the securities laws. Every court in this and every other Circuit demands that such severe charges be supported by particularized factual allegations – not conclusory assertions – that comply with Fed.R.Civ. P. 9(b).  This is particularly true when the plaintiff is the government.

In his opening brief, Mr. Lonchar pointed out that the SEC shirked these obligations by failing to allege with particularity the requisite "who, what, when, where, and how" requirements of Rule 9(b), namely:  (1) what statements concerning Veritas' sale of software to and purchase of online advertising from AOL, Inc. ("AOL") were false when made, when they were made, why they were false or how Mr. Lonchar could have been aware that any statement was false when made; (2) what specific financial statements between 2000 and 2002 were false and why they were false; (3) what books and records were allegedly manipulated or what internal controls were knowingly circumvented by Mr. Lonchar; (4) what statements Mr. Lonchar made to Veritas' outside auditors were false and why they were false; and (5) Mr. Lonchar's actual knowledge of and substantial assistance of Veritas' unspecified violations.  Mr. Lonchar also showed that much of the relief sought by the SEC is time barred.

In response, the SEC repeatedly rehashes the conclusory allegations of its Complaint and ignores, dismisses as wrong, or mistakenly labels inapplicable the weight of relevant authority demanding particularity in fraud-based claims.  The SEC also erroneously states that its allegations satisfy the falsity requirement of Rule 9(b) because Mr. Lonchar "knew" or "had knowledge" of adverse facts.  But no allegations tie Mr. Lonchar to these so-called facts.  Even more remarkable is the SEC's haughty proclamation that it should be accorded some leniency in pleading its fraud-based claims because it is the government.  The SEC is wrong:  the law does not permit it to accuse Mr. Lonchar of participating in an unspecified "fraudulent scheme" or of

- 1 -

1    engaging in vague acts of "manipulation" without pleading the circumstances of these unlawful

2    acts with a level of particularity that is utterly missing from its Complaint. Through its repeated

3    protestations, the SEC has tacitly admitted that after reviewing tens of millions of pages of

4    documents and taking the sworn pretrial testimony of hundreds of witnesses (including three

5    sessions with Mr. Lonchar), its conclusory allegations against Mr. Lonchar for conduct that

6    occurred between 2000 and 2002 are the best it can muster. Under these circumstances,

7    amendment would be futile and dismissal with prejudice is warranted.

8    **II. RULE 9(b) APPLIES TO EACH OF THE SEC'S CLAIMS**

9         Mr. Lonchar's opening brief detailed the Complaint's failure to state valid claims on the

10   ground that the SEC did not plead falsity with the particularity required by Rule 9(b). Brief at 9-

11   22.[1] Rather than address Mr. Lonchar's showings, the SEC tortures well-settled law and pleading

12   standards by asserting that fraud-based claims are subject to little more than notice pleading.

13   Opp. at 23. For example, the SEC miscites *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1555-56

14   (9th Cir. 1994), for the proposition that Rule 9(b) requires only that the allegations be sufficiently

15   clear to allow the defendant to prepare an adequate answer to the complaint, and that it must be

16   read in "harmony" with Rule 8, which requires only a "short and plain statement of the claim."

17   Opp. at 23. This is a plain misreading of *GlenFed*, which held that it is improper to "collapse"

18   the requirements of Rule 9(b) into Rule 8(a) and stated that Rule 9(b) "requires particularized

19   allegations of the circumstances *constituting* fraud," i.e., not only the who, what, when, where,

20   and how of the alleged misconduct, but "what is false or misleading about a statement, and why it

21   is false" and, most importantly in securities cases, "an explanation as to why the disputed

22   statement was untrue or misleading *when made*." 42 F.3d at 1547-49 (emphasis by the Court).

23   The SEC also ignores *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1967 (2007), where the

24   Supreme Court held that even under the so-called "notice pleading" standard of Rule 8(a)(2), a

25   plaintiff must plead *specific facts* that, if proven, would establish its claims.

26

27   [1] "Brief" refers to Mr. Lonchar's Memorandum of Points and Authorities in Support of the
     Motion to Dismiss. "Opp." refers to the SEC's Opposition to Mr. Lonchar's Motion to Dismiss.

28   References to "¶" are to the paragraph numbers of the SEC's Complaint in this action.

REPLY BRIEF OF DEFENDANT KENNETH E. LONCHAR IN SUPPORT
OF MOTION TO DISMISS THE COMPLAINT (C 07-3444 JF))

1   Moreover, because the Complaint alleges a "fraudulent scheme," each of the SEC's six

2   claims against Mr. Lonchar sounds in fraud and is subject to the particularity requirements of

3   Rule 9(b). *See, e.g.*, *SEC v. Baxter*, No. C-05-03484 RMW, 2007 WL 2013958 (N.D. Cal. July

4   11, 2007). The SEC "assume[s] *arguendo*" that Rule 9(b) applies to its non-fraud claims (Opp.

5   at 44), but in the same breath complains that application of this principle would impose a "super

6   heightened" pleading standard on the SEC because it is a government agency (*id.* at 34). This is

7   not the case. It is well-settled in this Circuit and in others that the SEC should be held to a

8   rigorous application of Rule 9(b), particularly because the SEC enjoys extensive prelitigation

9   discovery. *See, e.g.*, *SEC v. Yuen*, 221 F.R.D. 631, 637 (C.D. Cal. 2004) (rigorously holding the

10  SEC to Rule 9(b)'s pleading requirements, given that the SEC had been "engaged in discovery for

11  several months before asserting claims against the Defendants" and had ample opportunity to

12  marshal detailed facts to support its claims); *SEC v. Tambone*, 417 F. Supp. 2d 127, 131 (D.

13  Mass. 2006) (in light of the SEC's extensive pre-litigation investigation, Rule 9(b)'s particularity

14  requirements must be applied in a "rigorous manner"); *SEC v. Republic Nat'l Life Ins. Co.*, 378 F.

15  Supp. 430, 439 (S.D.N.Y. 1974) (requirement of alleging fraud claims with particularity is

16  "especially applicable in view of the meetings" between the SEC and the defendant).

17  A strict application of the Rule 9(b) standard could not be more appropriate here, as the

18  SEC has investigated the claims in the Complaint for more than five years, taken testimony from

19  more than 100 witnesses, and reviewed tens of millions of pages of documents.[2] Yet, with no

20  supporting authority, the SEC declares that the above cases are "inapposite" because they are

21  from outside of this Circuit "where the pleading standards are different." Opp. at 34. That

22  argument is not only wrong (given *Yuen*), but it incorrectly suggests that the Ninth Circuit's

23  particularity standards are less stringent than in other Circuits.

---

27  [2] To date, the SEC has produced over 17 million pages of documents on four computer hard
    drives to the defendants and on December 17, 2007, produced to defendants an additional hard
28  drive with numerous additional documents.

- 3 -

1

2

### III. THE SEC HAS FAILED TO STATE CLAIMS FOR VIOLATIONS OF SECTIONS 10(b) AND 17(a) OF THE 1934 ACT AND RULE 10b-5

3

4

#### A. The SEC Has Failed to Adequately Plead Falsity

5

The SEC thinks it need only allege generalized conclusions and assumptions, call them

6

facts, then label them as false. Opp. at 23, 37, 39.[3] That is not the case. As shown above, Rule

7

9(b) requires at the threshold that the SEC specifically allege "the 'who, what when, where and

8

how' of the misconduct charged." *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th

9

Cir. 2003) (quoting *Cooper*, 137 F.3d at 627).[4] Among other things the SEC must "adequately

10

specify the statements it claims was false and misleading, give *particulars* as to the respect in

11

which plaintiff contends statements were fraudulent, state when and where the statements were

12

made, and identify those responsible for the statement." *GlenFed*, 42 F.3d at 1548 n.7 (quoting

13

MOORE'S FED. PRAC. § 9.03 at 9-19-21 (2d ed. 1994)). Absent such necessary "details" needed to

14

comply with Rule 9(b), the Complaint must be dismissed. *Yourish v. California Amplifier*, 191

15

F.3d 983, 984 (9th Cir. 1999). The First and Second Claims (alleging fraud) are patently

16

deficient under Rule 9(b) and should be dismissed.

17

#### 1. The Complaint Fails to Properly Allege What Statements Were False and When They Were Made

18

19

In challenging Veritas' software and advertising transactions with AOL, the SEC first

20

inaccurately claims that Mr. Lonchar seeks to "initiate [] a factual dispute" as to whether the AOL

21

transactions were fraudulent. Opp. at 37. Mr. Lonchar does no such thing. He merely points out

22

that the SEC cannot simply label the AOL transactions as a fraudulent "round trip" deal or

23

24

25

[3] The SEC relies on *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1998) for the proposition that 9(b) does not require detailed pleading. Opp. at 23, 39. The SEC misreads *Cooper*. Unlike here, Plaintiffs there pled with specificity and provided the requisite who, what, when and how. *Cooper*, 137 F.3d at 627 ("the complaint points to specific quarters and specific customers and provides dollar figures for each quarter").

26

27

28

[4] *See also Baxter*, 2007 WL 2013958, at *3 ("the SEC's allegations of falsity must be stated with particularity"); *In re Tibco Software Sec. Litig.*, No. C05 2146 SBA, 2006 U.S. Dist. LEXIS 36666, at *68 (N.D. Cal. May 24, 2006) ("Plaintiffs must … allege, with particularity, contemporaneous statements or conditions that are inconsistent with the challenged statement or as to demonstrate that it was false when made").

- 4 -

1    "sham" where actual products were purchased and sold.  *See, e.g., Simpson v. AOL Time Warner*

2    *Inc.,* 452 F. 3d 1040, 1052-53 (9th Cir. 2006) (where "[t]here is no indication [in the Complaint]

3    that the transactions engaged in by AOL were completely illegitimate," and it is not alleged that

4    "that no products of value were exchanged," AOL's conduct cannot be understood as deceptive or

5    fraudulent).  In response and with no contrary authority, the SEC declares that *Simpson* and

6    *Teachers' Ret. Sys. v. Hunter,* 477 F.3d 162, 178 (4th Cir. 2007), "have nothing to with this

7    [transaction] and . . . are not germane to the issues here."  Opp. at 37.  This back-of-the-hand

8    approach is not acceptable, and cannot replace substantive analysis of the legal issues. [5]

9        The SEC next alleges that the statements contained in Veritas' Form 10-K for 2001 were

10    false.  ¶ 49.  But it fails to point to any particular statement in the 10-K.  The SEC then leaps to

11    the conclusion that it is "clear and reasonable" to assume that the unidentified press releases and

12    earnings teleconference which Mr. Lonchar allegedly "approved" or "participated in" occurred on

13    some unidentified date or dates in 2001.  Opp. at 36.  The SEC is wrong.  Rule 9(b) requires that a

14    plaintiff provide specific dates.  *See Rubke v. Capital Bancorp Ltd.*, 460 F.Supp. 2d 1124, 1139

15    (N.D. Cal. 2005) (Rule 9(b) requires claims be pled with particularity, including providing dates);

16    *In re Exodus Commc'ns Sec. Litig.*, No. C01-2661 MMC, 160, 163, 2005 WL 1869289, at *21

17    (N.D. Cal. Aug. 5, 2005) (complaint fails to satisfy Rule 9(b) when it does not allege dates). [6]

18        The SEC gives even less factual support for the claims concerning the alleged non-GAAP

19    practices.  Nowhere does the Complaint identify any particular false statements allegedly made

20    by Mr. Lonchar or when such statements were made.  Instead, the SEC alleges only generally that

21    Veritas reported false financial results "in periodic reports filed with the Commission and other

22    public statements from at least 2000 through 2003."[7]  ¶ 4; Opp. at 39.[8]  It thus provides only a

23    _____

      [5] In the same vein, the SEC sweepingly overstates the holding in *In re AOL Time Warner, Inc.*
24    *Sec. Litig.*, 381 F. Supp. 2d 192, 229-30 (S.D.N.Y. 2004); the court there did *not* hold that the
      AOL-Veritas transaction "was engineered as a separate transaction to make it appear that AOL
25    was receiving $20 million in advertising revenue," but only that Plaintiff made that allegation.
      (Opp. at 37-38).

26    [6] The SEC argues that Messrs. Lonchar, Sallaberry, and Leslie attempted to "quash a news story
      about the AOL transaction."  Opp. at 12-13.  This is a red herring and bears no relevance on any
27    claims for securities fraud.

      [7] In addition to being impermissibly vague, the SEC's statement is wholly incorrect because Mr.
28    Lonchar ceased employment at Veritas in October 2002. ¶ 10.

                                                - 5 -

1  blanket 2-year time frame for its allegations regarding improperly recorded accrued liabilities, ¶¶

2  53-56, and gives no detail regarding which balances were unsubstantiated, which reported periods

3  or which public filings were allegedly falsified, or by how much.  That is the antithesis of Rule

4  9(b), which "requires that allegations of financial fraud be pled with at least some supporting

5  facts beyond mere observations of adverse financial events." *In re Gupta Corp. Sec. Litig.*, 900

6  F. Supp. 1217, 1229 (N. D. Cal. 1994).[9]  Alleging a general multi-year time period, without

7  specificity as to the dates of specific fraudulent statements, is insufficient under Rule 9(b).  *See*

8  *Alfaro v. E.F. Hutton & Co.*, 606 F. Supp. 1100, 1110 (E.D. Pa. 1985) (dismissing securities

9  claims where the complaint alleged fraudulent concealment over a period of years, without

10  "identify[ing] particular points during this time period when particular reassurances were

11  provided which concealed the fraud . . . . [P]laintiffs must present more narrow time frames

12  during which each act of concealment allegedly occurred.").

13          The SEC's allegations regarding the alleged cut off of professional services revenue are

14  even weaker, as they fail to quantify amounts or provide even a general time period.  ¶¶ 59-65.

15  Finally, the SEC's allegations concerning the alleged manipulation of Veritas' deferred revenue

16  balance offer no specifics regarding Mr. Lonchar's role in the purported scheme, other than to

17  generally state that he provided unspecified "instructions."  ¶ 69.  Such infirmities mandate

18  dismissal.  *See Yuen*, 221 F.R.D. at 636-37 (dismissing SEC's complaint because "the SEC has

19  not plead any specifics as to the Individual Defendants' alleged participation in the scheme such

20  as who devised the scheme, *when it was devised* and *when* each Defendant joined it") (emphasis

21  added).

22

23

_____

24  [8] Moreover, the Complaint impermissibly fails to quantify the amounts by which it asserts each
   alleged period between 2000 and 2003 was misstated.  *See Exodus*, 2005 WL 1868289, at *18.

25  [9] *See also Baxter v. A.R. Baron & Co.*, No. 94 Civ 3913 (JGK), 1995 WL 600720, at *3
26  (S.D.N.Y. Oct. 12, 1995) (dismissing securities fraud complaint for failure to comply with Rule
   9(b) where the Complaint failed to specify "a date or time at which any of [the defendant's]
27  alleged statements or omissions took place"); *McKinnon v. Cairns*, 698 F. Supp. 852, 857 (W.D.
   Okla. 1988) (dismissing securities fraud complaint where the plaintiff did not allege "any time
28  period or dates; any specific financial statements that were false or misleading").

- 6 -

### 2. The Complaint Does Not Adequately Allege Why Any Statements By Mr. Lonchar Were False When Made

Rule 9(b) demands that a plaintiff pleads particularized facts demonstrating why a statement was false when made. *In re Silicon Storage Tech. Inc. Sec. Litig.*, No. C 05-0295 PJH, 2006 U.S. Dist. LEXIS 14790, at *13 (N.D. Cal. Mar. 10, 2006) ("the complaint must specify each statement alleged to have been false or misleading [and] specify the reason … why each statement is misleading"). The most direct way to make such a showing is to "point[] to inconsistent contemporaneous statements or information . . . which were made by or available to the defendants." *GlenFed*, 42 F.3d at 1549.

The SEC summarily dismisses and offers no contradictory authority for these well-settled principles. *See* Opp. at 36. It generally and misleadingly avers that Mr. Lonchar incorrectly scrutinizes each "individual allegation," rather than looks at the Complaint as a whole, to show that the SEC's claims are insufficient. *Id.* at 35. Even taken together, however, the 102 paragraphs of the SEC's Complaint are bereft of *any* factual allegation that any statement attributable to Mr. Lonchar was false when made. *See Yourish,* 191 F.3d at 994 (dismissal of securities fraud complaint appropriate because "[p]laintiffs merely identify certain statements that they claim were misrepresentations, without providing particularized facts" about the circumstances constituting the underlying fraud).

In attempting to tie Mr. Lonchar to its claims that statements concerning AOL deals were false when made both in 2001 and in his 2002 certification of financial statements, the SEC hangs its hat on ¶ 23 of the Complaint, which states, without more, that "[a]fter consulting with Lonchar and Leslie, Sallaberry affirmed the AOL proposal." *See* Opp. at 6, 36, 37. What was said during this "consultation?" When did this "consultation" occur? The Complaint is silent. Indeed, this intentionally vague allegation fails to allege whether the software and advertising transactions were even discussed during this "consultation." Rule 9(b) demands more than what the SEC has alleged. *See Yourish,* 191 F.3d at 995 ("[i]f such unsupported general claims were sufficient enough to satisfy Rule 9(b)'s particularity requirements, plaintiffs could eliminate the falsity requirement entirely because they could merely identify a given statement by the defendant and

- 7 -

1    then simply allege that the substance of the statement was contradicted by contemporaneous

2    information" possessed by him).

3         The SEC's defense of its allegations concerning the purported "smoothing" of Veritas'

4    financial results is even more vague.  It argues that two years of Veritas' financial statements

5    were false "because of the improper non-GAAP practices during 2000 to 2002, which Lonchar

6    purportedly directed and participated" in.  Opp. at 39.  Yet the Complaint is devoid of any

7    specific, supporting facts.  Allegations of undated, unspecified "requests" to Mr. Lonchar's

8    finance team (¶ 54), undated, unspecified "quarter end revenue meetings" (¶ 62) and amorphous

9    "schemes" (¶ 68) are no substitute for facts.  *In re Syntax Corp. Sec. Litig.*, 855 F. Supp. 1086,

10   1095 (N.D. Cal. 1994) ("[p]laintiffs' allegation that Defendants possessed internal corporate data

11   known only to them, comes nowhere close to satisfying Fed. R. Civ. P.. 9(b)").  Contrary to the

12   SEC's proclamation (Opp. at 39), such vague claims make it difficult, if not impossible, for Mr.

13   Lonchar to formulate an answer.  *See Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)

14   (complaint must be sufficient so that plaintiff may do more than "just deny that they have done

15   anything wrong").

16        As a fallback, the SEC points to Veritas' 2003 and 2004 restatements to support its

17   allegations of falsity and scienter.  Opp. at 38.  In so doing, the SEC mischaracterizes *In re Cylink*

18   *Sec. Litig,* 178 F. Supp. 2d 1077, 10841 (N.D. Cal. 2001) for the proposition that a bare allegation

19   of a restatement "is sufficient to establish falsity at the pleading stage."  Opp. at 38.  That

20   quotation is taken out of context as it addresses the information and belief provision of the Private

21   Securities Litigation Reform Act ("Reform Act").  *Cylink*, 178 F. Supp. 2d at 1084.  In fact, the

22   Court in *Cylink* emphasized the very point advanced by Mr. Lonchar:  bare allegations of GAAP

23   violations are insufficient to demonstrate fraud.  *Id* at 1082.  Indeed, to survive dismissal, the

24   Complaint must also allege facts regarding the underlying fraud, such as "the approximate

25   amount by which revenues and earnings were overstated . . . the products involved in the

26   contingent transaction . . . the dates of any of the transactions, [and] . . . the identities of any of

27   the [individuals] involved in the transactions."  *See In re Daou Sys.*, 411 F.3d 1006, 1016 (9th

28   Cir. 2005).  Simply put, allegations of restatement and conclusory allegations of violations of

- 8 -

1  unidentified provisions of GAAP cannot fill the Complaint's factual void.

2  **B. The SEC Cannot Demand A Lesser Pleading Standard for Its Fraud
     Allegations by Conflating Scienter with Mr. Lonchar's Alleged**
3  **Knowledge of the AOL Transactions**

4       In a further plea for a less than rigorous Rule 9(b) analysis, the SEC incorrectly claims

5  that Mr. Lonchar is applying scienter standards applicable only to private plaintiffs. Opp. at 25,

6  36. The SEC would have the Court separately parse the requirements and determine that the

7  vague allegations are sufficient merely because they apply to scienter, not falsity. But the

8  Complaint cannot be analyzed in a vacuum. *See SEC v. Baxter,* 2007 WL 2013958, at *6

9  ("Although the requirements of falsity and scienter are distinct and both elements are necessary

10 for a § 10(b) claim . . . the dual pleading requirements are typically incorporated into a single

11 inquiry because falsity and scienter are generally inferred from the same set of facts."). This

12 means that inserting the word "knowledge" or even "awareness" does not relax the stringent

13 requirements of Rule 9(b).[10] Thus, the SEC is incorrect when it says that "the defendants attempt

14 to impermissibly impose additional, non-applicable pleading requirements . . . under the [Reform

15 Act], which does not apply to the Commission's enforcement actions." Opp. at 1. These

16 requirements – including the requirement to plead the facts allegedly constituting scienter beyond

17 the mere allegation that "scienter existed" – exist "regardless whether the PSLRA applies." *SEC*

18 *v. Lucent Techs. Inc.*, No. Civ. 04-2315(WHW), 2005 WL 1206841, at *5 (D.N.J. May 20, 2005).

19 *See also* Brief at 11 n.6.

20      The SEC's argument is nothing but a not-so-coy attempt to side-step the particularity

21 requirement for pleading falsity. The SEC cannot claim that any subsequent statements by Mr.

22 Lonchar about the transactions, in public filings or elsewhere, were false if it does not adequately

23 allege that he knew the relevant details of the transactions. In other words, Mr. Lonchar cannot

24

---

25 [10] Even before the Reform Act, courts rejected the very argument that the SEC advances here,
   namely, that it may simply plead scienter with no supporting facts. *See In re Ross Sys. Sec. Litig.*,
26 No. C-94-0017-DLJ, 1994 WL 583114, at *3 (N.D. Cal. July 21, 1994) ("[a]lthough Rule 9(b)
   allows scienter to be pleaded generally, courts have required that the facts pleaded provide a basis
27 for a strong inference of fraudulent intent"); *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*,
   No. 07-CV-912-IEG (BLM), 2007 WL 3047093, at *4 (S.D. Cal. Oct. 16, 2007) (factual basis for
28 scienter must be pleaded even in cases where scienter may be averred generally).

be said to have made a false statement if he was unaware of the facts that would render the statement false. Thus, the SEC cannot allege that Mr. Lonchar made false statements regarding the "true nature" (¶¶ 2, 30, 33, 36) of the AOL transactions if he was never made aware of their "true nature" in the first place. Based on the striking lack of information in the Complaint regarding Mr. Lonchar's knowledge of the AOL transactions and the vagueness of the single allegation regarding the "consultation" with Mr. Sallaberry, it is more than reasonable to conclude from the SEC's own allegations that Mr. Lonchar did not possess sufficient information about the transactions to render his subsequent statements about them false.[11]

Similarly, the SEC's alleges that Mr. Lonchar knew that Veritas violated GAAP through the (1) recording and maintenance of accrued liabilities; (2) alleged failure to recognize professional services revenue; and (3) so-called inflation of deferred revenue. Opp. at 10-11. But the SEC's only basis for Mr. Lonchar's knowledge is the conclusion and assumption that he must have known because he served as Veritas' CFO and is a CPA. Opp. at 10. It is well-settled that a defendant cannot be held liable for fraud based on his position. *See, e.g., In re Read Rite Corp.,* 335 F.3d. 843, 848 (9th Cir. 2003) (officer's alleged knowledge of a transaction may not be inferred from his position). The First and Second Claims should, therefore, be dismissed.

## IV.    THE COMMISSION'S ALLEGATIONS OF PRIMARY VIOLATIONS OF SECTIONS 13 AND 17(a)(2) AND (3) FAIL

### A.    The Commission's Section 13 and 17(a)(2) and (3) Claims Must be Pled with Rule 9(b) Particularity

The Third and Fourth Claims allege primary "Record-Keeping" and "Internal Controls Violations" under Section 13(b)(5) of the Exchange Act and the Fifth Claim alleges a primary "Lying to Auditors Violation" of Exchange Act Rule 13b2-2. Mr. Lonchar explained why these fraud-based claims were deficient. Brief at 19-22. In order to sidestep the particularity

---

[11] The SEC incorrectly characterizes (Opp. at 37 n. 11) Mr. Lonchar's application of the standard set forth in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499 (2007). In its amicus brief in that case, the SEC recognized and argued in strong terms in favor of evaluating *all* reasonable inferences – i.e., those supporting an inference of scienter and those weighing against one – from the facts alleged in the complaint. *See* RJN, Exh. I at 25. Given that position, it is ironic at best for the SEC to now assert that the Court cannot consider the reasonable inferences from the Complaint that do not support its position.

- 10 -

1   requirements of Rule 9(b), the SEC claims that there is no scienter requirement for these claims

2   and the claims for violations of 17(a)(2) and 17(a)(3) in its First Claim. Opp. at 43. The SEC not

3   only misstates the law, but ignores its own allegations.[12] Section 13(b)(5) explicitly states: "No

4   person shall *knowingly* circumvent . . . internal accounting controls . . . " (emphasis added).

5   Moreover, the SEC expressly alleges that Mr. Lonchar "directly or indirectly *knowingly* falsified

6   or caused to be falsified books, records, and accounts of Veritas." ¶ 93 (emphasis added).[13]

7        The SEC claims that even if Rule 9(b) applies, the Complaint "more than amply satisfies"

8   the Rule. Opp. at 44. However, instead of directing the Court to specific details regarding which

9   books and records Mr. Lonchar allegedly knowingly falsified, the SEC simply concludes that Mr.

10  Lonchar "falsified or caused to falsify Veritas' books, records, or accounts by creating false

11  documentation regarding the true nature of the AOL transaction and Veritas' financial

12  statements." *Id*. That is patently insufficient. To meet the particularity requirements of Rule

13  9(b), the SEC must state which books and records – whether internal records or documents filed

14  with the SEC – Mr. Lonchar allegedly falsified or caused to be falsified. *See SEC v. Kahn*, No.

15  99 C 6343, 2002 WL 1163723, at *14 (N.D. Ill. May 31, 2002) (summary judgment entered

16  against SEC on its claims that defendants circumvented internal controls because the SEC did not

17  identify which controls were circumvented). The SEC's vague references to GAAP violations

18  also do not add the requisite particularity. *See SEC v. Todd*, No. 03 CV 2230 BEN, 2007 U.S.

19  Dist. LEXIS 38985, at *30 (S.D. Cal. May 30, 2007) ("GAAP allows for a range of reasonable

20  treatments leaving the choice among alternatives to management."). Moreover, it is insufficient

21  to merely allege GAAP violations without indicating which GAAP provisions were allegedly

22  violated. *See, e.g., SEC v. Nacchio*, 438 F. Supp. 3d 1266, 1284 (D. Colo. 2006) (dismissing

23  [12] The cases on which the SEC relies, *Ponce v SEC*, 345 F.3d 722, 737 n.10 (9th Cir. 2003), *SEC

24  v. McNulty*, 137 F.3d 732, 741 (2d Cir. 1998), and *SEC v. Savoy Inds.*, 587 F.2d 1149, 1167
    (D.C. Cir. 1978) concern sections of § 13 that do not contain the word "knowingly".

25  [13] The SEC's claims under § 17 of the Securities Act, including its §§ 17(a)(2) and (3) claims, fail
    at the threshold because the SEC has not alleged any misstatement in a securities offering. Unlike

26  the Exchange Act, which applies more broadly to purchases and sales of securities, § 17(a)
    applies only to offerings. Moreover, if the SEC attempts to bootstrap its Section 17(a) claims with

27  the paltry allegations that Mr. Lonchar sold shares, the allegations fail to describe with detail the
    dates of sales or amounts sold, as noted by Mr. Lonchar in his opening brief. *See* Brief at 16 n.13.

28  The SEC does not address that argument or the stock sale allegations.

- 11 -

1   Section 13(b)(5) and Rule 13b2-1 claims as insufficiently pled that were based on failure to

2   disclose faulty GAAP practices  and which referenced "public reporting" rather than specific

3   books and records).

4        Similarly, the SEC claims no showing of scienter is required for the Fifth Claim of "Lying

5   to Auditors." Opp. at 43. That argument ignores the plain meaning of lying — "to make an

6   untrue statement *with intent to deceive*." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY  671,

7   695 (10th ed. 1995) (emphasis added). Indeed, Rule 13b2-2 "requires intent to deceive or

8   recklessness." *See, e.g., SEC v. Autocorp Equities, Inc.*, 292 F. Supp. 2d, 1310, 1332 (D. Utah

9   2003). *See also SEC v. Todd*, No. 03CV2230BEN(WMC), 2006 WL 1564892, at *10 (S.D. Cal.

10  May 30, 2006) (Rule 13b2-2 requires "knowledge of the falsity of the statements"); *Baxter*, 2007

11  WL 2013958, at *8 ("Rule 13b2-2 appears to also impose a scienter requirement").

12       In defending its "Lying to Auditors" allegations, the SEC claims that Mr.  Lonchar "failed

13  to disclose" certain facts relating to Veritas' transactions with AOL to the auditors. Opp. at 11.

14  As with its § 10(b) allegations, the Complaint fails to comply with Rule 9(b) as no dates of

15  conversations with auditors are alleged. *See Glenfed*, 42 F.3d at 1549. Similarly, as described in

16  Section II.A. 2, *supra,*  the SEC has not described sufficiently why the statements were false

17  when made or that Mr. Lonchar was aware of their falsity. *See also Todd*, 2006 WL 1564892, at

18  *10 (no liability under Rule 13b2-2 based on the signing of a false management representation

19  letter to the company's auditors where defendant had no knowledge of misrepresentations in the

20  letter).

21  **V.    THE COMMISSION HAS NOT ADEQUATELY ALLEGED AIDING AND**
    **ABETTING VIOLATIONS**
22

23       The Complaint alleges that Mr. Lonchar aided and abetted Veritas' alleged (1) failure to

24  devise and maintain an adequate system of internal controls (Fourth Claim – "Internal Controls

25  Violations"), (2) filing of false reports with the SEC (Sixth Claim for Relief –"Reporting

26  Violations"), and (3) books and records violations (also Sixth Claim).  The SEC concedes that to

27  properly plead these claims it must allege facts showing that Mr. Lonchar had actual knowledge

28  and substantially assisted Veritas in these alleged violations. Opp. at 44. As with the primary

- 12 -

1    violations, the SEC must meet the requirements of Rule 9(b).  *See Baxter*, 2007 WL 2013958, at

2    *8.

3         Blithely ignoring these requirements, the SEC asserts that its Complaint "more than amply

4    alleges . . . the aiding and abetting claims."  Opp. at 45.  But the SEC never describes specific

5    instances where the Complaint alleges either actual knowledge or substantial assistance.  Instead,

6    the SEC recites a litany of conclusions with respect to the AOL transaction:  that Veritas

7    "artificially inflated reported revenues", that as a result "Veritas reported materially false and

8    misleading financial results from at least 2000", that the AOL transaction "distorted Veritas'

9    fourth quarter results of operations" and that in 2003 "Veritas announced it would restate its

10   financial statements."  Opp. at 45.  The SEC goes on to say that defendants "played principal

11   roles in the AOL 'round-trip' transaction."  *Id.* at 46.  Noticeably absent are any attempts to allege

12   with particularity that Mr. Lonchar knew that the AOL transaction was improper.  *See Edward J.*

13   *Mawod & Co. v. SEC*, 591 F.2d 588, 595-96 (10th Cir. 1979) ("Knowledge of the illegality of the

14   scheme is, of course, essential to aiding and abetting.");  *SEC v. Morris*, No. Civ. A. H-04-3096,

15   2005 WL 2000665, at *9 (S.D. Tex. Aug. 18, 2005) (dismissing aiding and abetting claims where

16   allegations fail to specify facts indicating Defendant's knowledge of improper activity); *SEC v.*

17   *Lucent Techs., Inc.*, 363 F. Supp. 2d 708, 725-6 (D.N.J. 2005) (dismissing aiding and abetting

18   allegations where defendant allegedly knew of illegal side agreement but complaint failed to state

19   when he gained this knowledge).  Furthermore, the SEC fails to plead facts showing Mr. Lonchar

20   provided substantial assistance in furtherance of a fraud.  *See SEC v. Cedric Kushner Promotions,*

21   *Inc.*, No. 04 CV 2324 (TPG), 2006 US. Dist. Lexis 32846, at *26 (S.D.N.Y. May 22, 2006) ("[a]

22   defendant substantially assists a primary violation . . . if his conduct is a substantial causal factor

23   in the perpetuation of the underlying fraud.").  The aiding and abetting claims in the Fourth and

24   Sixth Claim must be dismissed.

25   **VI.    MOST OF THE COMMISSION'S REQUESTS FOR RELIEF ARE TIME**

26   **BARRED**

27        In his opening brief, Mr. Lonchar explained that non-equitable remedies are subject to the

28   five year statute of repose mandated by 28 U.S.C. § 2462.  Brief at 24-25.  Relying on *SEC v.*

- 13 -

1    *Rind*, 991 F.2d 1486, 1488 (9th Cir. 1993), the SEC argues that its enforcement actions are not

2    bound by any statute of limitations. Opp at 57-58.  That misconstrues *Rind*.  *Rind* does not give

3    the SEC an unfettered license to pursue civil penalties *in perpetuum*; *Rind's* application was

4    limited to enforcement action seeking equitable remedies *only* not civil penalties or other forms of

5    punitive relief. *Id.* at 1492 (emphasis added).  In fact, in *Johnson v. SEC*, 87 F.3d 484 (D.C. Cir.

6    1996), the Court held that § 2462 applied not only to civil monetary penalties, but relief which is

7    punitive in nature (including injunctive relief and an officer director bar).

8         The SEC advances two additional theories as to why its claims should not be time barred.

9    First, the SEC argues "the proper accrual for a securities action should be the date that a fraud is

10   discovered – or with reasonable diligence should be discovered."[14]  Opp. at 63 n.22.  This is not

11   the law in the Ninth Circuit as even the SEC concedes. The Ninth Circuit adopted a "date of

12   violation" standard for the accrual of claims in *FEC v. Williams*, 104 F.3d 237, 240 (9th Cir.

13   1996) ("We reject the discovery of violation rule [respondent] advocates as unworkable . . . and

14   incompatible with the functions served by a statute of limitations in penalty cases."). *See also*

15   *SEC v. Richie*, Case No. EDCV 06-63-VAP (SGLx), 2006 U.S. Dist. LEXIS 45853, at *33-35

16   (C.D. Cal. May 9, 2006) (holding "[a] claim first accrues on the date the defendant allegedly

17   violated the statute and not when the plaintiff knew or should have known of the alleged

18   violation.").

19         Second, the SEC claims that the certifications signed in August 2002 revive its stale

20   claims relating to a transaction concluded in the Fall of 2000.[15]  Courts have rejected such an

21   ───────────────────────────────

22   [14] Attempting to justify its plea that its claims should not be time barred, the SEC asks the Court
     to take judicial notice that the company issued no press release—in an effort to prove that the
     parties sought to conceal the AOL transaction. The SEC is well aware that this is not the type of

23   information that a court may judicially notice. FED. R. EVID. 201 (b) ("A judicially noticed fact
     must be one not subject to reasonable dispute").  Indeed, in its response to Mr. Lonchar's Request

24   for Judicial Notice, the SEC made just that point. *See also Loveman v. Lauder*, 484 F. Supp. 2d
     259, 268 (S.D.N.Y. 2007) (agreeing that the Court "may take judicial notice of the closing price

25   and volume of trading of ELC shares" but stating that "[i]t would be entirely inappropriate,
     however, to take judicial notice of the exceptionally dubious conclusions that plaintiff would

26   draw from those facts.

27   [15] The SEC misstates Lonchar's Brief with respect to the certifications.  Mr. Lonchar does not
     agree that the Commission has sufficiently pled that "Lonchar's fraud violations continued into

28   August 13 and 14, 2002." Opp. at 50. *Cf.* Brief at 25 n.17.  Moreover, the SEC's suggestion that
     the alleged fraud violations "continued into August 13 and 14 2002" suggests that the SEC is

- 14 -

1  approach.  *See, e.g., In re Zoran Corp. Deriv. Litig.*, 511 F. Supp. 2d 986, 1014 (N.D. Cal. 2007)

2  (observing "Plaintiff's assertion that each new false statement revives all previous ones is tenuous

3  at best").  *See also SEC v. Harden*, Case No. 1:05-CV-354, 2006 U.S. Dist. LEXIS 2681, at *4-5

4  (D. Mich. Jan. 12, 2006) (describing § 2462 as a "statute of repose . . . which means that it is not

5  subject to equitable extensions, such as due to delayed discovery, fraudulent concealment or the

6  interest of public policy"). Accordingly, the SEC's claims for non-equitable relief are time-barred.

7  **VII.    CONCLUSION**

8          After years of investigating Veritas' accounting practices the SEC puts forth only

9  insufficient generalities against Mr. Lonchar, which demonstrates the futility of amendment. *See*

10 *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir. 1998).  After enduring five years

11 of uncertainty during the SEC's investigation, Mr. Lonchar should not be forced to prolong

12 further hardship simply to allow the SEC to try in vain to correct a pleading it had every reason to

13 know was deficient at the outset. The Complaint should be dismissed with prejudice.

14 Dated: December 17, 2007                 Respectfully submitted,

15                                          ORRICK, HERRINGTON & SUTCLIFFE LLP

16

17                                          _____/S/_____

18                                          EDWARD P. DAVIS, JR.
                                            SUSAN D. RESLEY
19                                          ROBIN A. LINSENMAYER
                                            JAN L. WESTFALL
20                                          *Attorneys for Defendant, Kenneth E. Lonchar*

21

22

23

24

25

26

27  _____

28 basing its allegations on an improper continuing fraud theory.