SUSAN D. RESLEY (Bar # 161808)
  sresley@orrick.com
EDWARD P. DAVIS, JR. (Bar # 56847)
  edavis@orrick.com
ROBIN A. LINSENMAYER (Bar # 244656)
  rlinsenmayer@orrick.com
DANIELLE VAN WERT (Bar # 218245)
  dvanwert@orrick.com
JAN WESTFALL (Bar # 241106)
  jwestfall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:   650-614-7400
Facsimile:   650-614-7401

**Attorneys for Defendant
Kenneth E. Lonchar**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARK LESLIE, et al,<br><br>　　　　　Defendants. | Case No. 5:07-CV-03444-JF<br><br>**DEFENDANT KENNETH E. LONCHAR'S NOTICE OF MOTION AND MOTION FOR ORDER ESTABLISHING DISCOVERY PROTOCOL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME.**<br><br>Date:　　April 22, 2008<br>Time:　　10:00 am<br>Place:　　Courtroom 5<br>Judge:　　Hon. Patricia V. Trumbull |

<u>**NOTICE OF MOTION AND MOTION OF DEFENDANT KENNETH E. LONCHAR TO ESTABLISH DISCOVERY PROTOCOLS**</u>

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on April 22, 2008, at 10:00 a.m., in the Courtroom of the Honorable Patricia Trumbull, Courtroom 5, Fifth Floor, United States District Court, 280 South First Street, San Jose, California 95113, or as soon thereafter as may be heard by the Court, Defendant Kenneth E. Lonchar will, and hereby does, move the Court for an order establishing

1  protocols for the length and number of depositions to be taken and the amount of time each party
2  may be allotted per deposition. Additionally, because the SEC and Defendants disagree on the
3  number of interrogatories and requests for admissions that may be propounded by the parties, Mr.
4  Lonchar seeks an Order establishing the total number of interrogatories and requests for
5  admissions per party. Defendants and Plaintiff Securities and Exchange Commission have met
6  and conferred and have been unable to agree on discovery protocols.
7         This Motion is based on this Notice of Motion; the following Memorandum of
8  Points and Authorities in Support of the Motion, the Declaration of Robin A. Linsenmayer and
9  attached Exhibits, the other pleadings and papers comprising the record in this Action; and such
10 other matters and arguments as may come before the Court, including reply briefing and oral
11 argument.

## ISSUE TO BE DECIDED (Local Rule 7-4(a)(3))

13    1.   Whether each party may be allowed 30 fact depositions, of which 10 may
14 exceed the seven hour limit.
15    2.   Whether the party noticing a deposition may be allotted up to one half of
16 the deposition time and the remaining parties may divide the remaining time equally among
17 themselves.
18    3.   Whether each party (versus each side) should be allotted 90 interrogatories
19 and 90 requests for admissions.

## MEMORANDUM OF POINTS AND AUTHORITIES

21 **I.   INTRODUCTION**
22        Following an extensive five year pre-litigation investigation of the accounting practices
23 of Veritas Software Corporation ("Veritas"), the SEC filed its Complaint in July 2007 alleging
24 various acts of financial fraud against Veritas' former CEO Mark Leslie, its former CFO
25 Kenneth Lonchar and its former Vice President of Sales, Paul Sallaberry.[1] Defendants

---

[1] On July 2, 2005, Symantec Corporation acquired Veritas.

OHS West:260404842.1

categorically deny the charges and have filed motions to dismiss. The motions to dismiss are pending before the Court. The SEC has produced millions of pages of documents that it gathered during the course of the investigation, and Defendants have begun requesting documents from the SEC and third parties. While Defendants are preparing for the deposition phase of discovery, they have been unable to reach agreement with the SEC on certain discovery protocols, primarily due to the SEC's unreasonable demands.

Notwithstanding the SEC's extensive pre-litigation investigation (in which the SEC took the testimonies of over 100 individuals with no limitations), the SEC wants unlimited deposition discovery, with no regard to efficiency or burden on nonparties. For example, the SEC proposes that all depositions should be permitted to exceed 7 hours and that it should be entitled to the majority of time on *all* depositions, regardless of whether the SEC notices the deposition. It also believes that it is entitled to three times the number of interrogatories as each of the Defendants. Rather than allowing each party to propound a total of 90 interrogatories and requests for admissions, the SEC believes it should be entitled to 90 interrogatories and requests for admissions, and that Defendants should only be allowed 30 per party. Despite numerous attempts to resolve these differences, Defendants and the SEC have not reached agreement on these discovery issues. Accordingly, Mr. Lonchar respectfully requests that the Court set discovery protocols.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Brief Description of the Action

In its Complaint, the SEC challenges the accounting for two transactions wherein Veritas sold a $50 million software license to AOL, Inc. ("AOL"), and AOL sold $20 million of advertising to Veritas on September 29, 2000. ¶ 23.[2] The SEC attempts to depict these transactions as fraudulent by characterizing them as a single "round trip" transaction designed to artificially inflate the publicly reported revenues and earnings of Veritas and AOL. ¶ 1. The SEC characterizes the advertising deal as an "eleventh-hour" add-on to the software license

---

[2] All ¶ references are to the Complaint unless otherwise indicated.

OHS West:260404842.1

- 3 -

agreement, whereby AOL agreed to pay an additional $20 million for the license (beyond the $30 million to which it initially had agreed), in exchange for Veritas' agreement to buy $20 million in advertising from AOL. ¶¶ 18, 20. The SEC alleges that Veritas had no budget or need for AOL's advertising, ¶¶ 17, 21, and only agreed to buy the advertising "as a favor" to AOL. ¶ 20. It concludes that the transactions were fraudulent and in violation of Generally Accepted Accounting Principles ("GAAP") because in March 2003—two and one half years after the transaction—Veritas restated a portion of the revenue booked from that transaction.

Further, the SEC inconsistently claims that at the same time Mr. Lonchar was allegedly "grossing up" Veritas' revenues on the AOL transaction, ¶ 50, he and others participated in three alleged non-GAAP accounting practices that had the effect of "smoothing" or understating revenue and earnings during unspecified periods in 2000 and 2002. ¶¶ 52, 65. As a result of these asserted practices, which the SEC contends were concealed from the Company's auditors, Veritas allegedly reported materially false financial results for 2000 to 2003, based in large part on a restatement in 2004. ¶ 52.

Each of the Defendants filed motions to dismiss. The Court heard argument on January 18, 2008. The Court is expected to set a trial date and pretrial deadlines on March 21, 2008.

**B.     The Nature of the Discovery Disputes between Defendants and the SEC**

Although motions to dismiss are pending, the parties have exchanged documents and witness lists pursuant to Rule 26(a). The SEC has produced its massive investigation file, consisting of over *21 million* pages of documents and the testimony transcripts of more than 100 individuals (many of whom were subject to multiple days of questioning). *See* Declaration of Robin A. Linsenmayer ("Linsenmayer Decl."), ¶ 3. Mr. Lonchar is eager to prepare for depositions, but, given the SEC's unwillingness to compromise on reasonable protocols, believes it necessary to seek an Order from the Court.

In September 2007, the parties began the meet and confer process prior to filing the Initial Case Management Conference Statement. This process was extensive and included

email correspondence and a lengthy telephone conference call involving all Defendants and the SEC. *See* Linsenmayer Decl., ¶ 1. The parties engaged in additional calls and email correspondence prior to the filing of the Supplemental Case Management Statement on March 7, 2008. *Id.* During these meet and confer efforts, the parties reached agreement on a number of key issues, including all dates relevant to discovery, and a trial date. *Id.*, ¶ 1 and Exh. A, ¶ 8.

However, the SEC and Defendants continue to disagree on several significant issues involving: (1) the number of depositions to be taken by the parties; (2) the number of depositions permitted to exceed 7 hours; (3) the allotment of deposition time as between the noticing party and the other parties; and (4) the number of interrogatories and requests for admission to be served by the parties. *See Id.*, Exh. A, ¶ 8.

The differences between the parties are summarized in the following chart:

| Discovery Issue | SEC's Position | Defendants' Position |
|---|---|---|
| Number of Depositions (FRCP 30(a)(2)(A)) | No limit to the number of fact depositions | Each party should be limited to 30 fact depositions. |
| Length of Depositions (FRCP 30(d)(2)) | No limit to the number of fact depositions permitted to exceed 7 hours | 10 of each party's 30 fact depositions may exceed 7 hours |
| Allotment of Deposition Time between the Parties | The SEC should get the same amount of deposition time as all three defendants, collectively, regardless of who notices the deposition. | The noticing party shall be allotted up to half of the deposition time, with the remaining parties equally splitting the remaining time. |
| Written Discovery | The SEC should be able to issue the same number of interrogatories and requests for admission as the three defendants, collectively. The SEC gets 90 interrogatories and requests for admission, and each Defendant gets 30 interrogatories and requests for admission. | Each party should get 90 interrogatories and 90 requests for admission |

Because Defendants' repeated attempts to resolve these issues with the SEC have been unsuccessful, Mr. Lonchar requests guidance from the Court.

OHS West:260404842.1

## III. ARGUMENT

### A. The Court Has the Authority to Establish Discovery Protocols and Should Do So In This Case.

A Magistrate Judge has broad authority to hear and decide disputes concerning discovery issues. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747-48 (9th Cir. 1990) ("a magistrate shall hear and determine any pretrial motions including discovery motions . . ."); *Green v. Baca*, 219 F.R.D. 485, 488-89 (C.D. Cal 2003) (holding that magistrate judge had wide latitude to issue discovery order coordinating the scope of written discovery). In fact, during the parties' October 5, 2007 Case Management Conference, Judge Fogel indicated that all discovery disputes should be referred to this Court. *See* Linsenmayer Decl., ¶ 2. Accordingly, it is appropriate for this Court to establish the discovery protocols for this case, including setting appropriate time limits for discovery.

### B. The Discovery Protocol Proposed by the SEC is Inequitable and Prejudices Messrs. Leslie, Lonchar and Sallaberry.

During its five year investigation, the SEC has received and reviewed over 21 million pages of documents and has taken testimony from over 100 individuals, many of which were subject to multiple days of questioning. *See* Linsenmayer Decl., ¶ 3. Having completed its own investigation without scheduling constraints or limitations, the SEC now seeks unfairly to limit Defendants' ability to conduct discovery while placing no such limits on its own discovery. This unreasonable limitation significantly inhibits Messrs. Leslie's, Lonchar's and Sallaberry's ability to defend the serious charges leveled by the SEC. The SEC chose to name each of these individuals as defendants, and it should not now be permitted to limit the discovery rights of each of these parties.

The SEC's proposal limits the amount of deposition time allotted to each Defendant to a barely more than one hour, even for depositions noticed by a Defendant, while allotting itself fully one-half of the time for each deposition. *See* Linsenmayer Decl., Exh. A, ¶ 8(a). The SEC

further seeks to limit each Defendant to one-third the number of interrogatories and requests for admission that it seeks for itself. *Id.* This is simply inequitable.

On the other hand, Defendants' proposal to allow the noticing party up to half of the deposition time, and provide for other parties to share equally the remaining time, is a fair and reasonable approach to this discovery dispute. Since Messrs. Leslie, Lonchar and Sallaberry held different positions at Veritas, their interests are not necessarily consistent. They should, therefore, be allowed a full and fair portion of the deposition time involving individuals with information relevant to their positions and interests. *See New Colt Holding Corp. v. RJG Holdings of Fla., Inc.*, 2003 U.S. Dist. LEXIS 18036 (D. Conn. March 26, 2003) ("The interests of two defendants involved in the deposition are not necessarily consistent, and Rule 30 concedes that extensions may be appropriate in multiparty cases."). Defendants' proposal also encourages efficiency among themselves, as they may, on occasion, decide to cede their allotted time to another if a certain defendant's interests are similar or common as to a particular witness. Likewise, allowing each party to have the same number of interrogatories and requests for admission is a fair-minded resolution.

At the same time it seeks to impose stringent discovery limits on Defendants, the SEC believes that it is entitled to an unlimited number of fact depositions with no restrictions on the number of the depositions that may exceed 7 hours. That is unreasonable. *See Seewald v. IIS Intelligent Information Sys. Ltd*, 1998 WL 305597, at *3 (E.D.N.Y. April 23, 1998) (Court may place time limits on depositions to control discovery). Given the SEC's unfettered ability to take days and days of pre-litigation testimony, Messrs. Leslie, Lonchar and Sallaberry question the SEC's proposal as inefficient. *See SEC v. Johnson*, No. 05-36 (GK), 2007 WL 2071679, at *3 (D.D.C. July 13, 2007) (denying the SEC's request to conduct additional depositions and for certain depositions to exceed 7 hours in part due to "the enormous amount of pre-investigative work the SEC did"). The SEC's proposal is also unduly burdensome to the large number of nonparties to this case.

  Limiting the SEC to 30 depositions (as Defendants propose) will not substantially prejudice the SEC's ability to litigate its case, constitutes an appropriate means of controlling discovery in this case, and still represents three times the number of depositions permitted under the Federal Rules. Fed. R. Civ. P. 30(a)(2)(A). *See also* Ad. Comm. Note to 1993 Amendment to FRCP 26 ("changes are [designed]. . . to enable the court to keep tighter rein on the extent of discovery. The information explosion of recent decades has greatly increased both the potential cost of wide-ranging discovery and the potential for discovery to be used as an instrument for delay or oppression. Amendments to Rules 30, 31, and 33 place presumptive limits on the number of depositions and interrogatories, subject to leave of court to pursue additional discovery.").

  Similarly, Defendants' proposal to limit the number of depositions exceeding seven hours without leave of the court to one-third of the total number is fair and in excess of that provided by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(d)(2). In order to justify any extension beyond the 7 hour limit, let alone a blanket exception for *all* depositions, the SEC is required under the law to show "good cause," which it cannot, particularly given its extensive pre-litigation discovery. *See* Adv. Comm. Note to 2000 Amendment to FRCP 30(d)(2) ("The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order."); *Cardenas v. Prudential Ins. Co. of Am.*, 2003 U.S. Dist. LEXIS 9514, *4-6 (D. Minn. May 16, 2003) (same).

OHS West:260404842.1

- 8 -

## IV. CONCLUSION

For the reasons set forth above, Mr. Lonchar hereby requests that the Court issue an order establishing the discovery protocols set forth herein and in the Supplemental Case Management Statement.

Dated: March 18, 2008

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Susan D. Resley
EDWARD P. DAVIS, JR.
SUSAN D. RESLEY

*Attorneys for Defendant, Kenneth E. Lonchar*