1  SUSAN D. RESLEY (Bar # 161808)
      sresley@orrick.com
2  EDWARD P. DAVIS, JR. (Bar # 56847)
      edavis@orrick.com
3  DANIELLE VAN WERT (Bar # 218245)
      dvanwert@orrick.com
4  ROBIN A. LINSENMAYER (Bar # 244656)
      rlinsenmayer@orrick.com
5  JAN WESTFALL (Bar # 241106)
      jwestfall@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
7  Menlo Park, CA 94025
   Telephone:   650-614-7400
8  Facsimile:   650-614-7401

9  **Attorneys for Defendant
   Kenneth E. Lonchar**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>       v.<br><br>MARK LESLIE, et al,<br><br>                Defendants. | Case No. 5:07-CV-03444-JF<br><br>**DECLARATION OF ROBIN A. LINSENMAYER IN SUPPORT OF DEFENDANT KENNETH E. LONCHAR'S MOTION FOR AN ORDER ESTABLISHING DISCOVERY PROTOCOL**<br><br>Date:     April 22, 2008<br>Time:    10:00 am<br>Place:    Courtroom 5<br>Judge:   Hon. Patricia V. Trumbull |

I, Robin A. Linsenmayer, hereby declare as follows:

I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel in the above captioned action for defendant Kenneth E. Lonchar. I am licensed to practice before this Court and make this declaration in support of Defendant Kenneth E. Lonchar's Motion for an Order Establishing Discovery Protocol. I have personal knowledge of the matters stated therein,

OHS West:260401202.1

and if called as a witness could and would testify competently thereto.

1. Both before and after the first case management conference on October 5, 2007, attorneys for Defendants have met and conferred with Plaintiff on numerous occasions regarding various issues pertinent to the matter, including discovery scheduling and other discovery-related protocol. These efforts included email correspondence and a lengthy telephone conference call including Plaintiff and all Defendants prior to the filing of the parties' initial Case Management Statement, as well as additional calls and email correspondence prior to the filing of the Supplemental Case Management Statement on March 7, 2008. In these phone conversations and email correspondence, the parties have attempted to resolve all discovery disputes. During these meet and confer efforts, the parties came to agreement on a number of key issues, including all dates relevant to discovery, as well as a trial date.

2. At the parties' October 5, 2007 Case Management Conference before the Honorable Jeremy D. Fogel, Judge Fogel indicated that all discovery disputes should be referred to this Court.

3. To date, the SEC has produced to Defendants over 21 million pages of documents, as well as testimony taken by the SEC from over 100 individuals, many of whom were subject to multiple days of questioning.

4. Attached hereto as Exhibit A is a true and correct copy of the Supplemental Joint Case Management Statement filed in this action on March 7, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 18th day of March, 2008 in Menlo Park, California.

_____
Robin A. Linsenmayer

OHS West:260401202.1                           - 2 -

DECLARATION OF ROBIN A. LINSENMAYER IN SUPPORT OF DEFENDANT KENNETH E. LONCHAR'S MOTION FOR AN ORDER
ESTABLISHING DISCOVERY PROTOCOL
CASE NO. C 07 3444 JF

# EXHIBIT A

Case 5:07-cv-03444-JF    Document 58-2    Filed 03/18/2008    Page 3 of 12

```
 1  SUSAN D. RESLEY (STATE BAR NO. 161808)
        sresley@orrick.com
 2  EDWARD P. DAVIS, JR. (STATE BAR NO. 56847)
        edavis@orrick.com
 3  DANIELLE VAN WERT (STATE BAR NO. 218245)
        dvanwert@orrick.com
 4  ROBIN A. LINSENMAYER (STATE BAR NO. 244656)
        rlinsenmayer@orrick.com
 5  JAN WESTFALL (STATE BAR NO. 241106)
        jwestfall@orrick.com
 6  ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
 7  Menlo Park, CA 94025
    Telephone:   650-614-7400
 8  Facsimile:   650-614-7401

    Attorneys for Defendant
    Kenneth E. Lonchar
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>MARK LESLIE, et al,<br><br>    Defendants. | Case No.  C 07-3444 JF<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    March 21, 2008<br>Time:    10:30 a.m.<br><br>Complaint Filed:  07/02/2007<br>Judge:    Hon. Jeremy Fogel |

SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT
Case No. 5:07-CV-03444-JF
OHS West:260396587.1

Pursuant to the Northern District of California Civil Local Rule 16-10(d), plaintiff Securities and Exchange Commission (the "Commission") and defendants Mark Leslie, Kenneth E. Lonchar, and Paul A. Sallaberry certify that they met and conferred at least 10 days prior to the March 21, 2008 Case Management Conference before this Court, and respectfully submit this Supplemental Joint Case Management Statement.

## DESCRIPTION OF SUBSEQUENT CASE DEVELOPMENTS

The following progress or changes have occurred since the last case management conference statement filed by the parties on September 28, 2007.

1.  **Jurisdiction and Service**

There is no change to the principal issues related to jurisdiction and service.

2.  **Facts**

There is no change to the principal factual issues set forth by the parties, or to the principal factual issues in dispute.

3.  **Legal Issues**

There is no change to the principal legal issues in dispute.

4.  **Motions**

The defendants filed separate Motions to Dismiss the Complaint on October 5, 2007. The plaintiff filed an omnibus opposition to the Motions to Dismiss on December 2, 2007. And the defendants filed reply papers on December 17, 2007. The Motion was heard by this Court on January 18, 2008, and a decision is pending.

The contemplated motions for summary judgment and for severance set forth in the September 28, 2007 case management statement are unchanged. The plaintiff may file motions to strike under Rule 12(f).

5.  **Amendment of Pleadings**

There is no change to the issues regarding amendment of pleadings.

//

1

SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT
Case No. 5:07-CV-03444-JF
OHS West:260396587.1

6. **Evidence Preservation**

There is no change to the issues regarding evidence preservation.

7. **Disclosures**

**Plaintiff's Statement**

Pursuant to the SEC's September 28, 2007 statement regarding disclosures, the SEC has produced all SEC investigative testimony transcripts and exhibits in the AOL-Time Warner investigation (which this case is a subset of), all electronic databases containing the documents and other materials produced by third-parties pursuant to the SEC investigative subpoena and requests during the AOL-Time Warner investigation, and all other items identified Section 2 of Plaintiff SEC's Rule 26(a) Initial Disclosures. There are a small number of law enforcement reports which the SEC is reviewing to determine whether they are discoverable. The SEC will complete this review shortly. Finally, there appear to be other non-Veritas-related documents from the AOL-Time Warner files which are in hard copy which can be produced to the defense upon their request. Otherwise, the SEC believes that it completed its disclosures.

Defendants have referred the SEC to their prior productions to the SEC during the investigation, and have not provided any additional documents or materials to the SEC in this litigation.

**Defendants' Statement**

In two separate productions in September 2007 and January 2008, Plaintiff produced more than 210 transcripts of witness testimony before the SEC, as well as 7 boxes containing exhibits referred to in the transcripts. Defendants have identified four individuals whose transcripts appear to be missing from the production and have asked Plaintiff to produce their testimony transcripts.

In October 2008, Plaintiff produced a box of audio and videotapes and a CD.

Between October and December 2007, Plaintiff produced on a rolling basis five hard drives containing approximately 4.5 million documents in electronic format. Defendants have identified certain of the electronic documents that cannot be read due to technical problems, or are illegible, and have asked Plaintiff to re-produce the documents.

2
SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT
Case No. 5:07-CV-03444-JF
OHS West:260396587.1

In January 2008, Plaintiff produced the Wells submissions made by five Veritas employees to the SEC.

In January 2008, Plaintiff produced four boxes of documents consisting of subpoenas issued by the SEC and correspondence from various third parties to the SEC.

8. **Discovery**

The parties have reached agreement on the following dates:

| Expert disclosures (Rule 26(a)(2)(a)) | February 13, 2009 |
|---|---|
| Initial expert reports (Rule 26(a)(2)(b)) | February 13, 2009 |
| Opposition expert reports due | March 13, 2009 |
| Fact discovery cut-off | April 10, 2009 |
| Expert discovery cut-off | April 10, 2009 |
| Dispositive motions filing deadline | April 30, 2009 |
| Trial (by jury) begins | September 14, 2009 |

In addition, as set forth in the September 28, 2007 case management statement, the parties are in disagreement regarding the following discovery issues:

A.   **Plaintiff's Discovery Proposal**:

Depositions:

Number of depositions: Plaintiff agrees to waive the 10-deposition limit under Rule 30. While the plaintiff will endeavor to be as expeditious and efficient as possible in this litigation, the Commission anticipates that it will take more than 30 fact depositions to establish its various claims against the three non-settling defendants, Leslie, Lonchar, and Sallaberry. Limiting the plaintiff to only 30 depositions, as the defense proposes, will substantially prejudice the plaintiff's ability to establish its case in this litigation. Because the SEC's investigative testimony taken during the administrative investigation is not "depositions" within the federal rules, the Commission must undertake full discovery, including taking depositions, in this case to establish its case in litigation. The plaintiff disagrees with the defense's arguments and proposal regarding the plaintiff's discovery

3
SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT
Case No. 5:07-CV-03444-JF
OHS West:260396587.1

plan and proposal, including the number of depositions to be taken, and will be happy to address the issues fully at the appropriate forum such as a hearing regarding discovery.

Timing: The plaintiff believes that many of the depositions will require more than seven hours of examination in total by the plaintiff and the defense. As the plaintiff is continuing to review its case in litigation, the plaintiff would like to leave the number of depositions which will require more than 7 hours of examination open at this time. The plaintiff will work hard to make the depositions proceed expeditiously. The deposition time, however, should be split up equally between the SEC and the defense collectively; in other words, the SEC will be entitled to up to 7 hours and the defense collectively will be entitled to up to 7 hours per deposition. Unlike the three defendants, who are apparently operating under a joint defense arrangement, the Commission, as the sole plaintiff, has the burden of proof to establish all the claims set forth in the Complaint. Allowing the plaintiff to only ¼ of the time in a deposition (a little more than one hour of examination time in a seven-hour deposition) will substantially prejudice the plaintiff's ability to establish its case in this litigation. The plaintiff disagrees with the defense's arguments and proposal regarding this issue and will be happy to address fully the issues at a hearing regarding discovery.

Written Discovery: The plaintiff believes that the plaintiff and the defense collectively should have the same number of interrogatories and requests for admission. As noted above, unlike the three defendants, the Commission, as the sole plaintiff, has the burden of proof to establish all the claims set forth in the Complaint. Limiting the plaintiff to only ¼ of the total number of interrogatories and requests for admission will severely prejudice the plaintiff's ability to establish its case in this litigation. The SEC proposes that a maximum of 90 interrogatories and 90 RFAs for each side (90 for the plaintiff and 90 for the defense collectively). The plaintiff disagrees with the defense's arguments and proposal regarding this issue and will be happy to address fully the issues at a hearing regarding discovery.

B.  **Defendants' Discovery Proposal:**

Rather than leaving open the number of depositions that may be taken in the case, Defendants propose to set a limit of thirty depositions per party, ten of which may exceed seven

4
SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT
Case No. 5:07-CV-03444-JF
OHS West:260396587.1

hours without further leave of court. Defendants believe that some depositions may need to exceed fourteen hours, and propose that ten of the thirty depositions per party may exceed that limit without further leave of court. For depositions that exceed seven hours, Defendants disagree that the SEC should be allotted seven hours of questioning no matter who notices the deposition. Instead, for all depositions, including those that are scheduled for more than seven hours, Defendants request that the noticing party be allotted up to half of the deposition time, with the remaining parties equally splitting the remaining time. Any party may transfer any or all of its allotted deposition time to another party. Defendants also disagree with Plaintiff's proposal that the SEC be permitted to serve 90 interrogatories and RFAs while each Defendant is permitted to serve only 30 RFAs and Interrogatories each.

The SEC has spent more than five years investigating Veritas' alleged dealings with AOL that form the basis for the Complaints against Mr. Leslie, Mr. Lonchar, and Mr. Sallaberry. During that time, the SEC has had not only its own resources to draw upon, but also the full cooperation of the company and its corporate counsel. The SEC has received and reviewed between thirteen and eighteen million pages of documents and has taken testimony from over 100 individuals. Moreover, unlike the typical civil plaintiff, the SEC has had the unique power to compel the production of documents and to subpoena witnesses for deposition – without prior permission of the court and without the imposition of any numerical cap. At no time did any of the defendants seek to place limits on the number of witnesses the SEC could depose.

Having completed its investigation – unfettered by scheduling constraints or numerical limitations – the SEC now seeks to unfairly limit Defendants' discovery. Given the scope of relevant information and the technical complexity of the alleged corporate malfeasance at issue, the SEC's proposed discovery limitations would unfairly constrain Defendants' ability to properly and thoroughly investigate the case against them and prepare a vigorous defense to which they are entitled.

The SEC identified in its initial disclosures 54 individuals likely to have discoverable information relevant to its claims. The Defendants collectively identified approximately 50 to 100

5
SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT
Case No. 5:07-CV-03444-JF
OHS West:260396587.1

such individuals. These witnesses include the range of individuals involved in determining the accounting treatment of the AOL deals, including individuals internal to Veritas Software Corporation as well as outside auditors and other third parties. At this early stage of the discovery process, Defendants' best good faith estimate is that they will need approximately 30 depositions and 50 interrogatories and RFAs each to properly investigate the case against them and prepare a defense.

9. **Class Actions**

There is no change to the issues regarding class actions.

10. **Related Cases**

There is no change to the issues regarding related cases.

11. **Relief**

There is no change to the issues regarding relief.

12. **Settlement and ADR**

While not indicated as part of the schedule herein, the SEC continues to believe, and thus requests, that a settlement conference before Magistrate Judge Trumbull should be held expeditiously.

It is Defendants' position that the parties set forth all changes regarding issues relating to settlement and ADR at the October 5, 2007 case management conference before this Court.

13. **Consent to Magistrate Judge for All Purposes**

There is no change to the issues regarding consent to proceed before a Magistrate Judge.

14. **Other References**

There is no change to the issues set forth in this section of the September 28, 2007 joint case management statement.

15. **Narrowing of Issues**

There is no change to the issues regarding the narrowing of issues.

16. **Expedited Schedule**

There is no change to the issues regarding expedited scheduling.

6

17. **Scheduling**

Please see ¶ 7, above.

18. **Trial**

There is no change to the issues regarding trial.

19. **Disclosure of Non-party Interested Entities or Persons**

There is no change to the issues regarding non-party interested entities or persons.

20. **Other Matters**

There is no change to the issues regarding other matters set forth in the September 28, 2007 case management statement.

Dated: March 7, 2008

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Susan D. Resley
EDWARD P. DAVIS, JR.
SUSAN D. RESLEY

*Attorneys for Defendant, Kenneth E. Lonchar*

Dated: March 7, 2008

FARELLA BRAUN & MARTEL LLP

/s/ with permission
DOUGLAS YOUNG
WILLIAM P. KEANE

*Attorneys for Defendant, Mark Leslie*

Dated: March 7, 2008

SHARTSIS FRIESE LLP

/s/ with permission
JAHAN P. RAISSI
GREGG S. FARANO

*Attorneys for Defendant, Paul A. Sallaberry*

7
SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT
Case No. 5:07-CV-03444-JF
OHS West:260396587.1

Dated: March 7, 2008				SECURITIES AND EXCHANGE COMMISSION


				_____/s/ with permission_____
				RICHARD HONG

				*Attorneys for Plaintiff, Securities & Exchange Commission*