RICHARD HONG (Trial Counsel) (Admitted in New York)
SCOTT W. FRIESTAD
MELISSA A. ROBERTSON
JEFFREY B. FINNELL
THOMAS D. MANGANELLO

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549-4010-A
Telephone: (202) 551-4431
Facsimile: (202) 772-9246
e-mail: hongr@sec.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>      vs.<br><br>MARK LESLIE, et al.,<br><br>             Defendants. | Civil Action No. C 07-3444 JF<br><br>**PLAINTIFF SEC'S RESPONSE TO DEFENDANT LONCHAR'S MOTION FOR ORDER ESTABLISHING DISCOVERY PROTOCOL**<br><br>Date: April 22, 2008<br>Time: 10:00 a.m.<br>Location: Courtroom 5<br>         Hon. Patricia V. Trumbull |

Plaintiff Securities and Exchange Commission (the "Commission" or "SEC") respectfully submits this response to Defendant Kenneth E. Lonchar's motion for order establishing discovery protocol. Defendant Lonchar has presented an inaccurate, one-sided view of this complex civil securities fraud enforcement action, and from that erroneous view, has suggested a discovery protocol that will cripple the SEC's ability to prove up its claims against defendant Lonchar and his co-defendants Mark Leslie and Paul Sallaberry in this litigation. The Commission respectfully urges the Court to review and adopt the SEC's alternative proposal outlined in this submission, which the Commission believes will be fair and reasonable for conducting discovery in this case.

## **ISSUES TO BE DECIDED**

1. Assuming that the 10-deposition limit under Fed. R. Civ. P. 30 is waived, how many fact depositions should be allowed for each side (the SEC and the defense) in this case?

2. Assuming that the 1 day of 7 hours deposition time limit under Fed. R. Civ. P. 30 is waived, how much time should each side (the SEC and the defense) have for a fact deposition?

3. Assuming that the limit on the number of interrogatories under Fed. R. Civ. P. 30 is waived, how many interrogatories should each side (the SEC and the defense) have for this litigation?

4. How many requests for admissions should be allowed for each side (the SEC and the defense) in this case?

## **BACKGROUND FACTS AND PROCEDURAL HISTORY**

**I.    Background Facts**

In July 2007, the Commission brought this enforcement action against former senior managers and finance managers of Veritas Software Corporation ("Veritas"), a software maker. The Complaint alleges multiple fraudulent schemes. The Complaint alleges that Leslie (Veritas' Chief Executive Officer and Chairman of the Board of Directors), Lonchar (Veritas' Chief Financial Officer), and Sallaberry (Veritas' Executive Vice President of Worldwide Field Operations) knowingly participated in a fraudulent scheme by artificially inflating Veritas' publicly reported revenues and earnings through a "round-trip transaction" with America Online, Inc. ("AOL") in 2000 and by lying to Veritas' independent auditors.[1] The Complaint also alleges that Lonchar, with

---

[1] The other two defendants named in the Complaint, Michael M. Cully and Douglas S. Newton, have already settled with the Commission, and this Court entered final judgments as to them on August 2, 2007.

2
PLAINTIFF SEC'S RESPONSE TO DEFENDANT
LONCHAR'S MOTION FOR ORDER
ESTABLISHING DISCOVERY PROTOCOL
SEC v. MARK LESLIE, et al., Civil Action No. C
07-3444 –JF

the participation and assistance of others, intentionally manipulated and distorted Veritas' reported earnings through "smoothing" its financial results from at least 2000 through 2002. The Complaint further alleges that Lonchar also lied to and/or failed to disclose to Veritas' independent auditors their fraudulent conduct. The Complaint then alleges that as a result of the defendants' actions, Veritas reported materially false and misleading financial results in periodic reports filed with the Commission and other public statements from at least 2000 through 2003 and in its January 28, 2004 earnings release of fourth quarter and annual results for 2003.

Accordingly, the Commission charged Leslie, Lonchar, and Sallaberry with a number of federal securities violations, including fraud, lying to auditors, record-keeping, internal controls, and aiding and abetting violations, in the Complaint. The Commission also seeks the following remedies against Leslie, Lonchar, and Sallaberry: injunctive relief; disgorgement of ill-gotten gains, including pre-judgment and post-judgment interest; civil penalty; and an officer and director bar.

**II.     Procedural History (Including the Parties' Discovery Efforts)**

Since the filing of the Complaint, there have been two Case Management Conferences before Judge Fogel, on October 5, 2007 and on March 21, 2008. *See* Joint Case Management Statement (Exhibit 1 attached hereto) and Supplemental Joint Case Management Statement (Exhibit 2 attached hereto).

Prior to the first Case Management Conference, the SEC advised the defense (including Lonchar's counsel) that the SEC would produce, pursuant to Fed. R. Civ. P. 26(a), non-privileged documents and electronic databases from the substantially larger SEC's AOL-Time Warner

PLAINTIFF SEC'S RESPONSE TO DEFENDANT
LONCHAR'S MOTION FOR ORDER
ESTABLISHING DISCOVERY PROTOCOL
SEC v. MARK LESLIE, et al., Civil Action No. C
07-3444 –JF

investigation (which this case arose from and is a subset of). The SEC took a much broader approach to disclosure (essentially adopting an "open file" approach with respect to non-privileged documents and databases) than just focusing on Veritas, for the sake of completeness.

Thus, starting in September 2007, the SEC produced a substantial number of documents and electronic databases from the AOL-Time Warner investigation, including Veritas-related documents and databases, to the defense. *See* Supplemental Joint Case Management Statement at 2 (the "Section 7. Disclosures – Plaintiff's Statement"). As of this date, virtually all of the disclosures have been completed. *See id.*[2]

Contemporaneously, the SEC requested reciprocal discovery from the defendants. Defendants, however, have referred the SEC to their prior productions to the SEC during the AOL-Time Warner investigation, and have not provided any additional documents or materials to the SEC in this case.

While the SEC was making its productions to the defense, the parties discussed the discovery issues which are subject to this motion. After determining that the parties could not resolve the discovery issues without judicial intervention, the SEC initially raised the issues for resolution to Judge Fogel at the October 5, 2007 Case Management Conference. Judge Fogel referred the parties to this Court (Magistrate Judge Trumbull) for resolution.[3]

---

[2] Nonetheless, the defendants recently served numerous document requests to the SEC.

[3] The SEC originally advised the defense that it would request a hearing regarding the discovery issues. Regrettably, the undersigned counsel, who has been in trial for the past five weeks, did not have the opportunity to file the motion, which Lonchar subsequently filed on March 18, 2008.

4
PLAINTIFF SEC'S RESPONSE TO DEFENDANT
LONCHAR'S MOTION FOR ORDER
ESTABLISHING DISCOVERY PROTOCOL
SEC v. MARK LESLIE, et al., Civil Action No. C
07-3444 –JF

Also, on October 5, 2007, all three defendants moved to dismiss the Complaint. The SEC filed its omnibus opposition brief to the defendants' motions to dismiss. On January 18, 2008, Judge Fogel held a hearing on the motions to dismiss. The motions are pending.

Prior to the second Case Management Conference on March 21, 2008, the parties reached an agreement on the proposed discovery schedule and a trial date, which Judge Fogel adopted at the second Case Management Conference. At the second Case Management Conference, moreover, Judge Fogel ordered a settlement conference for the parties. The settlement conference has been scheduled for May 21, 2008, before Magistrate Judge Spero.

## **THE PLAINTIFF SEC'S POSITION ON THE DISCOVERY ISSUES**

**I.     Relevant Background and Caselaw**

As part of the SEC's AOL-Time Warner investigation, which included, among other matters, the Veritas investigation, from which this case arose, the Commission's investigative staff obtained a substantial number of documents from companies, entities, and individuals and took investigative testimony from various witnesses over a number of years.[4] That effort, however, was part of a non-public, pre-filing administrative investigation concerning various matters within the AOL-Time Warner investigative umbrella – not just the Veritas matter. Thus, in order to establish the six federal securities violation claims against the defendants in the Complaint, the SEC needs a fair opportunity to take appropriate discovery in this litigation.

Courts have repeatedly provided the SEC such an opportunity to take discovery. Courts have stated that the SEC should not be limited in taking whatever discovery is necessary,

5

PLAINTIFF SEC'S RESPONSE TO DEFENDANT
LONCHAR'S MOTION FOR ORDER
ESTABLISHING DISCOVERY PROTOCOL
SEC v. MARK LESLIE, et al., Civil Action No. C
07-3444 –JF

notwithstanding any overlap that may exist between the litigation and the SEC's administrative investigation. *SEC v. Saul*, 133 F.R.D. 115, 118 (N.D. Ill. 1990) ("[T]here is no authority which suggests that it is appropriate to limit the SEC's right to take discovery based upon the extent of its previous investigation into the facts underlying its case"). *See also SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000) (same) (quoting *SEC v. Saul, supra*).

In addition, SEC's investigative testimony, which, as noted, is testimony taken in a non-public administrative investigation, is not a "deposition," as contemplated by Fed. R. Civ. P. 30. Generally, the investigative testimony, because it was not subject to cross-examination by the defendants, is not admissible at trial, except as an admission of a defendant under Fed. R. Evid. 801(d)(2). Thus, without taking the necessary fact depositions in this litigation, the SEC will crippled and will not be able to develop the factual record to prove up the claims against the defendants in this case. The prejudice to the SEC will be substantial.

## II.     The SEC's Discovery Proposal

Given the complexity of this case, involving multiple fraudulent schemes, the SEC stated, prior to the October 5, 2007 Case Management Conference, that it would agree to waive the Rule 30 limits for the number and length of fact depositions. Joint Case Management Statement at 7. However, the SEC wanted to leave the number of fact depositions to be taken open. *Id.* The SEC took this position because the undersigned trial counsel believed that the SEC may need to take more than 30 fact depositions to develop the record for the claims, but was unsure how many more may be needed at that time. *Id.*

---

[4] The undersigned trial counsel was not a member of the SEC's staff investigating Veritas or investigating the defendants in this case.

PLAINTIFF SEC'S RESPONSE TO DEFENDANT
LONCHAR'S MOTION FOR ORDER
ESTABLISHING DISCOVERY PROTOCOL
SEC v. MARK LESLIE, et al., Civil Action No. C
07-3444 –JF

6

The SEC also was not sure how many of the depositions may require more than seven hours of time, until further study. Joint Case Management Statement at 7-8. However, the SEC did propose that the SEC and the defense (the two sides) should split evenly, 50-50, whatever the deposition time would be provided, given that the Commission, as the sole plaintiff, has the burden of proof to establish all the claims set forth in the Complaint, while the defendants who have common interests are apparently operating under a joint defense arrangement. *Id.* at 8.

In addition, the SEC proposed that a maximum of 90 interrogatories and 90 requests for admissions (RFAs) for each side (90 for the plaintiff and 90 for the defense collectively), instead of 90 interrogatories and RFAs for each of the parties. Joint Case Management Statement at 8. Again, it appeared fair to split the number of interrogatories and the RFAs by sides so that the defense is not provided with three times the number of interrogatories and RFAs that the SEC would have in the litigation.

Since the two Case Management Conferences, the undersigned trial counsel has further evaluated the SEC's discovery needs. First, while the SEC will endeavor to be as expeditious and efficient as possible in this litigation, the SEC believes that it will likely need to take up to approximately 50 fact depositions to establish the multiple fraudulent schemes in the Complaint. The SEC, however, believes that many of the 50 witnesses will also be noticed up by the defense for depositions as well. There will be a significant (if not, a substantial) overlap in witnesses. For example, both sides will likely want to notice up the depositions of Veritas' outside auditors. Accordingly, the SEC proposes that each side, the SEC and the defense, be allowed up to 50 fact depositions, without seeking leave from the Court (100 depositions in total).

7

PLAINTIFF SEC'S RESPONSE TO DEFENDANT
LONCHAR'S MOTION FOR ORDER
ESTABLISHING DISCOVERY PROTOCOL
SEC v. MARK LESLIE, et al., Civil Action No. C
07-3444 –JF

Second, the SEC will likely need more than 7 hours for its examination for approximately 20 of the witnesses it will notice up, without seeking leave from the Court. As to the remainder of the witnesses the SEC will call, the SEC will likely need at least 3.5 hours of examination time, without seeking leave from the Court. As to those depositions that one of the defendants calls (without a cross-notice by the SEC), the SEC requests that it should receive up to 3.5 hours, but no less than half of the total time left for all non-calling parties.

Third, the SEC proposes that there should be a maximum of 90 interrogatories and 180 requests for admissions (RFAs) for each side, instead of 90 interrogatories and RFAs for each of the parties.

The SEC believes that this proposal, which is shown in the chart below, is reasonable and allows the SEC and the defense to pursue adequate discovery.

8

PLAINTIFF SEC'S RESPONSE TO DEFENDANT
LONCHAR'S MOTION FOR ORDER
ESTABLISHING DISCOVERY PROTOCOL
SEC v. MARK LESLIE, et al., Civil Action No. C
07-3444 –JF

| Discovery Issue | SEC's Current Proposal | Defendants' Proposal |
|---|---|---|
| Number of Fact Depositions | 50 per side (50 for the SEC and 50 for the defense); leave needed for additional depositions | Each party: 30.<br><br>**Effect of the defense proposal**: The SEC gets 30; Defense gets 90. |
| Length of Fact Depositions | More than 7 hours of examination for the SEC or the defense for 20 depositions the SEC or defense notices up<br><br>3.5 hours at least for the remaining 30 depositions that the SEC or the defense notices up<br><br>Leave needed for additional time beyond what is set forth here. | 10 of each party's 30 fact depositions may exceed 7 hours<br><br>**Effect of the defense proposal**: The SEC gets 10 depositions which may exceed 7 hours; Defense gets 30 depositions which may exceed 7 hours. |
| Allotment of Deposition Time When the SEC Is Not Noticing Up the Witness | The SEC should get up to 3.5 hours, but no less than half the time left for the non-calling parties if the deposition is called by one defendant only. | The noticing party shall be allotted up to half of the deposition time, with the remaining parties equally splitting the remaining time<br><br>**Effect of the defense proposal**: The SEC gets only 1/6 of the total time in a deposition (a little more than one hour of examination time in a seven-hour deposition); Defense gets 5/6 of the total time. |
| Written Discovery: Interrogatories and Requests for Admissions (RFAs) | 90 interrogatories and 180 RFAs per side. | 90 interrogatories and RFAs per party<br><br>**Effect of the defense proposal**: The SEC gets 90 interrogatories and 90 RFAs; Defense gets 270 interrogatories and 270 RFAs. |

9

PLAINTIFF SEC'S RESPONSE TO DEFENDANT
LONCHAR'S MOTION FOR ORDER
ESTABLISHING DISCOVERY PROTOCOL
SEC v. MARK LESLIE, et al., Civil Action No. C
07-3444 –JF

Finally, Lonchar appears to suggest, erroneously, that the SEC should somehow be penalized (and substantially prejudiced) with respect to its ability to take discovery because the SEC conducted a non-public, pre-filing administrative investigation in the AOL-Time Warner matter. As discussed above, courts have rejected such an argument.

**CONCLUSION**

The Commission respectfully urges the Court to review and adopt the Commission's current proposal outlined in this submission, which the Commission believes will be fair and reasonable for conducting discovery in this case.

Respectfully submitted,

Dated: April 1, 2008                    /s/ Richard Hong
                                        RICHARD HONG
                                        Assistant Chief Litigation Counsel

                                        SECURITIES AND EXCHANGE COMMISSION
                                        100 F Street, N.E.
                                        Washington, DC  20549-4010-A
                                        Telephone:  (202) 551-4431
                                        Facsimile:  (202) 772-9246
                                        e-mail:  hongr@sec.gov

                                        Counsel for Plaintiff

PLAINTIFF SEC'S RESPONSE TO DEFENDANT
LONCHAR'S MOTION FOR ORDER
ESTABLISHING DISCOVERY PROTOCOL
SEC v. MARK LESLIE, et al., Civil Action No. C
07-3444 –JF

# CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I hereby certify that on this day, April 1, 2008, I electronically filed the foregoing Response by using the ECF system and relied upon that system's automatic service of the foregoing document upon counsel, which will send notification of such filing to the ECF participants.

In addition, on this day, April 1, 2008, the undersigned caused a copy of the foregoing documents to be served by regular first class mail to the following:

Counsel for Mark Leslie
William P. Keane, Esq.
Farella Braun & Martel LLP
Russ Building / 235 Montgomery Street
San Francisco, CA  94104

Counsel for Paul Sallaberry
Jahan Raissi, Esq.
Shartsis, Friese & Ginsburg, LLP
18th Floor, One Maritime Plaza
San Francisco, CA 94111

Counsel for Kenneth E. Lonchar
Susan Resley, Esq.
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

       __/s/  Richard Hong_____
       Counsel for Plaintiff SEC

PLAINTIFF SEC'S RESPONSE TO DEFENDANT
LONCHAR'S MOTION FOR ORDER
ESTABLISHING DISCOVERY PROTOCOL
SEC v. MARK LESLIE, et al., Civil Action No. C
07-3444 –JF

11