SUSAN D. RESLEY (Bar # 161808)
   sresley@orrick.com
EDWARD P. DAVIS, JR. (Bar # 56847)
   edavis@orrick.com
ROBIN A. LINSENMAYER (Bar # 244656)
   rlinsenmayer@orrick.com
DANIELLE VAN WERT (Bar # 218245)
   dvanwert@orrick.com
JAN WESTFALL (Bar # 241106)
   jwestfall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:  650-614-7400
Facsimile:   650-614-7401

**Attorneys for Defendant
Kenneth E. Lonchar**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>MARK LESLIE, et al,<br><br>        Defendants. | Case No. 5:07-CV-03444-JF<br><br>**REPLY BRIEF OF DEFENDANT KENNETH E. LONCHAR'S MOTION FOR ORDER ESTABLISHING DISCOVERY PROTOCOL**<br><br>Date:    April 22, 2008<br>Time:    10:00 a.m.<br>Place:   Courtroom 5<br>Judge:  Hon. Patricia V. Trumbull |

OHS West:260416297.2

## I. INTRODUCTION

As set forth in Kenneth E. Lonchar's opening brief, Defendants' discovery proposal allows all parties to develop their respective claims and defenses with an appreciation of the burdens imposed on the large number of third parties who may be deposed in this action. Thus, Defendants have placed reasonable limits on the number and length of depositions. Their proposal also encourages coordination and cooperation among the parties in allocating deposition time. That is consistent with the policy and spirit of the Federal Rules of Civil Procedure.

On the other hand, the SEC believes that it is entitled to *no* limitations on the length of depositions. The SEC also proclaims that because it is Plaintiff, it should be given (1) three times the number of depositions and the amount of deposition time each Defendant, regardless of who notices the deposition; and (2) three times the number of interrogatories as each Defendant. That suggestion flies in the face of the Federal Rules of Civil Procedure. While the SEC has largely unfettered power and authority to request unlimited documents and take unlimited witness testimonies from third parties over multiple days during a pre-litigation investigation, the rules change as soon as the SEC files a complaint. At that point, defendants are given equal opportunity to discover facts and develop defenses, non-parties are protected from unduly burdensome discovery, and all parties—even the government—are subject to reasonable discovery limitations. The SEC cites no authority to the contrary.

The SEC also presumes that Defendants have identical interests because Mr. Lonchar offered to coordinate discovery efforts with Defendants in some instances. The SEC then leaps to the conclusion that each of the Defendants has no need for separate discovery. Both propositions are flawed. While Mr. Lonchar (former CFO of Veritas Software Corporation ("Veritas")), Mark Leslie (former CEO and Chairman of Veritas) and Paul Sallaberry (Veritas' former Vice

OHS West:260416297.2

1

President, Sales), may have some common defenses, the claims against each of them are premised on different theories and different sets of facts.

The discovery protocols outlined in Mr. Lonchar's opening brief acknowledge the complexity of this case and do not prevent or unfairly limit any discovery by the SEC. Nonetheless, the SEC grumbles that the proposal will somehow "cripple the SEC's ability to prove up its claims."[1] Nonsense. Its repeated cries for "fairness" are little more than thinly-veiled attempts to revert this litigation back to a one-sided prelitigation investigation which the SEC controls and calls all of the shots. The discovery rules prohibit that very tactic. *See In re Convergent Tech. Sec. Litigation*, 108 F.R.D. 328, 331 (N.D. Cal. 1985) ("the problem [in civil discovery] is more likely to be that counsel are less interested in satisfying the law's requirements than in seeking tactical advantages"). Accordingly, Mr. Lonchar requests that the SEC's proposal be rejected and that the discovery protocol advanced by Defendants be granted; however, if the Court seeks to modify the proposal, Mr. Lonchar requests that it be modified in a manner consistent with Defendants' proposal.

## II.  THE SEC'S PROPOSAL IS NOT CONSISTENT WITH THE FEDERAL RULES

Prior to filing a complaint and in the course of its pre-litigation investigation, the SEC enjoys very broad and nearly unlimited discovery powers. *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 743-44 (1984) (noting that the Securities and Exchange Act of 1934 "authorize[s] the Commission to 'make such investigations as it deems necessary to determine whether any person has violated, is violating, or is about to violate any provision of this chapter [or] the rules or regulations thereunder' and to demand to see any papers or witness testimony 'the Commission deems relevant or material to the inquiry.'") (citations omitted). The five-year investigation that

---

[1] *See* Opp. at 1. "Brief" refers to Mr. Lonchar's Memorandum of Points and Authorities in Support of the Motion for Order Establishing Discovery Protocol; "Opp." refers to the SEC's Opposition to Mr. Lonchar's Motion; "Cpt." refers to the Complaint filed by the SEC in this action.

OHS West:260416297.2

2

led to this action was no different. Indeed, the SEC took the testimonies of over 100 individuals (many over several days) and collected over 20 *million* pages of documents. *See* Brief at 3. While the Veritas investigation was part of a broader investigation, the SEC staff (including several SEC attorneys listed in the caption for this case) took investigative testimony and obtained documents during that investigation not only from the three Defendants in this case, but also from numerous other Veritas executives, employees, and board members, Veritas' outside auditors, attorneys and consultants, and various employees of American Online, Inc. ("AOL") who conducted business with Veritas during the relevant time period. Accordingly, the SEC, including some of the same attorneys assigned to this matter, demonstrably used its prior investigation to gather information from a number of relevant witnesses regarding the allegations set forth in the Complaint.[2]

The SEC claims that "the SEC should not be limited in taking whatever discovery is necessary..." *See* Opp. at 5. But that is inconsistent with the Federal Rules. *See In re At Home Corp.*, No. C 04-0931 MMC (JL), 2005 WL 289976, at *3 (N.D. Cal. Feb. 4, 2005 ("The number of potential witnesses does not justify depos[ing] every one"). The only authority cited by the SEC, *SEC v. Saul*, 133 F.R.D. 115 (N.D. Ill. 1990), does not support any other conclusion. In *Saul* the Court did not hold, as the SEC implies, that the SEC is entitled to unlimited discovery in excess of what the Federal Rules provide. Instead, the Court held merely that the SEC cannot be precluded from deposing a witness based on its having taken testimony from that witness during its "administrative" investigation, on the ground that the deposition would be duplicative. *Id.* at 118. Mr. Lonchar and the other Defendants have never made such a request. Defendants' discovery proposal merely asks that the parties be limited to the reasonable discovery limitations

---

[2] Given the fact that two of the four attorneys listed in the SEC's caption to its Opposition brief were involved in the investigation, Mr. Hong's attempt to distance himself from the investigation because he is "trial counsel" is irrelevant. *See* Opp. at 6 n.4. It makes no difference whether he joined the SEC team five years ago or five minutes ago. As with any attorney joining a new litigation team, he presumably reviewed the investigative file to familiarize himself with this action.

OHS West:260416297.2

3

afforded by the Federal Rules. *See In re At Home Corp.*, 2005 WL 289976, at *3 ("Rule 30 is designed to reduce litigation costs and delay of discovery by setting a limit on the number of depositions, which is one of the more expensive forms of discovery").

### III. DEFENDANTS' OFFER TO COORDINATE DISCOVERY SHOULD NOT LIMIT THEIR ABILITY TO TAKE DISCOVERY

Mr. Lonchar has proposed that Defendants attempt to coordinate the questioning in limited areas where there may be some common interests. That proposal is consistent with the spirit of the Federal Rules of Civil Procedure. *See* Adv. Comm. Note to 2000 Amendment to Fed. R. Civ. P. 30(d)(2) ("In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest"). However, the SEC suggests, with no factual support, that Defendants' interests in this litigation are completely co-extensive and concludes that they do not require individual discovery.[3] From this faulty assumption, the SEC requests that the three Defendants be grouped together for discovery purposes and be individually entitled to only 1/3 the number of fact depositions and written discovery as the SEC. The SEC also proposes that Defendants be granted little more than one hour of deposition time each, even for depositions noticed by a Defendant.

The SEC's underlying premise for this proposal – that the Defendants are one and the same – is contrary to its argument that the case is complex and involves "multiple schemes." *See* Opp. at 6, 7. It also ignores the allegations in its own Complaint. The SEC alleges that Defendants held very different positions at Veritas in separate functional organizations within the Company. *See* Cpt. ¶¶ 9-11. In addition, their alleged roles concerning Veritas' sale of software

---

[3] The SEC proclaims that Defendants "have common interests and are apparently operating under a joint defense arrangement" (Opp. 7), citing only to page 8 of the initial Joint Case Management Statement, filed on September 28, 2007. This red herring has no support, as page 8 contains merely the SEC's own statement (listed under the heading "Plaintiff's Discovery Proposal") that Defendants "apparently are operating under a joint defense arrangement."

OHS West:260416297.2

4

to and purchase of advertising from AOL were distinct: Defendant Mark Leslie allegedly approved the transactions (*Id.* ¶¶ 20-22); Defendant Paul Sallaberry allegedly negotiated and executed the transactions (*Id.* ¶¶ 23-26), and Mr. Lonchar allegedly accounted for the transactions improperly in the Company's books and publicly filed statements, (*Id.* ¶¶ 30, 49). The SEC even divides portions of the Complaint into subject headings pertinent to the individual Defendants. *Id.* ¶¶ 34-36 - Lonchar; *Id.* ¶¶ 37-38 – Leslie; *Id.* ¶¶ 39-45 – Sallaberry.

The Complaint's allegations of Defendants' different roles in the alleged activities and Defendants' different positions at the Company contradicts the SEC's conclusion that their interests are co-extensive.[4] Accordingly, each Defendant's factual discovery necessarily will focus on different issues and different witnesses. As a result, the SEC's proposal to group the three Defendants for discovery purposes, and allot each of them only a small number of depositions and written discovery and a small fraction of deposition time is unduly limiting and would prevent Mr. Lonchar from developing the factual basis for his defense to which he is entitled.

The SEC also claims it is entitled to three times the number of number of written discovery requests and three times the number of depositions and deposition questioning time as each Defendant because there are three defendants and only one plaintiff. Opp. at 6, 9 (chart). Its demand should be disregarded. The SEC, as Plaintiff, is the master of its Complaint. While it chose to name three individuals as Defendants, that decision does not automatically entitle the SEC to three times the amount of discovery. Defendants' proposal, which allocates equally the number of depositions and written interrogatories among the parties (not "sides") and equitably divides deposition time based on which party noticed the deposition, is fair and appropriate in this complex case.[5]

---

[4] Further, the Complaint contains 24 additional paragraphs of allegations (Cpt. ¶¶ 52-76) against Mr. Lonchar alone concerning an unrelated set of facts with which the other Defendants are not alleged to be involved. This further supports Mr. Lonchar's contention that he should be entitled to separate discovery and not grouped with the other Defendants for discovery purposes.
[5] Allowing each party more interrogatories than allowed by the Federal Rules will enable the

OHS West:260416297.2

## IV.  CONCLUSION

For the reasons set forth above, Mr. Lonchar respectfully requests that the Court issue an order establishing the discovery protocols set forth in his opening brief and the Supplemental Case Management Statement.

Dated:  April 8, 2008                              Respectfully submitted,

                                                   ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                   _____/s/ Susan D. Resley_____
                                                   EDWARD P. DAVIS, JR.
                                                   SUSAN D. RESLEY

                                                   *Attorneys for Defendant, Kenneth E. Lonchar*

---

parties to narrowly tailor other types of discovery, including determining which depositions should be taken. *See, e.g., Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh*, No. C 02-4799, 2005 WL 318811 (N.D. Cal. Jan. 5, 2005) ("interrogatories are meant to narrow the issues in a lawsuit").

OHS West:260416297.2