

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
Mail Stop 4010-A
100 F Street, N.E.
Washington, D.C.  20549
Facsimile:  (202) 551-9246

DIVISION OF
ENFORCEMENT

Richard Hong
Assistant Chief Litigation Counsel
Direct Dial: (202) 551-4431

August 27, 2008

**VIA ECF AND FEDERAL EXPRESS**

Honorable Jeremy Fogel
United States District Judge
United States Courthouse
280 South 1st Street
San Jose, CA  95113

       Re:    <u>SEC v. Leslie, et al., Case No. C-07-03444 JF</u>

Dear Judge Fogel:

      On behalf of Plaintiff, Securities and Exchange Commission ("SEC"), we respectfully submit this letter seeking clarification of this Court's August 19, 2008 Order Granting in Part and Denying in Part Motions to Dismiss and to Strike ("Order") in the above-referenced case.  We seek this clarification so that the SEC can amend the Complaint appropriately.  In light of the deadline set forth in the Court's Order, we respectfully request expeditious consideration.

1.    <u>The Fifth Claim (Lying to Auditors Claim Against All Defendants) in the Complaint (Page 13 of the Order)</u>:

      To begin, with respect to the Third Claim (Record-Keeping Violations – Section 13(b)(5) and Rule 13b2-1 Violations), the Court rejected defendants Kenneth Lonchar and Mark Leslie's arguments that the SEC had not adequately pled scienter.  Order at 13.  The Court wrote that "[t]he Ninth Circuit has explained that '[a] plain reading of section 13(b) reveals that it … does not impose a scienter requirement.'"  *Id.*   In addition, the Court earlier ruled that the Third Claim was sufficiently pled as to defendant Paul Sallaberry.  Order at 11, footnote 11.  Accordingly, the Court denied the defendants' motions to dismiss as to the Third Claim.  Order at 13.

      The Court then observed that "the Ninth Circuit has not addressed squarely the issue of whether scienter must be pled as an element of a claim brought pursuant to Section 13(b)(5)" and that the "plain language of the provision indicates that scienter is required." Order at 13.  Thus, the Court dismissed, with leave to amend, the <u>Fifth</u> Claim (Lying to Auditors Violations – Rule 13b2-2 Violations).  *Id.*  However, the Complaint's Fifth Claim does <u>not</u> refer to Section 13(b)(5) at all.  *See* Complaint ¶¶ 98-100 (referring to Rule 13b2-2 violations only).  Furthermore, the defendants' motions to dismiss with respect to the Fifth Claim argued that the SEC had failed to plead the claim with the requisite particularity under Rule 9(b) of the Federal Rules of Civil Procedure.  *See* SEC's Combined Opposition to Defendants' Motions to Dismiss at 44.  The Court ruled otherwise, holding that the SEC's Complaint pled fraud with the requisite particularity under Rule 9(b).  Order at 10-11.

       Accordingly, the SEC respectfully requests clarification regarding the Court's ruling on the Fifth Claim.

2.      <u>The Fourth Claim (Aiding and Abetting Claim Against Defendant Lonchar) in the Complaint (Pages 13-14 of the Order)</u>:

       In the Fourth (Internal Controls) Claim, the SEC alleged that Lonchar violated Section 13(b)(5) and aided and abetted in violating Section 13(b)(2)(B).  *See* Complaint ¶¶ 95-97.  The Fourth Claim encompassed the two fraudulent schemes (the AOL transaction and Lonchar's further manipulation of Veritas' financial statements) alleged in the Complaint.

       Although the Court held that the SEC adequately alleged internal control violations against Lonchar,[1] it nonetheless dismissed, with leave to amend, the Fourth Claim as to Lonchar.  Order at 14.[2]  The SEC respectfully requests clarification regarding the Court's ruling on the Fourth Claim.

       Should the Court desire briefing on these matters, the SEC will be pleased to provide it.

                                                Respectfully submitted,

                                               /s/ Richard Hong

                                               Richard Hong

cc:  Counsel of Record (via ECF)

---

[1]      The Court held that: "The SEC also has adequately alleged internal control violations: the complaint alleges that Lonchar knowingly circumvented or knowingly failed to implement a system of internal accounting controls to prevent the improper recording of accruals, the improper recognition of professional revenue and the manipulation of deferred balance revenues."  Order at 14.

[2]      The Court also held that "the SEC has adequately pled that … Leslie and Sallaberry substantially assisted in the internal control and reporting violations [based on their involvement in the AOL deal]."  Order at 14.  The SEC, however, did not allege Leslie or Sallaberry with aiding and abetting in the internal control violations in the Fourth Claim, only aiding and abetting in the reporting violations in the Sixth Claim.