EDWARD P. DAVIS, JR. (Bar # 56847)
    edavis@orrick.com
SUSAN D. RESLEY (Bar # 161808)
    sresley@orrick.com
ROBIN A. LINSENMAYER (Bar # 244656)
    rlinsenmayer@orrick.com
DANIELLE VAN WERT (Bar # 218245)
    dvanwert@orrick.com
MICHELLE LEUNG (Bar # 252937)
    mleung@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:   650-614-7400
Facsimile:   650-614-7401

Attorneys for Defendant
Kenneth E. Lonchar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MARK LESLIE, et al,<br><br>Defendants. | Case No. 5:07-CV-03444-JF<br><br>**NOTICE OF MOTIONS AND MOTIONS OF DEFENDANT KENNETH E. LONCHAR FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND FOR RECONSIDERATION OF THE COURT'S AUGUST 19, 2008 ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME**<br><br>Judge:   Hon. Jeremy Fogel |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Kenneth E. Lonchar ("Mr. Lonchar") will, and hereby does, move the Court pursuant to N. D. Cal. Local Rule 7-9(a) for leave to file a motion for reconsideration of this Court's Order dated August 19, 2008 Granting in Part and

Denying in Part Motions to Dismiss and To Strike the Securities and Exchange Commission's ("SEC" or "Commission") Complaint ("the Order").

In addition, should the Court grant leave to file a motion for reconsideration, Mr. Lonchar will, and hereby does, move this Court to reconsider the Order. Mr. Lonchar seeks an amended Order whereby this Court dismisses the SEC's Third Claim for Violations of Section 13(b)(5) of the Securities Exchange Act of 1934 ("1934 Act") and SEC Rule 13b2-1. Mr. Lonchar seeks reconsideration of the Court's Order denying dismissal of that claim on the grounds that Section 13(b)(5) requires that the SEC prove and plead that he knowingly falsified or caused to be falsified the books and records of Veritas Software Corporation ("Veritas").

These Motions are based on this Notice of Motions; the Memorandum of Points and Authorities in Support of the Motions; the other pleadings and papers comprising the record in this Action; and other such matters and arguments as may come before this Court.

## ISSUE TO BE DECIDED (Local Rule 7-4(a)(3))

1. Whether this Court should grant Mr. Lonchar leave to file a motion for reconsideration of the Order pursuant to Local Rule 7-9(a), where a material difference in law exists from that which the Court applied concerning the knowledge requirements of Section 13(b)(5) claims to the SEC's Third Claim regarding Record-Keeping Violations ("Third Claim").

2. Whether this Court should amend its order and dismiss the SEC's Third Claim for Record Keeping Violations of Section 13(b)(5) of the 1934 Act and SEC Rule 13b2-1, when Section 13(b)(5) requires the *knowing* falsification of books, records and accounts.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND

Although Mr. Lonchar moved to dismiss the SEC's Complaint in its entirety, Mr. Lonchar does not seek reconsideration of the Court's entire Order, but only asks that the Court revisit its denial of Mr. Lonchar's Motion to Dismiss the SEC's Third Claim for Record-

Keeping Violations of Section 13(b)(5) of the 1934 Act and SEC Rule 13b2-1. The Court denied the motions to dismiss the claim on the grounds that there was no scienter requirement. *See* Order at 13:7-11. Because Section 13(b)(5) specifically imposes an actual knowledge requirement, Mr. Lonchar requests that the Court reconsider its ruling on that claim and dismiss the Third Claim for Relief or clarify that the Third Claim for relief is governed by Section 13(b)(5), which requires knowing falsification of books, records and accounts. *See* Section 13(b)(5).

### A. The SEC's Allegations

The SEC filed its Complaint alleging various acts of financial fraud against Veritas' former CEO and Chairman Mark Leslie, its former CFO Mr. Lonchar, and its former executive vice president of Worldwide Field Operations, Paul Sallaberry. The SEC charged Mr. Lonchar with six counts of primary and aiding and abetting violations of the federal securities laws.

Specifically, the SEC challenges the accounting for two transactions wherein Veritas sold a $50 million software license to AOL, Inc. ("AOL"), and AOL sold $20 million of advertising to Veritas on September 29, 2000. Complaint, ¶ 23. The SEC depicts these transactions as a single fraudulent "round trip" transaction designed to artificially inflate the publicly reported revenues and earnings of Veritas and AOL. Complaint, ¶ 1. Further, the SEC alleged that the transactions were fraudulent and in violation of Generally Accepted Accounting Principles ("GAAP").

The SEC also alleges that at the same time Mr. Lonchar was allegedly "grossing up" Veritas' revenues on the AOL transaction (Complaint, ¶ 50) he and others participated in three alleged non-GAAP accounting practices that had the effect of "smoothing" or understating revenue and earnings during unspecified periods in 2000 and 2002. Complaint, ¶¶ 52, 65. As a result of these asserted practices, which the SEC contends were concealed from the Company's auditors, Veritas allegedly reported materially false financial results for 2000 to 2003, based in large part on a restatement in 2004. Complaint, ¶ 52.

Among the claims asserted by the SEC was the Third Claim for Record Keeping Violations of Section 13(b)(5) and SEC Rule 13b2-1. Specifically, the SEC alleges that Mr. Lonchar and others "knowingly falsified or caused to be falsified books, records and accounts of Veritas subject to Section 13(b)(2)(A) of the [1934] Act" and further claims that, "unless restrained, [defendants] will violate Section 13(b)(5) of the Exchange Act...and Rule 13b2-1." *See* Complaint ¶¶ 93-94.

### B. The Court's Order

On October 5, 2007, Mr. Lonchar filed a motion to dismiss the SEC's Complaint in its entirety. The Court heard argument on January 18, 2008. On August 19, 2008, the Court issued its Order granting in part and denying in part Defendants' Motions to Dismiss and to Strike the SEC's Complaint.

In its Order, the Court denied Mr. Lonchar's motion to dismiss the Third Claim for Record Keeping Violations, because the Court found that Section 13(b)(5) does not impose a scienter requirement. Order at 13:6-11.[1]

## II. THE THIRD CLAIM FOR RECORD KEEPING VIOLATIONS AGAINST MR. LONCHAR CONTAINS A KNOWLEDGE REQUIREMENT.

In denying Mr. Lonchar's motion to dismiss the Third Claim, the Court found that Section 13(b)(5) does not impose a scienter requirement. Order at 13:7-8. However, the language of the Act and even the Complaint requires actual knowledge, which is a higher mental state than scienter. *See* Section 13(b)(5) ("No person shall . . . *knowingly* falsify any book, record, or account . . .") (emphasis added); Complaint, ¶ 93:5-7 (alleging that Mr.

---

[1] The Court's Order also granted dismissal of the SEC's Fifth Claim for "Lying to Auditors" in violation of SEC Rule 13b2-2. Order at 13:15-16, 18-20. While the Court references Section 13(b)(5) in its dismissal of the Fifth claim, contrary to the arguments put forth in the SEC's August 27, 2008 letter to the Court, the dismissal of that claim was proper and should stand because scienter is required. *See, e.g., SEC v. Todd*, No. CV2230BEN (WMC), 2006 WL 1564892, at *10 (S.D. Cal. May 30, 2006) ("The Court's own research has similarly turned up cases assigning liability for a Rule 13b2-2 violation only when the individual knew or had reason to know the statements or omissions he was making to the auditors were false") (citations omitted); *SEC v. Autocorp Equities*, 292 F.Supp. 2d 1310, 1332 (D. Utah 2003) (Rule 13b2-2 "requires intent to deceive or recklessness").

Lonchar and the other Defendants "*knowingly* falsified of caused to be falsified books, records and accounts of Veritas...") (emphasis added).[2]

While the Court cited two cases to support its denial of Mr. Lonchar's motion to dismiss the Third Claim, the holdings in those cases concern unrelated subsections of Section 13 of the 1934 Act that do not contain a knowledge requirement *See* Order at 13:10-11; *Ponce v. SEC*, 345 F.3d 722, 737 n.10 (9th Cir. 2003) (explaining that violations of Section 13(a) of the 1934 Act do not require scienter); and *SEC v. McNulty*, 137 F.3d 732, 743 (2d Cir. 1998) (referring to Sections 13(a) and 13(b) of the 1934 Act, which do not have a state of mind requirement). Because Section 13(b)(5) imposes a knowledge requirement, the Third Claim should be dismissed.

### III. CONCLUSION

For the reasons set forth above, Mr. Lonchar respectfully requests an order from this Court granting his motion for leave to file a motion for reconsideration.

In addition, this Court should enter an order granting Mr. Lonchar's motion for reconsideration and amending the August 19, 2008 Order to dismiss the SEC's Third Claim against him.

Dated: August 29, 2008

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Susan D. Resley
EDWARD P. DAVIS, JR.
SUSAN D. RESLEY

*Attorneys for Defendant, Kenneth E. Lonchar*

---

[2] In fact, the mental state required for a violation of Section 13(b)(5)—actual knowledge—is even higher than scienter, which requires *either* knowledge *or* deliberate recklessness. *See In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 979 (9th Cir. 1999); *High View Fund, L.P. v. Hall*, 27 F. Supp. 2d, 420, 427 n.3 (S.D.N.Y. 1998) (requiring proof that statements were made with 'actual knowledge' of their falsity imposes a higher scienter standard).

OHS West:260506424.1

- 5 -

DEFENDANT LONCHAR'S MTN FOR LEAVE TO FILE A MTN FOR RECONSIDERATION AND MTN FOR RECONSIDERATION
CASE NO. C 07 3444 JF