# FARELLA BRAUN + MARTEL LLP
Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400 / F 415.954.4480
www.fbm.com

WILLIAM P. KEANE
wkeane@fbm.com
D 415.954.4908

September 5, 2008

*Via ECF and Federal Express*

Hon. Jeremy Fogel
U.S. District Court, Northern District of California
280 South First Street
Courtroom 3, 5th Floor
San Jose CA 95113-3008

    Re:    SEC v. Leslie, et al.
               USDC Case No. C-07-03444 JF

Dear Judge Fogel:

      In connection with the Court's Order of August 19, 2008 ("Order"), we respectfully submit this letter on behalf of defendant Mark Leslie for two purposes. First, we seek to respond to the letter to the Court dated August 27, 2008 from plaintiff Securities and Exchange Commission ("SEC"). Plaintiff's letter requests clarification of this Court's dismissal without prejudice of Claim Five in the SEC's complaint based on its failure to plead scienter with particularity. Second, we would like to request clarification of a separate aspect of the Order striking the SEC's prayer for penalties as time-barred pursuant to the applicable statute of limitations.

    1)   <u>Response to the SEC's Request for Clarification of Claim Five (Rule 13b2-2)</u>.

      While the Court in its Order reached what defendants urged is the correct result as to Claim Five, the grounds for dismissal stated in the Order require clarification. Claim Five, for alleged misrepresentations to auditors, should be dismissed not because it was brought pursuant to Section 13(b)(5), which requires plaintiffs to plead scienter, but because it was brought pursuant to Exchange Act Rule 13b2-2 (17 C.F.R. § 240.13b2-2), which also requires that scienter be pleaded. As the Court ruled, the SEC failed to adequately plead Mr. Leslie's scienter, supporting dismissal of both Claims Three[1] and Five. (Order at 13:15-16).

---

[1] Please see Joinder by Mark Leslie in Defendant Lonchar's Motion for Leave to File a Motion for Reconsideration (filed today, September 5, 2008), directed to the Court's Order declining to dismiss Claim Three for falsification of books and records.

Case 5:07-cv-03444-JF    Document 85    Filed 09/05/2008    Page 2 of 2



Hon. Jeremy Fogel
September 5, 2008
Page 2

As cases within this district and elsewhere have recognized (and as Mr. Leslie argued in his moving papers), the statutory language of Rule 13b2-2 indicates that scienter is a required element of Claim Five that must be pleaded with Rule 9(b) particularity. (Reply at 11:3-8); *see, e.g., SEC v. Baxter*, 2007 WL 2013958, *8 (N.D. Cal. 2007) ("Rule 13b2-2 appears to … impose a scienter requirement"); *SEC v. Autocorp Equities, Inc., et. al.*, 292 F. Supp. 2d 1310 (D. Utah, 2003) ("[t]he SEC has articulated no legal basis for finding that scienter is not required to prevail under this rule, and in every opinion this court found that considered 17 C.F.R. § 240.13b2-2, the violation was knowing or reckless") (citing cases). Indeed, Rule 13b2-2 is explicit that misleading statements or omissions to auditors are actionable only if defendant "knew or should have known that such action, if successful, could result in rendering the issuer's financial statements materially misleading." 17 C.F.R. § 240.13b2-2.

Accordingly, the SEC's suggestion that Claim Five should not have been dismissed because it was not brought pursuant to Section 13(b)(5) is beside the point. Claim Five should have been dismissed in any event based on the SEC's failure to plead scienter as required.

2) <u>Request for Clarification of Order Striking Penalties as Time-Barred</u>.

On a separate matter, we respectfully request clarification of the portion of the Court's Order striking as time-barred the SEC's requests for punitive relief. (Order at 17:5-6). After finding that the five-year statute of limitations under 28 U.S.C. § 2462 applies to the SEC's claims for penalties, the Court granted defendants Leslie's and Sallaberry's motions to strike "the requested punitive relief." (<u>Id</u>.).

Among the SEC's prayers for relief is a request for an Order that Defendants "are prohibited from acting as officers or directors" of any issuer. (Complaint at p. 24.) Mr. Leslie interprets the Court's Order to include the officer and director bar as being time-barred, consistent with case law holding that this claim for relief is a penalty subject to 28 U.S.C. §2462. *See, e.g., SEC v. DiBella*, 409 F. Supp. 2d 122, 127-128, fn. 3 (D. Conn. 2006) (§2462 applies to request for officer and director bar); *accord SEC v. Jones*, 476 F. Supp. 2d 374, 380-381 (S.D.N.Y. 2007) (equitable relief that does more than restore the *status quo ante* is a penalty subject to §2462). The officer and director bar does not remedy any alleged misconduct. Instead, the SEC seeks to penalize Mr. Leslie for his alleged violations. Mr. Leslie thus requests clarification of the Court's Order that the ruling striking the "requested punitive relief" includes the officer and director bar.

Respectfully submitted,

William E. Keane

cc:    All parties (via e-filing).