UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | Case No.: C 07-03444 JF (PVT) |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANT LONCHAR'S MOTION TO REVISE THE SCHEDULING ORDER AND TO FINALIZE DISCOVERY** |
| v. | ) | |
| MARK LESLIE, ET AL., | ) ) | |
| Defendants. | ) ) | **[Docket No. 161]** |

## INTRODUCTION

Defendant Kenneth E. Lonchar moves (on shortened time) to revise the scheduling order and to finalize discovery in the above-captioned action. Defendants Mark Leslie and Paul A. Sallaberry join in the motion. Plaintiff U.S. Securities and Exchange Commission opposes the motion. ("SEC"). Pursuant to Civ. L.R. 7-1(b) and the parties' own papers, the motion was taken under submission without oral argument. Having reviewed the papers and considered the arguments of counsel, defendant Lonchar's motion is granted.[1]

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

## BACKGROUND AND DISCUSSION

On October 27, 2009, defendant Lonchar produced a disc containing approximately 851 documents in electronic format. The documents had been retrieved belatedly from his personal computer. Although defendant Lonchar believed that the documents had been previously produced by Veritas Software Corporation (and later its successor company, Symantec Corporation) in large part, in an abundance of caution he produced the documents which consisted of email correspondence, attachments and other loose files. At the request of plaintiff SEC (and following the production of the new documents), defendant Lonchar also produced a spreadsheet identifying which documents had been previously produced. The documents apparently coincide in time with defendant Lonchar's resignation from Veritas and are responsive to past discovery requests propounded upon him. The discovery cut-off was on or about July 24, 2009. Of these 851 documents, approximately 587 have never been produced during the course of this action. Additionally, defendant Lonchar served a privilege log to accompany the recent production. He states that all of the privileges asserted therein belong to Symantec alone.

Upon receipt of the above-specified production, plaintiff SEC initially sought to extend by 30 days the date for the parties to file dispositive motions. It reasoned that the additional 30 days would provide plaintiff SEC with ample opportunity to conduct a thorough review of the newly produced documents. Plaintiff SEC claims that at least 50 documents from the recent production appear to have been responsive to an investigative subpoena it issued to defendant Lonchar on or about December 12, 2002.

Plaintiff SEC further points out that during his testimony before the SEC on February 6, 2003, defendant Lonchar stated under oath that he had conducted a search of "all records in my possession at my house, through my personal files, through my home computer, the hard drive, and floppy disks or CDs that I had," and had produced all responsive materials. *See* Investigative testimony of Kenneth Lonchar, Exh. 4 to plaintiff SEC's opposition. Moreover, during the course of discovery in the above-captioned action, plaintiff SEC propounded document requests seeking, *inter alia,* documents requested during the SEC's investigation and

"any and all documents that relate to Lonchar's direction of 'any practices to manage or manipulate Veritas' revenue or earnings either upward or downward or to produce 'museum quality' financial results (as alleged by the SEC).'" Plaintiff SEC contends that "almost all" of the newly produced documents "appear to relate to the AOL transaction or the accounting manipulations by Lonchar alleged in the Amended Complaint and clearly responsive to the above-described requests for production." Plaintiff SEC had sought further explanation from defendant Lonchar regarding his delayed production to no avail.

After further deliberation, however, plaintiff SEC now requests that defendant Lonchar be precluded from using any of the documents recently produced. It states that it has been severely prejudiced by the production of newly produced documents. Defendant Lonchar and the other co-defendants object to re-opening discovery and allowing further discovery to occur after dispositive motions have been filed.

By letter dated November 25, 2009, defendant Lonchar then suggested that the parties (including plaintiff SEC and defendant Lonchar) each identify no more than 20 documents from the recent production that could be used in the above-captioned action. Aside from duplicative documents that have been previously produced, the parties would be precluded from using any newly produced documents not identified by any of the parties. Defendant Lonchar further suggested that the discovery cut-off be extended to December 11, 2009 and that the court adopt a revised schedule for filing dispositive motions.

By letter dated November 30, 2009, plaintiff SEC objected to the proposal made by defendant Lonchar. In sum, it complained that defendant Lonchar had not adequately explained the circumstances that caused him to locate new and responsive documents (after he had testified that he had conducted a diligent search for responsive documents, *inter alia,* on his personal computer). Instead, plaintiff SEC characterized the proposal as largely self-serving. *See* letter from the SEC dated November 30, 2009. ("it would create an incentive to withhold documents for as long as possible so as to deprive the other side of the benefit of those materials in discovery, while also permitting the violating party to use those materials that might be favorable to it.").

In an interim order dated November 30, 2009, the court sought further response from defendant Lonchar regarding his location of newly produced documents. ("November 30, 2009 Interim Order"). This court also revised the dispositive motion schedule as follows: (1) dispositive motions are due no later than December 18, 2009; (2) oppositions to dispositive motions are due no later than January 22, 2010; and (3) reply briefs are due no later than February 5, 2010. The motions are scheduled to be heard by the district court on March 5, 2010 at 9AM. Trial is scheduled to begin on or about May 14, 2010. Stipulation and Joint Request for Order Revising Case Schedule dated October 15, 2009. ("October 15, 2009 Order"). *See* Docket No. 159.

Pursuant to the November 30, 2009 Interim Order, defendant Lonchar explained that in or around August 2002, Veritas installed a T1 fiber optic line, which connected his personal computer to the Veritas network, to allow him to work from home. Letter by defendant Lonchar dated December 2, 2009. ("December 2, 2009 Letter"). *See* Docket 173. As a result, defendant Lonchar was provided with the capability to work locally on his personal computer and to save certain Veritas network files on the hard drive thereon. Defendant Lonchar understood that whatever he had saved on his personal computer would also be saved on the Veritas network. He contends that the error was inadvertent. Defendant Lonchar further explains that only after conferring on defense strategy in the late stages of the above-captioned action did the possibility of additional documents arise. Specifically, defendant Lonchar "recalled a relevant piece of email correspondence that he had not seen in the SEC's document production to him." This belated recollection and the failure to locate the specific email in any production caused an inspection of the hard drive of defendant Lonchar's personal computer to occur.

Here, a trial on the merits of the case outweighs any prejudice to plaintiff SEC. Plaintiff SEC has had more than a month to complete its review of the newly produced documents. Based on defendant Lochar's response, the court finds that defendant Lonchar has sought to fulfill his ongoing obligation to supplement discovery. Fed. R. Civ. P. 26(e). The discovery cut-off is extended to December 11, 2009. Plaintiff SEC may depose defendant Lonchar for an additional two hours to be scheduled no later than the discovery cut-off date. Plaintiff SEC shall make a

specific showing to warrant taking (or re-opening) any further depositions.  Such a showing may be made on shortened time by plaintiff SEC no later than December 7, 2009.  Plaintiff SEC's request to preclude use of the newly produced documents in the above-captioned action is denied and defendant Lonchar's motion to revise the scheduling order and to finalize discovery is granted.

## CONCLUSION

Based on the foregoing, defendant Lonchar's motion is granted.

IT IS SO ORDERED.

Dated:   December 2, 2009

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28