UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br>v.<br>MARK LESLIE, ET AL.,<br>        Defendants. | Case No. C 07-03444 JF (PVT)<br><br>**ORDER GRANTING DEFENDANT LONCHAR'S MOTION TO QUASH SUBPOENA AND PRECLUDE USE OF DOCUMENTS OBTAINED PURSUANT THERETO**<br><br>**[Docket No. 227]** |

Defendant Kenneth E. Lonchar moves to quash a subpoena and preclude the use of any documents obtained pursuant to that subpoena. Plaintiff Securities and Exchange Commission opposes the motion. Pursuant to Civ. L.R. 7-1(b) and the parties' own papers, the motion is taken under submission. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that defendant Lonchar's motion is granted.[1]

On December 11, 2009, the court, *inter alia,* extended the discovery cut-off to December 16, 2009 at 5PM PST. ("December 11, 2009 Order").

On December 16, 2009, plaintiff SEC served a subpoena on non-party Arizona State University seeking information regarding any past enrollment and/or registration of defendant

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

ORDER, *page 1*

Lonchar there.[2] The university promptly responded to the subpoena in two successive letters (dated December 17, 2009 and December 18, 2009, respectively) stating, in sum, that a records search had not shown any prior attendance or registration whatsoever by defendant Lonchar.

Notwithstanding the dispute by the parties regarding the service date of the subpoena, the return dates for the two successive letters occurred one and two days after the discovery cut-off. Additionally, plaintiff SEC realized afterwards that it had failed to timely serve defendant Lonchar with notice of the subpoena pursuant to Rule 45(b)(1). On December 18, 2009(two days after the discovery cut-off), plaintiff SEC served defendant Lonchar with the subpoena to non-party Arizona State University and its two responses.

Civ. L.R. 26-2 states that " . . . [a] 'discovery cut-off' is the date by which all responses to written discovery are due." It further states that "[d]iscovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." *Id. See also, Padgett v. City of Monte Sereno, et al.,* 2006 WL 1141265 *1 (N.D. Cal.))("'Good cause' for relief from the rule requires not only that there be good reason for the questions in the abstract, but good reasons that they could not have been propounded within the normal time requirements."); and *Burke v. County of Alameda, et al.,* 2007 WL 2261542 *1 (N.D. Cal.)). Moreover, the Commentary to the local rule notes that "[c]ounsel should initiate discovery requests and notice depositions sufficiently in advance of the cut-off date to comply with this local rule." Civ. L.R. 26-2, Commentary.

Before a subpoena for production of documents, electronically stored information, or tangible things or the inspection of premises before trial is served, a notice must be served on each party. Fed. R. Civ. P. 45(b)(1). The 1991 Advisory Committee Notes state that "[t]he purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things."

---

[2] Although the subpoena is dated December 17, 2009, the SEC asserts that it was timely served before the discovery cut-off on December 16, 2009 at 5PM PST. SEC's Opp. at 6. It states that the subpoena was mistakenly dated December 17, 2009 by counsel in haste. *Id.*

Defendant Lonchar disputes whether the subpoena was timely served. Based on the representations by the SEC, the court will find that the subpoena was timely served.

1     Pursuant to the December 11, 2009 Order, the discovery cut-off was December 16, 2009 5PM PST. Even assuming that the subpoena to Arizona State University was timely served by plaintiff SEC, it set a return date for after the discovery cut-off. Plaintiff SEC discusses at length the relevance of the proposed documents it received from the university but neglects to show good cause why the subpoena was not served sufficiently in advance to allow for a response prior to the discovery cut-off. Additionally, plaintiff SEC never sought relief from the court to extend the discovery cut-off to allow for a timely response to the subpoena. And plaintiff SEC did not serve notice of the subpoena until after the non-party had already responded. Based on the above, plaintiff SEC's subpoena to Arizona State University is quashed and it is precluded from using any documents obtained pursuant to the subpoena.[3]

    IT IS SO ORDERED.

Dated: February 11, 2010

                                          *Patricia V. Trumbull*
                                          PATRICIA V. TRUMBULL
                                          United States Magistrate Judge

---

[3] The court makes this ruling without determining whether 18 U.S.C. §1621 (perjury generally) may later be applicable. Moreover, the court makes no determination as to whether documents obtained pursuant to the SEC's subpoena may later be used to impeach defendant Lonchar in the event he testifies at trial.